EXA

More Information

Raynard C. Anderson vs. General Motors Inc corp. u

I File A motion to EEOC on Dec. 12-05 because of there letter Date Sept 19, 05 of A Right Letter to Sue and A letter of Dissmual of my charge. EXB
There Reason - Based upon its Investigation

Atfer Reviewing there Investigator THe information Recive From G.M - Responses was False and futher Retalation. THose (EEOC) Investigation was inpoperly done, for these Reason I Requested Reconceration of my Charge. I'Am waiting for there Answers. Copy ExC, Motion for Reconceration.
Also Copy of my FILE - 170-2005-01768. (Letter) - Ex D.



EEOC Form 161 (10/96)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2005-01768 | Legal Unit | 215-440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[x]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you **file suit may not be collectible.**

On behalf of the Commission

_signature_      September 29, 2005

Marie M. Tomasso, District Director      (Date Mailed)

Enclosure(s)
    Information Sheet

cc: Willie Demouchette, Respondent's representative

EEOC

U.S. Equal Employment
Opportunity Commission

Dismissed and Notice of Right

(From) Roland C. Anderson            To Equal Opportunity
113 Lloyd Str,                       Commission Phila. P.A.
Wil, Del. 19804

To Marie M. Tomasso
District Director

Motion to Reconceration

Case # 170-2005-01768

Grounds. Mrs. Six Never properly
Investigated This Charge, The only Infor
mation Recive from The Reponed of A Letter
From General Motors. About being A Tompory
Employee. (But) (never) mention of my charge of
Discriminata of Hiring and no proof. from em
who they Hire During my Request During March of 05,
Letter from EEOC and response.

Roland C. Anderson
113 Lloyd Str,
Wil. Del. 29804

B+D.

EEOC

Address
Roland C. Anderson
113 Lloyd STR,
Wil, DE, 19804
(302) 994-0914

Date Dec, 14, 05

Dismissal and Notice of Rights

To: Equal Employment opportunity Commission
Phila. District office
The Bourse
21 S, Fifth Street, Suit 400
Phila. PA. 19106-2515

To Regional Att. Jacqueline McNair

I would Like A copy of my File — CASE NO #
                                    170-2005-01768
As soon As possible,

cc:
ACLU

Thank you
Roland C. Anderson
113 Lloyd STR,
Wil. DE. 19804
302-994-0914

PROOF —

I was NOT A Temporary Employee
But AN Hourly Employee
 G. M. Never mention to my
Charge of Hiring In March 2005. To EEOC
EEOC Improper Investigation.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>170-2005-01768 |
|---|---|---|

Delaware Depart of Labor/Equal Employment Opportunity Office _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Roland Anderson | Home Phone No. (Incl Area Code)<br>(302) 994-0914 | Date of Birth<br>06-12-1952 |
|---|---|---|
| Street Address<br>113 Lloyd Street | City, State and ZIP Code<br>Wilmington, DE 19804 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>GENERAL MOTORS | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(302) 428-7907 |
|---|---|---|
| Street Address<br>901 Boxwood Road, | City, State and ZIP Code<br>Wilmington, DE 19804 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-15-2005   Latest: 04-15-2005
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have filed the previous charges against Respondent: 170-2003-00027, 170-1991-01375, 170-2000-01320 and 17C-2004-00615, alleging discrimination due to Respondent's refusal to hire me. All these cases were closed for either lack of jurisdiction or issued No Cause determinations.

I tried to apply for a job in March 2005. I was not given an application and told that the plant was not hiring. On or about April 15, 2005, I learned, from some individuals, that Respondent was hiring.

I believe I was not given an application because of my race, black, and in retaliation for previous charge filing, in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my age, 52, in violation of the Age Discrimination in Employment Act. The Respondent's listing me as "terminated" has also had the retaliatory effect of my being denied benefits to which I am entitled because I was actually laid off. The Respondent should properly list me as a laid off employee, not a terminated employee.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

April 10 - 05     Roland C. Anderson
Date                Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

September 8, 2005

Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

Re: Anderson v. General Motors
    EEOC Charge Number 170-2005-01768

Dear Mr. Anderson:

The information and evidence submitted by all parties regarding the above referenced charge has been reviewed. In order for the Commission to issue a determination that there is reasonable cause to believe that you were discriminated against, the record of evidence would have to support a conclusion that the Respondent took this into account in its actions. The information submitted by all parties does not indicate that there is a likelihood that continued investigation would result in obtaining evidence which would lead to a finding of a violation.

