IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON,             ) | |
|                                 ) | |
|        Plaintiff                ) | |
|                                 ) | |
|        v.                       ) | Civil Action No. 05-877-JJF |
|                                 ) | |
| GENERAL MOTORS CORPORATION,     ) | |
|                                 ) | |
|        Defendant.               ) | |

**DEFENDANT GENERAL MOTORS CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE ANSWER**

Defendant General Motors Corporation responds to Plaintiff's Motion for A Default Judgment as follows. Plaintiff's service of process on General Motors Corporation ("GM") was procedurally deficient. As detailed fully below, plaintiff provided the summons and complaint to a person not authorized to receive service on behalf of GM and GM consequently did not learn of these proceedings until August 24, 2006. Default judgment may not be entered against GM as it has not been properly served with the summons and complaint. *Shomide v. ILC Dover LP*, C.A. No. 03-1019-SLR, slip op. at 10-11 (D. Del. July 20, 2006) (copy attached as Ex. 1), *citing Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3rd Cir. 1995); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3rd Cir. 1985). Further, the Third Circuit does not favor the entry of defaults or default judgments, preferring instead that cases be decided on their merits. Therefore, "doubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment." *United States v. $55,518.05*, 728 F.2d 192, 195 (3d Cir. 1984). *See also Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3rd Cir.1983).

Pursuant to Fed. R. Civ. P. 4(h)(1), service on a corporation is effective upon "delivery to an officer, managing or general agent, or to any other agent authorized to receive service of process." Terry Tyndall, PeopleSoft Administrator, received plaintiff's summons and complaint.

CC 1731452v1

Mr. Tyndall does not meet any of the above requirements and GM did not authorize him to receive service of process on its behalf.[1] Additionally, GM's legal staff was not aware of the pending litigation and did not receive a copy of the Complaint. Therefore, providing the summons and complaint to Mr. Tyndall did not alert GM of the pending action and does not constitute proper service under Fed. R. Civ. P. 4(h)(1).

Fed. R. Civ. P. 4(h) also provides that service on a corporation may be achieved by any manner proscribed by Fed. R. Civ. P. 4(e)(1). Fed. R. Civ. P. 4(e)(1) allows for service pursuant to the state law of the district where the court sits. Pursuant to 10 Del. C. § 3111(a) "actions may be brought against any corporation, at law or in chancery, by summons. Process may be served on the president, or head officer, if residing in the State, and if not, on any officer, director, or manager of the corporation." As detailed above, Mr. Tyndall meets none of these requirements and service upon him was improper. Therefore, entering default judgment against GM based upon improper service of process is not legally justified, does not serve the interest of justice and adjudication of claims on the merits is preferred by the judicial system. *See Shomide v. ILC Dover LP*, C.A. No. 03-1019-SLR, slip op. at 10-11 (D. Del. July 20, 2006).

In the alternative, and to the extent the Court determines service was proper, GM seeks leave to file the Answer attached hereto as Exhibit B. GM was not aware of the present case until yesterday, August 24, 2006, when counsel representing GM in a workers' compensation matter forwarded a copy of Plaintiff's Motion for Default Judgment to GM. GM immediately researched this matter, engaged the undersigned counsel and contacted the Court to notify the Court that it would be objecting to the Plaintiff's Motion for Default Judgment.[2] GM failed to

---

[1] GM is preparing Affidavits supporting the factual assertions in this brief. However, GM believes that time is of the essence and files the present brief to advise the Court of its position on the merits of the pending motion.

[2] On August 23, 2006, the Clerk of Court issued a deficiency notice to plaintiff regarding the Motion for Default Judgment informing him that "no action will be taken by the Court until the discrepancies are corrected." To date, this deficiency is uncorrected and the Motion is not properly before the Court.

file an answer because it lacked notice of the Complaint, not because it intended to thwart the legal process. GM has hired undersigned counsel and intends to comply with the mandates and rules of this Court. Further, GM has valid defenses to plaintiff's allegations and intends to vigorously defend this action.

WHEREFORE, General Motors Corporation respectfully requests that the Court deny plaintiff's Motion for Default Judgment as the Complaint and Summons were not properly served. In the alternative, GM respectfully requests that for good cause shown it be allowed leave to file its Answer out of time and defend the present matter on the merits. GM further seeks such other and further relief as the Court deems just and proper under the circumstances.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Teresa A. Cheek*
Sheldon N. Sandler (Del. Bar No. 0245)
Teresa A. Cheek (Del. Bar No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Email: tchee@ycst.com
Attorneys for Defendant

OF COUNSEL:

David C. Vogel
Michael A. Williams
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001
Attorneys for Defendant

Dated: August 28, 2006

CC 1731452v1