# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TONKUBO SHOMIDE,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civ. No. 03-1019-SLR
                                    )
ILC DOVER LP,                       )
                                    )
        Defendant.                  )

---

Tonkubo Shomide, New Castle, Delaware.  Plaintiff, <u>pro se</u>.

Teresa A. Cheek, Esquire of Young Conway Stargatt & Taylor, LLP,
Wilmington, Delaware.  Counsel for Defendant.

---

**MEMORANDUM OPINION**

Dated:  July 2ᴼ, 2006
Wilmington, Delaware

*[signature]*
ROBINSON, Chief Judge

## I.    INTRODUCTION

On November 7, 2003, Tokunbo Shomide ("plaintiff") filed a pro se complaint alleging racial discrimination under Title VII of the Civil Rights Act of 1964.[1]  Plaintiff claims that ILC Dover LP ("defendant") discriminated against him when it terminated his employment on account of his race, color, and national origin.  The court possesses subject matter jurisdiction under 28 U.S.C. § 1331 (2000).  Currently before the court is defendant's motion for entry of judgment pursuant to Fed. R. Civ. P. 41(b) and plaintiff's cross-motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(a).  For the following reasons, the court will deny defendant's motion and deny plaintiff's motion.

## II.   BACKGROUND

Plaintiff, a black male of African origin, was employed by defendant from 1999 until his discharge in April 2002.  (D.I. 1 at ¶ 5)  Plaintiff alleges that while employed by defendant, he was:  (1) Constantly harassed and mocked by his white coworkers because of his accent; (2) Demoted without cause; (3) Not considered for equal education opportunities; and (4) Kept under constant observation by his supervisors.  (D.I. 1 at ¶ 10)

---

[1] Plaintiff filed the instant litigation after an Equal Employment Opportunity Commission ("EEOC") investigation and dismissal.  The EEOC stated it was unable to conclude, based on its investigation, that violations of the statute occurred. (D.I. 1 at 4)

On November 7, 2003, plaintiff filed an unsigned complaint. (D.I. 1 at 3)  The Clerk of Court issued a notice of deficiency to plaintiff regarding his failure to sign the complaint.  (D.I. 2)  On April 8, 2004, plaintiff's signed complaint was filed.

On April 1, 2004, ILC Dover, Inc. converted from a corporation to a limited partnership, defendant ILC Dover LP. (D.I. 26 at A15)  Prior to the conversion, defendant's registered agent was The Prentice-Hall Corporation System, Inc., located in Dover, Delaware.  From April 1, 2004 until April 13, 2004, defendant's registered agent was National Corporate Research, Ltd.  (Id.)  On April 13, 2004, defendant amended its certificate of limited partnership to change its registered agent from National Corporate Research, Ltd. to itself, ILC Dover LP, located in Frederica, Delaware.  (Id.)

Plaintiff first attempted to serve defendant on April 9, 2004, by hiring Brandywine Process Servers to deliver the summons and complaint to Prentice-Hall.[2]  (D.I. 26 at 5)  Plaintiff filed a return of service on April 9, 2004 and, on December 1, 2004, plaintiff filed a motion for entry of default judgment.

Defendant's attorney entered an appearance on December 8,

---

[2] On March 15, 2004, the court issued an order to show cause why the present action should not be dismissed for failure to timely serve process on defendant pursuant to Fed. R. Civ. P. 4(m), requiring service of the summons and complaint within 120 days after the filing of the complaint.  The court required that plaintiff respond on or before April 15, 2004.  (D.I. 4)

2004, and filed a motion to dismiss the complaint pursuant to
Fed. R. Civ. P. 12(b)(5) for failure to effect service of
process. (D.I. 10) Service of process was not effective because
Prentice-Hall was no longer defendant's registered agent. (D.I.
26 at A15) The court denied the motion to dismiss on August 3,
2005, but ordered plaintiff to effect service of process on
defendant on or before August 31, 2005. (D.I. 17)

On August 24, 2005, plaintiff filed a praecipe requesting
issuance of an Alias Summons, and it was issued to him that day.
(D.I. 18) A return of service was again filed on August 30,
2005, stating that plaintiff had mailed the summons and complaint
to defendant through certified mail. (D.I. 20) Defendant filed
the present motion to dismiss the complaint on September 15,
2005. (D.I. 23)

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 41(b) provides that the court may enter an
involuntary dismissal "[f]or failure of the plaintiff to
prosecute or to comply with these rules or any order of the court
. . .." Fed. R. Civ. P. 41(b). "Unless the court in its order
for dismissal otherwise specifies, a dismissal under this
subdivision and any dismissal not provided for in this rule,
other than a dismissal for lack of jurisdiction, for improper
venue, or for failure to join a party under Rule 19, operates as
an adjudication upon the merits." Id.

