## IN THE UNITED STATES DISTRICT
## COURT OF THE DISTRICT OF DELAWARE

Roland C. Anderson,            :
        Plaintiff       :
                    :
    vs.                        :
                    :
General Motors,                 :
        Defendant        :



C. A. 05 - 877 - ~~SSC~~ JJF

### Plaintiff Response to Defendant

General Motors is a party to this claim and was served according to Rule 4.1 which states: - Upon issuance, the clerk shall provide the summons to the party or party's attorney who shall be responsible for prompt service of the summons and a copy of the pleading.

So therefore, General Motors is a party in this claim under Rule 4.1 (Service of Process). Rule of the district rule 4.1 attached Ex. A.

Source:  For 4.1(A) former Del. Local Rule 1.4 with revision and for 4.1(b) former Del. Local Rule 2.1(B) with revision.

Also see Local Rules – of civil practice and procedure of the District Court for the *State of Delaware* which clearly states under *Rules* 55 default (a) entry when a party (G.M.) against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that *fact* is made to appear by affidavit or other wise the clerk shall enter the party's default.  Law and rule attached, (b)-(1).  See Rule 55 last page.

### Conclusion

General Motors is a party in this action and rule 4.1 on it face is clear and U. S. Marshall serve the party.

Rule 55 is also clear in pursuant to 10 Del. C.§ 3104§ 3112, or §3113 your Honor General Motors had ample time to response to this action see Notice of Lawsuit and request for waiver of service of summons (from attached). Copy from the clerk office – along with the 285 forms. Your Honor attorney for the defendant was using state law and court chanceries, federal rules are different.

See Rule for 285 which states under remarks "The Process Described on the individual, *company*, corporation, *etc*." at the address inserted below.    See U.S. Department of Justice United States Marshal Service.

Process, receipt and return clearly it doesn't say services must be served to just president or head officer or not residing in the state or does it say any officer, director or manager of the corporation.

In fact executed was made to the company and their job was to forward it on to their attorney, (head officer) president or manager of the corporation.

Terry Tyndall, people's system administrators are party of General Motors and are the party is this action.  See Rule 5.2 service (A-B) attached.  Also rule 4.1 service of process (a)-(b). Wherefore Roland C. Anderson respectfully requests that the court enter default judgment as the complaint and summons *were* properly served.  According to rule 4.1 and Type of Process (9) U.S. Marshal for Court case #05-877331 to the company known as stated.  Having legal evidence of service sign only first USM*285*, Date of Service 03-29-06, (time 14:37 p.m.)  According to rules of this Court and 285 processes it was truly served properly and signed of authorized of USMS Deputy or Clerk on 03-03-06.  These are the rules of this Court (also 285) procedure.

Thank you,

Roland C. Anderson
113 Lloyd Street
Wilmington, DE  19804
302-994-0914


Date:  August 29, 2006

## CERTIFICATE OF SERVICE

I, Roland C. Anderson, hereby certify that a copy of the foregoing response to General Motors was served by certified mail.  Return receipt on the following defendant this 29th day of August 2006.

(s) – Teresa A. Check
Sheldon N. Sandler
The Brandywine Bldg., 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19801/Attorney for Defendant


U.S. District Court
District of Delaware


Date: August 28, 2006

E x A

LOCAL RULES

OF

CIVIL PRACTICE AND PROCEDURE

OF THE

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF DELAWARE

(Amended Effective January 1, 1995)

www. ded. uscourts. gov/localrules. htm
pub library
1-71-7416

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF _Roland A. Anderson._ | COURT CASE NUMBER 05 - 877 J |
|---|---|
| DEFENDANT _General Motor 901 Boxwood Rd, W.2. Del 18__ | TYPE OF PROCESS  a |

| SERVE ➡ AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| General motors 901 Boxwood Rd, W.1. Del. 19804 | Number of process to be served with this Form - 285 | 1 |
|---|---|---|
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                          Fold

```
          FILED

       MAR 30 2006

    U.S. DISTRICT COURT
    DISTRICT OF DELAWARE
```

| Signature of Attorney or other Originator requesting service on behalf of: _Roland C. Anderson_ | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 302-994-0814 | DATE Dec 15-05 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date 3-30 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below. ✓

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) _Terry Tyndall_ _Peoples Systems Admin._ | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service 3/29/06   Time 1437  pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS:

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON              :
                                :
          Plaintiff,            :
                                :
     v.                         :    Civil Action No. 05-877-JJF
                                :
GENERAL MOTORS,                 :
                                :
          Defendant.            :

## O R D E R

WHEREAS, Plaintiff filed a Motion For Requirement Of Order Date 17 Of March 2006 Court (D.I. 8), which the Court interprets as a Motion To Reconsider the Court's Order dated March 17, 2006 (D.I. 7);

WHEREAS, the Court's March 17 Order denied without prejudice Plaintiff's Motion To Stay (D.I. 5) with leave to refile following service, entry of appearance and responsive pleading by Defendant;

WHEREAS, Defendant has not yet entered an appearance or filed a responsive pleading;

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 8) is **DENIED**.

