IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



Roland C. Anderson         :
                           :
    vs.                    :     CIVIL ACTION NO. 05-877-55F
                           :
General Motors Corporation :
_____:

**Amendment 15A**

**Response to Their Motion (dated August 28, 2006)**

On Page 2 of their motion mention Fed, R. Civil p. 4 (H) 1 – providing the summons and complaint to Mr. Tyndall did not alert G.M. of pending action and does not constitute proper service under Fed. R. Civil p. 4 (H) (1) (G.M. error) – it was serve to Tyndall – people, system admin. Under R 4 (H) (1) (partnership with G.M.)

Fed R. Civil p. 4 (H) (1) §

States – (H) (1) service upon corporation and association unless otherwise provided by federal law, service upon a <u>domestic</u> or foreign corporation or upon <u>a partnership</u> or unincorporated association that is subject to suit a common name and from which a waiver of service has not been obtained and filed, shall be effected.

Also defendant's attorney states Fed. Civ. R4(E)1 allows for service pursuant to the state law of the District C. § 3111(a) – action may be brought against any corporation at law or in chancery, by summons, process may be served on the president or head officer if residing in the state, and if not, on any officer, director or manager of the corporation.

(1) Fed. Civil Rule 4(E)(1) doesn't say or allow – to pursuant to state law – 10 Del. C § 3111 (error)

Fed Civil Rule 4(E)(1) states in a judicial district of the United States in manner prescribed for the individuals by subdivisions (E)(1) or by deliver being a copy of the summons and the complaints to an officer, a manager or general agent; or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statue to receive service and the statute so requires by mailing a copy to the Defendant or,

Terry Tyndall, people, systems administrator s an officer of G.M. and a party within G.M. and <u>general agent</u> in with the plant (G.M.) within the stature to receive service – prescribed in subdivision fed. Civil R 4(E)(1).

G.M. also failed to appoint or by law to the court to identify to – who copy of service to be sent or have an agent authorized to receive summons or complaints to the courts fed. Civil 4(E) (1) says by delivering a copy of the summons and of the complaint to an officer, a manager or <u>general agent</u> or to any other <u>authorized</u> by appointed or by law to receive service of process and if the agent <u>is one authorized</u> by <u>statue</u> to receive service and the statue so requires. By also mailing a copy to the Defendant.

<u>It was never appointed to the court</u> because the courts and I was totally unaware – because G.M. never mentioned this to the courts who there agent, president, management officer and whoever authorized to receive summon and complaint. See § Fed Rule 4 (e) (1) attached.

This is why it was served under 4.1 to party of G.M. under fed civil rule 4.1. Also rule 4 (E) (1) states if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the <u>Defendant (G.M.)</u>.

TERRY TYNDALL – people, systems administrator

G.M. trying to say TYNDALL and fail to say, was serve properly according to Rule 4(h)(1) – domestic corporation or upon partnership or other unincorporated association that is subject to suit under a common name and from which waiver of service has not been obtained and filed, shall be effected: /or general Agent (G.m — Left out of Rule 4 (H)(1). of (Service to G.m)

<div style="text-align:center">Rule 4(E) 1</div>

Also G.M. generally left out copies served to general agency which is Tyndall, people, system admin. under our Rule 4 (H) (1) associations to G.M. Then that would make process of service according federal 4 of this court. Also within the statue received of service prescribed in subdivision federal civil R4 (E) (1) the rule of the motion of defense attorneys mentions in their motion. Please read and compare. ExA

Thank you
Roland C. Anderson
113 Lloyd St.
Wil, Del. 19804


Certificate of Service
Dist. Court of The State of Delaware

Young Conway Stargatt & Taylor, LLP
Teresa A. Cheek
The Brandywine Building
1000 West Street
P.O. Box 391
Wil, Del. 19801



# FEDERAL RULES

## OF

## CIVIL PROCEDURE

WITH FORMS

DECEMBER 1, 2005



Printed for the use
of

THE COMMITTEE ON THE JUDICIARY
HOUSE OF REPRESENTATIVES

**Rule 4**  FEDERAL RULES OF CIVIL PROCEDURE  4

(g) SERVICE UPON INFANTS AND INCOMPETENT PERSONS. Service upon an infant or an incompetent person in a judicial district of the United States shall be effected in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. Service upon an infant or an incompetent person in a place not within any judicial district of the United States shall be effected in the manner prescribed by paragraph (2)(A) or (2)(B) of subdivision (f) or by such means as the court may direct.

