## IN THE DISTRICT COURT OF DELAWARE

Roland C. Anderson    :
                      :
vs.                   :    C.A. 05-877339
                      :
General Motors Corporation :
_____ :

RECEIVED

SEP 1 4 2006

### Answer to General Motors' Answer

Paragraph 1 – General Motors list me as terminated has also had the retaliatory effect of being denied benefits because I was actually laid off. The Respondent should properly list me as a laid off employee, not a terminated employee.

Paragraph 2 – Affidavit of David I. Bull C.A. No. 92-335-SLR – will show I was an hourly worker from G.M. records to this Court, not terminated (I was laid-off).

Paragraph 3 – I received the outline of EEOC investigation in it say I was terminated. I filed this complaint within 120 days as required by with EEOC on April 10, 2005, date of discrimination took place April 15, 2005.

On September 29, 2005, I received notice of suit rights from EEOC.

Paragraph 4 – And I filed it in this Court (Dist. Court of State Delaware) on December 15, 2005, within 90 days to do so, copy attached. Complaint – this action is brought pursuant to Tile VII of Civil Rights Act 1964.

Paragraph 5 – Retaliation – I have filed the previous charges against Respondent; 170-2003-00027, 170-1991-01374, 170-2000-01320 and 17C-2004-00615. On this No. 170-2005-01768 G.M. retaliated against me by listing me as terminated. It had and has retaliatory effect of my being denied benefits in which I' am entitled because I was actually laid off.

Retaliation Law states (an employer may not fire, demote, harass or otherwise "Retaliate" against an individual for filing a charge of discrimination. Participating in a discrimination proceeding, copy of law attached.

On December 15, 2005, set forth in my complaint it also states listed me as terminated (actually I was laid-off) as the records point out. See C.A. 05-877-JJF.

Paragraph 8 – U.S. District Court – Civil Docket for Case No. 1:05 – CO-00877JJ, No. 9 states March 30, 2006, return of service executed by Roland C. Anderson. General Motors served on March 29, 2006, Rule for answer due April 18, 2006, (AF6) (entered March 30, 2006) No answer was given to this order not until August 28, 2006.

This falls also under 41.1 dismissal for failure to prosecute (within three (3) months) of Fed R. Civ. P. 23 and 23 in which no action has been taken.

Paragraph process of service to G.M. under R. 4 H91) after speaking U.S. Marshal Services. She informed me someone came out, who was a party of G.M. know and (I-D) as Terry Tyndall, people, system, administration and did not reject the summon and complaint in which G.M. doesn't deny. Therefore, they were authorized to accept the summon/complaint, and did so.

Also See

The Supreme Court unanimously ruled that section 704(A) of the Civil Rights Act of 1964 protects former employee retaliation.

See also Freedom of Access to Clintic Act in United States vs. Bird the Fifth Circuit joined four other Circuit in holding congress enact.

Wherefore, having fully response to Defendant for judgment in Plaintiff for any attorney fees might encounter from U.S. Marshal staff and other costs incurred from Defendant actions in connection with the litigation and for any relief the court deems just and proper.

## Established at Trial

Also see

Fed Rules Civil proc. Rules 55 (c) 60(6), 28 U.S. C.A. (Fed. Civ. Procedure).

Whereas, for purposes of determining (<u>whether</u>) – Defendant is entitled to have entry of default or default judgment set aside, showing of meritorious defense is accomplished when allegations of Defendant's answer, if established at <u>Trial</u>, would constitute complete defense to action. Section attach Ex. A.

*Certificate of Service*
*District court of Delaware*

Young Conway, Star ette, Taylor LLP

Teresa A Cheek

The Brandywine Building

1000 West Street

P.O. Box 391

Wilmington, DE  19801

Thank you,

*Roland P Anderson*

Roland C. Anderson

113 Lloyd Street

Wilmington, DE  19804

Dated:   August 29, 2006

*Roland C. Anderson*

Affirmed

Garth, Circuit Judge dissented with an opinion ‿

   Ex. A attached

Judgment under Ohio Law In the District Courts states.

