## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Roland C. Anderson         :
                           :
vs.                        :        **Case No. 05-877-JJF**
                           :
General Motors             :
                           :

SEP 2 6 2006

F. R.4.1     (Failure to provide a form of summons shall not be a basis to reject the
             pleading for filing).  ←—

RE:     **Anderson v. General Motors**
        **Case No. 05-877-JJF**

The Honorable Joseph J. Farnan, Jr.

Dear Judge Farnan:

In response to General Motors your Honor Ex. A G.M states U.S. Marshal indeed delivered a copy of the <u>complaint</u>. In this matter case <u>No: C.A. 05-877-JJF</u> (G.M.) we are providing this document as additional support for our response to Plaintiff's motion for default judgment (D.I. 17) – Plaintiff is motion for default judgment (D.I. 15).

But in Ex. B affidavit of their own employee of people soft <u>administrator</u> for General Motors (4.1 – which clearly is a party of G.M.) – they stated that they never received a copy of complaint, but a copy of EEOC documents. (This is not true) because in which you and the clerk sent to G.M. and was executed under the 285 – which takes the place of a summon from IFP which we was granted. Your order was February 27, 2006, ordering the U.S. Marshal shall serve a copy of the complaint (D.1.2), your order attached.

**Also law states 4.1 (a) (b) failure to provide a form of summons shall not be a basis to reject the pleading for filing (Ex. B).**

Also copy of process receipt and return – date of service was March 29, 2006, Time 14:37 (Ex. D).

**RULE 4.1.    Service of Process.**

**(a) Summons.**  To assist the Clerk in the issuance of a summons, a party required to serve a summons shall prepare and deliver a completed form of summons to the Clerk contemporaneously with the filing of the pleading to be served with the summons or with the praecipe for additional or separate summons.  Upon issuance, the Clerk shall provide the summons to the party or party's attorney who shall be responsible for prompt service of the summons and a copy of the pleading.  Failure to provide a form of summons shall not be a basis to reject the pleading for filing.

**(b) Affidavit of Mailing in Certain Actions.**  In an action in which the plaintiff serves process pursuant to 10 Del. C. § 3104, § 3112, or § 3113, an affidavit of the plaintiff or plaintiff's attorney of the defendant's non-residence and the mailing and receipt or refusal of the notice required by the statute, with the defendant's return receipt attached, shall be filed within 10 days of the receipt by the plaintiff or plaintiff's attorney of that return receipt.  The affidavit and return receipt need not be served upon the parties.

*Source: For 4.1(a), former Delaware Local Rule 1.4 with revisions, and for 4.1(b), former Delaware Local Rule 2.1B with revisions.*

(9)
www.ded.uscourts.gov/Index.htm.

To Terry Tyndall, people, systems admin. (R. cir. Rule 4.1, a party to G.M.)

Your Honor after speaking to U.S. Marshal who delivered the complaint to G.M. she indeed ID herself as a U.S. Marshal (with badge), but it was never mentioned in G.M. affidavit – of Terry or G.M. attorney. She informed it is her job and procedure of the U.S. Marshal Department procedures. She also informed me she is upset and is willing to testify possibly file charges.

I filed my complaint on December 15, 2005, with the clerk office – copy of Ex. C see Docket sheet on March 1, 2006, stated on remark sent to the U.S. Marshal for service copies of the complaint (D.I) and order (D.1.6) with U.S. Marshal 285 form for General Motors per D.1.6 (AT6) (entered: March 1, 2006). Your Honor G.M. admitted U.S. Marshal delivered a copy of the complaint in this matter. See Ex. A.

**Copy of EEOC right letter, suit was sent by EEOC. Copy attached and willing to testify to that (mail).**

## **Conclusion**

1.       Once a person has been approved for IFP it is in place of the summon when a 285 was ordered for U.S. Marshal for service.

On February 27, 2006, an order was made from Honorable Judge Farnan which states order at the time the complaint was filed, pursuant to fed. R. civ., p. 4 (c) (2) and (d) (2), Plaintiff provided to the court a U.S. Marshal 285 form and a copy of the complaint as required for service.

**NOTE: Ex. A G.M. already admitted receiving the complaint.**

They knew of the litigation from the Third Circuit Court of Appeal. (cc sent) This is a moot point for them to response to. Violation of Rule 41.1 had three months to reply but failed to. (Dismissal for failure to prosecute). See your order Judge Farnan; order of February 27, 2006, his method is required under this rule F. civ. Rule 4 (c)-(2)/ (d) (2).

2.       Your Honor G.M. admits they received the complaint and with the 285 form from clerk and U.S. Marshal Department within. Also was a notice of lawsuit and request for waiver of service of summons states with a judicial summons and an additional copy of the complaint goes with the 285 form.

        **There notary is not complete or dated or stamped.**

Your Honor see R. Civ. p. 4.1 (a) – (b) clearly states on it face.

Failure to provide a form of summons shall not be a basis to reject the pleading for filing.

G.M. attorney never finished writing R. 4 (a) (b) in its entirety. Copy for you to see attached – services of process (Ex. B)

   A.      Summons

   B.      Affidavit of mailing in certain actions.

Plaintiff serves process pursuant to 10 Del. C§ 3104, § 3112 or § 3113. had within ten (10) days. Defendant's return receipt (in this case U.S. Marshal).

