U.S. District Court. District of Delaware

C.A. 05-877 JJF



FILED
MAR 23 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

Re: Roland C. Anderson vs. General Motors
Consolidated C.A. 05-877-JJF / Rule 60

Dear Judge FARNAN —

On Jan. 27, 2007 As you know This Law Firm Requested An order to grant or deny. the motions for or Against the partys — There was An order for Rule 16 Scheduling order — on March 1, 2007 — I would like to know if your order was be granting there motion of 1-27-2007, (with/out) deny or granting my motion for default — Reason for my Default was the, defendant Fail to Respond to the pleads within 20 days — see § — Answer to complaint — service within 20 days after being served with summons and complaint unless a different time is prescribed in A Federal Statue, § Civ R. 12(A)(1)(A). complaint was saved 3-29-06 at 14:37 pm) and Answer due 4/18/2006 — A letter was from Judge FARNAN Jr. (order). — whereas. Defendant Has not yet entered An App-earance or filed A Responsive pleading. Dated 6-8-06 ob Judges order. Your Honor on march 1,07 order for Rule 16, Scheduling order — the same request made By the defendants Att: — Douts G.M Request that this court enter A Scheduling order for This case so discovery Can proceed Accordingly.

Your Honor I fil for A default for the Reason stated Above, But was never Answer By you. granting or denying. (motion). Also, then your Honor I Am Requesting An Attorney.

1

See. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). In Tabron, the United States Court of Appeals for the Third Circuit developed a list of criteria to aid district courts in weighing the appointment of counsel for indigent civil litigants. → see more Tabron 6 F.3d at 155. attach.

indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. Tabron, 6 F.3d at 155. If a claimant overcomes this initial hurdle, a court should then consider the following non-exhaustive list of factors:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations, and;
> 6. whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57.

When considering the appointment of counsel, courts must keep in mind the "significant practical restraints on the district courts' ability to appoint counsel ...; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." Montgomery v. Pinchak, 294 F.3d 492, 505 (3d Cir. 2002)(quoting Tabron, 6 F.3d at 156)(internal quotation marks and citations omitted).

Finally, the Court notes that it may appoint counsel under Section 1915(e)(1) at any point in the litigation and may do so sua sponte (that is, of its own will or voluntarily). Montgomery, 294 F.3d at 504.

2

Roland C. Anderson Request. — Judgement in favor and against C.M. And for Reasonable Attorney fees and court cost incurred in connection with the complaint of this litigation, for any other relief the court deems just and proper. (C.M. is in violation of service within 20 day after being served. Civil R-12 (A)(1)(A) (motion for R.55). Also my motion to respond on 2-22-07. (Letter)

Thank you
Roland C. Anderson
113 Lloyd Str.
Wil. Del. 19804

Certif. service To:
The Honorable Joseph J. Farnan Jr.
United States District Court
District of Delaware
844 N. King Street
Wil. Del. 19801

Margaret F. England
300 Delaware Avenue, Suite 1210
Wil. Del. 19801



Roland C. Anderson
113 Cloyd ST.
Wil. Del. 19804

Office of the Clerk
United States District Court
Lockbox 18
844 N. King Street
Wil. Del. 19801-3370



U.S.M.S
X-RAY

19801+3519-33 C012