IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,            :
                               :
            Plaintiff,         :
                               :
    v.                         : Civil Action No. 05-877-JJF
                               :
GENERAL MOTORS CORP.,          :
                               :
            Defendant.         :

Roland C. Anderson, Wilmington, Delaware.

Pro Se Plaintiff.

Michael Busenkell, Esquire of ECKERT SEAMANS CHERIN & MELLOTT, LLC, Wilmington, Delaware.

Attorney for Defendant.

**MEMORANDUM OPINION**

May 29, 2007
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge

Pending before the Court is Plaintiff's Motion For A Default Judgment (D.I. 15). For the reasons set forth below, the Court will deny the Motion.

## I. BACKGROUND

Plaintiff filed the instant lawsuit on December 19, 2005 pursuant to Title VII of the Civil Rights Act of 1964 for race discrimination in connection with his employment by Defendant. A Return Of Service was executed stating that "Terry Tyndall, People's Systems Admin." was served with process on March 29, 2006 (D.I. 9). Defendant General Motors did not timely file an answer. Plaintiff now moves for entry of default judgment.[1]

## II. DISCUSSION

By his Motion, Plaintiff contends that the Court should enter default because Defendant has not filed an answer or other response to the Complaint. In response, Defendant contends that entry of default is not warranted because service of process was procedurally deficient. Specifically, Defendant contends that Terry Tyndall was not a person authorized to receive service on behalf of GM and that it did not learn of the proceedings until August 24, 2006. Defendant filed an Answer contemporaneous with its response to Plaintiff's Motion (D.I. 17-3).

---

[1] Although Plaintiff moves for entry of default judgment, a party must move for entry of default prior to requesting the entry of default judgment. See Fed R. Civ. P. 55(a). Because Plaintiff is proceeding pro se, the Court will construe the Motion as a motion for entry of default.

1

Although no default has been entered in the instant case, the Court concludes that the factors enumerated by the Third Circuit in United States v. $55,518.05 in U.S. Currency, 728 F.2d 192 (3d. Cir. 1984), for setting aside an entry of default counsel against granting Plaintiff's Motion. A decision to vacate the entry of default is left to the discretion of the district court. Id. In making this determination, courts consider: 1) whether the plaintiff will be prejudiced if the court sets aside the default; 2) whether the defendant has a meritorious defense; and 3) whether the default was a result of the defendant's culpable conduct. Id. In the Third Circuit, defaults are generally disfavored, and therefore, in close cases, courts must construe doubts in favor of resolving the cases on the merits. Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d. Cir. 1987)(citations omitted).

In this case, the Court concludes that the factors weigh against the entry of default. Defendant filed an Answer with its response to Plaintiff's Motion within four business days after Plaintiff moved for default judgment. Even assuming arguendo that service of process was proper and Defendant was not timely in its response to the Complaint, Plaintiff has not alleged that he will be prejudiced by the delay. Thus, the first factor weighs against the entry of default. Next, the Court concludes that Defendant's Answer alleges a meritorious defense because it would provide a complete defense if proved at trial. see

2

<u>$55,518.05</u> 728 F.2d at 195. Further, the Court concludes that the default was not a result of Defendant's culpable conduct. "In this context, culpable conduct means actions taken willfully or in bad faith." <u>Gross v. Stereo Component Sys., Inc.</u>, 700 F.2d 120, 123-24 (3d. Cir. 1983). By affidavit, Mr. Tyndall asserts that he believed the documents served upon him pertained to a pending Equal Employment Opportunity Commission Complaint filed by the Plaintiff separate from the instant action. (D.I. 21, Ex. A). Mr. Tyndall stated he did not intentionally disregard the documents or intentionally withhold them from Defendant's legal department. <u>Id</u>. Thus, the Court concludes that, under the circumstances, there is insufficient evidence on the record to find wilfulness or bad faith.

In sum, the Court concludes that entry of default is not warranted because Plaintiff has not established prejudice, the Defendant has a meritorious defense, and there is insufficient evidence of culpable conduct by the Defendant. Accordingly, the Court will deny Plaintiff's Motion.

An appropriate Order will be entered.