IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
ROLAND C. ANDERSON,              :
                                 :
            Plaintiff,           :
                                 :
    v.                           :  Civil Action No. 05-877-JJF
                                 :
GENERAL MOTORS CORP.,            :
                                 :
            Defendant.           :
```

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's letter request for appointment of counsel.[1] (D.I. 28). For the reasons discussed, the Court will deny Plaintiff's request.

**I.  BACKGROUND**

Plaintiff filed the instant lawsuit on December 19, 2005 pursuant to Title VII of the Civil Rights Act of 1964 for race discrimination and retaliation in connection with his employment by Defendant. On February 22, 2007, another lawsuit filed by Plaintiff involving similar allegations against the same Defendant was consolidated with this case. On March 23, 2007, Plaintiff filed this request for appointment of counsel.

**II.  DISCUSSION**

By his letter, Plaintiff requests an attorney and cites the factors considered by the Third Circuit when reviewing motions

---

[1] Plaintiff's letter also requested information regarding the status of his Motion For A Default Judgment (D.I. 15). Having resolved the Motion For A Default Judgment by Memorandum Opinion and Order entered May 29, 2007, the Court need only discuss the request for appointment of counsel.

for appointment of counsel set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). Defendant did not file a response.

Under Title VII of the Civil Rights Act, upon motion by the complainant, a court may appoint counsel for a complainant if it deems appointment just. 42 U.S.C. § 2000e-5(f)(1). The Third Circuit developed a list of criteria to aid district courts in weighing whether to request an attorney to represent an indigent civil litigant. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. Id. at 155. If a claimant overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations; and
> 6. whether the case will require testimony from expert witnesses.

Id. at 155-57. Additional factors to consider with respect to a Title VII case are the efforts taken by a plaintiff to obtain counsel and the plaintiff's financial ability to retain counsel. See Hicks v. ABT Associates, Inc., 572 F.2d 960, 969 (3d. Cir. 1978); Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th. Cir. 1977).

2

Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court, the Court concludes that the appointment of counsel is not warranted at this time. Specifically, the Court concludes that Plaintiff has not met the threshold issue; he has not demonstrated that his discrimination claim has some arguable merit in fact and law. The EEOC issued a "Dismissal and Notice of Rights" letter to Plaintiff stating that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (D.I. 2-2). Additionally, Plaintiff has demonstrated some knowledge of the legal system and ability to present his own case by making several filings. Further, Plaintiff has not indicated that he has made efforts to obtain counsel or that he sought assistance from organizations that frequently offer assistance to pro se indigent litigants with meritorious claims. Because Plaintiff is not confined, his access to legal resources and attorney contacts is not restricted. Accordingly, the Court will deny Plaintiff's letter request for appointment of counsel (D.I. 28).

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's letter request for appointment of counsel (D.I. 28) is **DENIED**.

June 1, 2007

_____
UNITED STATES DISTRICT JUDGE