In The United State of District court
for The District of Delaware

Roland E. Anderson          >
                            >   C.A-05-877 JJR
        Vs,                 >
                            >
General motors

motion to stay order (off)
        Rule 16 Scheduling order Attach

_____

I'm Requesting motion to stay order for Scheduling
Order for Rule 16 for June 30-07 pending Appeal
to the Third Circuit for CASE 05-877 JJR.
Appeal CASE NO# 07-1908 stik an Appeal. At the
United States court of Appeals.

                        THank you
                        Roland E. Anderson
                        113 Lloyd STX,
                        WR, Del, 19809
                        302-994-0914

Cenfi of SERViCE!
Honorable Judge Joseph J, FARNAN J,

OFFICE OF THE CLERK

**MARCIA M. WALDRON** **UNITED STATES COURT OF APPEALS** TELEPHONE

CLERK
FOR THE THIRD CIRCUIT
215-597-2995
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790
Website: pacer.ca3.uscourts.gov

# NOTICE

Anderson v. General Motors

No. 07-1908

Enclosed please find case opening information regarding the above-entitled appeal. **Our public website address is: pacer.ca3.uscourts.gov. Do not put "www" before the address. This website will provide you with valuable information with respect to this case, including the docket. It is suggested that, if the Internet is available to you, you become familiar with the website and the information it can provide you prior to calling the Clerk's Office.**

All written requests should be directed to the case manager listed below, at the above address. **Please be sure to include the four digit extension on the zip code.** All telephone inquires should be directed through our automated information system at 215-597-2995. For case management information, please press 1. If you have a question about briefs or appendices press 3 or, if you have a question with regard to the calendaring of cases, oral argument or video argument, please press 5.

In the event our automated system does not provide you with an answer to your inquiry, please contact the case manager listed below by dialing seven and the four digit extension number.

CASE MANAGER: Shannon L. Craven

TELEPHONE: 267-299-4959

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    :
                                       :
                Plaintiff,             :
                                       :
        v.                             :  Civil Action No. 05-877 JJF
                                       :         CONSOLIDATED
GENERAL MOTORS,                        :
                                       :
                Defendant.             :

## RULE 16 SCHEDULING ORDER

IT IS HEREBY ORDERED that:

1) **Discovery.** All discovery shall be commenced so as to be completed by **June 30, 2007**.

2) **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **July 20, 2007**. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

3) **Pretrial Conference.** A Pretrial Conference will be held on **Thursday, October 4, 2007 at 3:00 p.m.**, in Courtroom No. 4B on the 4th Floor, Boggs Federal Building, Wilmington, Delaware. The Federal Rules of Civil Procedure and Rule 16.5 of the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995) shall govern the pretrial conference.



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

## CERTIFIED MAIL - RETURN RECEIPT REQUESTED

February 22, 2006

Personnel Manager
**General Motors Corporation**
1616 S. Voss Road, 10th Floor
Houston, TX 77057

RE:    **Anderson v. General Motors Corporation, Case No: 06020096W/17CA600275**

Dear Respondent:

Enclosed please find a NOTICE OF CHARGE OF DISCRIMINATION, along with the following documents:

1.    Verified Charge of Discrimination filed against the above-named Respondent;
2.    Mediation questionnaire;
3.    Copy of 19 Del. Code § 712 (c), describing the administrative process.

Pursuant to 19 Del. Code § 712 (c), the named Respondent has an opportunity at this time to "file an answer **within twenty (20) days of the receipt of the Charge of Discrimination**, certifying that a copy of the answer was mailed to the Charging Party at the address provided." **If you are interested in mediation, you do not need to file an answer at this time. If you elect this option you must check the appropriate provision of the enclosed Invitation to Engage in Mediation form and return it to us in lieu of your answer.**

This Charge of Discrimination has been filed under the following law(s), and as indicated by the case numbers referenced above.

☒ Title VII          ☒ DE Discrimination in Employment Act
☐ ADA               ☐ DE Handicapped Persons Employment Protection Act
☐ ADEA

We anticipate your full cooperation. If you intend to retain legal representation at any time throughout this process, please have your attorney enter his or her appearance so that future contact will be made through him or her.

*Julie Cutler*

Julie Klein Cutler, Administrator,
Discrimination Program

cc: Charging Party (w/o enclosures)

DOL Form B-10W : 01/06

64A

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974 | ☐ FEPA  06020096W<br>☐ EEOC  17CA000275 |
| **Delaware Department of Labor** | **and EEOC (if applicable)** |

| NAME (Indicate Mr., Mrs., Ms)<br>Roland Anderson | HOME TELEPHONE NO. (Include Area Code)<br>(302) 994-0914 | |
|---|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE<br>113 Lloyd Street  Wilmington DE 19804  NCC | | COUNTY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below.)*

| NAME<br>General Motors Corporation | NO. OF EMPLOYEES OR<br>MEMBERS 100+ | TELEPHONE NUMBER (Incl. Area Code)<br>(713) 780-8056 |
|---|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE<br>1616 S. Voss, 10th Floor, Houston, TX 77057 ATT: Elmer C. Jackson, III,<br>General Director, GM Employment Relations Center of Expertise | | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE | |

| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE<br><br>☒ RETALIATION   ☐ DISABILITY ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST  6/1/1982<br>LATEST    12/19/2005<br>☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party was employed with Respondent as a Body Shop/Production Technician since 1982 in Wilmington, DE, ending 10/82.

