# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Roland C. Anderson                :

    vs.                               :    **C.A. – 05-877-JJF**

General Motors Corporation        :

_____  :

*Response to Defendant's motions*
*E    15A*

    Response to Defendant's motion not to stay and reconsideration for the order denying entry of default judgment. 15A

    Motion to stay the proceeding while my appeal is pending before the Third Circuit Court appeals.

Count 1:     Your Honor this case is on appeal and the Defendant failed to file a representation statement—which clearly states § - when a notice of appeal is <u>timely filed,</u> if deposited in the <u>institution</u> (mail system or on or before the last day of filing, app. Rule 4 (e), 25 (A), <u>within</u> ten (10) days after filing notice of appeal. Unless <u>the Court</u> appeal <u>designate</u> <u>another</u> <u>time,</u> attorney who filed notice shall file notice with the Circuit <u>clerk</u> a <u>statement</u> <u>naming</u> each party representation on <u>appeal</u> by that <u>attorney</u> (App. R. 12(6) §. Making these responses a moot point for same case No.: 06-669-05-877 and Third Circuit Court Case No.: 07-1908, already on appeal. G.M. violated the statue – App. R. 4(C), 24(A), and App. 12(b). Copy attached, Ex. A.

### Answer to Complaint

Count 2:     Answer to complaint – Civ. R. 12(A)(1)(B).

    Service within 20 days after being served with complaint unless different time is preserved in a federal statue. § See Rule 12(A)(1)(A). Also letter dated September 15, 2006, from their own Defendant – states U.S. Marshal indeed delivered a copy of the complaint in this matter. Complaint was properly served under 4.1. as well. Mr. Tyndall tried indeed try to mislead this Court to say he received separate complaints from EEOC. It was ordered by you for

## NOTICE OF APPEAL
## TO
## U.S. COURT OF APPEALS, THIRD CIRCUIT



**U.S. District Court for the District of Delaware**

**CIRCUIT COURT**
**DOCKET NUMBER:** _____
(leave blank)

**FULL CAPTION IN DISTRICT COURT AS FOLLOWS:**

Roland C. Anderson
_____

**DISTRICT COURT**
**DOCKET NUMBER:** 05-877 JJF

v.

General Motors Corp.
_____

**DISTRICT COURT**
**JUDGE:** Joseph J. FARNAN Sr.

Notice is hereby given that _Roland C. Anderson_
(Named Party)
appeals to the United States Court of Appeals for the Third Circuit from [ ] Judgment, [✓] Order,

[ ] Other (specify) _____

_____

entered in this action on _MAy 29-07_ .
(date)

DATED: _MAy 29-07_

_PRO-say_
(Counsel for Appellant-**Signature**)

Roland C. Anderson
(Name of Counsel - **Typed**)

113 Lloyd STR. W.A. Del.
(Address)

19804
_____

(Telephone Number)

michael Busenkell Esg.
(Counsel for Appellee)

300 Delaware Avenue
(Address)

Suite 1210 W.L. 19801

(302) - 425-8430
(Telephone Number)

**NOTE: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be listed on the Notice of Appeal sheet.**

Notice of Appeal
TO
U.S. Court of Appeals, Third circuit

Roland C. Anderson
vs.                    }}}  05 CV-0877
                       }}}  -for 07-1908
General motors

## motion to STAy — 15A monroment

I am filing motion to Stay however court processing until this Appeal Has been Hear, for Case NO# 05CV08: DisT. court number — of 07-1908 pending order. The defendant foil to Answer with 10 days As well — 1988-court Reeles 11.2, 11.4.

THAnk you

Roland C. Anderson
113 Lloyd STR,
Wil., Del, 19809

Conf. Sdain
U.S. court of Appeals, Third circuit
michHel Buxenkell Esq.
300 Del. Avenue
suite 1210 Wil. 19801

Date June 16, 07
Also on June 16, 07.