You allege that you were denied an application in March 2005, but learned approximately one month later, through various individuals, that Respondent filled some vacancies. You believe you were not given an application in retaliation for previous charge filing (170-1991-01375, 170-2000-01320, 17C-2004-00615 and 170-2003-00027), and because of your race, black and age, 52. In addition to these allegations, you believe you were denied benefits that you were entitled to because Respondent listed you as "terminated" and not "laid off" after working for Respondent previously.

Respondent agrees that you were an employee during the following periods: August 31, 1981, to September 21, 1981, and again from June 25, 1982 to October 1, 1982. According to the Collective Bargaining Agreement you did not reach a status of an employee, but remained listed as a temporary employee because:

> "...employees shall be regarded as temporary employees until their names have been placed on the seniority list." Further, "Employees may acquire seniority by working 90 days during a period of six continuous months in which event the employee's seniority will date back 90 days from the date seniority is acquired."

Since you did not work within a period of six continuous months, you did not qualify as an employee with seniority but listed as a temporary employee. Therefore you do not have access to any accumulated benefits.

Regarding your hiring issue, Respondent states that no workers have been hired at that site since October 1999, indicating that there were no job opportunities at the time of your inquiry in March 2005.

This is to inform you that it will be recommended that the EEOC dismiss the charge. If the charge is dismissed, the Commission will issue a decision stating that it is unable to conclude that the information obtained establishes a violation of the statute. The decision would not certify that the Respondent is in compliance with the statute. The Dismissal and Notice of Rights which will be sent to you will allow you to file a private suit, if you want to pursue this matter further.

Sincerely,

Dianna I. Schley
Federal Investigator

*[handwritten annotations: "EX A", "Att R d", "EX B", "prob I Have my Sentony in. (abrig. Complain) aboud-recall"]*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROLAND C. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 92-335-SLR |
| | ) | |
| GENERAL MOTORS, BOXWOOD ROAD, WILMINGTON, DELAWARE 19804, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF DAVID I. BULL

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS: |
| COUNTY OF NEW CASTLE | ) |

On this 16th day of September 1992 personally appeared before me the undersigned Notary Public, David I. Bull, who did depose and say:

1. I am an employee of General Motors Corporation at its Boxwood Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal Employment Opportunity and, as such, I have investigated the subject matter of the Complaint filed by Roland C. Anderson in the above-captioned civil action and the same matter when it was before the Equal Employment Opportunity Commission. I am authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2. The records of General Motors show that Plaintiff was employed as an hourly worker from August 31 to September 21, 1981, when he was laid off. During this period of time, he acquired no seniority rights, because he was not

*[handwritten: "Pg. T"]*

employed for 90 days, as required under the terms of the applicable Collective Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off in October 1982. Under the Agreement he acquired certain seniority rights, including a right to be recalled to employment, but these rights expired on a "time for time" basis. Having been employed for only four months, Plaintiff's right to be recalled, as well as any other seniority rights, expired four months after he was laid off, that is, by February 1983.

3. G.M. has not hired any permanent employees for manufacturing assembly work since 1987. During this period of time, all persons recalled to work were laid off employees who had seniority rights and a right to be recalled before persons without such rights were considered for employment. Telephone inquiries concerning employment opportunities have received the response, "We are not issuing applications nor do we expect any opportunities in the near future."

4. Separate and apart from the matter of recalling former employees with seniority rights, there was a brief period when applications for temporary summer employment were processed. On May 13, 1992, 31 temporary employees were hired, but, as it turned out, they only worked for two weeks before being laid off. This took place long after Plaintiff had filed his complaint with the E.E.O.C. on or about December 27, 1991. Former employees who still have seniority rights do not have a right to recall to temporary summer employment.

5. G.M. has no record of receipt of a job application by Plaintiff during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6. I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C. Attached is a copy of that response.

7. G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

*David I. Bull*
David I. Bull

Sworn to and subscribed before me the day and year first above written.

*Constance L. McDonna Mantone*
Notary Public
My Commission Expires: Nov, 1993

-3-