3

A court's decision to dismiss for failure to prosecute is committed to the court's discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002); Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998). A dismissal with prejudice "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Id. The Third Circuit has emphasized that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982).

In exercising its discretion, the court must make explicit findings regarding the factors enumerated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 869 (3d Cir. 1984). See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987); see also United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003) ("We have opined that [the Poulis factors] must be weighed by a District Court in determining whether the harsh sanction of dismissal is justified."). The Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

4

alternative sanctions; and (6) the
meritoriousness of the claim.

Poulis, 787 F.2d at 868.  Each factor in Poulis need not be

present in order for a dismissal to be warranted.  Ware v. Rodale

Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (citing Hicks v.

Feeney, 850 F.2d 152, 156 (3d Cir. 1988)).

**IV.  DISCUSSION**

**A.    Involuntary Dismissal**

Plaintiff initiated this action on November 7, 2003.  Under

Fed. R. Civ. P. 4(c)(1) and 4(m), plaintiff had 120 days to

properly serve the summons and complaint.  Fed. R. Civ. P. 4(h)

describes how to serve process on limited partnerships:

> Unless otherwise provided by federal law,
> service upon a . . . partnership . . . from
> which a waiver of service has not been
> obtained and filed, shall be effected:
> (1) in a judicial district of the United
> States in the manner prescribed for
> individuals by subdivision (e)(1), or by
> delivering a copy of the summons and of the
> complaint to an officer, a managing or
> general agent, or to any other agent
> authorized by appointment or by law to
> receive service of process . . ..

Fed. R. Civ. P. 4(h)(1).  The court will consider each possible

form of service in turn.

**1.    Service of Individuals under Fed. R. Civ. P.
4(e)(1)**

Fed. R. Civ. P. 4(e)(1) authorizes service of process on

individuals "pursuant to the law of the state in which the

5

district court is located, or in which service is effected . .

.." Fed. R. Civ. P. 4(e)(1). Delaware authorizes service on

domestic limited partnerships as follows:

> (a) Service of legal process upon any
> domestic limited partnership shall be made by
> delivering a copy **personally** to any managing
> or general agent or general partner of the
> limited partnership in the State of Delaware
> or the registered agent of the limited
> partnership in the State of Delaware, **or by
> leaving it** at the dwelling house or usual
> place of abode in the State of Delaware of
> any such managing or general agent, general
> partner, or registered agent (if the
> registered agent be an individual), or **at the
> registered office or other place of business
> of the limited partnership** in the State of
> Delaware.

6 Del. C. § 17-105(a) (emphasis added). Plaintiff has not

complied with § 17-105(a) because he mailed the summons and

complaint, rather than delivering them personally or leaving them

at the registered place of business of the limited partnership.

According to Delaware law,

> [t]he law provides two methods of service of
> process: one is actual service as by reading
> the original process to the defendant or
> delivering to him a copy thereof; the other
> is a substitutional or constructive service,
> as by leaving a copy of the process at the
> defendant's residence when he is absent, or
> by some form of notice by mail or publication
> **as the statute may direct**.
>         Personal service is the primary method
> of obtaining jurisdiction over the person of
> a defendant; and, in the absence of a statute
> authorizing a substitutional method, service
> of process must be personal.

McCoy v. Hickman, 15 A.2d 427 (Del. Super. 1940) (citing Webb

<u>Packing Co. v. Harmon</u>, 196 A. 158, 161 (Del. Super. 1937)).
Section 17-105(a) does not authorize service of process on
limited partnerships through certified mail.  Therefore,
according to <u>McCoy</u>, plaintiff must either actually serve
defendant by delivering a copy of the summons and complaint to
defendant personally or, because § 17-105(a) authorizes a
substitutional form of service, plaintiff may leave a copy of the
summons and complaint at the limited partnership's registered
office or place of business.[3]  In addition, Delaware Superior
Court Civil Rule 4(f)(1)(III) further describes the appropriate
methods of service on domestic limited partnerships "by
delivering" copies of the summons and complaint to an "officer,
managing or general agent or to any other agent authorized by law
to receive service of process."  Del. Super. Ct. Civ. R.
4(f)(1)(III).  Rule 4(f)(1)(III) also does not authorize service
through certified mail of an initial pleading.[4]  Therefore, the
court concludes that certified mail is not an appropriate method
of serving the summons and complaint on a domestic limited

---

[3] Delaware Superior Court Civil Rules state that service of
process must be effectuated by a process server.  Del. Super. Ct.
Civ. R. 4(d).