June 8, 2006
DATE

UNITED STATES DISTRICT JUDGE

**RULE 4.1.    Service of Process.**

    **(a) Summons.**  To assist the Clerk in the issuance of a summons, a party required to serve a summons shall prepare and deliver a completed form of summons to the Clerk contemporaneously with the filing of the pleading to be served with the summons or with the praecipe for additional or separate summons.  Upon issuance, the Clerk shall provide the summons to the party or party's attorney who shall be responsible for prompt service of the summons and a copy of the pleading.  Failure to provide a form of summons shall not be a basis to reject the pleading for filing.

    **(b) Affidavit of Mailing in Certain Actions.**  In an action in which the plaintiff serves process pursuant to 10 Del. C. § 3104, § 3112, or § 3113, an affidavit of the plaintiff or plaintiff's attorney of the defendant's non-residence and the mailing and receipt or refusal of the notice required by the statute, with the defendant's return receipt attached, shall be filed within 10 days of the receipt by the plaintiff or plaintiff's attorney of that return receipt.  The affidavit and return receipt need not be served upon the parties.

*Source:  For 4.1(a), former Delaware Local Rule 1.4 with revisions, and for 4.1(b), former Delaware Local Rule 2.1B with revisions.*

**RULE 5.2.    Service.**

**(a) Certificate of Service.**  When filed with the Court, the original of any pleading or other paper required to be served shall have attached either (1) a certification by a member of the Bar of this Court or (2) an affidavit, showing how service has been made.

**(b) Service of Letters.**  Copies of all letters furnished to the Court relating to a pending case shall be furnished to the Clerk of the Court and to all local counsel and pro se parties. The same means (e.g., mail or hand delivery) as used in delivery to the Court shall be used in delivery to all local counsel and to pro se parties whenever feasible.  The copies shall indicate the method of delivery to all recipients.

*Source:  Former Delaware Local Rules 2.1A and 2.7 with revisions.*

77. 2

**(a) Orders by the Clerk.** The Clerk is authorized, without further direction of a judge, to sign and enter orders specifically delineated as allowed to be signed by the Clerk under the Federal Rules of Civil Procedure, and also the following:

(1) Orders specifically appointing persons to serve process in accordance with Fed. R. Civ. P. 4.

(2) Orders on consent noting satisfaction of a judgment, providing for the payment of money, withdrawing stipulations, annulling bonds, exonerating sureties or setting aside a default.

(3) Orders of dismissal on consent, with or without prejudice, except in cases to which Fed. R. Civ. P. 23, 23.1 or 66 apply.

(4) Orders entering default for failure to plead or otherwise defend in accordance with Fed. R. Civ. P. 55.

(5) Any other orders which pursuant to Fed. R. Civ. P. 77(c) do not require direction by the Court.

(6) Consent orders extending for not more than 20 days in any instance the time to file the record on appeal in the appellate court.

**(b) Action by the Court.** Any order entered by the Clerk under this Rule may be suspended, altered or rescinded by the Court upon cause shown.

*Source: Former Delaware Local Rule 3.6, with revisions.*

**Rule 54**                          RULES OF CIVIL PROCEDURE

treated as accepted by the parties unless objected to within a specified time. A court might also consider establishing a schedule reflecting customary fees or factors affecting fees within the community, as implicitly suggested by Justice O'Connor in *Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711, 733 (1987) (O'Connor, J., concurring) (how particular markets compensate for contingency). *Cf. Thompson v. Kennickell*, 710 F.Supp. 1 (D.D.C.1989) (use of findings in other cases to promote consistency). The parties, of course, should be permitted to show that in the circumstances of the case such a schedule should not be applied or that different hourly rates would be appropriate.

The rule also explicitly permits, without need for a local rule, the court to refer issues regarding the amount of a fee award in a particular case to a master under Rule 53. The district judge may designate a magistrate judge to act as a master for this purpose or may refer a motion for attorneys' fees to a magistrate judge for proposed findings and recommendations under Rule 72(b). This authorization eliminates any controversy as to whether such references are permitted under Rule 53(b) as "matters of account and of difficult computation of damages" and whether motions for attorneys' fees can be treated as the equivalent of a dispositive pretrial matter that can be referred to a magistrate judge. For consistency and efficiency, all such matters may be referred to the same magistrate judge.

Subparagraph (E) excludes from this rule the award of fees as sanctions under these rules or under 28 U.S.C. § 1927.

#### 2002 Amendments

Subdivision (d)(2)(C) is amended to delete the requirement that judgment on a motion for attorney fees be set forth in a separate document. This change complements the amendment of Rule 58(a)(1), which deletes the separate document requirement for an order disposing of a motion for attorney fees under Rule 54. These changes are made to support amendment of Rule 4 of the Federal Rules of Appellate Procedure. It continues to be important that a district court make clear its meaning when it intends an order to be the final disposition of a motion for attorney fees.

The requirement in subdivision (d)(2)(B) that a motion for attorney fees be not only filed but also served no later than 14 days after entry of judgment is changed to require filing only, to establish a parallel with Rules 50, 52, and 59. Service continues to be required under Rule 5(a).

#### 2003 Amendments

Rule 54(d)(2)(D) is revised to reflect amendments to Rule 53.

### HISTORICAL NOTES

**Effective and Applicability Provisions**

1961 Amendments. Amendment adopted on Apr. 17, 1961, effective July 19, 1961, see Rule 86(d).

## Rule 55.   Default

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and

that fact is made to appear by affidavit or otherwis the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be en tered as follows:

(1) By the Clerk. When the plaintiff's clain against a defendant is for a sum certain or for sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidav of the amount due shall enter judgment for tha amount and costs against the defendant, if th defendant has been defaulted for failure to appea and is not an infant or incompetent person.