(h) SERVICE UPON CORPORATIONS AND ASSOCIATIONS. Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

(i) SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES.

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

3          FEDERAL RULES OF CIVIL PROCEDURE          **Rule 4**

date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

(e) SERVICE UPON INDIVIDUALS WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

    (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

    (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

(f) SERVICE UPON INDIVIDUALS IN A FOREIGN COUNTRY. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:

    (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

    (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

        (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

        (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

        (C) unless prohibited by the law of the foreign country, by

            (i) delivery to the individual personally of a copy of the summons and the complaint; or

            (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

    (3) by other means not prohibited by international agreement as may be directed by the court.

# DELAWARE CODE ANNOTATED

## REVISED 1974

### With Provision for Subsequent Pocket Parts

Prepared under the Supervision of
The Delaware Code Revisors

DANIEL F. WOLCOTT, JR. AND BRUCE A. ROGERS

by

The Editorial Staff of the Publishers

*Under the Direction of*

ELIZABETH E. PINCUS, ELLEN BRIONES, JUDE SIVEIRA AND JANET H. RUNKLE

## VOLUME 6

### 1999 Replacement Volume

*Including Legislation Enacted Through the 1st Session of the
140th General Assembly and annotations taken from
Atlantic Reporter 2d through 732 A.2d 132*

NOT FOR CIRCULATION
MICHIE
Wilmington Institute

*[handwritten annotation: 3111 - State Rules NOT Federal Rule]*

plaintiff shall pay the costs. The Court or Judge may make and enforce all necessary and proper orders in the premises. (15 Del. Laws, c. 180; 16 Del. Laws, c. 530; Code 1915, § 4093; Code 1935, § 4584; 10 Del. C. 1953, § 3108; 70 Del. Laws, c. 186, § 1.)

**Cross references.** — As to service of capias ad respondendum, see § 3106 of this title.

**Strict construction required.** — This section authorizing arrest in civil actions or providing for the issuance of writs of capias ad respondendum, is remedial in character, but is penal, being in derogation of personal liberty and is to be strictly construed. Doane v. Ninos, 32 Del. 377, 123 A. 349 (1923).

**Order of a judge is not condition precedent to the issuance of a capias in an action ex delicto in Delaware.** Sobolewski v. German, 32 Del. 540, 127 A. 49 (1924).

**Words "injury to the person accompanied by violence"** refer to injuries to the person of the party plaintiff in the suit begun by capias. Sobolewski v. German, 32 Del. 540, 127 A. 49 (1924).

**Issuance where damages are unliquidated.** — Under proper circumstances, an action may be commenced by capias where the damages are unliquidated and uncertain, and in these cases no averment of an actual amount of damage can be given. Sobolewski v. German, 32 Del. 540, 127 A. 49 (1924).

**Fraudulent transaction must be by the defendant to defraud defendant's creditors.** — Where writ is based upon fraudulent transaction, it must be the disposition of the defendant's property with intent to defraud defendant's creditors. Thomas v. Colvin, 15 Del. 106, 27 A. 829 (1893).

### § 3109. Amicable actions.

Any persons willing to become parties to an amicable action may enter into an agreement in writing for that purpose, either personally or by their agents or attorneys. On filing such agreement with the Prothonotary, the Prothonotary shall docket the action in the Superior Court, and from the time of such entry the action shall be deemed to be depending in the same manner as if the defendant had appeared to a summons issued against him or her by the plaintiff. (Code 1852, § 2243; Code 1915, § 4094; Code 1935, § 4585; 10 Del. C. 1953, § 3109; 70 Del. Laws, c. 186, § 1.)

### § 3110. Commencement of actions by attachment.

Actions may be begun by attachment as provided in Chapter 35 of this title. (Code 1915, § 4097; Code 1935, § 4588; 10 Del. C. 1953, § 3110.)

**Cross references.** — As to attachments generally, see Chapter 35 of this title.

### § 3111. Actions against corporations; service of process.

(a) Actions may be brought against any corporation, at law or in chancery, by summons. Process may be served on the president, or head officer, if residing in the State, and if not, on any officer, director, or manager of the corporation. When a cause of action arises in this State against any corporation incorporated outside of this State, and there is no president or head officer of such corporation or any officer, director or manager thereof resident in this State, nor any certified agent thereof, for the service of process, resident in this State, process against such corporation may be served upon any agent of such corporation then being in the State. If such corporation appears, the action shall proceed as in other cases, and if it fails to appear, the plaintiff shall have judgment by default, service of the process being first proved. In an action upon the note of a bank, payable at one of its branches, service of process upon the

president or cashier of that branch shall be sufficient. Copies of any rules of court, notice, proceeding, or order, may be served in the same way as original process or upon the attorney of record.