Judgment entered by default is to be treated as if they had been fully adjudicated In the merits for Res Judicata purposes. [In Re – Stoddard, 248 B.R. 111].

Policy basis for holding as Ohio law does, that judgment entered by default are to be treated as if they had been fully adjudicated on the merits is simple; the need to have finality in judicial proceeding and simple fairness dictate that a person who chooses not to defend action should not later be given a second chance to litigate the merits of that cause of action.

In Re Stoddard 1248 B.R. 111 policy basis for holding as Ohio law does (policy for all) default judgment can invoke the rules of Res – judicate as they apply to claim preclusion.

In Re – Hoff 187- B.R. 190

Also under Pennsylvania law default judgment is final judgment, that bars. Further litigation of issues – decided therein among parties.

   See United States US #55, 518 in United States Court of Appeals

   Third Circuit

   Argued October 25, 1983

   Decided February 21, 1984

Evidence points this is not a doubtful case and G.M. knew of the litigation from lower court and Third Circuit – cc – copy were sent as well – 285 from where served properly to G.M. – (41.1.a party to this action) and (general agent – which Terry Tyndall, people, systems, administrator).   A party to G.M. to receive service prescribed in subdivision Fed Civil R 4 (E) (1), other part of 15A amendment.

   Certificate of Service

   District Court for the State of Delaware

**JUDGMENT**  ⟂569

**For references to other topics, see Descriptive-Word Index**

**Bkrtcy.N.D.Ohio 2000.** Under Ohio law, judgments entered by default are to be treated as if they had been fully adjudicated on the merits, for res judicata purposes.

In re Stoddard, 248 B.R. 111.

Policy basis for holding, as Ohio law does, that judgments entered by default are to be treated as if they had been fully adjudicated on the merits, is simple: the need to have finality in judicial proceedings and simple fairness dictate that a person who chooses not to defend an action should not later be given a second chance to litigate the merits of that cause of action.

In re Stoddard, 248 B.R. 111.

**Bkrtcy.S.D.Ohio 1995.** Under Ohio law, judgment by default rendered in foreclosure action is just as conclusive on persons properly made parties thereto as any other form of judgment.

In re Hoff, 187 B.R. 190.

Ohio law recognizes that default judgment can invoke the rules of res judicata as they apply to claim preclusion.

In re Hoff, 187 B.R. 190.

**Bkrtcy.E.D.Pa. 2000.** Under Pennsylvania law, judgment by default has res judicata effect and is as conclusive as one which is rendered on a verdict after litigation, insofar as defaulting party is concerned.

In re Gibson, 249 B.R. 645.

Under Pennsylvania law, default judgment is final judgment, that bars further litigation of issues decided therein among parties.

In re Gibson, 249 B.R. 645.

**Bkrtcy.E.D.Va. 2000.** Where creditor had obtained a default judgment in its district court action against Chapter 7 debtor, there was an adjudication "on the merits" that would permit application of the doctrine of res judicata if not otherwise prohibited in creditor's subsequent nondischargeability proceeding.

In re Gilson, 250 B.R. 226.

Default judgments may be the basis to preclude further litigation under the doctrine of res judicata.

In re Gilson, 250 B.R. 226.

Judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default.

In re Gilson, 250 B.R. 226.

Where pled in creditor's adversary proceeding against Chapter 7 debtor were included in district court complaint and judgment for debt arising from the postpetition default judgment entered against debtor was preclusive on the basis of res judicata;

district court complaint against debtor alleged embezzlement and larceny, each of whose elements were coextensive with the elements set forth in the discharge exception, and allegations proven in district court stated cause of action for Racketeer Influenced and Corrupt Organizations Act (RICO) fraud for which treble damages were awarded. Bankr.Code, 11 U.S.C.A. § 523(a)(4); 18 U.S.C.A. § 1961 et seq.