   A.      Ex. A G.M. admits receiving the complaint. ⌐

   B.      U.S. Marshal returned receipt by U.S. Marshal Department (by ID as well to G.M. party) in which their letter failed to say (G.M.).

Your Honor – 4.1 also states failure to provide a <u>form</u> of <u>summons</u> shall not be a <u>basis</u> to reject the pleading for <u>filing</u>. Also see Federal Court. Policy for holding a Ohio law does that judgment entered by default are to be treated as if they had been fully a dedicated on the <u>merits</u> is simple; the need to have finality in judicial proceedings and simple fairness dictate that a person who chooses not to defend an action should not later be given a second chance to litigate the merits of that cause of action, see case law attached.

**JUDGMENT** ⊜569

**Bkrtcy.N.D.Ohio 2000.** Under Ohio law, judgments entered by default are to be treated as if they had been fully adjudicated on the merits for res judicata purposes. Bankr.Code, 11 U.S.C.A. § 523(a)(4); 18 U.S.C.A. § 1961 et seq.
In re Stoddard, 248 B.R. 111.

Policy basis for holding, as Ohio law does, that judgments entered by default are to be treated as if they had been fully adjudicated on the merits, is simple: the need to have finality in judicial proceedings and simple fairness dictate that a person who chooses not to defend an action should not later be given a second chance to litigate the merits of that cause of action.
In re Stoddard, 248 B.R. 111.

**Bkrtcy.S.D.Ohio 1995.** Under Ohio law, judgment by default rendered in foreclosure action is just as conclusive on persons properly made parties thereto as any other form of judgment.
In re Hoff, 187 B.R. 190.

Ohio law recognizes that default judgment can invoke the rules of res judicata as they apply to claim preclusion.
In re Hoff, 187 B.R. 190.

**Bkrtcy.E.D.Pa. 2000.** Under Pennsylvania law, judgment by default has res judicata effect and it is conclusive as one which is rendered on a verdict after litigation, insofar as defaulting party is concerned.
In re Gibson, 249 B.R. 645.

Under Pennsylvania law, default judgment is a judgment that bars further litigation of issues decided therein among parties.
In re Gibson, 249 B.R. 645.

**Bkrtcy.E.D.Va. 2000.** Where creditor had a default judgment in its district court against Chapter 7 debtor, there was an adjudication "on the merits" that would permit application of the doctrine of res judicata if not prohibited in creditor's subsequent dischargeability proceeding.
In re Gibson, 250 B.R. 226.

Default judgments may be the basis to preclude further litigation under the doctrine of res judicata.
In re Gibson, 250 B.R. 226.

A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default.
In re Gibson, 250 B.R. 226.

Where, as pled in creditor's adversary proceeding against Chapter 7 debtor were included in district court complaint and judgment on that debt arising from the postpetition judgment entered against debtor was unappealable on the basis of res judicata;

district court complaint against debtor alleged embezzlement and larceny, each of whose elements were coextensive with the elements set forth in the discharge exception, and allegations proven in district court stated cause of action for Racketeer Influenced and Corrupt Organizations Act (RICO) fraud for which treble damages were awarded. Bankr.Code, 11 U.S.C.A. § 523(a)(4); 18 U.S.C.A. § 1961 et seq.
In re Gilson, 250 B.R. 226.

**Bkrtcy.E.D.Va. 1994.** Unlike collateral estoppel, res judicata ordinarily attaches to default judgments.
In re Kugler, 170 B.R. 291.

⊜**569. Judgment on motion or summary proceeding in general.**

**Library references**

C.J.S. Judgments §§ 716, 722, 748.

**C.A.9 (Cal.) 1999.** United States Supreme Court's summary denials of review of state court decisions are on the merits and have preclusive effect, despite the lack of oral argument or a written opinion.
Communications Telesystems Intern. v. California Public Utility Com'n, 196 F.3d 1011.

**C.A.5 (La.) 1999.** Order in which district court entered summary judgment in favor of certain defendants was interlocutory, rather than final, appealable judgment, and thus could not be used to invoke doctrine of res judicata. Fed.Rules Civ.Proc. Rule 54(b), 28 U.S.C.A.
Burge v. Parish of St. Tammany, 187 F.3d 452, rehearing denied, on remand 2000 WL 815879.

Although, in civil cases, a ruling on a motion for partial summary judgment is the law of the case on the issues decided, that ruling is not immutable and has no res judicata effect.
Burge v. Parish of St. Tammany, 187 F.3d 452, rehearing denied, on remand 2000 WL 815879.

**C.A.1 (Mass.) 1988.** Priest's negligence action against missionary society was barred by res judicata due to summary judgment entered against priest in earlier action against society on ground that claim involved religious controversy which was not proper subject of civil court inquiry, even though earlier action was phrased in contract terms, as both actions pertained to priest's treatment by society during period in which he was performing missionary work in Japan, and, thus, both actions arose out of same facts and circumstances.
Dowd v. Society of St. Columbans, 861 F.2d 761, rehearing denied.

**C.A.2 (N.Y.) 1991.** District court's prior refusal to hear fabric manufacturer's summary

WIDENER U. LAW LIBRARY DELAWARE

Comment: Your Honor Mr. Terry Tyndall is not stupid not a child; and cc was sent to Jennifer Becko from Third Circuit Court of Appeal, see court docket attached. They were aware of the processing, see Rule 55 – (the Defendant failed to defend) (see 4.1 states a copy to a party or their attorney). (That's all).