Charging Party's protected class: Retaliation

Adverse employment action: Terms and Conditions; Benefits

Brief statement of allegations: Charging Party alleges that R retaliated against him because of negative statements made regarding his job status during an EEOC investigation. Consequently, Charging Party claims that Respondent falsely stated that he was a temporary employee instead of a permanent employee which has affected his union benefits. Charging Party claims that he was laid off as an hourly employee and Respondent hired white workers without contacting him first. Thereafter, Charging Party filed a racial discrimination charge which resulted in false information given to EEOC about his job status as a temporary worker. Ultimately, Charging Party claims that this is further evidence that Respondent's information is a form of retaliation because it affect his current benefit status.

Respondent's explanation: Charging Party claims that Respondent has not given a reasonable explanation for placing him as a temporary worker after investigation, while he previous worked as a hourly worker under a previous agreement.

Applicable law(s): Title VII of the Civil Rights Act of 1964, as amended; DE Discrimination in Employment Act

Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party claims that Respondent's information during an EEOC investigation has revealed further adverse action in the form of retaliation because the information has negatively affected his union benefit status. Charging Party claims that during a legal preceeding, Dave Boyle, Respondent's EEOC Representative gave an affadavit that Charging Party was an hourly worker and under agreement acquired certain seniority rights under the previous collective bargaining agreement..

Additional information and verification of these facts are provided by the attached Verification.

| ☐ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT<br>*Roland C. Anderson*  2-14-06 |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

DDOL FORM B-05      PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED
REV 01-05

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    C.A. No. 92-335-SLR
                                 )
GENERAL MOTORS, BOXWOOD          )
ROAD, WILMINGTON, DELAWARE       )
19804,                           )
                                 )
            Defendant.           )

### AFFIDAVIT OF DAVID L BULL

STATE OF DELAWARE      )
                       ) SS:
COUNTY OF NEW CASTLE   )

On this _16th_ day of September 1992 personally appeared before

me the undersigned Notary Public, David I. Bull, who did depose and say:

1.    I am an employee of General Motors Corporation at its Boxwood

Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal

Employment Opportunity and, as such, I have investigated the subject matter of the

Complaint filed by Roland C. Anderson in the above-captioned civil action and the

same matter when it was before the Equal Employment Opportunity Commission. I am

authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2.    The records of General Motors show that Plaintiff was employed

as an hourly worker from August 31 to September 21, 1981, when he was laid off.

During this period of time, he acquired no seniority rights, because he was not

/12

P2

employed for 90 days, as required under the terms of the applicable Collective
Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off
in October 1982. Under the Agreement he acquired certain seniority rights, including a
right to be recalled to employment) but these rights expired on a "time for time" basis.
Having been employed for only four months, Plaintiff's right to be recalled, as well as
any other seniority rights, expired four months after he was laid off, that is, by
February 1983.

3.     G.M. has not hired any permanent employees for manufacturing
assembly work since 1957. During this period of time, all persons recalled to work
were laid off employees who had seniority rights and a right to be recalled before
persons without such rights were considered for employment. Telephone inquiries
concerning employment opportunities have received the response, "We are not issuing
applications nor do we expect any opportunities in the near future."

4.     - Separate and apart from the matter of recalling former employees
with seniority rights, there was a brief period when applications for temporary summer
employment were processed. On May 13, 1992, 31 temporary employees were hired,
but, as it turned out, they only worked for two weeks before being laid off. This took
place long after Plaintiff had filed his complaint with the E.E.O.C. on or about
December 27, 1991. Former employees who still have seniority rights do not have a
right to recall to temporary summer employment.

5.     G.M. has no record of receipt of a job application by Plaintiff
during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6.    I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C.  Attached is a copy of that response.

7.    G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992.  Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

David I. Bull

Sworn to and subscribed before me the day and year first above written.

Constance L. McDorman Mantone
Notary Public
My Commission Expires: Nov, 1993



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

September 8, 2005

Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

Re: Anderson v. General Motors
    EEOC Charge Number 170-2005-01768

Dear Mr. Anderson:

The information and evidence submitted by all parties regarding the above referenced charge has been reviewed. In order for the Commission to issue a determination that there is reasonable cause to believe that you were discriminated against, the record of evidence would have to support a conclusion that the Respondent took this into account in its actions. The information submitted by all parties does not indicate that there is a likelihood that continued investigation would result in obtaining evidence which would lead to a finding of a violation.