3

In The United State of District Court
for The District of Delaware

Roland C. Anderson                    ⟩ C.A-05-877 JJR
                                      ⟩⟩⟩
         Vs,                          ⟩

General motor

            motion to stay order (and)
                 Rule 16 scHEduling order Attack
_____

I'm Requesting motion to stay order for scheduling
order for Rule 16 for June 30-07 panping Appeal
to the THird circuit for case 05-877 JJR.
Appeal case No# 07-1908 stik an Appeal. at the
United States Court of Appeals. 1988 court Rules 11.2, 11.4

                        THank you
                        Roland C. Anderson
                        113Lloyd STX,
                        Wil. Del. 19804
                        302-994-0914

Ceuf; of Service.
Honorable Judge Joseph J, Farnan J.

OFFICE OF THE CLERK

**MARCIA M. WALDRON**    **UNITED STATES COURT OF APPEALS**    TELEPHONE

CLERK    FOR THE THIRD CIRCUIT    215-597-2995
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790
Website: pacer.ca3.uscourts.gov

# NOTICE

### Anderson v. General Motors

### No. 07-1908

Enclosed please find case opening information regarding the above-entitled appeal. **Our public website address is: pacer.ca3.uscourts.gov. Do not put "www" before the address. This website will provide you with valuable information with respect to this case, including the docket. It is suggested that, if the Internet is available to you, you become familiar with the website and the information it can provide you prior to calling the Clerk's Office.**

All written requests should be directed to the case manager listed below, at the above address. **Please be sure to include the four digit extension on the zip code.** All telephone inquires should be directed through our automated information system at 215-597-2995. For case management information, please press 1. If you have a question about briefs or appendices press 3 or, if you have a question with regard to the calendaring of cases, oral argument or video argument, please press 5.

In the event our automated system does not provide you with an answer to your inquiry, please contact the case manager listed below by dialing seven and the four digit extension number.

CASE MANAGER: Shannon L. Craven

TELEPHONE: 267-299-4959

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                     :
                                        :
            Plaintiff,                  :
                                        :
      v.                                : Civil Action No. 05-877 JJF
                                        :      CONSOLIDATED
GENERAL MOTORS,                         :
                                        :
            Defendant.                  :

## RULE 16 SCHEDULING ORDER

IT IS HEREBY ORDERED that:

1) **Discovery.** All discovery shall be commenced so as to be completed by **June 30, 2007.**

2) **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **July 20, 2007.** Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

3) **Pretrial Conference.** A Pretrial Conference will be held on **Thursday, October 4, 2007 at 3:00 p.m.,** in Courtroom No. 4B on the 4th Floor, Boggs Federal Building, Wilmington, Delaware. The Federal Rules of Civil Procedure and Rule 16.5 of the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995) shall govern the pretrial conference.

*Copy. of Services*

## Search Results

Roland C. Anderson
Roland C. Anderson, Pro Se
113 Lloyd St.
Wilmington, DE 19804


Michael Busenkell
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue
Suite 1360
Wilmington, DE 19801