[4] Pleadings asserting new or additional claims shall be
served according to Delaware Superior Court Civil Rule 4.  Del.
Super. Ct. Civ. R. 5(a).  Whereas Rule 5 permits service through
certified mail for subsequent documents requiring service, Rule 4
does not authorize service on limited partnerships through
certified mail when serving the complaint.  Del. Super. Ct. Civ.
R. 5(b).

partnership.

>    2.    **Service of a Limited Partnership under Fed. R. Civ. P. 4(h)**

In <u>Mettle v. First Union Nat'l Bank</u>, 279 F. Supp. 2d 598 (D.

N.J. 2003), the court specifically held that service through the

mail was not sufficient under Rule 4(h).[5]  <u>See also</u> <u>Sampath v.

Concurrent Technologies Corp.</u>, 227 F.R.D. 399, 403 (W.D. Pa.

2005) (finding that plaintiff incorrectly thought that service

could be effected through the mail under Fed. R. Civ. P. 4(h));

<u>In re Ass'n of Volleyball Prof'ls</u>, 256 B.R. 313, 318 (Bankr. C.D.

Cal. 2000) (commenting that service under Rule 4(h) must be by

personal delivery rather than by mail).  Thus, plaintiff has not

properly completed service of process through certified mail

under the alternative prong of Rule 4(h).[6]

>    3.    **Poulis Analysis**

Although there is authority that a pro se plaintiff must be

afforded "a certain degree of leniency so as to ensure that his

case is decided on the merits," <u>Sampath</u>, 227 F.R.D. at 403, the

Supreme Court has stated, "[W]e have never suggested that

procedural rules in ordinary civil litigation should be

---

[5] Service to both limited partnerships and corporations are
governed by Rule 4(h).

[6] Because defendant has not waived service pursuant to Fed.
R. Civ. P. 4(d), "service may be effected by any person who is
not a party and who is at least 18 years of age."  Fed. R. Civ.
P. 4(c)(2).

interrupted so as to excuse mistakes of those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff is not represented by counsel and, therefore, is directly responsible for any mistakes in service of process. Plaintiff has shown a pattern of dilatoriness, given the two prior extensions of the time for service the court allowed. Poulis, 747 F.2d at 868 ("Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court.").

Plaintiff, however, has not acted with "the type of willful or contumacious behavior which [can be] characterized as 'flagrant bad faith,'" Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994) (quoting Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1985)). Plaintiff was certainly conscious of his previous failures to effect service of process and was given copies of Rule 4 and court orders directing service, but was provided only with the language of Rule 4(h) and § 17-105(a). Plaintiff was likely not aware of the requirements of personal service.

In addition, defendant has not been prejudiced by plaintiff's delay, despite having waited over two years to receive service of process. Prejudice occurs only where "delay may damage a defendant's ability to defend on the merits." Boley

9

v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997) (citing Gowan v.
Teamsters Union (237), 170 F.R.D. 356, 360 (S.D.N.Y. 1997)).
"Actual notice to a defendant that an action was filed militates
against a finding of prejudice." Id. (citing Dominic v. Hess Oil
V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988)). Defendant's
ability to defend on the merits has not been effected, and
defendant had actual notice of the suit. Therefore, defendant
has not been prejudiced.

Finally, although the court recognizes that the
meritoriousness of plaintiff's claim may be questionable given
that the EEOC investigated and dismissed plaintiff's allegations,
the court declines to make a determination on the merits of
plaintiff's claim on an undeveloped record. In balancing all the
Poulis factors, the court, in its discretion, finds that the lack
of willful behavior, prejudice to defendant, and evidence from
which to determine the meritoriousness of plaintiff's claim does
not justify dismissal of the claim pursuant to Fed. R. Civ. P.
41(b). Therefore, defendant's motion to entry of judgment is
denied.

**B.    Default Judgment**

A default judgment may not be entered against a defendant
that has not been properly served with the summons and complaint.
Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1304 (3d Cir.
1995)("[I]f a default judgment had been entered when there had

not been proper service, the judgment is, *a fortiori*, void, and should be vacated."); Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). Therefore, plaintiff's motion for entry of default judgment is denied.

## V.    CONCLUSION

For the reasons stated above, defendant's motion to dismiss the claim pursuant to Fed. R. Civ. P. 41(b) is denied. Plaintiff's motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(a) is denied.