(2) By the Court. In all other cases the par entitled to a judgment by default shall apply to th court therefor; but no judgment by default shall h entered against an infant or incompetent perso unless represented in the action by a general guar ian, committee, conservator, or other such represe tative who has appeared therein. If the par against whom judgment by default is sought h appeared in the action, the party (or, if appearin by representative, the party's representative) sh be served with written notice of the application judgment at least 3 days prior to the hearing such application. If, in order to enable the court enter judgment or to carry it into effect, it necessary to take an account or to determine t amount of damages or to establish the truth of averment by evidence or to make an investigation any other matter, the court may conduct such he ings or order such references as it deems necess and proper and shall accord a right of trial by j to the parties when and as required by any stat of the United States.

(c) Setting Aside Default. For good cause sho the court may set aside an entry of default and, judgment by default has been entered, may likew set it aside in accordance with Rule 60(b).

(d) Plaintiffs, Counterclaimants, Cross-Cla ants. The provisions of this rule apply whether party entitled to the judgment by default is a plain a third-party plaintiff, or a party who has plead cross-claim or counterclaim. In all cases a judgm by default is subject to the limitations of Rule 5

(e) Judgment Against the United States. judgment by default shall be entered against United States or an officer or agency thereof un the claimant establishes a claim or right to relie evidence satisfactory to the court.
(As amended Mar. 2, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES
#### 1937 Adoption

This represents the joining of the equity decree *pro co so* (former Equity Rules 12 (Issue of Subpoena—Tim Answer), 16 (Defendant to Answer—Default—Decree

E&B

AO 398 (Delaware Rev. 7/00)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A) _____

as   (B) _____     of (C) _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Delaware and has been assigned docket number _____ .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____ , 200 ____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Delaware Rev. 7/00)

## WAIVER OF SERVICE OF SUMMONS

TO: _____
   (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
                                                  (CAPTION OF ACTION)

which is case number _____ in the United States District Court
                        (DOCKET NUMBER)

for the District of Delware.

     I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ , or within 90 days after that date if the request was sent outside the United States.   (DATE REQUEST WAS SENT)

_____        _____
       (DATE)                                          (SIGNATURE)

                    Printed/Typed Name: _____

                    As _____ of _____
                              (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

     It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

     A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# IN THE UNITED STATES DISTRICT
# COURT FOR THE DISTRICT OF DELAWARE