(b) In any action against a corporation whose officers reside out of the State, process may be served by publishing the substance thereof in a newspaper of this State, and of the state where the head officer resides, 20 days before the return thereof, and such service shall be sufficient.

(c) In respect to such corporation, 10 days notice of any motion, rule, order, or other matter or proceeding is sufficient. Such notice may be served personally on the president, any director or manager, or on the attorney of the corporation, or by copy of the rule or other matter sent by mail to the president or head officer at his or her usual place of abode, or by publishing the same in a newspaper near thereto.

(d) Service upon corporations may also be made as provided by § 321 of Title 8. (Code 1852, §§ 1246-1248; 21 Del. Laws, c. 273, § 43; 22 Del. Laws, c. 166, § 2; Code 1915, § 4098; 29 Del. Laws, c. 257; Code 1935, § 4589; 10 Del. C. 1953, § 3111; 70 Del. Laws, c. 186, § 1.)

**Cross references.** — As to service of process on corporations, see § 321 of Title 8. As to service of process upon qualified foreign corporations, see § 376 of Title 8. As to service of process on nonqualifying foreign corporations, see § 382 of Title 8.

**Foreign corporation "doing business" in Delaware subject to Delaware jurisdiction.** — Migration of a foreign corporation to a state other than that of its domicile, evidenced by the doing of business in that state, makes the foreign corporation for jurisdictional purposes as liable to suit as though it were a domestic corporation. Klein v. Sunbeam Corp., 47 Del. 575, 95 A.2d 460 (1953).

**Ownership by a foreign corporation of stock in a domestic corporation** does not constitute doing business in the state where the domestic corporation is located. Mazzotti v. W.J. Rainey, Inc., 31 Del. Ch. 47, 77 A.2d 67 (1950).

**Foreign corporation suing on contract submits to Delaware jurisdiction.** — A foreign corporation can bring suit in Delaware upon a contract entered into in Delaware even though it has neglected to register under the statute, however, the permission thus granted an unregistered foreign corporation carries with it the obligation of submitting to suit in the courts of this State and to the laws of which it may resort for its protection. Klein v. Sunbeam Corp., 47 Del. 575, 95 A.2d 460 (1953).

**Federal due process must be satisfied.** — The requirements of federal due process are satisfied if at the time of the service of process the jurisdictional fact of doing business exists; the cause of action asserted need not necessarily arise from the jurisdictional fact. Klein v. Sunbeam Corp., 47 Del. 575, 95 A.2d 460 (1953).

**Any agent of a foreign corporation may be served with process.** — The language of this section shows that it was enacted to cover cases where a foreign corporation was a party to something which had taken place in Delaware and the foreign corporation did not have any agents within the State of the type who could normally be served with process; in such cases the section makes service on any agent of the foreign corporation sufficient. Mazzotti v. W.J. Rainey, Inc., 31 Del. Ch. 47, 77 A.2d 67 (1950).

**Service on the vice-president of a corporation is valid** if the vice-president is in Delaware, and no president or head officer is a resident of Delaware. Klein v. Sunbeam Corp., 47 Del. 575, 95 A.2d 460 (1953).

**The phrase "any corporation" in this section** authorizing service of process will be construed to include foreign corporations as well as domestic. Klein v. Sunbeam Corp., 47 Del. 575, 95 A.2d 460 (1953).

## § 3112. Service of process on nonresident operators of motor vehicles.

(a) Any nonresident owner, operator or driver of any motor vehicle, who accepts the privilege extended by law to nonresidents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same

Roland C. Anderson
113Lloyd STR.
W.L. Del. 19804

U.S. POSTAGE
PAID
WILMINGTON, DE
19804
SEP 06 '06
AMOUNT
$0.63
00049480-02

UNITED STATES POSTAL SERVICE

0000

19801

The Honorable Judge Joseph J. FARNAN
Federal Court of the STATE of Delaware
844 north King street
Wil. Del. 19801

19801+3519-99 C012