In re Gilson, 250 B.R. 226.

**Bkrtcy.E.D.Va. 1994.** Unlike collateral estoppel, res judicata ordinarily attaches to default judgments.

In re Kugler, 170 B.R. 291.

⟂**569. Judgment on motion or summary proceeding in general.**

**Library references**

C.J.S. Judgments §§ 716, 722, 748.

**C.A.9 (Cal.) 1999.** United States Supreme Court's summary denials of review of state court decisions are on the merits and have preclusive effect, despite the lack of oral argument or a written opinion.

Communications Telesystems Intern. v. California Public Utility Com'n, 196 F.3d 1011.

**C.A.5 (La.) 1999.** Order in which district court entered summary judgment in favor of certain defendants was interlocutory, rather than final, appealable judgment, and thus could not be used to invoke doctrine of res judicata. Fed.Rules Civ.Proc. Rule 54(b), 28 U.S.C.A.

Burge v. Parish of St. Tammany, 187 F.3d 452, rehearing denied, on remand 2000 WL 815879.

Although, in civil cases, a ruling on a motion for partial summary judgment is the law of the case on the issues decided, that ruling is not immutable and has no res judicata effect.

Burge v. Parish of St. Tammany, 187 F.3d 452, rehearing denied, on remand 2000 WL 815879.

**C.A.1 (Mass.) 1988.** Priest's negligence action against missionary society was barred by res judicata due to summary judgment entered against priest in earlier action against society on ground that claim involved religious controversy which was not proper subject of civil court inquiry, even though earlier action was phrased in contract terms, as both actions pertained to priest's treatment by society during period in which he was performing missionary work in Japan, and, thus, both actions arose out of same facts and circumstances.

Dowd v. Society of St. Columbans, 861 F.2d 761, rehearing denied.

**C.A.2 (N.Y.) 1991.** District court's prior refusal to hear fabric manufacturer's summary

WIDENER U. LAW LIBRARY DELAWARE

*Ex A*

## SUR PETITION FOR REHEARING IN BANC

Before SEITZ, Chief Judge, and ALDI-SERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges.

The petition for rehearing filed by NATIONAL SHOPMEN PENSION FUND, appellant in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all other available circuit judges in the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the Court in banc, the petition for rehearing is denied.

Judge Garth would grant the petition for rehearing for the reasons offered in his dissent, in particular the issue of exhaustion of administrative remedies.



UNITED STATES of America, Appellee,

v.

$55,518.05 IN U.S. CURRENCY.

Appeal of Gary GOLDEN.

No. 83–5257.

United States Court of Appeals,
Third Circuit.

Argued Oct. 25, 1983.

Decided Feb. 21, 1984.

The Government initiated a forfeiture action under the Comprehensive Drug Abuse Prevention and Control Act. The United States District Court for the Western District of Pennsylvania, Glenn E. Mencer, J., denied the claimant's motion to

set aside the entry of default and default judgment of forfeiture. Claimant appealed. The Court of Appeals, A. Leon Higginbotham, Jr., Circuit Judge, held that the mere assertion that the forfeited property "was neither furnished nor intended to be furnished by any person in exchange for a controlled substance" was insufficient to show the existence of a meritorious defense and, therefore, the District Court did not abuse its discretion in denying the motion to set aside the entry of default and default judgment.

Affirmed.

Garth, Circuit Judge, dissented with an opinion.

1. Federal Civil Procedure ⚖2451
    In determining whether to set aside entry of default or default judgment, doubtful cases must be resolved in favor of moving party so that cases may be decided on their merits. Fed.Rules Civ.Proc.Rules 55(c), 60(b), 28 U.S.C.A.

2. Federal Civil Procedure ⚖2443
    In exercising its discretion to grant or deny motion to set aside entry of default or default judgment, district court must consider whether plaintiff will be prejudiced, whether defendant has meritorious defense and whether default was result of defendant's culpable conduct. Fed.Rules Civ.Proc. Rules 55(c), 60(b), 28 U.S.C.A.