Para 6: Mr. Terry states failure was accidental on his part is misleading. Reason stated above – the Third Circuit Court agree to sending cc and my appeal as well. I am sending a copy to the Third Circuit of Appeal for the opinion about copy of cc sent to their staff attorney Jennifer Becko, Esq.

Your Honor you understand what G.M. is trying to mislead the court, copy of the complaint was sent by their own admission and the court order of February 27, 2006, of your order should stand along with the complaint of February 27, 2006, order of the complaint to U.S. Marshal and the clerk office. Your Honor your order and the clerk, and law – services of process and 285 form from U.S. Marshal Dept. stand all correct.

Whereas I respectfully request that the Defendant motion be denied under your order of February 27, 2006, Rule 41.1 – Rule 4.1 (a) (b) – Rule 285 U.S. Marshal Dept. (ID) all stated above with evidence and the Third Circuit Court of Appeal litigation cc sent to one of G.M. Staff, attorney, or Jennifer Becko, Esq. I will be asking the Third Circuit Court of Appeal possibly to be a witness to their cc sent to staff attorney Jennifer Becko when time possibly needed to show they knew about the litigation.

Thank you,

*Roland P.H. L.*

Roland C. Anderson
113 Lloyd Street
Wilmington, DE 19804

Certificate of Service

Teresa A. check
Sheldon N. Sandler
The Brandywine Bldg., 17th Fl.
1000 West Street
P.O. Box 391
Wilmington, DE  19801 / Attorney for Defendant

U.S. District Court for the District of Delaware
844 N. King Street, Rm. 4209
Lockbox 27
Wilmington, DE  19801



# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6676
DIRECT FAX: (302) 576-3286
tcheek@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 15, 2006

## VIA E-FILE

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 N. King Street, Rm 4209
Lock Box 27
Wilmington, DE 19801

> Re:  Anderson v. General Motors,
> C.A. No. 05-877-JJF

Dear Judge Farnan:

On behalf of Defendant General Motors, we file herewith as Exhibit A the Affidavit of Terry Tyndall, the individual to whom the U.S. Marshall delivered a copy of the Complaint in this matter. We are providing this document as additional support for our Response to Plaintiff's Motion for Default Judgment (D.I. 17), which we filed in response to Plaintiff's Motion for Default Judgment (D.I. 15).

In addition, we wish to notify the Court that we have been advised by the Clerk's office that no summons was ever issued in this case. Plaintiff has not complied with the requirements of Fed. R. Civ. P. 4(a) and (b) that a summons must be issued for each defendant to be served and must be served together with a copy of the complaint. The purpose of the summons is, of course, to put a defendant on notice that a response is required and to describe the consequences if no response if provided. No such notice was provided in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
September 15, 2006
Page 2

Plaintiff's failure to obtain and serve a summons with the complaint precludes the entry of default judgment. We respectfully request that Plaintiff's motion be denied.

Respectfully yours,

/s/ *Teresa A. Cheek*
Teresa A. Cheek
Del. Bar No. 2657

Attachment (Affidavit of Terry Tyndall)

cc:    Clerk of Court (via EM/ECF)
       Roland C. Anderson (via U.S. Mail, postage prepaid)
       Michael Williams, Esquire (via e-mail)

$\mathcal{E}\text{-}\mathcal{B}$

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                  )
                                     )
        Plaintiff,                   )
                                     )    Civil Action No. 05-877-JJF
    v.                               )
                                     )
GENERAL MOTORS CORPORATION,          )
                                     )
        Defendant.                   )
                                     )
                                     )

## AFFIDAVIT

Terry Tyndall, being first duly sworn and of lawful age, hereby states as follows:

1.    My name is Terry Tyndall. I am of lawful age and I am competent to testify to the matters set forth in this Affidavit.

2.    I am currently a People Soft Administrator for General Motors Corporation's facility located in Wilmington, Delaware. I have personal knowledge of the facts stated herein and if called to testify as a witness in this action, I would testify truthfully and competently to each of the following facts set forth in this Affidavit.

3.    In my capacity as a People Soft professional, I received some documents from a uniformed officer at the security gate. These documents appeared to relate to what I believed was a pending EEOC Complaint filed by Roland Anderson. These documents did not direct any action on GM's part and, therefore, I did not forward them to GM's Legal Department.

4.    Because I believed the documents were file copies of documents related to a prior EEOC Complaint, I left them for my supervisor so they could be placed in the appropriate file.

CC 1734189v1

5.    I did not intentionally disregard the documents.    I did not see any documents or summons requesting any action on GM's part.

6.    Any failure to forward the documents to the Legal Department for processing was accidental on my part and not aimed at hindering the processing of this matter.

7.    Further affiant sayeth not.

_____
Terry Tyndall

STATE OF DELAWARE    )
                     )  SS.
COUNTY OF _____  )

On this _____ day of September, 2006, before me appeared Terry Tyndall, to me personally known, who being by me duly sworn, did state that the statements made in this Affidavit are true to the best of his knowledge and belief.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year last above written.