You allege that you were denied an application in March 2005, but learned approximately one month later, through various individuals, that Respondent filled some vacancies. You believe you were not given an application in retaliation for previous charge filing (170-1991-01375, 170-2000-01320, 17C-2004-00615 and 170-2003-00027), and because of your race, black and age, 52.  In addition to these allegations, you believe you were denied benefits that you were entitled to because Respondent listed you as "terminated" and not "laid off" after working for Respondent previously.

Respondent agrees that you were an employee during the following periods: August 31, 1981, to September 21, 1981, and again from June 25, 1982 to October 1, 1982. According to the Collective Bargaining Agreement you did not reach a status of an employee, but remained listed as a temporary employee because:

    "...employees shall be regarded as temporary employees until their names have been placed on the seniority list."  Further, "Employees may acquire seniority by working 90 days during a period of six continuous months in which event the employee's seniority will date back 90 days from the date seniority is acquired."

Since you did not work within a period of six continuous months, you did not qualify as an employee with seniority but listed as a temporary employee.  Therefore you do not have access to any accumulated benefits.

)

Regarding your hiring issue, Respondent states that no workers have been hired at that site since October 1999, indicating that there were no job opportunities at the time of your inquiry in March 2005.

This is to inform you that it will be recommended that the EEOC dismiss the charge. If the charge is dismissed, the Commission will issue a decision stating that it is unable to conclude that the information obtained establishes a violation of the statute. The decision would not certify that the Respondent is in compliance with the statute. The Dismissal and Notice of Rights which will be sent to you will allow you to file a private suit, if you want to pursue this matter further.

Sincerely,

Dianna I. Schley
Federal Investigator

*The U.S. Equal Employment Opportunity Commission*

# Retaliation

An employer may not fire, demote, harass or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding.

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC, the Americans with Disabilities Act (ADA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA.

There are three main terms that are used to describe retaliation. Retaliation occurs when an employer, employment agency, or labor organization takes an **adverse action** against a **covered individual** because he or she engaged in a **protected activity**. These three terms are described below.

## Need more information?

The law:

- Title VII of the Civil Rights Act

The regulations:

- 29 C.F.R Part 1604.11

Enforcement guidances and policy documents:

- EEOC Compliance Manual, Section 8, Retaliation (May 20, 1998)
- EEOC Compliance Manual, Section 2, Threshold Issues (May 12, 2000)

## You may also be interested in:

- How to File a Charge of Employment Discrimination
- Mediation at EEOC
- Training and Outreach
- Information for Small Employers

## Adverse Action

An adverse action is an action taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding. Examples of adverse actions include:

- employment actions such as termination, refusal to hire, and denial of promotion,

- other actions affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance, or

- any other action such as an assault or unfounded civil or criminal charges that are likely to deter reasonable people from pursuing their rights.

Adverse actions do not include petty slights and annoyances, such as stray negative comments in an otherwise positive or neutral evaluation, "snubbing" a colleague, or negative comments that are justified by an employee's poor work performance or history.

Even if the prior protected activity alleged wrongdoing by a different employer, retaliatory adverse actions are unlawful. For example, it is unlawful for a worker's current employer to retaliate against him for pursuing an EEO charge against a former employer.

Of course, employees are not excused from continuing to perform their jobs or follow their

Ex A

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6676
DIRECT FAX: (302) 576-3286
tcheek@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 15, 2006

**VIA E-FILE**

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 N. King Street, Rm 4209
Lock Box 27
Wilmington, DE 19801

Re: Anderson v. General Motors,
C.A. No. 05-877-JJF

Dear Judge Farnan:

On behalf of Defendant General Motors, we file herewith as Exhibit A the Affidavit of Terry Tyndall, the individual to whom the U.S. Marshall delivered a copy of the Complaint in this matter. We are providing this document as additional support for our Response to Plaintiff's Motion for Default Judgment (D.I. 17), which we filed in response to Plaintiff's Motion for Default Judgment (D.I. 15).

In addition, we wish to notify the Court that we have been advised by the Clerk's office that no summons was ever issued in this case. Plaintiff has not complied with the requirements of Fed. R. Civ. P. 4(a) and (b) that a summons must be issued for each defendant to be served and must be served together with a copy of the complaint. The purpose of the summons is, of course, to put a defendant on notice that a response is required and to describe the consequences if no response if provided. No such notice was provided in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Joseph J. Farnan, Jr.
September 15, 2006
Page 2

Plaintiff's failure to obtain and serve a summons with the complaint precludes the entry of default judgment. We respectfully request that Plaintiff's motion be denied.

Respectfully yours,

/s/ *Teresa A. Cheek*
Teresa A. Cheek
Del. Bar No. 2657

Attachment (Affidavit of Terry Tyndall)

cc:    Clerk of Court (via EM/ECF)
       Roland C. Anderson (via U.S. Mail, postage prepaid)
       Michael Williams, Esquire (via e-mail)

Cerüfi. of SERVICES

## Search Results

Roland C. Anderson
Roland C. Anderson, Pro Se
113 Lloyd St.
Wilmington, DE 19804

Michael Busenkell
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue
Suite 1360
Wilmington, DE 19801

**Total labels:** 2

**Not printed due to inadequate address:** 3