**Total labels:** 2

## RULES OF CIVIL PROCEDURE

**APPEAL**

| | |
|---|---|
| | scribed by App.R. 4(a), whichever last expires. App.R. 4(a)(3). |
| By permission | Petition filed with circuit clerk with proof of service within time specified by statute or rule authorizing the appeal, or if no such time is specified, within the time provided by App.R. 4(a) for filing a notice of appeal.  App.R. 5(a). |
| Bankruptcy | If a motion for rehearing under Bankruptcy Rule 8015 is filed in a district court or in a bankruptcy appellate panel, time for appeal to court of appeals runs from entry of order disposing of motion. App.R. 6(b)(2)(A). |
| Class actions | Within 10 days after entry of order of district court granting or denying class action certification. Civ.R. 23(f). |
| Inmates | A notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing.  App.R. 4(c), 25(a). |
| Representation statement | Within 10 days after filing notice of appeal unless court of appeals designates another time, attorney who filed notice shall file with the circuit clerk a statement naming each party represented on appeal by that attorney.  App.R. 12(b). |
| Entry of judgment or order, notice of | Lack of such notice by clerk does not affect time to appeal or relieve or authorize court to relieve party for failure to appeal within time allowed, except as permitted in App.R. 4(a).  Civ.R. 77(d). |
| Record (Appellant) | Within 10 days after filing notice of appeal or entry of an order disposing of last timely remaining motion specified in App.R. 4(a)(4)(A), whichever is later:  Appellant to place written order for transcript and file copy of order with clerk; if none to be ordered, file a certificate to that effect; unless entire transcript to be included, file a statement of issues and serve appellee a copy of order or certificate and of statement.  App.R. 10(b). |
| Record (Appellee) | Within 10 days after service of appellant's order or certificate and statement, appellee to file and serve on appellant a designation of additional parts of transcript to be included.  Unless within 10 days after designation appellant has ordered such parts and so notified appellee, appellee may within following 10 days either order the parts or move in district court for order requiring appellant to do so. App.R. 10(b). |
| Record (costs) | At time of ordering, party to make satisfactory arrangements with reporter for payment of cost of transcript.  App.R. 10(b)(4). |
| Record (Reporter) | If transcript cannot be completed within 30 days of receipt of order, reporter shall request extension of time from circuit clerk.  App.R. 11(b). |
| Stay of proceedings to enforce judgment | Effective when supersedeas bond is approved by court.  Civ.R. 62(d). |
| | Supersedeas bond may be given at or after time of filing notice of appeal or of procuring the order allowing appeal.  Civ.R. 62(d). |
| Briefs | Appellant must serve and file a brief within 40 days after the record is filed.  Appellee must serve and file a brief within 30 days after service of the appellant's brief.  A reply brief may be filed within |

```
                        GENERAL DOCKET FOR
                   Third Circuit Court of Appeals

Court of Appeals Docket #: 07-1908                        Filed: 3/29/07 ⌐
Nsuit: 3442  Civil Rights: Jobs
Anderson v. GM Corp
Appeal from: U.S. District Court for the District of Delaware

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0311-1 : 05-cv-00877
     Trial Judge: Joseph J. Farnan, Jr., District Judge
     Date Filed: 12/19/05
     Date order/judgment: 3/1/07
     Date NOA filed: 3/22/07
     District: 0311-1 : 06-cv-00669
     Trial Judge: Joseph J. Farnan, Jr., District Judge
     Date Filed: 11/9/06
     Date order/judgment: 3/1/07
     Date NOA filed: 3/22/07
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: In Forma Pauperis

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
  None
Current cases:
                 Lead        Member      Start       End
     Related:
                 07- 1908    07- 2771    6/18/07
```

9

Proceedings include all events.
07-1908   Anderson v. GM Corp

ROLAND C. ANDERSON
   Appellant

Roland C. Anderson
[NTC pro]
113 Lloyd Street
Wilmington, DE 19804

  v.

GM CORP

Proceedings include all events.
07-1908   Anderson v. GM Corp

RONALD C. ANDERSON,

Appellant

v.

GENERAL MOTORS

(D.C. Nos. 05-cv-00877 and 06-cv-00699)

Proceedings include all events.
07-1908   Anderson v. GM Corp

3/29/07          CIVIL CASE DOCKETED.   Notice filed by Roland C. Anderson.
                 (slc) [07-1908]

3/29/07          RECORD available on District Court CM/ECF. (slc)
                 [07-1908]

4/3/07           TRANSCRIPT PURCHASE ORDER (PART I), no proceedings in
                 District Court. (slc) [07-1908]

4/3/07           LEGAL DIVISION LETTER SENT advising appeal has been listed
                 for possible dismissal (jurisdictional defect). (dg)
                 [07-1908]

4/4/07           **ATTORNEY NOT PARTICIPATING:** Teresa A. Cheek
                 advises that she will not participate in this appeal.
                 **[SEND TO MERITS PANEL]** (awi) [07-1908]

5/2/07           FOLLOW UP LETTER to Michael Busenkell requesting the
                 following documents: **Appearance Form **Disclosure
                 Statement (slc) [07-1908]

/ 2

the complaint to be delivered by U. S. Marshal and was singed by the party of G.M. within (4.1 R).