Roland C. Anderson,   :
    Plaintiff  :
         :  **CIVIL ACTION NO.: 05-877-55C**
  vs.     :
         :
General Motors,    :
    Defendant :
_____:

```
FILED

AUG 22 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

## MOTION FOR A DEFAULT JUDGMENT

(1) As of June 8 Order of Judge Farnn where as this date July 28, 2006, the Defendant never and according to the Judge states whereas, Defendant has not yet entered and appearance or filed a responsive pleading. (See Order of June 5, 2006, **EX. A**).

(2) Department of Justice United States Marshall Service.
  (a) Process Receipt and return
  (b) March 30, 2006 (Filed)
  (c) Name and title of individual served.

Terry Tyndall, peples, systems admin. (Date of service was March 29, 2006; time 14:37 p.m.).
  (d) Signature of U.S. Marshal or <u>Deputy</u>. Copy attached to process **EX. B**.
    (1) Clerk of this Court. The law is clear, the Defendant has 20 dates to respond --s- but failed to respond according to law.

|  |  | this order upon Deft. as directed by Pltf. ; Signed by Judge Joseph J. Farnan, Jr. on 02/27/06. (afb, ) (Entered: 02/28/2006) |
|---|---|---|
| 02/28/2006 |  | ***Set Paper Documents Flag (rbe, ) (Entered: 02/28/2006) |
| 03/01/2006 | ● | Remark: Clerk sent to the USM for service copies of the Complaint (D.I. 1) and Order (D.I. 6) w/ USM 285 form for General Motors per D.I. 6. (afb, ) (Entered: 03/01/2006) |
| 03/17/2006 | ●7 | ORDER that the 5 Motion to Stay is DENIED WITHOUT PREJUDICE with leave to refile following service, entry of appearance and responsive pleading by Deft.; Signed by Judge Joseph J. Farnan, Jr. on 03/17/06. (afb, ) (Entered: 03/20/2006) |
| 03/27/2006 | ●8 | MOTION For Requirement Of Order Date 17 Of March 2006 Court - filed by Roland C. Anderson. (afb, ) (Entered: 03/29/2006) |
| 03/30/2006 | ●9 | Return of Service Executed by Roland C. Anderson. General Motors served on 3/29/2006, answer due 4/18/2006. (afb, ) (Entered: 03/30/2006) |
| 06/08/2006 | ●10 | ORDER that Pltf.'s 8 Motion for Reconsideration is DENIED. Signed by Judge Joseph J. Farnan, Jr. on 06/08/06. (afb, ) (Entered: 06/08/2006) |
| 07/05/2006 | ●11 | NOTICE OF APPEAL to the USCA for the Third Circuit re 7 Order on Motion to Stay. Appeal filed by Roland C. Anderson. Filing fee $ 455. (afb, ) (Entered: 07/06/2006) |
| 07/05/2006 | ●12 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (afb, ) (Entered: 07/06/2006) |
| 07/11/2006 | ●13 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 11 Notice of Appeal filed by Roland C. Anderson,. USCA Case Number 06-3316. USCA Case Manager: Carmen M. Hernandez (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (ch1, ) (Entered: 07/11/2006) |
| 08/07/2006 | ●14 | USCA Order Terminating Appeal pursuant to Rule 42(b), Federal Rules of Appellate Procedure as to 11 Notice of Appeal filed by Roland C. Anderson,. USCA Decision: Appeal Dismissed. (ch1, ) (Entered: 08/07/2006) |
| 08/07/2006 |  | ***Set/Clear Appeal Flag (maw, ) (Entered: 08/18/2006) |

Ex A

# LOCAL RULES

## OF

## CIVIL PRACTICE AND PROCEDURE

## OF THE

## UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF DELAWARE

(Amended Effective January 1, 1995)

www. ded. uscourts. gov/localrules. htm
pub library
571-7416

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF Roland O. Anderson | COURT CASE NUMBER 05-877 JJ |
|---|---|
| DEFENDANT General Motor 901 Boxwood Rd. W2. Del. 1804 | TYPE OF PROCESS  G |

**SERVE** ➡
| NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|
| ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |

**AT**

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW: | |
|---|---|
| General motors 901 Boxwood Rd. W2. Del. 19804 | Number of process to be served with this Form - 285  1 |
| | Number of parties to be served in this case  1 |
| | Check for service on U.S.A.  ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                                Fold

FILED

MAR 30 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| Signature of Attorney or other Originator requesting service on behalf of: Roland C. Anderson | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 302-994-0944 | DATE Dec. 15-05 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. ___ | District to Serve No. ___ | Signature of Authorized USMS Deputy or Clerk | Date 3-3-0; |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) Terry Tyndall  Peoples Systems Admin. | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service 3/29/06 | Time 1437 pm |
| | Signature of U.S. Marshal or Deputy  SI Raley |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON      :
                        :
        Plaintiff,      :
                        :
    v.                  :   Civil Action No. 05-877-JJF
                        :
GENERAL MOTORS,         :
                        :
        Defendant.      :

### O R D E R

WHEREAS, Plaintiff filed a Motion For Requirement Of Order Date 17 Of March 2006 Court (D.I. 8), which the Court interprets as a Motion To Reconsider the Court's Order dated March 17, 2006 (D.I. 7);

WHEREAS, the Court's March 17 Order denied without prejudice Plaintiff's Motion To Stay (D.I. 5) with leave to refile following service, entry of appearance and responsive pleading by Defendant;

WHEREAS, Defendant has not yet entered an appearance or filed a responsive pleading;

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 8) is **DENIED**.

June _8_, 2006
        DATE

_____
UNITED STATES DISTRICT JUDGE

**RULE 4.1.     Service of Process.**

    **(a) Summons.**  To assist the Clerk in the issuance of a summons, a party required to serve a summons shall prepare and deliver a completed form of summons to the Clerk contemporaneously with the filing of the pleading to be served with the summons or with the praecipe for additional or separate summons.  Upon issuance, the Clerk shall provide the summons to the party or party's attorney who shall be responsible for prompt service of the summons and a copy of the pleading.  Failure to provide a form of summons shall not be a basis to reject the pleading for filing.

    **(b) Affidavit of Mailing in Certain Actions.**  In an action in which the plaintiff serves process pursuant to 10 Del. C. § 3104, § 3112, or § 3113, an affidavit of the plaintiff or plaintiff's attorney of the defendant's non-residence and the mailing and receipt or refusal of the notice required by the statute, with the defendant's return receipt attached, shall be filed within 10 days of the receipt by the plaintiff or plaintiff's attorney of that return receipt.  The affidavit and return receipt need not be served upon the parties.

*Source:  For 4.1(a), former Delaware Local Rule 1.4 with revisions, and for 4.1(b), former Delaware Local Rule 2.1B with revisions.*