3. Federal Civil Procedure ⚖2450
    For purposes of determining whether defendant is entitled to have entry of default or default judgment set aside, showing of meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute complete defense to action. Fed.Rules Civ. Proc.Rules 55(c), 60(b), 28 U.S.C.A.

4. Drugs and Narcotics ⚖195
    In forfeiture action under Comprehensive Drug Abuse Prevention and Control Act, government bears initial burden of showing probable cause to believe that property in question was intended to be used for purpose of acquiring controlled

| | | this order upon Deft. as directed by Pltf. ; Signed by Judge Joseph J. Farnan, Jr. on 02/27/06. (afb, ) (Entered: 02/28/2006) |
|---|---|---|
| 02/28/2006 | | ***Set Paper Documents Flag (rbe, ) (Entered: 02/28/2006) |
| 03/01/2006 | ➌ | Remark: Clerk sent to the USM for service copies of the Complaint (D.I. 1) and Order (D.I. 6) w/ USM 285 form for General Motors per D.I. 6. (afb, ) (Entered: 03/01/2006) |
| 03/17/2006 | ➌7 | ORDER that the 5 Motion to Stay is DENIED WITHOUT PREJUDICE with leave to refile following service, entry of appearance and responsive pleading by Deft.; Signed by Judge Joseph J. Farnan, Jr. on 03/17/06. (afb, ) (Entered: 03/20/2006) |
| 03/27/2006 | ➌8 | MOTION For Requirement Of Order Date 17 Of March 2006 Court - filed by Roland C. Anderson. (afb, ) (Entered: 03/29/2006) |
| 03/30/2006 | ➌9 | Return of Service Executed by Roland C. Anderson. General Motors served on 3/29/2006, answer due 4/18/2006. (afb, ) (Entered: 03/30/2006) |
| 06/08/2006 | ➌10 | ORDER that Pltf.'s 8 Motion for Reconsideration is DENIED. Signed by Judge Joseph J. Farnan, Jr. on 06/08/06. (afb, ) (Entered: 06/08/2006) |
| 07/05/2006 | ➌11 | NOTICE OF APPEAL to the USCA for the Third Circuit re 7 Order on Motion to Stay. Appeal filed by Roland C. Anderson. Filing fee $ 455. (afb, ) (Entered: 07/06/2006) |
| 07/05/2006 | ➌12 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (afb, ) (Entered: 07/06/2006) |
| 07/11/2006 | ➌13 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 11 Notice of Appeal filed by Roland C. Anderson,. USCA Case Number 06-3316. USCA Case Manager: Carmen M. Hernandez (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (ch1, ) (Entered: 07/11/2006) |
| 08/07/2006 | ➌14 | USCA Order Terminating Appeal pursuant to Rule 42(b), Federal Rules of Appellate Procedure as to 11 Notice of Appeal filed by Roland C. Anderson,. USCA Decision: Appeal Dismissed. (ch1, ) (Entered: 08/07/2006) |
| 08/07/2006 | | ***Set/Clear Appeal Flag (maw, ) (Entered: 08/18/2006) |

*The U.S. Equal Employment Opportunity Commission*

# Retaliation

An employer may not fire, demote, harass or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding.

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC, the Americans with Disabilities Act (ADA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA.

There are three main terms that are used to describe retaliation. Retaliation occurs when an employer, employment agency, or labor organization takes an **adverse action** against a **covered individual** because he or she engaged in a **protected activity**. These three terms are described below.

## Adverse Action

An adverse action is an action taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding. Examples of adverse actions include:

- employment actions such as termination, refusal to hire, and denial of promotion,

- other actions affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance, and

- any other action such as an assault or unfounded civil or criminal charges that are likely to deter reasonable people from pursuing their rights.