My Commission Expires:

_____

Notary Public

_____
James B Carley    9/7/06

JAMES B. CARLEY
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Nov. 7, 2007

CC 1734189v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-877-JJF |
| | ) |
| GENERAL MOTORS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington, this $\partial$ day of February, 2006;

IT IS ORDERED:

The United States Marshal shall serve a copy of the complaint (D.I. 2) and this order upon Defendant as directed by Plaintiff. At the time the complaint was filed, pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff provided to the Court a U.S. Marshal-285 form and copy of the complaint as required for service. All costs of service shall be advanced by the United States.

No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

UNITED STATES DISTRICT JUDGE

JS-44
(Rev. 3/99)

*exe*

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
Roland C. Anderson

## DEFENDANTS
General motors

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   *N/C*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   *N/C*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation

Appeal to District Judge from
☐ 7 Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
Dec, 15, 05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Roland C. Anderson

_____
(Name of Plaintiff or Plaintiffs)

v.                          CIVIL ACTION NO. _____

General Motors

_____
(Name of Defendant or Defendants)

## COMPLAINT

1.    This action is brought pursuant to _Title VII of Civil Rights Act of 1964_
(Federal statute on which action is based)

for discrimination related to ____Race  (Black)____ jurisdiction exists by virtue of
(In what area did discrimination occur? e.g. race, sex, religion)

_____
(Federal statute on which jurisdiction is based)

2.    Plaintiff resides at _Roland C. Anderson    113 Lloyd Str,_
(Street Address)

_Wil.    w/c Del,_                    _19804_
(City)    (County)    (State)    (Zip Code)

_(302) 994-0919_
(Area Code)  (Phone Number)

3.    Defendant resides at, or its business is located at _General motors  901 Bowood Rd_
(Street Address)

_Wil.    N/c    Del.    19804_
(City)    (County)    (State)    (Zip Code)

4.    The alleged discriminatory acts occurred on __15__  __April__, _2005_
(Day)    (Month)    (Year)

5.    The alleged discriminatory practice  ☒ is   ☐ is not continuing.

6.    Plaintiff(s) filed charges with the ___EEOE___ ___PHila. DISTRICT office___
                                          (Agency)

___THe Bourse   218, FiFTH STr, suite 400 - pHila PA. 19106 -25___
      (Street Address)        (City)      (County)    (State)  (Zip)

regarding defendant(s) alleged discriminatory conduct on: ___April 10 - 05___
                                                              (Date)

7.    Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.    Was an appeal taken from the agency's decision?    Yes ☒    No ☐

      If yes, to whom was the appeal taken? ___Mts. MArie M. TomAsso DST, Director___

9.    The discriminatory acts alleged in this suit concern: (Describe facts on additional sheets if necessary)

___I Tried to Apply for A Job in MAReH 2005.___

___I was Not given A u Application and Told that the pl___

___was not Hiring, On or About April 15, 2005 I LEArene___

___From Individuals, that Respondent was Hiring.___

___Also because of my Age 52. to belive the defendent___

___listed me As TERminated -(Actually I was Aaidoff)___

___it Also Has Had Retaliatory effect of my being denied___
___benefits to which I'Am Entiled, (Also see E/A - more Information___

10.    Defendant's conduct is discriminatory with respect to the following:

       A.    ☒    Plaintiff's race
       B.    ☐    Plaintiff's color
       C.    ☐    Plaintiff's sex
       D.    ☐    Plaintiff's religion
       E.    ☐    Plaintiff's national origin

11.    Plaintiff prays for the following relief:    (Indicate the exact relief requested)

_Sdr, and for pain / Suffering_

_and last me, AS Laial-off siter instead of_

_Terminated_

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _Dec. 15, 05_

_Roland C. Hulosraus_

(Signature of Plaintiff)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )    Civ. No. 05-877-JJF
                                       )
GENERAL MOTORS,                        )
                                       )
            Defendant.                 )

## ORDER

At Wilmington, this $\partial$ day of February, 2006;

IT IS ORDERED:

The United States Marshal shall serve a copy of the
complaint (D.I. 2) and this order upon Defendant as directed by
Plaintiff. At the time the complaint was filed, pursuant to Fed.
R. Civ. P. 4(c)(2) and (d)(2), Plaintiff provided to the Court a
U.S. Marshal-285 form and copy of the complaint as required for
service. All costs of service shall be advanced by the United
States.

No communication, including pleadings, briefs, statement of
position, etc., will be considered by the Court in this civil
action unless the documents reflect proof of service upon the
parties or their counsel.

UNITED STATES DISTRICT JUDGE

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF Roland O. Anderson | COURT CASE NUMBER 05-877 |
|---|---|
| DEFENDANT General Motor 901 Boxwood Rd, W.2, Dol,18 | TYPE OF PROCESS |

**SERVE** ➤

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

**AT**

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

General motors
901 Boxwood Rd,
Wm, Del, 19804

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                             Fold

FILED
MAR 30 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| Signature of Attorney or other Originator requesting service on behalf of: Roland C. Anderson | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 302-994-0914 | DATE Dec 15-05 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date 3-3-0 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) Terry Tyndall   Peoples Systems Admin. | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service 3/29/06   Time 1437 pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

**REMARKS:**

**PRIOR EDITIONS MAY BE USED**   **1. CLERK OF THE COURT**   **FORM USM-285 (Rev. 12/15/80)**

77.2

**(a) Orders by the Clerk.** The Clerk is authorized, without further direction of a judge, to sign and enter orders specifically delineated as allowed to be signed by the Clerk under the Federal Rules of Civil Procedure, and also the following:

(1) Orders specifically appointing persons to serve process in accordance with Fed. R. Civ. P. 4.