Count 3:      Your Honor, for Mr. Tyndall to try to mislead as stated above (evident) default was a result of the Defendant's culpable conduct to say he never received a complaint in which their own attorneys admitted to. See cast willfully or Bad Faith. {Gross v. Stereo Component System, Inc. 700-F2d 120.123 -24- (3d. cir. 1983}.

## Conclusion G.M. Creditability

1.      A decision to vacate the entry of default is left to the discretion of the District Court in making this determination. Court's consider whether the Plaintiff will be prejudiced if the court set aside the default.

Plaintiff alleged that he will be prejudiced by the delay. Reason evidences shows Defendant have the complaint and evidence show G.M. mislead this Court and DOL – by listing me as temporary and (Term full time) instead of (listing me as lay-off) an hourly worker; part of the records (file).

2.      Whether the Defendant has a Meritor ores defense. Your Honor as you can see, Defendant tried to mislead this Court. See and compare Tyndall statements about the complaint and U.S. Marshal he claims she never showed, badge is also misleading.

3.      And the default was a result of the Defendant culpable conduct.

Your Honor as you can see from weights of evidence, result of Defendant's culpable conduct, done in bad faith and willfully. See Cross v. Stereo Component System Inc.. 700 F.2d 120, 123-24 (2d.cir 1983).

By affidavit Mr. Tyndall, the document was pertaining to EEOC cast is totally misleading – reason see Sept. 15, 2006, letter from their lawyer about the complaint. Also attached, (please read and compare).

There is evidence on the records (Sept. 15, 2006) of their own admits about the complaint serve and order of Honorable Judge Franan's order (for the complaint) entry of Default should be warranted. Also violation of App. R. 4(C), 25(A) and App. R. 12(b), copy attached. Making their response a moot point, (also footnote of the Defendant on page 2, (attorney was and is

13

aware of the appeal), but violated R. 4(C), 25(A) as amend (my 15(A) amend). Defendant also error to say I need to file motion to say it was filed on June 11, 2007, at 2:11 p.m. Copy attached.

Thank You,

Roland C. Anderson
113 Lloyd Street
Wilmington, DE 19804
(302) 994-0914

Certificate of Service

Honorable Judge Franan
Michael G. Buschkell
300 Delaware Ave., Ste. 1300
Wilmington, DE 19801



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

September 8, 2005

Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

Re: Anderson v. General Motors
    EEOC Charge Number 170-2005-01768

Dear Mr. Anderson:

The information and evidence submitted by all parties regarding the above referenced charge has been reviewed. In order for the Commission to issue a determination that there is reasonable cause to believe that you were discriminated against, the record of evidence would have to support a conclusion that the Respondent took this into account in its actions. The information submitted by all parties does not indicate that there is a likelihood that continued investigation would result in obtaining evidence which would lead to a finding of a violation.

You allege that you were denied an application in March 2005, but learned approximately one month later, through various individuals, that Respondent filled some vacancies. You believe you were not given an application in retaliation for previous charge filing (170-1991-01375, 170-2000-01320, 17C-2004-00615 and 170-2003-00027), and because of your race, black and age, 52. In addition to these allegations, you believe you were denied benefits that you were entitled to because Respondent listed you as "terminated" and not "laid off" after working for Respondent previously.

Respondent agrees that you were an employee during the following periods: August 31, 1981, to September 21, 1981, and again from June 25, 1982 to October 1, 1982. According to the Collective Bargaining Agreement you did not reach a status of an employee, but remained listed as a temporary employee because:

"...employees shall be regarded as temporary employees until their names have been placed on the seniority list." Further, "Employees may acquire seniority by working 90 days during a period of six continuous months in which event the employee's seniority will date back 90 days from the date seniority is acquired."