**RULE 5.2.     Service.**

    **(a) Certificate of Service.**  When filed with the Court, the original of any pleading or other paper required to be served shall have attached either (1) a certification by a member of the Bar of this Court or (2) an affidavit, showing how service has been made.

    **(b) Service of Letters.**  Copies of all letters furnished to the Court relating to a pending case shall be furnished to the Clerk of the Court and to all local counsel and pro se parties. The same means (e.g., mail or hand delivery) as used in delivery to the Court shall be used in delivery to all local counsel and to pro se parties whenever feasible.  The copies shall indicate the method of delivery to all recipients.

*Source:  Former Delaware Local Rules 2.1A and 2.7 with revisions.*

77.2

**(a) Orders by the Clerk.** The Clerk is authorized, without further direction of a judge, to sign and enter orders specifically delineated as allowed to be signed by the Clerk under the Federal Rules of Civil Procedure, and also the following:

(1) Orders specifically appointing persons to serve process in accordance with Fed. R. Civ. P. 4.

(2) Orders on consent noting satisfaction of a judgment, providing for the payment of money, withdrawing stipulations, annulling bonds, exonerating sureties or setting aside a default.

(3) Orders of dismissal on consent, with or without prejudice, except in cases to which Fed. R. Civ. P. 23, 23.1 or 66 apply.

(4) Orders entering default for failure to plead or otherwise defend in accordance with Fed. R. Civ. P. 55.

(5) Any other orders which pursuant to Fed. R. Civ. P. 77(c) do not require direction by the Court.

(6) Consent orders extending for not more than 20 days in any instance the time to file the record on appeal in the appellate court.

**(b) Action by the Court**. Any order entered by the Clerk under this **Rule** may be suspended, altered or rescinded by the Court upon cause shown.

*Source: Former Delaware Local Rule 3.6, with revisions.*

**Rule 54**                              RULES OF CIVIL PROCEDURE

treated as accepted by the parties unless objected to within a specified time. A court might also consider establishing a schedule reflecting customary fees or factors affecting fees within the community, as implicitly suggested by Justice O'Connor in *Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711, 733 (1987) (O'Connor, J., concurring) (how particular markets compensate for contingency). *Cf. Thompson v. Kennickell*, 710 F.Supp. 1 (D.D.C.1989) (use of findings in other cases to promote consistency). The parties, of course, should be permitted to show that in the circumstances of the case such a schedule should not be applied or that different hourly rates would be appropriate.

The rule also explicitly permits, without need for a local rule, the court to refer issues regarding the amount of a fee award in a particular case to a master under Rule 53. The district judge may designate a magistrate judge to act as a master for this purpose or may refer a motion for attorneys' fees to a magistrate judge for proposed findings and recommendations under Rule 72(b). This authorization eliminates any controversy as to whether such references are permitted under Rule 53(b) as "matters of account and of difficult computation of damages" and whether motions for attorneys' fees can be treated as the equivalent of a dispositive pretrial matter that can be referred to a magistrate judge. For consistency and efficiency, all such matters might be referred to the same magistrate judge.

Subparagraph (E) excludes from this rule the award of fees as sanctions under these rules or under 28 U.S.C. § 1927.

#### 2002 Amendments

Subdivision (d)(2)(C) is amended to delete the requirement that judgment on a motion for attorney fees be set forth in a separate document. This change complements the amendment of Rule 58(a)(1), which deletes the separate document requirement for an order disposing of a motion for attorney fees under Rule 54. These changes are made to support amendment of Rule 4 of the Federal Rules of Appellate Procedure. It continues to be important that a district court make clear its meaning when it intends an order to be the final disposition of a motion for attorney fees.

The requirement in subdivision (d)(2)(B) that a motion for attorney fees be not only filed but also served no later than 14 days after entry of judgment is changed to require filing only, to establish a parallel with Rules 50, 52, and 59. Service continues to be required under Rule 5(a).

#### 2003 Amendments

Rule 54(d)(2)(D) is revised to reflect amendments to Rule 53.

#### HISTORICAL NOTES

**Effective and Applicability Provisions**

1961 Amendments. Amendment adopted on Apr. 17, 1961, effective July 19, 1961, see Rule 86(d).

## Rule 55.   Default

(a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and

that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) **Judgment.**   Judgment by default may be entered as follows:

(1) **By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) **By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

(c) **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

(d) **Plaintiffs, Counterclaimants, Cross-Claimants.** The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54.

(e) **Judgment Against the United States.** judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987.)

#### ADVISORY COMMITTEE NOTES

##### 1937 Adoption

This represents the joining of the equity decree *pro confesso* (former Equity Rules 12 (Issue of Subpoena—Time Answer), 16 (Defendant to Answer—Default—Decree

AO 398 (Delaware Rev. 7/00)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A) _____

as    (B) _____    of (C) _____

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Delaware and has been assigned docket number _____ .

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____ , 200 _____ .

 

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Delaware Rev. 7/00)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the District of Delware.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ , or within 90 days after that date if the request was sent outside the United States. (DATE REQUEST WAS SENT)

_____          _____
(DATE)                                          (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                    (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# IN THE UNITED STATES DISTRICT
# COURT FOR THE DISTRICT OF DELAWARE

Roland C. Anderson,              :
                    Plaintiff   :
                                 :          **CIVIL ACTION NO.: 05-877-55C**
                                 :
         vs.                     :
                                 :
General Motors,                  :
                    Defendant    :
_____ :