Adverse actions do not include petty slights and annoyances, such as stray negative comments in an otherwise positive or neutral evaluation, "snubbing" a colleague, or negative comments that are justified by an employee's poor work performance or history.

Even if the prior protected activity alleged wrongdoing by a different employer, retaliatory adverse actions are unlawful. For example, it is unlawful for a worker's current employer to retaliate against him for pursuing an EEO charge against a former employer.

Of course, employees are not excused from continuing to perform their jobs or follow their

## Need more information?

The law:

- Title VII of the Civil Rights Act

The regulations:

- 29 C.F.R Part 1604.11

Enforcement guidances and policy documents:

- EEOC Compliance Manual, Section 8, Retaliation (May 20, 1998)
- EEOC Compliance Manual, Section 2, Threshold Issues (May 12, 2000)

## You may also be interested in:

- How to File a Charge of Employment Discrimination
- Mediation at EEOC
- Training and Outreach
- Information for Small Employers

company's legitimate workplace rules just because they have filed a complaint with the EEOC or opposed discrimination.

For more information about adverse actions, see <u>EEOC's Compliance Manual Section 8, Chapter II, Part D</u>.

## Covered Individuals

Covered individuals are people who have opposed unlawful practices, participated in proceedings, or requested accommodations related to employment discrimination based on race, color, sex, religion, national origin, age, or disability. Individuals who have a close association with someone who has engaged in such protected activity also are covered individuals. For example, it is illegal to terminate an employee because his spouse participated in employment discrimination litigation.

Individuals who have brought attention to violations of law other than employment discrimination are NOT covered individuals for purposes of anti-discrimination retaliation laws. For example,"whistleblowers" who raise ethical, financial, or other concerns unrelated to employment discrimination are not protected by the EEOC enforced laws.

## Protected Activity

Protected activity includes:

### Opposition to a practice believed to be unlawful discrimination

Opposition is informing an employer that you believe that he/she is engaging in prohibited discrimination. Opposition is protected from retaliation as long as it is based on a reasonable, good-faith belief that the complained of practice violates anti-discrimination law; and the manner of the opposition is reasonable.

Examples of protected opposition include:

- Complaining to anyone about alleged discrimination against oneself or others;
- Threatening to file a charge of discrimination;
- Picketing in opposition to discrimination; or
- Refusing to obey an order reasonably believed to be discriminatory.

Examples of activities that are NOT protected opposition include:

- Actions that interfere with job performance so as to render the employee ineffective; or
- Unlawful activities such as acts or threats of violence.

### Participation in an employment discrimination proceeding.

Participation means taking part in an employment discrimination proceeding. Participation is protected activity even if the proceeding involved claims that ultimately were found to be invalid. Examples of participation include:

- Filing a charge of employment discrimination;
- Cooperating with an internal investigation of alleged discriminatory practices; or

Retaliation

- Serving as a witness in an EEO investigation or litigation.

A protected activity can also include requesting a reasonable accommodation based on religion or disability.

For more information about Protected Activities, see EEOC's Compliance Manual, Section 8, Chapter II, Part B - Opposition and Part C - Participation.

# Statistics

In Fiscal Year 2004, EEOC received 22,740 charges of retaliation discrimination based on all statutes enforced by EEOC. The EEOC resolved 24,751 retaliation charges in 2004, more than were filed during the course of the Fiscal Year, and recovered more than $90 million in monetary benefits for charging parties and other aggrieved individuals (not including monetary benefits obtained through litigation).