(2) Orders on consent noting satisfaction of a judgment, providing for the payment of money, withdrawing stipulations, annulling bonds, exonerating sureties or setting aside a default.

(3) Orders of dismissal on consent, with or without prejudice, except in cases to which Fed. R. Civ. P. 23, 23.1 or 66 apply.

(4) Orders entering default for failure to plead or otherwise defend in accordance with Fed. R. Civ. P. 55.

(5) Any other orders which pursuant to Fed. R. Civ. P. 77(c) do not require direction by the Court.

(6) Consent orders extending for not more than 20 days in any instance the time to file the record on appeal in the appellate court.

**(b) Action by the Court.** Any order entered by the Clerk under this Rule may be suspended, altered or rescinded by the Court upon cause shown.

*Source: Former Delaware Local Rule 3.6, with revisions.*

8

## Rule 54

### RULES OF CIVIL PROCEDURE

treated as accepted by the parties unless objected to within a specified time. A court might also consider establishing a schedule reflecting customary fees or factors affecting fees within the community, as implicitly suggested by Justice O'Connor in *Pennsylvania v. Delaware Valley Citizens' Council,* 483 U.S. 711, 733 (1987) (O'Connor, J., concurring) (how particular markets compensate for contingency). *Cf. Thompson v. Kennickell,* 710 F.Supp. 1 (D.D.C.1989) (use of findings in other cases to promote consistency). The parties, of course, should be permitted to show that in the circumstances of the case such a schedule should not be applied or that different hourly rates would be appropriate.

The rule also explicitly permits, without need for a local rule, the court to refer issues regarding the amount of a fee award in a particular case to a master under Rule 53. The district judge may designate a magistrate judge to act as a master for this purpose or may refer a motion for attorneys' fees to a magistrate judge for proposed findings and recommendations under Rule 72(b). This authorization eliminates any controversy as to whether such references are permitted under Rule 53(b) as "matters of account and of difficult computation of damages" and whether motions for attorneys' fees can be treated as the equivalent of a dispositive pretrial matter that can be referred to a magistrate judge. For consistency and efficiency, all such matters might be referred to the same magistrate judge.

Subparagraph (E) excludes from this rule the award of fees as sanctions under these rules or under 28 U.S.C. § 1927.

#### 2002 Amendments

Subdivision (d)(2)(C) is amended to delete the requirement that judgment on a motion for attorney fees be set forth in a separate document. This change complements the amendment of Rule 58(a)(1), which deletes the separate document requirement for an order disposing of a motion for attorney fees under Rule 54. These changes are made to support amendment of Rule 4 of the Federal Rules of Appellate Procedure. It continues to be important that a district court make clear its meaning when it intends an order to be the final disposition of a motion for attorney fees.

The requirement in subdivision (d)(2)(B) that a motion for attorney fees be not only filed but also served no later than 14 days after entry of judgment is changed to require filing only, to establish a parallel with Rules 50, 52, and 59. Service continues to be required under Rule 5(a).

#### 2003 Amendments

Rule 54(d)(2)(D) is revised to reflect amendments to Rule 53.

#### HISTORICAL NOTES

**Effective and Applicability Provisions**

1961 Amendments. Amendment adopted on Apr. 17, 1961, effective July 19, 1961, see Rule 86(d).

## Rule 55.   Default

(a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwis the clerk shall enter the party's default.

(b) **Judgment.** Judgment by default may be e tered as follows:

(1) **By the Clerk.** When the plaintiff's cla against a defendant is for a sum certain or for sum which can by computation be made certain, t clerk upon request of the plaintiff and upon affida of the amount due shall enter judgment for th amount and costs against the defendant, if t defendant has been defaulted for failure to appe and is not an infant or incompetent person.

(2) **By the Court.** In all other cases the pa: entitled to a judgment by default shall apply to t court therefor; but no judgment by default shall entered against an infant or incompetent pers unless represented in the action by a general gua ian, committee, conservator, or other such repres tative who has appeared therein. If the pa against whom judgment by default is sought appeared in the action, the party (or, if appear by representative, the party's representative) sl be served with written notice of the application judgment at least 3 days prior to the hearing such application. If, in order to enable the cour enter judgment or to carry it into effect, it necessary to take an account or to determine amount of damages or to establish the truth of averment by evidence or to make an investigatio any other matter, the court may conduct such h ings or order such references as it deems neces: and proper and shall accord a right of trial by ; to the parties when and as required by any sta of the United States.

(c) **Setting Aside Default.** For good cause sh the court may set aside an entry of default and, judgment by default has been entered, may likew set it aside in accordance with Rule 60(b).

(d) **Plaintiffs, Counterclaimants, Cross-Cl: ants.** The provisions of this rule apply whethe party entitled to the judgment by default is a plair a third-party plaintiff, or a party who has plead cross-claim or counterclaim. In all cases a judgn by default is subject to the limitations of Rule 5

(e) **Judgment Against the United States.** judgment by default shall be entered against United States or an officer or agency thereof ur the claimant establishes a claim or right to relie evidence satisfactory to the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987.)