Since you did not work within a period of six continuous months, you did not qualify as an employee with seniority but listed as a temporary employee. Therefore you do not have access to any accumulated benefits.

)

Regarding your hiring issue, Respondent states that no workers have been hired at that site since October 1999, indicating that there were no job opportunities at the time of your inquiry in March 2005.

This is to inform you that it will be recommended that the EEOC dismiss the charge. If the charge is dismissed, the Commission will issue a decision stating that it is unable to conclude that the information obtained establishes a violation of the statute. The decision would not certify that the Respondent is in compliance with the statute. The Dismissal and Notice of Rights which will be sent to you will allow you to file a private suit, if you want to pursue this matter further.

Sincerely,

Dianna I. Schley
Federal Investigator

EX.R  Att R d          E.R / prob. I Have
                              Scritory in .
                              (brief. Compla
                              blood - recall

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                )
                                   )
                Plaintiff,          )
                                   )
        v.                          )   C.A. No. 92-335-SLR
                                   )
GENERAL MOTORS, BOXWOOD             )
ROAD, WILMINGTON, DELAWARE         )
19804,                              )
                                   )
                Defendant.          )

### AFFIDAVIT OF DAVID L BULL

STATE OF DELAWARE        )
                         ) SS:
COUNTY OF NEW CASTLE     )

On this _16ᵗʰ_ day of September 1992 personally appeared before

me the undersigned Notary Public, David I. Bull, who did depose and say:

1.      I am an employee of General Motors Corporation at its Boxwood

Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal

Employment Opportunity and, as such, I have investigated the subject matter of the

Complaint filed by Roland C. Anderson in the above-captioned civil action and the

same matter when it was before the Equal Employment Opportunity Commission. I am

authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2.      The records of General Motors show that Plaintiff was employed

as an hourly worker from August 31 to September 21, 1981, when he was laid off.

During this period of time, he acquired no seniority rights, because he was not

/2

P2

employed for 90 days, as required under the terms of the applicable Collective Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off in October 1982. Under the Agreement he acquired certain seniority rights, including a right to be recalled to employment) but these rights expired on a "time for time" basis. Having been employed for only four months, Plaintiff's right to be recalled, as well as any other seniority rights, expired four months after he was laid off, that is, by February 1983.

3.      G.M. has not hired any permanent employees for manufacturing assembly work since 1987. During this period of time, all persons recalled to work were laid off employees who had seniority rights and a right to be recalled before persons without such rights were considered for employment. Telephone inquiries concerning employment opportunities have received the response, "We are not issuing applications nor do we expect any opportunities in the near future."

4.      Separate and apart from the matter of recalling former employees with seniority rights, there was a brief period when applications for temporary summer employment were processed. On May 13, 1992, 31 temporary employees were hired, but, as it turned out, they only worked for two weeks before being laid off. This took place long after Plaintiff had filed his complaint with the E.E.O.C. on or about December 27, 1991. Former employees who still have seniority rights do not have a right to recall to temporary summer employment.

5.      G.M. has no record of receipt of a job application by Plaintiff during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

-2-

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6.    I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C.    Attached is a copy of that response.

7.    G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

*David I. Bull*

David I. Bull

Sworn to and subscribed before me the day and year first above written.

*Constance L. McDorman-Mastone*

Notary Public
My Commission Expires: *Nov, 1993*

-3-

*The U.S. Equal Employment Opportunity Commission*

---

# Retaliation

An employer may not fire, demote, harass or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding.

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC, the Americans with Disabilities Act (ADA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA.

There are three main terms that are used to describe retaliation. Retaliation occurs when an employer, employment agency, or labor organization takes an **adverse action** against a **covered individual** because he or she engaged in a **protected activity**. These three terms are described below.