```
                              FILED
                           AUG 2 2 2006
                          U.S. DISTRICT COURT
                        DISTRICT OF DELAWARE
```

### MOTION FOR A DEFAULT JUDGMENT

(1)    As of June 8 Order of Judge Farnn where as this date July 28, 2006, the Defendant never and according to the Judge states whereas, Defendant has not yet entered and appearance or filed a responsive pleading. (See Order of June 5, 2006, <u>EX. A</u>).

(2)    Department of Justice United States Marshall Service.
       (a)    Process Receipt and return
       (b)    March 30, 2006 (Filed)
       (c)    Name and title of individual served.

Terry Tyndall, peples, systems admin. (Date of service was March 29, 2006; time 14:37 p.m.).
       (d)    Signature of U.S. Marshal or <u>Deputy</u>. Copy attached to process <u>EX. B</u>.
              (1) Clerk of this Court. The law is clear, the Defendant has 20 dates to respond –s- but failed to respond according to law.

| | | |
|---|---|---|
| | | this order upon Deft. as directed by Pltf. ; Signed by Judge Joseph J. Farnan, Jr. on 02/27/06. (afb, ) (Entered: 02/28/2006) |
| 02/28/2006 | | ***Set Paper Documents Flag (rbe, ) (Entered: 02/28/2006) |
| 03/01/2006 | ❖ | Remark: Clerk sent to the USM for service copies of the Complaint (D.I. 1) and Order (D.I. 6) w/ USM 285 form for General Motors per D.I. 6. (afb, ) (Entered: 03/01/2006) |
| 03/17/2006 | ❖7 | ORDER that the 5 Motion to Stay is DENIED WITHOUT PREJUDICE with leave to refile following service, entry of appearance and responsive pleading by Deft.; Signed by Judge Joseph J. Farnan, Jr. on 03/17/06. (afb, ) (Entered: 03/20/2006) |
| 03/27/2006 | ❖8 | MOTION For Requirement Of Order Date 17 Of March 2006 Court - filed by Roland C. Anderson. (afb, ) (Entered: 03/29/2006) |
| 03/30/2006 | ❖9 | Return of Service Executed by Roland C. Anderson. General Motors served on 3/29/2006, answer due 4/18/2006. (afb, ) (Entered: 03/30/2006) |
| 06/08/2006 | ❖10 | ORDER that Pltf.'s 8 Motion for Reconsideration is DENIED. Signed by Judge Joseph J. Farnan, Jr. on 06/08/06. (afb, ) (Entered: 06/08/2006) |
| 07/05/2006 | ❖11 | NOTICE OF APPEAL to the USCA for the Third Circuit re 7 Order on Motion to Stay. Appeal filed by Roland C. Anderson. Filing fee $ 455. (afb, ) (Entered: 07/06/2006) |
| 07/05/2006 | ❖12 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (afb, ) (Entered: 07/06/2006) |
| 07/11/2006 | ❖13 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 11 Notice of Appeal filed by Roland C. Anderson,. USCA Case Number 06-3316. USCA Case Manager: Carmen M. Hernandez (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (ch1, ) (Entered: 07/11/2006) |
| 08/07/2006 | ❖14 | USCA Order Terminating Appeal pursuant to Rule 42(b), Federal Rules of Appellate Procedure as to 11 Notice of Appeal filed by Roland C. Anderson,. USCA Decision: Appeal Dismissed. (ch1, ) (Entered: 08/07/2006) |
| 08/07/2006 | | ***Set/Clear Appeal Flag (maw, ) (Entered: 08/18/2006) |

Part II

## Evidence to Show General Motors Was Served

To Attorney Jennifer Bekco esq. for General Motors / *to there legal staff.*

Also from third circuit court appeals sent notices – see case #33216 from Christine J. Grandinetti.

Enclose constitute proper service under Fed R. Civ. P. 4 (1) to one of their staff attorney on page two of their motion, says General Motors legal staff was not aware of the pending litigation and did not *receive a copy of the complaint* (misleading).

Reason:        See order of the Third Circuit court appeals/case #06-3316/ (cc: sent Mrs. Jennifer Bekco). One of the attorneys for General Motors staff *was served*.

Exc *According to the agreement* of the parties, clerk of the United states of Appeals for the Third Circuit.  Mrs. Marcis M. Wardon – (clerk) (General Motors knew of litigation.

Part II

### Motion of Response to General Motors

*my notice of Rule Fed. R. Civ. p. 23 and 23.1*

Also your Honor, their motion for alternative request for leave to file answer to my complaint has also expired § See – Fed. R. Civ. P. 23 and 23.1.

(a)    It states on its face; in each case pending wherein NO action has been taken for a period of *three (3)* months.  The Court may, on its motion or upon application of any party, and after reasonable notice, enter an order dismissing such case unless good reason for the in action is given.  An application for a continuance shall not be *deemed* to be action precluding such dismissal and after any such application or *notice* from the court, no application for a continuance or *proceeding taken* under the discovery rules shall *deem* to toll the application of this rule.

Your Honor it was properly served according to rule 4.1 and 285 regulation.  Because the Third Circuit Court of Appeal mentioned, but parties are in agreeable for a dismissal of my appeal.  Dated July 17, 2006, and July 7, 2006, Motion of Appeal) surely General Motors knew and responded to the Court of Appeals Third Circuit/see Docket No.06-3316 copy attached.  Mrs. Christine J. Grandinetti of the Third Circuit of Appeal (also see the decision dated August 7, 2006, (Order), rule 42(b) attached as well.

Plus according to Dockets sheets parties were advised of the processing.  Their motion was never mentioned until my motion for default judgment.  To what claiming, happened.  It is clear from reason stated above.  General Motors knew this about receiving the 285 forms and litigation.