*This page was last modified on July 19, 2005.*

 Return to Home Page

EXB    Att: R ad    E*B / Probe I Have via
Sentory in.
(chief. complain
about-recall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    )
                                       )
                Plaintiff,             )
                                       )
        v.                             )  C.A. No. 92-335-SLR
                                       )
GENERAL MOTORS, BOXWOOD               )
ROAD, WILMINGTON, DELAWARE            )
19804,                                 )
                                       )
                Defendant.             )
                AFFIDAVIT OF DAVID I. BULL

STATE OF DELAWARE     )
                      ) SS:
COUNTY OF NEW CASTLE  )

On this _16 th_ day of September 1992 personally appeared before

me the undersigned Notary Public, David I. Bull, who did depose and say:

    1.    I am an employee of General Motors Corporation at its Boxwood

Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal

Employment Opportunity and, as such, I have investigated the subject matter of the

Complaint filed by Roland C. Anderson in the above-captioned civil action and the

same matter when it was before the Equal Employment Opportunity Commission. I am

authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

    2.    The records of General Motors show that Plaintiff was employed

as an hourly worker from August 31 to September 21, 1981, when he was laid off.

During this period of time, he acquired no seniority rights, because he was not

Pg. T

/12                                                      P2

employed for 90 days, as required under the terms of the applicable Collective Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off in October 1982. Under the Agreement he acquired certain seniority rights, including a right to be recalled to employment) but these rights expired on a "time for time" basis. Having been employed for only four months, Plaintiff's right to be recalled, as well as any other seniority rights, expired four months after he was laid off, that is, by February 1983.

      3.      G.M. has not hired any permanent employees for manufacturing assembly work since 1987. During this period of time, all persons recalled to work were laid off employees who had seniority rights and a right to be recalled before persons without such rights were considered for employment. Telephone inquiries concerning employment opportunities have received the response, "We are not issuing applications nor do we expect any opportunities in the near future."

      4.    Separate and apart from the matter of recalling former employees with seniority rights, there was a brief period when applications for temporary summer employment were processed. On May 13, 1992, 31 temporary employees were hired, but, as it turned out, they only worked for two weeks before being laid off. This took place long after Plaintiff had filed his complaint with the E.E.O.C. on or about December 27, 1991. Former employees who still have seniority rights do not have a right to recall to temporary summer employment.

      5.      G.M. has no record of receipt of a job application by Plaintiff during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

      6.    I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C.  Attached is a copy of that response.

      7.    G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

*David I. Bull*

David I. Bull

Sworn to and subscribed before me the day and year first above written.

*Constance L. McDonna-Nentone*

Notary Public
My Commission Expires: *Nov, 1993*

-3-

Form 5 (5/(( ))

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 170-2005-01768 |

**Delaware Depart of Labor/Equal Employment Opportunity Office** and EEOC
*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Roland Anderson** | **(302) 994-0914** | **06-12-1952** |

| Street Address | City, State and ZIP Code |
|---|---|
| **113 Lloyd Street** | **Wilmington, DE 19804** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **GENERAL MOTORS** | **500 or More** | **(302) 428-7907** |

| Street Address | City, State and ZIP Code |
|---|---|
| **901 Boxwood Road,** | **Wilmington, DE 19804** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **04-15-2005** | **04-15-2005** |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have filed the previous charges against Respondent: 170-2003-00027, 170-1991-01375, 170-2000-01320 and 17C-2004-00615, alleging discrimination due to Respondent's refusal to hire me. All these cases were closed for either lack of jurisdiction or issued No Cause determinations.

I tried to apply for a job in March 2005. I was not given an application and told that the plant was not hiring. On or about April 15, 2005, I learned, from some individuals, that Respondent was hiring.

I believe I was not given an application because of my race, black, and in retaliation for previous charge filing, in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my age, 52, in violation of the Age Discrimination in Employment Act. The Respondent's listing me as "terminated" has also had the retaliatory effect of my being denied benefits to which I am entitled because I was actually laid off. The Respondent should properly list me as a laid off employee, not a terminated employee.