#### ADVISORY COMMITTEE NOTES
##### 1937 Adoption

This represents the joining of the equity decree *pro co so* (former Equity Rules 12 (Issue of Subpoena—Tim Answer), 16 (Defendant to Answer—Default—Decree

## Evidence to Show General Motors Was Served

To Attorney Jennifer Bekco esq. for General Motors / *to there legal staff*

Also from third circuit court appeals sent notices – see case #33216 from Christine J. Grandinetti.

Enclose constitute proper service under Fed R. Civ. P. 4 (1) to one of their staff attorney on page two of their motion, says General Motors legal staff was not aware of the pending litigation and did not *receive a copy of the complaint* (misleading).

Reason:      See order of the Third Circuit court appeals/case #06-3316/ (cc: sent Mrs. Jennifer Bekco). One of the attorneys for General Motors staff *was served*.

Exe *According to the agreement* of the parties, clerk of the United states of Appeals for the Third Circuit.  Mrs. Marcis M. Wardon – (clerk) (General Motors knew of litigation.

## Motion of Response to General Motors /
*My notice of Rule Fed R. CiV. p, 23 and 23.1*

Also your Honor, their motion for alternative request for leave to file answer to my complaint has also expired § See – Fed. R. Civ. P. 23 and 23.1.

(a)     It states on its face; in each case pending wherein NO action has been taken for a period of *three (3)* months. The Court may, on its motion or upon application of any party, and after reasonable notice, enter an order dismissing such case unless good reason for the in action is given. An application for a continuance shall not be *deemed* to be action precluding such dismissal and after any such application or *notice* from the court, no application for a continuance or *proceeding taken* under the discovery rules shall *deem* to toll the application of this rule.

Your Honor it was properly served according to rule 4.1 and 285 regulation. Because the Third Circuit Court of Appeal mentioned, but parties are in agreeable for a dismissal of my appeal. Dated July 17, 2006, and July 7, 2006, Motion of Appeal) surely General Motors knew and responded to the Court of Appeals Third Circuit/see Docket No.06-3316 copy attached. Mrs. Christine J. Grandinetti of the Third Circuit of Appeal (also see the decision dated August 7, 2006, (Order), rule 42(b) attached as well.

Plus according to Dockets sheets parties were advised of the processing. Their motion was never mentioned until my motion for default judgment. To what claiming, happened. It is clear from reason stated above. General Motors knew this about receiving the 285 forms and litigation.

## Order

## Ex. A

The Third Circuit No. 06-3316 clearly states in accordance with the agreement of the parties in the above entitled case it was entered dismissed by the clerk under the authority conferred upon her by 42(b). That order was based to 28 USC § 1291 (enclosed) states the order that 1 have appealed may not receive at this time by court of Appeals.

Surely the legal team for General Motors had known before they filed their motion (rule 41.1 has already expired (three (3) months rule in which can not be redeemed to toll the application of this rule.

Jennifer C. Bebko, esq. for General Motors was served by me and the Third Circuit Court of Appeal clearly this is misleading the Court (General Motors). Also from U.S. Marshal (*285 form*).

Also your Honor as you can see from Docket sheet from the courts they were served and had to know because Jennifer Bebko, esq. is legal counselor for General Motors. See C.A. No. 06-3316, July 14, 2006, from staff attorney Christine J. Grandnetti and is willing be a with new to this letter dated July 14, 2006, sent to me and Jennifer C. Bebko, esq., attorney for General Motors to show they knew and was served properly. Rule 4.1 Fed. Rules see Ex. from staff attorney attached.

This is my evidence – Docket sheet of District Court and orders from Third Circuit Court of Appeal. General Motors is in violation of rules – also 41.1 rule.

According to evidence, General Motors was served and cc: also sent to them from the Third Circuit Court Appeal, case: 06-3316.

**RULE 41.1.  Dismissal for Failure to Prosecute.**

All cases are reviewed periodically as to status by the judge to whom they are assigned, and counsel shall be required to explain any delay.  Subject to the provisions of Fed. R. Civ. P. 23 and 23.1, in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice, enter an order dismissing such case unless good reason for the inaction is given.  An application for a continuance shall not be deemed to be action precluding such dismissal.  After any such application or notice from the Court, no application for a continuance or any proceeding taken under the discovery rules shall be deemed to toll the application of this Rule.

*Source:  Former Delaware Local Rule 5.2 with revisions.*

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. 06-3316

Anderson

vs.

Gen Mtrs

Roland C. Anderson, Appellant

(Delaware District Civil No. 05-cv-00877)

**O R D E R**

In <u>accordance with the agreement of the parties</u> in the above entitled case, it is entered dismissed by the Clerk under the authority conferred upon her by Rule 42(b), Federal Rules of Appellate Procedure without cost to either party.

*Marcia M. Waldron*
Clerk
United States Court of Appeals
for the Third Circuit

Date: August 7, 2006

OFFICE OF THE CLERK - LEGAL DIVISION
*UNITED STATES COURT OF APPEALS*
21400 U.S. COURTHOUSE
601 MARKET ST.
PHILADELPHIA, PA 19106-1790

**MARCIA M. WALDRON**
CLERK

July 14, 2006

TELEPHONE
**(215) 597-2378**

Mr. Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

Re:    Lloyd v. General Motors
       C.A. No. 06-3316
       (D.Del. Civ. No. 05-cv-00877)

Dear Mr. Anderson:

This will advise you that the above-captioned appeal will be submitted to a panel of this Court for possible dismissal due to a jurisdictional defect. It appears that this Court may lack appellate jurisdiction for the following reason(s):

The order that you have appealed may not be reviewable at this time by a court of appeals. Only final orders of the district courts may be reviewed. 28 U.S.C. §1291 (enclosed).