**Adverse Action**

    An adverse action is an action taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding. Examples of adverse actions include:

- employment actions such as termination, refusal to hire, and denial of promotion,

- other actions affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance, and

- any other action such as an assault or unfounded civil or criminal charges that are likely to deter reasonable people from pursuing their rights.

Adverse actions do not include petty slights and annoyances, such as stray negative comments in an otherwise positive or neutral evaluation, "snubbing" a colleague, or negative comments that are justified by an employee's poor work performance or history.

Even if the prior protected activity alleged wrongdoing by a different employer, retaliatory adverse actions are unlawful. For example, it is unlawful for a worker's current employer to retaliate against him for pursuing an EEO charge against a former employer.

Of course, employees are not excused from continuing to perform their jobs or follow their

## Need more information?

The law:

- Title VII of the Civil Rights Act

The regulations:

- 29 C.F.R Part 1604.11

Enforcement guidances and policy documents:

- EEOC Compliance Manual, Section 8, Retaliation (May 20, 1998)
- EEOC Compliance Manual, Section 2, Threshold Issues (May 12, 2000)

## You may also be interested in:

- How to File a Charge of Employment Discrimination
- Mediation at EEOC
- Training and Outreach
- Information for Small Employers

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6676
DIRECT FAX: (302) 576-3286
tcheek@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTE T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 15, 2006

## VIA E-FILE

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 N. King Street, Rm 4209
Lock Box 27
Wilmington, DE 19801

Re:    Anderson v. General Motors,
       C.A. No. 05-877-JJF

Dear Judge Farnan:

On behalf of Defendant General Motors, we file herewith as Exhibit A the Affidavit of Terry Tyndall, the individual to whom the U.S. Marshall delivered a copy of the Complaint in this matter. We are providing this document as additional support for our Response to Plaintiff's Motion for Default Judgment (D.I. 17), which we filed in response to Plaintiff's Motion for Default Judgment (D.I. 15).

In addition, we wish to notify the Court that we have been advised by the Clerk's office that no summons was ever issued in this case. Plaintiff has not complied with the requirements of Fed. R. Civ. P. 4(a) and (b) that a summons must be issued for each defendant to be served and must be served together with a copy of the complaint. The purpose of the summons is, of course, to put a defendant on notice that a response is required and to describe the consequences if no response if provided. No such notice was provided in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
September 15, 2006
Page 2

      Plaintiff's failure to obtain and serve a summons with the complaint precludes the entry of default judgment. We respectfully request that Plaintiff's motion be denied.

                                    Respectfully yours,

                                      /s/ *Teresa A. Cheek*
                                      Teresa A. Cheek
                                      Del. Bar No. 2657

Attachment (Affidavit of Terry Tyndall)

cc:    Clerk of Court (via EM/ECF)
        Roland C. Anderson (via U.S. Mail, postage prepaid)
        Michael Williams, Esquire (via e-mail)

                                        

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Roland C. Anderson      :

                     :

      vs.           :     **Civil Action No. 05-877-JJF**

                     :

General Motors Corp.     :

                     :

*Motion Reargument*
*And*
**Motion for Request**

Plaintiff contends that the court should enter default because Defendant has not filed an answer or other response to the complaint (within 20 days).

Defendant contends that entry of default is not warranted because service of process was procedurally deficient − states Terry Tyndall was not a person authorized to receive service on behalf of G.M. and did not learn of the proceeding until August 24, 2006, (court error to deny the motion).   Reason the law states service of process upon insurance, the clerk shall provide the summons to the party or parties' attorney.  Who shall be responsible for prompt service of the summons and a copy of the pleading.   Also failure to provide a form of summons shall not be bases to reject the pleading for filing, Rule 4.1.

Terry Tyndall people systems administration is a party of G.M., Rule 4.1, and is responsible for prompt service.

Defendant filed an answer to Plaintiff's motion (D.I. 17.3) copy attached.  Clearly shows G.M., Terry Tyndall's people systems administration received a copy of the complaint, Ex. B.