## Order

### Ex. A

The Third Circuit No. 06-3316 clearly states in accordance with the agreement of the parties in the above entitled case it was entered dismissed by the clerk under the authority conferred upon her by 42(b). That order was based to 28 USC § 1291 (enclosed) states the order that I have appealed may not receive at this time by court of Appeals.

Surely the legal team for General Motors had known before they filed their motion (rule 41.1 has already expired (three (3) months rule in which can not be redeemed to toll the application of this rule.

Jennifer C. Bebko, esq. for General Motors was served by me and the Third Circuit Court of Appeal clearly this is misleading the Court (General Motors). Also from U.S. Marshal (*285 form*).

Also your Honor as you can see from Docket sheet from the courts they were served and had to know because Jennifer Bebko, esq. is legal counselor for General Motors. See C.A. No. 06-3316, July 14, 2006, from staff attorney Christine J. Grandnetti and is willing be a with new to this letter dated July 14, 2006, sent to me and Jennifer C. Bebko, esq., attorney for General Motors to show they knew and was served properly. Rule 4.1 Fed. Rules see Ex. from staff attorney attached.

This is my evidence – Docket sheet of District Court and orders from Third Circuit Court of Appeal. General Motors is in violation of rules – also 41.1 rule.

According to evidence, General Motors was served and cc: also sent to them from the Third Circuit Court Appeal, case: 06-3316.

**RULE 41.1.    Dismissal for Failure to Prosecute.**

All cases are reviewed periodically as to status by the judge to whom they are assigned, and counsel shall be required to explain any delay. Subject to the provisions of Fed. R. Civ. P. 23 and 23.1, in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice, enter an order dismissing such case unless good reason for the inaction is given. An application for a continuance shall not be deemed to be action precluding such dismissal. After any such application or notice from the Court, no application for a continuance or any proceeding taken under the discovery rules shall be deemed to toll the application of this Rule.

*Source:  Former Delaware Local Rule 5.2 with revisions.*

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 06-3316

Anderson

vs.

Gen Mtrs

Roland C. Anderson, Appellant

(Delaware District Civil No. 05-cv-00877)

O R D E R

    In accordance with the agreement of the parties in the above entitled case, it is entered dismissed by the Clerk under the authority conferred upon her by Rule 42(b), Federal Rules of Appellate Procedure without cost to either party.

*Marcia M. Waldron*
Clerk
United States Court of Appeals
for the Third Circuit

Date: August 7, 2006



MARCIA M WALDRON
CLERK

OFFICE OF THE CLERK - LEGAL DIVIS.
UNITED STATES COURT OF APPEA
21400 U.S. COURTHOUSE
601 MARKET ST.
PHILADELPHIA, PA 19106-1790

July 14, 2006

Mr. Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

Re:     Lloyd v. General Motors
        C.A. No. 06-3316
        (D.Del. Civ. No. 05-cv-00877)

Dear Mr. Anderson:

This will advise you that the above-captioned appeal will be submitted to a panel of this Court for possible dismissal due to a jurisdictional defect. It appears that this Court may lack appellate jurisdiction for the following reason(s):

The order that you have appealed may not be reviewable at this time by a court of appeals. Only final orders of the district courts may be reviewed. 28 U.S.C. §1291 (enclosed).

Jurisdictional defects cannot be remedied by the court of appeals. The parties may submit written argument in support of or in opposition to dismissal of the appeal for lack of appellate jurisdiction. Any response regarding jurisdiction must be in proper form (original and three copies, with certificate of service), and must be filed within 21 days from the date of this letter. Upon expiration of the response period, the case will be submitted to the Court for consideration of the jurisdictional question.

The parties will be advised of any Order issued in this matter.

Very truly yours,

/s/ Christine J. Grandinetti
CHRISTINE J. GRANDI
Staff Attorney

Re:    Lloyd v. General Motors
       C.A. No. 06-3316

cc:    Jennifer C. Bebko Jauffret, Esq.
       Richards, Layton & Finger
       One Rodney Square
       P.O. Box 551
       Wilmington, DE 19899

G.M CAN it SAY THAT THey was unaware
of THE Litigation / nor can it say, did'n't
Recived the complaint.

MRS. Jennifer C. Bobko is PART of the
legal STAff for G.M.
THis will constitute proper SERKO under
       Fed. R Civ P. 4 (H) (1). TO one of
THere STAff attorney. (also).
of the (2-85 US) Form to party known AS (G.M)

2

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Roland A. Anderson | 05-877 JJF |
| DEFENDANT | TYPE OF PROCESS |
| General Motor 901 Boxwood Rd, W2. Del 188 | G |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

General motors
901 Boxwood Rd,
W2, Del, 19804

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                      Fold

FILED
MAR 30 2006
U. DISTRICT COURT
DISTRICT OF DELAWARE

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Roland C. Anderson | ☒ PLAINTIFF ☐ DEFENDANT | 302-994-0914 | Dec. 15-05 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. _____ | No. _____ | | 3-3-06 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | | A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Terry Tyndall  Peoples Systems Admin. | ☐ | |