RECEIVED PHILADELPHIA D.O.
05 MAY 13 PM 2:05

| ...nt this charge filed with both the EEOC and the State or local Agency, if any. I will ...ise the agencies if I change my address or phone number and I will cooperate fully ...them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| ...clare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *sil 10-05* _____ Roland C. Anderson Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (10/96)

## U.S. E...L EMPLOYMENT OPPORTUNITY COMMI... N

## DISMISSAL AND NOTICE OF RIGHTS

To: Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA  19106-2515

[  ]  *On behalf of person(s) aggrieved whose identity is  CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2005-01768 | Legal Unit | 215-440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]  While reasonable efforts were made to locate you, we were not able to do so.

[  ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ x ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this

[  ]  Other *(briefly state)*  _____

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the
Commission

_Marie M. Tomasso_                     _September 29, 2005_

Marie M. Tomasso, District Director          *(Date Mailed)*

Enclosure(s)
Information Sheet

cc:   Willie Demouchette, Respondent's representative

JS-44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Rachael O. Anderson

## DEFENDANTS

General motors

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    N/C
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    N/C
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  Dec, 15,05 ✓

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Roland C. Anderson

_____
(Name of Plaintiff or Plaintiffs)

v.

General motors

_____
(Name of Defendant or Defendants)

CIVIL ACTION NO. _____

## COMPLAINT

1. This action is brought pursuant to _Title VII of Civil Rights Act of 1964_
(Federal statute on which action is based)

for discrimination related to ____Race (Black)____ jurisdiction exists by virtue of
(In what area did discrimination occur? e.g. race, sex, religion)

_____.
(Federal statute on which jurisdiction is based)

2. Plaintiff resides at _Roland C. Anderson   113 Lloyd Str._
(Street Address)

_Wil._  _N/C_ _Del._   _19804_
(City)   (County)   (State)   (Zip Code)

_(302) 994-0914_.
(Area Code)  (Phone Number)

3. Defendant resides at, or its business is located at _General motors  901 Bowood R_
(Street Address)

_Wil._   _N/C_   _Del._   _19804_
(City)   (County)   (State)   (Zip Code)

4. The alleged discriminatory acts occurred on _15_, _April_ ,_2005_.
(Day)   (Month)   (Year)

5. The alleged discriminatory practice   ☒ is   ☐ is not continuing.

6.   Plaintiff(s) filed charges with the _____ EEOC _____ PHila. DistRicT offic

(Agency)

THe Bourse  21 S, FiFTH STZ, Suite 400 - PHila PA. 19106 -25

(Street Address)    (City)    (County)    (State)  (Zip)

regarding defendant(s) alleged discriminatory conduct on: _____ April 10 - 05 _____

(Date)

7.   Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.   Was an appeal taken from the agency's decision?    Yes ☒    No ☐

If yes, to whom was the appeal taken?  Mrs. Marie M. Tomasso Dist, Director

9.   The discriminatory acts alleged in this suit concern:  (Describe facts on additional sheets if necessary)

I Tried to Apply for A Job in March 2005,

I was Not given Au Application and Told that the p

was not Hiring, On or About April 15, 2005 I LeARn

From Individuals, that Respondent was Hiring.

Also because of my Age 52. to belin the depdt

listed me As Terminated — (Actually I was Laid off)

it Also Has Had Retaliatory effect of my being denied

benefits to which I'Am Entiled, (Also see ExA - more Informtn

10.   Defendant's conduct is discriminatory with respect to the following:

A.    ☒    Plaintiff's race

B.    ☐    Plaintiff's color

C.    ☐    Plaintiff's sex

D.    ☐    Plaintiff's religion

E.    ☐    Plaintiff's national origin

11.    Plaintiff prays for the following relief:   (Indicate the exact relief requested)

_Job, and for pain / Suffering_

_and last me, AS Laid-off sistce instead of_

_TeRminated_

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _Dec. 15, 05_

_Roland C. Anderson_

(Signature of Plaintiff)

Roland C. Anderson
112 Lloyd Str.
Wil. Del. 19804



$1.35

The Honorable Judge Joseph J. FARNAN
Federal Court of the STATE of Delaware
844 North King Street
Wil. De. 19801

J.S.M.S
X-RAY