Jurisdictional defects cannot be remedied by the court of appeals. The parties may submit written argument in support of or in opposition to dismissal of the appeal for lack of appellate jurisdiction. Any response regarding jurisdiction must be in proper form (original and three copies, with certificate of service), and must be filed within 21 days from the date of this letter. Upon expiration of the response period, the case will be submitted to the Court for consideration of the jurisdictional question.

The parties will be advised of any Order issued in this matter.

Very truly yours,

*/s/ Christine J. Grandinetti*
CHRISTINE J. GRANDINETTI
Staff Attorney

CJG/nf
*(over)*

Re:     Lloyd v. General Motors
        C.A. No. 06-3316

cc:     Jennifer C. Bebko Jauffret, Esq.
        Richards, Layton & Finger
        One Rodney Square
        P.O. Box 551
        Wilmington, DE 19899

G.M. CAN'T SAY THAT THEY was unware
of THE Litigation / NOR CAN IT SAY, did N'T
Recived the complaint.

MRS. Jennifer C. Bebko is PART of the
Legal STAff for G.M.
This will constitute proper service under
        Fed. R. Civ. P. 4 (H) (1). TO one of
There staff Attorney. (Also).
        of the (3;85) Foem to party known AS (G.M)

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF Roland C. Anderson | COURT CASE NUMBER 05-877 JJ |
|---|---|
| DEFENDANT General Motor 901 Boxwood Rd, w2, Del, 180 | TYPE OF PROCESS a |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

General motors
901 Boxwood Rd,
wn, Del, 19804

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                    Fold

FILED

MAR 30 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| Signature of Attorney or other Originator requesting service on behalf of: Roland C. Anderson | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 302-884-0814 | DATE Dec 15-05 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date 3-3-0 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) Terry Tyndall   Peoples Systems Admin. | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service 3/29/06  Time 1437 pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS:

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT


**RE: · Docket No. 06-3316**
**Anderson vs. GM MTRS.**
**D.C. No. 05-CV-00877**

Dear Mrs. Christine J. Grandinetti:

According to 28 U.S.C § 1291 (enclosed) states the order that I have appealed may not be reviewable at this time by a Court of Appeals.

Only final orders of the District Court may be reviewed. So I am withdrawing my appeal at this time for reasons stated above. The order of the District Court is not final, 28 U.S.C. § 1291 (enclosed).

cc:    United States Court of Appeal
        for the Third Circuit

        Jennifer C. Bobko Jauffiet, esq.
        One Rodney Square
        P.O. Box 551
        Wilmington, DE  19899

Thank you.

Roland C. Anderson
113 Lloyd St./ med. Del.
19804
(302) 994-0914

Date
July 17, 06

## § 1291.  *Final Decisions of District Courts*

The courts of appeals (other than the United States Court
of Appeals for the Federal Circuit) shall have jurisdiction
of appeals from all final decisions of the district courts of
the United States, the United States District Court for the
District of the Canal Zone, the District Court of Guam,
and the District Court of the Virgin Islands, except where
a direct review may be had in the Supreme Court.  The
jurisdiction of the United States Court of Appeals for the
Federal Circuit shall be limited to the jurisdiction described
in sections 1292(c) and (d) and 1295 of this title.
(June 25, 1948, c. 646, 62 Stat. 929;  Oct. 31, 1951, c. 655,
§ 48, 65 Stat. 726; July 7, 1958, Pub.L. 85-508, § 12(e), 72 Stat.
348; Apr. 2, 1982, Pub.L. 97-164, Title I,  § 124, 96 Stat. 36.)

APPEAL, PaperDocuments

**U.S. District Court** /Clerk 844 North Ki̇e
**District of Delaware (Wilmington)** Locke<sup>&</sup>
**CIVIL DOCKET FOR CASE #: 1:05-cv-00877-JJF** Wil, Del,
**Internal Use Only** 19801

Anderson v. General Motors
Assigned to: Honorable Joseph J. Farnan, Jr.
Related Cases: 1:03-cv-00275-JJF
　　　　　　　1:98-cv-00040-JJF
　　　　　　　1:98-cv-00045-JJF
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 12/19/2005
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Roland C. Anderson**

represented by **Roland C. Anderson**
Roland C. Anderson, Pro Se
113 Lloyd St.
Wilmington, DE 19804
PRO SE

V.

**Defendant**

**General Motors**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/19/2005 | ①1 | MOTION for Leave to Proceed in forma pauperis - filed by Roland C. Anderson. (els, ) (Entered: 12/20/2005) |
| 12/19/2005 | ①2 | COMPLAINT filed against General Motors - Magistrate Consent Notice to Pltf. - filed by Roland C. Anderson. (Attachments: # 1 Exhibits # 2 Civil Cover Sheet)(els, ) (Entered: 12/20/2005) |
| 12/20/2005 | ①3 | NOTICE of Personal Information re 2 Complaint, 1 MOTION for Leave to Proceed in forma pauperis (bad, ) (Entered: 12/20/2005) |
| 12/28/2005 | ① | Case assigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb, ) (Entered: 12/28/2005) |
| 01/04/2006 | ①4 | ORDER granting request to proceed informa pauperis. Signed by Judge Joseph J. Farnan, Jr. on 01/03/2006. (dlk ) (Entered: 01/04/2006) |
| 01/11/2006 | ①5 | MOTION to Stay - filed by Roland C. Anderson. (afb, ) (Entered: 01/12/2006) |
| 02/27/2006 | ①6 | ORDER that the USM shall serve a copy of the complaint (D.I. 2) and |