September 15, 2006, letter from Young, Conway, Stargatt E. Taylor, LLP states:

Dear Judge Farnan:

On behalf of the Defendant G.M., we file herewith as Ex. A the affidavit of Terry Tyndall; the individual to whom the U.S. Marshall delivered a copy of the complaint in this matter.

Your Honor clearly G.M. admits receiving the complaint.  Your Honor on page 3 of your order states Mr. Tyndall asserts that he believed the documents served upon him pertain to a

*15*

pending equal employment opportunity commission complaint filed by the COM plaintiff separate from the instant action is misleading by Mr. Tyndall. Reason stated by their own letter dated September 15, 2006, which clearly states it was the complaint service by the U.S. Marshall

Your Honor clearly from the record Mr. Tyndall was indeed, was service with the complaint by their own admits letter dated September 15, 2006. That will show he is misleading the court and record will show willfulness or bad faith.

In sum the court overlooked September 15, 2006, letter to show Mr. Tyndall indeed received complaint service to Tyndall and is a party of G.M., 4.1 rule. Your Honor this is why I requested counsel to access me in these legal issues to prove established prejudice against me. I am not a lawyer and clearly need one. I request one but was denied. Your Honor how can one win without a (pit) for justice?

                                        Thank you,

                                        Roland C. Anderson.

                                        Roland C. Anderson
                                        113 Lloyd Street
                                        Wilmington, DE  19804

cc:    District Court of Delaware
       The Honorable Judge Farnan
       Michael Busenkell esq, of
        Eckert Seamans
       C. Herrin
       Mellott LLC, Wilmington, DE
       Attorney for Defendant

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391
(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6676
DIRECT FAX: (302) 576-3286
tcheek@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 15, 2006

## VIA E-FILE

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 N. King Street, Rm 4209
Lock Box 27
Wilmington, DE 19801

Re:   Anderson v. General Motors,
C.A. No. 05-877-JJF

Dear Judge Farnan:

On behalf of Defendant General Motors, we file herewith as Exhibit A the Affidavit of Terry Tyndall, the individual to whom the U.S. Marshall delivered a copy of the Complaint in this matter. We are providing this document as additional support for our Response to Plaintiff's Motion for Default Judgment (D.I. 17), which we filed in response to Plaintiff's Motion for Default Judgment (D.I. 15).

In addition, we wish to notify the Court that we have been advised by the Clerk's office that no summons was ever issued in this case. Plaintiff has not complied with the requirements of Fed. R. Civ. P. 4(a) and (b) that a summons must be issued for each defendant to be served and must be served together with a copy of the complaint. The purpose of the summons is, of course, to put a defendant on notice that a response is required and to describe the consequences if no response if provided. No such notice was provided in this case.

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Joseph J. Farnan, Jr.
September 15, 2006
Page 2

Plaintiff's failure to obtain and serve a summons with the complaint precludes the entry of default judgment. We respectfully request that Plaintiff's motion be denied.

Respectfully yours,

/s/ *Teresa A. Cheek*
Teresa A. Cheek
Del. Bar No. 2657

Attachment (Affidavit of Terry Tyndall)

cc:    Clerk of Court (via EM/ECF)
Roland C. Anderson (via U.S. Mail, postage prepaid)
Michael Williams, Esquire (via e-mail)

900002.0005

Thank you,

Roland C. Anderson
113 Lloyd Street
Wilmington, DE 19804
(302) 994-0914
June 26, 2007

Certificate of Services
To Honorable Judge Joseph Farnan
Of District Court of the State of Delaware

Michael Busenkell
Eckert Seaman's Cherin & Mellott, LLC
300 Delaware Ave., Ste. 1360
Wilmington, DE 19801



Karen R. Anderson
143 Comple S74,
Wil. Del. 19804

Office of the Clerk
United States District Court
844 N. King Street, LockBox18
Wil. Del. 19801-3570

FIRST
CLASS



$2.16

U.S. JUSTICE
WILMINGTON DE
JUN ?? '07
AMOUNT