| Address (complete only if different than shown above) | Date of Service | Time | am/pm |
| | 3/29/06 | 1437 | pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

**1. CLERK OF THE COURT**
FORM USM-285 (Rev. 12/15/80)

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT


RE: · **Docket No. 06-3316**
       **Anderson vs. GM MTRS.**
       **D.C. No. 05-CV-00877**

Dear Mrs. Christine J. Grandinetti:

According to 28 U.S.C § 1291 (enclosed) states the order that I have appealed may not be reviewable at this time by a Court of Appeals.

Only final orders of the District Court may be reviewed. So I am withdrawing my appeal at this time for reasons stated above. The order of the District Court is not final, 28 U.S.C. § 1291 (enclosed).

cc:      United States Court of Appeal
          for the Third Circuit

Jennifer C. Bobko Jauffiet, esq.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Thank you.

Roland C. Anderson

113 Lloyd Str / West Del, 19804

(302) 994-0914

Date
July 17, 06

§ 1291.  *Final Decisions of District Courts*

The courts of appeals (other than the United States Court
of Appeals for the Federal Circuit) shall have jurisdiction
of appeals from all final decisions of the district courts of
the United States, the United States District Court for the
District of the Canal Zone, the District Court of Guam,
and the District Court of the Virgin Islands, except where
a direct review may be had in the Supreme Court.  The
jurisdiction of the United States Court of Appeals for the
Federal Circuit shall be limited to the jurisdiction described
in sections 1292(c) and (d) and 1295 of this title.
(June 25, 1948, c. 646, 62 Stat. 929;  Oct. 31, 1951, c. 655,
§ 48, 65 Stat. 726; July 7, 1958, Pub.L. 85-508, § 12(e), 72 Stat.
348; Apr. 2, 1982, Pub.L. 97-164, Title I, § 124, 96 Stat. 36.)

APPEAL, PaperDocuments

**U.S. District Court** /*Clerk* 844 North Kng
**District of Delaware (Wilmington)** *Lock 8*
**CIVIL DOCKET FOR CASE #: 1:05-cv-00877-JJF** Wil Del, 19801
**Internal Use Only**

Anderson v. General Motors
Assigned to: Honorable Joseph J. Farnan, Jr.
Related Cases: 1:03-cv-00275-JJF
1:98-cv-00040-JJF
1:98-cv-00045-JJF
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 12/19/2005
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Roland C. Anderson**

represented by **Roland C. Anderson**
Roland C. Anderson, Pro Se
113 Lloyd St.
Wilmington, DE 19804
PRO SE

V.

**Defendant**

**General Motors**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/19/2005 | ❍1 | MOTION for Leave to Proceed in forma pauperis - filed by Roland C. Anderson. (els, ) (Entered: 12/20/2005) |
| 12/19/2005 | ❍2 | COMPLAINT filed against General Motors - Magistrate Consent Notice to Pltf. - filed by Roland C. Anderson. (Attachments: # 1 Exhibits # 2 Civil Cover Sheet)(els, ) (Entered: 12/20/2005) |
| 12/20/2005 | ❍3 | NOTICE of Personal Information re 2 Complaint, 1 MOTION for Leave to Proceed in forma pauperis (bad, ) (Entered: 12/20/2005) |
| 12/28/2005 | ❍ | Case assigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb, ) (Entered: 12/28/2005) |
| 01/04/2006 | ❍4 | ORDER granting request to proceed informa pauperis. Signed by Judge Joseph J. Farnan, Jr. on 01/03/2006. (dlk ) (Entered: 01/04/2006) |
| 01/11/2006 | ❍5 | MOTION to Stay - filed by Roland C. Anderson. (afb, ) (Entered: 01/12/2006) |
| 02/27/2006 | ❍6 | ORDER that the USM shall serve a copy of the complaint (D.I. 2) and |

| | | |
|---|---|---|
| | | this order upon Deft. as directed by Pltf. ; Signed by Judge Joseph J. Farnan, Jr. on 02/27/06. (afb, ) (Entered: 02/28/2006) |
| 02/28/2006 | | ***Set Paper Documents Flag (rbe, ) (Entered: 02/28/2006) |
| 03/01/2006 | | Remark: Clerk sent to the USM for service copies of the Complaint (D.I. 1) and Order (D.I. 6) w/ USM 285 form for General Motors per D.I. 6. (afb, ) (Entered: 03/01/2006) |
| 03/17/2006 | 7 | ORDER that the 5 Motion to Stay is DENIED WITHOUT PREJUDICE with leave to refile following service, entry of appearance and responsive pleading by Deft.; Signed by Judge Joseph J. Farnan, Jr. on 03/17/06. (afb, ) (Entered: 03/20/2006) |
| 03/27/2006 | 8 | MOTION For Requirement Of Order Date 17 Of March 2006 Court - filed by Roland C. Anderson. (afb, ) (Entered: 03/29/2006) |
| 03/30/2006 | 9 | Return of Service Executed by Roland C. Anderson. General Motors served on 3/29/2006, answer due 4/18/2006. (afb, ) (Entered: 03/30/2006) |
| 06/08/2006 | 10 | ORDER that Pltf.'s 8 Motion for Reconsideration is DENIED. Signed by Judge Joseph J. Farnan, Jr. on 06/08/06. (afb, ) (Entered: 06/08/2006) |
| 07/05/2006 | 11 | NOTICE OF APPEAL to the USCA for the Third Circuit re 7 Order on Motion to Stay. Appeal filed by Roland C. Anderson. Filing fee $ 455. (afb, ) (Entered: 07/06/2006) |
| 07/05/2006 | 12 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (afb, ) (Entered: 07/06/2006) |
| 07/11/2006 | 13 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 11 Notice of Appeal filed by Roland C. Anderson,. USCA Case Number 06-3316. USCA Case Manager: Carmen M. Hernandez (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (ch1, ) (Entered: 07/11/2006) |
| 08/07/2006 | 14 | USCA Order Terminating Appeal pursuant to Rule 42(b), Federal Rules of Appellate Procedure as to 11 Notice of Appeal filed by Roland C. Anderson,. USCA Decision: Appeal Dismissed. (ch1, ) (Entered: 08/07/2006) |