| | | |
|---|---|---|
| | | this order upon Deft. as directed by Pltf. ; Signed by Judge Joseph J. Farnan, Jr. on 02/27/06. (afb, ) (Entered: 02/28/2006) |
| 02/28/2006 | | ***Set Paper Documents Flag (rbe, ) (Entered: 02/28/2006) |
| 03/01/2006 | ◔ | Remark: Clerk sent to the USM for service copies of the Complaint (D.I. 1) and Order (D.I. 6) w/ USM 285 form for General Motors per D.I. 6. (afb, ) (Entered: 03/01/2006) |
| 03/17/2006 | ◔7 | ORDER that the 5 Motion to Stay is DENIED WITHOUT PREJUDICE with leave to refile following service, entry of appearance and responsive pleading by Deft.; Signed by Judge Joseph J. Farnan, Jr. on 03/17/06. (afb, ) (Entered: 03/20/2006) |
| 03/27/2006 | ◔8 | MOTION For Requirement Of Order Date 17 Of March 2006 Court - filed by Roland C. Anderson. (afb, ) (Entered: 03/29/2006) |
| 03/30/2006 | ◔9 | Return of Service Executed by Roland C. Anderson. General Motors served on 3/29/2006, answer due 4/18/2006. (afb, ) (Entered: 03/30/2006) |
| 06/08/2006 | ◔10 | ORDER that Pltf.'s 8 Motion for Reconsideration is DENIED. Signed by Judge Joseph J. Farnan, Jr. on 06/08/06. (afb, ) (Entered: 06/08/2006) |
| 07/05/2006 | ◔11 | NOTICE OF APPEAL to the USCA for the Third Circuit re 7 Order on Motion to Stay. Appeal filed by Roland C. Anderson. Filing fee $ 455. (afb, ) (Entered: 07/06/2006) |
| 07/05/2006 | ◔12 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (afb, ) (Entered: 07/06/2006) |
| 07/11/2006 | ◔13 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 11 Notice of Appeal filed by Roland C. Anderson,. USCA Case Number 06-3316. USCA Case Manager: Carmen M. Hernandez (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (ch1, ) (Entered: 07/11/2006) |
| 08/07/2006 | ◔14 | USCA Order Terminating Appeal pursuant to Rule 42(b), Federal Rules of Appellate Procedure as to 11 Notice of Appeal filed by Roland C. Anderson,. USCA Decision: Appeal Dismissed. (ch1, ) (Entered: 08/07/2006) |

## SUR PETITION FOR REHEARING IN BANC

Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges.

The petition for rehearing filed by NATIONAL SHOPMEN PENSION FUND, appellant in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all other available circuit judges in the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the Court in banc, the petition for rehearing is denied.

Judge Garth would grant the petition for rehearing for the reasons offered in his dissent, in particular the issue of exhaustion of administrative remedies.



## UNITED STATES of America, Appellee,

v.

## $55,518.05 IN U.S. CURRENCY.

### Appeal of Gary GOLDEN.

No. 83-5257.

United States Court of Appeals, Third Circuit.

Argued Oct. 25, 1983.

Decided Feb. 21, 1984.

The Government initiated a forfeiture action under the Comprehensive Drug Abuse Prevention and Control Act. The United States District Court for the Western District of Pennsylvania, Glenn E. Mencer, J., denied the claimant's motion to set aside the entry of default and default judgment of forfeiture. Claimant appealed. The Court of Appeals, A. Leon Higginbotham, Jr., Circuit Judge, held that the mere assertion that the forfeited property "was neither furnished nor intended to be furnished by any person in exchange for a controlled substance" was insufficient to show the existence of a meritorious defense and, therefore, the District Court did not abuse its discretion in denying the motion to set aside the entry of default and default judgment.

Affirmed.

Garth, Circuit Judge, dissented with an opinion.

**1. Federal Civil Procedure ⚖2451**

In determining whether to set aside entry of default or default judgment, doubtful cases must be resolved in favor of moving party so that cases may be decided on their merits. Fed.Rules Civ.Proc.Rules 55(c), 60(b), 28 U.S.C.A.

**2. Federal Civil Procedure ⚖2443**

In exercising its discretion to grant or deny motion to set aside entry of default or default judgment, district court must consider whether plaintiff will be prejudiced, whether defendant has meritorious defense and whether default was result of defendant's culpable conduct. Fed.Rules Civ.Proc. Rules 55(c), 60(b), 28 U.S.C.A.

**3. Federal Civil Procedure ⚖2450**

For purposes of determining whether defendant is entitled to have entry of default or default judgment set aside, showing of meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute complete defense to action. Fed.Rules Civ. Proc.Rules 55(c), 60(b), 28 U.S.C.A.

**4. Drugs and Narcotics ⚖195**

In forfeiture action under Comprehensive Drug Abuse Prevention and Control Act, government bears initial burden of showing probable cause to believe that property in question was intended to be used for purpose of acquiring controlled