FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE    SS

# IN THE UNITED STATES DISTRICT COURT
## OF DELAWARE

Roland C. Anderson        :
                 :
       vs.           :      **Civil Action No. 05-877-JJF**
                 :
General Motors Corp.       :

## FACTS DISCOVERY

From <u>Division of Industrial Affairs</u>, here are **my** discovery and to the order for Fact Discovery deadline for October 12, 2007, Discovery – Ex. A.

Count 1:      Please b e advised that the information you have provided comes under the provision of the Privacy Act of 1974, Public <u>Law</u> 93-579 (and others).

Count 2:      Ex. B – Charge of discrimination – This firm is affected by the Privacy Act of 1974, charge number FEPA-06020096W (and EEOC if applicable). Date discrimination took place (June 1, 1982). (Charging protected class: Retaliation), latest December 19, 2005. Adverse employment action: Term and condition; benefits brief state of allegation – see attached Ex. B.

Count 3:      Ex. B – See evidence I was an hourly worker and laid off and acquired my 90 days under previous agreement.

Count 4:      Ex. C – Letter from Julie Klein Cutler, administrator, discrimination program. Julie Klein Cutler's letter states the following:

     1. Verified charge of discrimination – filed against the above named respondent under Tile VII, <u>DE Discrimination Employment Act</u>. See letter attached Ex. C (Rule of Discovery).

Count 5:      Letter from Dianna L. Schley – Federal Investigator. GM gave false information about my job status. GM states I was terminated, also a temporary.

A.    But EEOC response to a complaint clearly shows I was an hourly worker, acquired my 90 days and under a previous agreement, see proof Ex. B from affidavit of David L. Bull Ex. B.

These witnesses are willing to be a witness for trial/ pre-trial if need be.

## Witness List

Brenda Sams – DOL – investigator for this charge NO. 06020096W

Dave I. Bull – His affidavit to show I was an hourly worker and not a temporary or terminated, but was laid off.

Julie Klein Cutler, administrator (DOL)

Dianna I. Schley – EEOC – Federal Investigator

Willie Demouchette – EEO Consultant (Exhibits from GM job history)

David Johnstone – consultant from General Motors (letter – position statement)

Members from ACLU

Terry Tydnall – party to GM

Nancy Smith, member from union

Dr. Olor

*Thank you*
*Roland P. Anderson*

*DATE*
*10-11-07*

2

2

*EX A*



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

### *PRIVACY ACT STATEMENT*

Dear Charging Party:

1.    Please be advised that the information you have provided comes under the provisions of the Privacy Act of 1974, Public Law 93-579.

2.    The authority for requesting the personal information contained herein are provided in 42 U.S.C. 2000e(9), 29 U.S.C. 201, 29 U.S.C. 621; and 19 Del. C. § 712(c).

3.    The principal purpose of obtaining this information is to complete the Charge of Discrimination which will be verified by the Charging Party and served upon the Respondent. In some instances, witnesses' sworn statements may become relevant to determining the Charge of Discrimination.

4.    These forms are used to initiate and investigate the Charge of Discrimination under the laws and to impeach or substantiate a witness's testimony.

5.    Completion of the Verified Charge of Discrimination form is mandatory to initiate and process a Charge of Discrimination. Providing additional information on the verification form is optional. Failure to provide additional information has no effect on Department of Labor's ability to file and process the Charge of Discrimination.

6 9

| **CHARGE OF DISCRIMINATION** | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974 | ☐ FEPA 06020090W<br>☐ EEOC 17CA000275 |
| **Delaware Department of Labor** | and **EEOC** (if applicable) |

| **NAME** (Indicate Mr., Mrs., Ms)<br>Roland Anderson | **HOME TELEPHONE NO.** (Include Area Code)<br>(302) 994-0914 |
|---|---|
| **STREET ADDRESS**          **CITY, STATE AND ZIP CODE**<br>113 Lloyd Street   Wilmington DE 19804   NCC | **COUNTY** |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (*If more than one, list below.*)

| **NAME**<br>General Motors Corporation | **NO. OF EMPLOYEES OR MEMBERS** 100+ | **TELEPHONE NUMBER** (Incl. Area Code)<br>(713) 780-8056 |
|---|---|---|
| **STREET ADDRESS**          **CITY, STATE AND ZIP CODE**<br>1616 S. Voss, 10th Floor, Houston, TX 77057 ATT:  Elmer C. Jackson, III,<br>General Director, GM Employment Relations Center of Expertise | | |

| **NAME** | **TELEPHONE NUMBER** (Include Area Code) |
|---|---|
| **STREET ADDRESS**          **CITY, STATE AND ZIP CODE** | |

| ☐RACE ☐COLOR ☐SEX ☐RELIGION ☐NATIONAL ORIGIN ☐AGE<br><br>☒ RETALIATION    ☐DISABILITY ☐OTHER (Specify) | **DATE DISCRIMINATION TOOK PLACE**<br>**EARLIEST** 6/1/1982<br>**LATEST** 12/19/2005<br>☒ CONTINUING ACTION |
|---|---|

**THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):**

Jurisdiction:  Charging Party was employed with Respondent as a Body Shop/Production Technician since 1982 in Wilmington, DE, ending 10/82.

Charging Party's protected class:  Retaliation

Adverse employment action:  Terms and Conditions; Benefits

Brief statement of allegations:  Charging Party alleges that R retaliated against him because of negative statements made regarding his job status during an EEOC investigation. Consequently, Charging Party claims that Respondent falsely stated that he was a temporary employee instead of a permanent employee which has affected his union benefits. Charging Party claims that he was laid off as an hourly employee and Respondent hired white workers without contacting him first. Thereafter, Charging Party filed a racial discrimination charge which resulted in false information given to EEOC about his job status as a temporary worker. Ultimately, Charging Party claims that this is further evidence that Respondent's information is a form of retaliation because it affect his current benefit status.

Respondent's explanation:  Charging Party claims that Respondent has not given a reasonable explanation for placing him as a temporary worker after an investigation, while he previous worked as a hourly worker under a previous agreement.

Applicable law(s):  Title VII of the Civil Rights Act of 1964, as amended; DE Discrimination in Employment Act

Comparator(s) or other specific reason(s) for alleging discrimination:  Charging Party claims that Respondent's information during an EEOC investigation has revealed further adverse action in the form of retaliation because the information has negatively affected his union benefit status. Charging Party claims that during a legal preceeding, Dave Boyle, Respondent's EEOC Representative gave an affadavit that Charging Party was an hourly worker and under agreement acquired certain seniority rights under the previous collective bargaining agreement.

Additional information and verification of these facts are provided by the attached Verification.

| ☒ | I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | **SIGNATURE OF COMPLAINANT**<br>*Roland C. Anderson*  2-14-06<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|---|

DDOL FORM B- 05      PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED<br>REV 01-05

4



EX B

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )     C.A. No. 92-335-SLR
                                       )
GENERAL MOTORS, BOXWOOD                )
ROAD, WILMINGTON, DELAWARE             )
19804,                                 )
                                       )
            Defendant.                 )

### AFFIDAVIT OF DAVID L BULL

STATE OF DELAWARE          )
                           ) SS:
COUNTY OF NEW CASTLE       )

On this ___16th___ day of September 1992 personally appeared before

me the undersigned Notary Public, David I. Bull, who did depose and say:

1.      I am an employee of General Motors Corporation at its Boxwood

Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal

Employment Opportunity and, as such, I have investigated the subject matter of the

Complaint filed by Roland C. Anderson in the above-captioned civil action and the

same matter when it was before the Equal Employment Opportunity Commission. I am

authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2.      The records of General Motors show that Plaintiff was employed

as an hourly worker from August 31 to September 21, 1981, when he was laid off.

During this period of time, he acquired no seniority rights, because he was not

5      Pg. 1

*/2*

*P2*

employed for 90 days, as required under the terms of the applicable Collective Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off in October 1982. Under the Agreement he acquired certain seniority rights, including a right to be recalled to employment) but these rights expired on a "time for time" basis. Having been employed for only four months, Plaintiff's right to be recalled, as well as any other seniority rights, expired four months after he was laid off, that is, by February 1983.

3.    G.M. has not hired any permanent employees for manufacturing assembly work since 1987. During this period of time, all persons recalled to work were laid off employees who had seniority rights and a right to be recalled before persons without such rights were considered for employment. Telephone inquiries concerning employment opportunities have received the response, "We are not issuing applications nor do we expect any opportunities in the near future."

4.    - Separate and apart from the matter of recalling former employees with seniority rights, there was a brief period when applications for temporary summer employment were processed. On May 13, 1992, 31 temporary employees were hired, but, as it turned out, they only worked for two weeks before being laid off. This took place long after Plaintiff had filed his complaint with the E.E.O.C. on or about December 27, 1991. Former employees who still have seniority rights do not have a right to recall to temporary summer employment.

5.    G.M. has no record of receipt of a job application by Plaintiff during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6. I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C. Attached is a copy of that response.

7. G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

David I. Bull

Sworn to and subscribed before me the day and year first above written.

Notary Public
My Commission Expires: Nov, 1993



October 5, 2007

ROLAND C ANDERSON
113 LLOYD STREET
WILMINGTON, DE 198042821

**GM Benefits & Services Center**
gmbenefits.com
1-800-489-4646
**International Access**
Dial AT&T Direct® Access Code, then
877-833-9900
**TTY Service for Hearing or Speech Impaired**
1-877-347-5225

RE:  Hourly-Rate Employees Pension Plan "the Plan"

·ROLAND C ANDERSON:

**GM Benefits & Services Center**
P.O. Box 770003
Cincinnati, OH 45277-0070





STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

## CERTIFIED MAIL - RETURN RECEIPT REQUESTED

February 22, 2006

Personnel Manager
**General Motors Corporation**
1616 S. Voss Road, 10th Floor
Houston, TX 77057

RE:    **Anderson v. General Motors Corporation, Case No: 06020096W/17CA600275**

Dear Respondent:

Enclosed please find a **NOTICE OF CHARGE OF DISCRIMINATION**, along with the following documents:

1.    Verified Charge of Discrimination filed against the above-named Respondent;
2.    Mediation questionnaire;
3.    Copy of 19 <u>Del.</u> <u>Code</u> § 712 (c), describing the administrative process.

Pursuant to 19 <u>Del.</u> <u>Code</u> § 712 (c), the named Respondent has an opportunity at this time to "file an answer **within twenty (20) days of the receipt of the Charge of Discrimination**, certifying that a copy of the answer was mailed to the Charging Party at the address provided." **If you are interested in mediation, you do not need to file an answer at this time. If you elect this option you must check the appropriate provision of the enclosed <u>Invitation to Engage in Mediation</u> form and return it to us in lieu of your answer.**

This Charge of Discrimination has been filed under the following law(s), and as indicated by the case numbers referenced above.

☒ Title VII          ☒ DE Discrimination in Employment Act
☐ ADA               ☐ DE Handicapped Persons Employment Protection Act
☐ ADEA

We anticipate your full cooperation. If you intend to retain legal representation at any time throughout this process, please have your attorney enter his or her appearance so that future contact will be made through him or her.

Julie Cutler

Julie Klein Cutler, Administrator,
Discrimination Program

cc:  Charging Party (w/o enclosures)

DOL Form B-10W : 01/06

*9*

*The U.S. Equal Employment Opportunity Commission*

# Retaliation

An employer may not fire, demote, harass or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding.

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC, the Americans with Disabilities Act (ADA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA.

There are three main terms that are used to describe retaliation. Retaliation occurs when an employer, employment agency, or labor organization takes an **adverse action** against a **covered individual** because he or she engaged in a **protected activity**. These three terms are described below.

## Adverse Action

An adverse action is an action taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding. Examples of adverse actions include:

- employment actions such as termination, refusal to hire, and denial of promotion,

- other actions affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance, and

- any other action such as an assault or unfounded civil or criminal charges that are likely to deter reasonable people from pursuing their rights.

Adverse actions do not include petty slights and annoyances, such as stray negative comments in an otherwise positive or neutral evaluation, "snubbing" a colleague, or negative comments that are justified by an employee's poor work performance or history.

Even if the prior protected activity alleged wrongdoing by a different employer, retaliatory adverse actions are unlawful. For example, it is unlawful for a worker's current employer to retaliate against him for pursuing an EEO charge against a former employer.

Of course, employees are not excused from continuing to perform their jobs or follow their

## Need more information?

The law:

- Title VII of the Civil Rights Act

The regulations:

- 29 C.F.R Part 1604.11

Enforcement guidances and policy documents:

- EEOC Compliance Manual, Section 8, Retaliation (May 20, 1998)
- EEOC Compliance Manual, Section 2, Threshold Issues (May 12, 2000)

## You may also be interested in:

- How to File a Charge of Employment Discrimination
- Mediation at EEOC
- Training and Outreach
- Information for Small Employers



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

September 8, 2005

Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

Re: Anderson v. General Motors
    EEOC Charge Number 170-2005-01768

Dear Mr. Anderson:

The information and evidence submitted by all parties regarding the above referenced charge has been reviewed. In order for the Commission to issue a determination that there is reasonable cause to believe that you were discriminated against, the record of evidence would have to support a conclusion that the Respondent took this into account in its actions. The information submitted by all parties does not indicate that there is a likelihood that continued investigation would result in obtaining evidence which would lead to a finding of a violation.

You allege that you were denied an application in March 2005, but learned approximately one month later, through various individuals, that Respondent filled some vacancies. You believe you were not given an application in retaliation for previous charge filing (170-1991-01375, 170-2000-01320, 17C-2004-00615 and 170-2003-00027), and because of your race, black and age, 52. In addition to these allegations, you believe you were denied benefits that you were entitled to because Respondent listed you as "terminated" and not "laid off" after working for Respondent previously.

Respondent agrees that you were an employee during the following periods: August 31, 1981, to September 21, 1981, and again from June 25, 1982 to October 1, 1982. According to the Collective Bargaining Agreement you did not reach a status of an employee, but remained listed as a temporary employee because:

   "...employees shall be regarded as temporary employees until their names have been placed on the seniority list." Further, "Employees may acquire seniority by working 90 days during a period of six continuous months in which event the employee's seniority will date back 90 days from the date seniority is acquired."

Since you did not work within a period of six continuous months, you did not qualify as an employee with seniority but listed as a temporary employee. Therefore you do not have access to any accumulated benefits.

*11*

)

Regarding your hiring issue, Respondent states that no workers have been hired at that site since October 1999, indicating that there were no job opportunities at the time of your inquiry in March 2005. *(this is misleading — see list Attach G. no hiring STARTED 1981 and on. LIST Attach.)*

This is to inform you that it will be recommended that the EEOC dismiss the charge. If the charge is dismissed, the Commission will issue a decision stating that it is unable to conclude that the information obtained establishes a violation of the statute. The decision would not certify that the Respondent is in compliance with the statute. The Dismissal and Notice of Rights which will be sent to you will allow you to file a private suit, if you want to pursue this matter further.

Sincerely,

Dianna I. Schley
Federal Investigator

12

G.m — States, the plant Has not hired
    Worker since Oct. 1999. is misleading
See seniority List Attach. (Hire) in 1982
    Aw on, (List Attach).

*Seniority List t X B.*
*Name was never place on it*

-24-93 EXB    VIP REPORT 5150          S E N I O BxB R I T Y
EIS-4545-HOURLY
UNIT ID - 1907                                    WILMINGTON

| CLOCK | NAME/Started work at G.M. | OGM SENIORITY DATE | OGM DATE | SOCI. SECUR. |
|---|---|---|---|---|
| — | S H A KLABE 60 | 12-28-81 | 12-28-81 | 221-24- |
| — | S R S NULTON, JR. | 12-28-81 | 12-28-81 | 172-44- |
| — | S H S BURKINS | 03-01-82 | 03-01-82 | 199-42- |
| — | S R A FARMER 50 | 03-01-82 | 03-01-82 | 222-22- |
| — | S R G JENKINS | 03-01-82 | 03-01-82 | 139-46- |
| — | S J M RIGBY | 03-02-82 | 03-02-82 | 179-46- |
| — | S J J MCLAUGHLIN, JR. | 03-08-82 | 03-08-82 | 207-40- |
| — | S R P ALLEN | 03-15-82 | 03-15-82 | 222-30-1 |
| — | S R N CAMERON 50 | 03-30-82 | 03-30-82 | 214-36-1 |
| — | S C E KELLY | 04-19-82 | 04-19-82 | 185-40-6 |
| — | S W F BOLIN | 04-21-82 | 04-21-82 | 221-46-C |
| — | S D N HOOK | 04-26-82 | 04-26-82 | 185-36-5 |
| — | S J G MEYERS | 06-08-82 | 06-08-82 | 199-38-3 |
| — | P C M BLALOCK | 06-14-82 | 06-14-82 | 222-58-0 |
| — | M L BLALOCK, | 06-14-82 | 06-14-82 | 221-48-4 |
| — | F J DIETER | 06-14-82 | 06-14-82 | 159-38-7 |
| — | J W FOSTER | 06-14-82 | 06-14-82 | 156-60-2 |
| — | M J FRITZ | 06-14-82 | 06-14-82 | 221-46-9 |
| — | M J PETRUCCI | 06-14-82 | 06-14-82 | 222-4C-6 |
| — | J G SOCKOLOSKY, JR. | 06-14-82 | 06-14-82 | 221-54-8 |
| — | B K TINSLEY | 06-14-82 | 06-14-82 | 221-56-0 |
| — | D M HARVIE | 06-15-82 | 06-15-82 | 222-4C-7 |
| — | I L O'NEAL | 06-21-82 | 06-21-82 | 222-38-9 |
| — | C L DOUGHERTY | 06-22-82 | 06-22-82 | 221-38-8 |
| — | J J KUBOVCIK | 06-22-82 | 06-22-82 | 222-38-24 |
| — | R B LEWIS, JR | 06-22-82 | 06-22-82 | 222-56-65 |
| — | A L NEEDAM | 06-22-82 | 06-22-82 | 213-84-28 |
| — | M P TARONE | 06-22-82 | 06-22-82 | 221-48-83 |
| — | G WASND | 06-22-82 | 06-22-82 | 221-56-07 |
| — | R D PECHIN | 06-23-82 | 06-23-82 | 164-38-14 |
| — | R L DENSTEN | 06-28-82 | 06-28-82 | 147-58-89 |
| — | M L LIVINGSTON ✓ | 06-28-82 | 06-28-82 | 147-58-07 |
| — | T M JOHNSON ✓ | 07-02-82 | 07-02-82 | 222-58-81 |
| — | D C RILEY ✓ | 07-12-82 | 07-12-82 | 222-50-95 |
| — | T E VANN | 07-12-82 | 07-12-82 | 222-58-33 |
| — | T L WERSINGER | 07-12-82 | 07-12-82 | 222-46-0C |
| — | G A BIGGS | 07-14-82 | 07-14-82 | 222-42-16 |
| — | K L BAINE | 07-15-82 | 07-15-82 | 221-60-90 |
| — | D BUNGY | 07-15-82 | 07-15-82 | 222-50-05 |
| — | D A HOLDREN | 07-15-82 | 07-15-82 | 222-50-68 |
| — | N HUDSON | 07-15-82 | 07-15-82 | 221-34-24 |
| -20699 | B T RYLE 30 | 07-15-82 | 07-15-82 | 233-70-031 |
| — | R G ESTEP | 07-16-82 | 07-16-82 | 222-58-50 |

```
04-24-93    VIP REPORT 5150                    S E N I O R I T Y
GREIS-4545-HOURLY
   UNIT ID - 1907                                    WILMINGTON
```

| CLOCK | | NAME | OGM SENIORITY DATE | OGM DATE | SC SEC |
|---|---|---|---|---|---|
| 25 | - | P A HENRY | 05-18-81 | 05-18-81 | 221- |
| 25 | - | D A PALMER | 05-18-81 | 05-18-81 | 214- |
| 15 | - | N L PARKER | 05-18-81 | 05-18-81 | 222- |
| 17 | - | T J PATTS, JR. | 05-18-81 | 05-18-81 | 221-9 |
| 25 | - | L M PAISON | 05-18-81 | 05-18-81 | 204-5 |
| 17 | - | A J ROUWHORST | 05-18-81 | 05-18-81 | 221-5 |
| 25 | - | V D THOMPSON | 05-18-81 | 05-18-81 | 221-5. |
| 17 | - | E A TICHNELL | 05-18-81 | 05-18-81 | 220-7 |
| 25 | - | E WILSON, JR. | 05-18-81 | 05-18-81 | 221-54 |
| 11 | - | D K DIFILIPPO | 05-26-81 | 05-26-81 | 207-50 |
| 25 | - | J G DYE | 05-26-81 | 05-26-81 | 218-70 |
| 11 | - | R MARRERO | 05-26-81 | 05-26-81 | 218-72 |
| 25 | - | K A BLALOCK | 05-27-81 | 05-27-81 | 221-46 |
| 25 | - | C E GEORGE | 05-27-81 | 05-27-81 | 222-40 |
| 17 | - | D T HAMMOND | 05-27-81 | 05-27-81 | 221-46 |
| 25 | - | M D STANTON | 05-27-81 | 05-27-81 | 221-58 |
| 25 | - | J A PINER | 05-28-81 | 05-28-81 | 215-84 |
| 25 | - | D R HINTON | 06-01-81 | 06-01-81 | 221-54 |
| 17 | -20424 | T E JOHNSON 5° | 06-03-81 | 06-03-81 | 222-26 |
| 30 | - | J B MCLAUGHLIN | 06-15-81 | 06-15-81 | 221-30 |
| 25 | - | W J HALL, III | 06-22-81 | 06-22-81 | 222-46 |
| 41 | - | G E MCKEE | 06-22-81 | 06-22-81 | 211-36 |
| 25 | - | J A PERREGRINO | 06-22-81 | 06-22-81 | 222-50 |
| 25 | - | D M ERVIN 5° | 06-26-81 | 06-26-81 | 224-60 |
| 25 | - | L C MERCADO | 06-26-81 | 06-26-81 | 222-32 |
| 25 | - | G F CERNOS | 06-29-81 | 06-29-81 | 221-58 |
| 25 | - | T D COLE | 06-29-81 | 06-29-81 | 222-44 |
| 25 | - | R F JONES ↓8 | 06-29-81 | 06-29-81 | 222-30 |
| 25 | - | R A CRUZ | 07-02-81 | 07-02-81 | 221-50 |
| 25 | - | R C POWELL | 07-02-81 | 07-02-81 | 221-40 |
| 25 | - | R E BAKER | 07-03-81 | 07-03-81 | 222-46 |
| 05 | - | J M COSBY | 07-03-81 | 07-03-81 | 226-68 |
| 15 | - | J B DAVISON | 07-03-81 | 07-03-81 | 416-82 |
| 25 | - | M L LOPATIN | 07-03-81 | 07-03-81 | 148-50 |
| 25 | - | S BOHM 5° | 07-10-81 | 07-10-81 | 029-44 |
| 25 | - | R W SIMMENS | 07-10-81 | 07-10-81 | 136-48 |
| 25 | - | D A BENDLER | 07-13-81 | 07-13-81 | 221-48 |
| 25 | - | M K CHAMBERS | 07-13-81 | 07-13-81 | 221-58 |
| 17 | - | R A LUTAWAN | 07-13-81 | 07-13-81 | 222-60 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
ROLAND C. ANDERSON,        )
                           )
          Plaintiff,       )
                           )
     v.                    )   Civ. No. 05-877-JJF
                           )
GENERAL MOTORS,            )
                           )
          Defendant.       )
```

### ORDER

At Wilmington, this 2) day of February, 2006;

IT IS ORDERED:

The United States Marshal shall serve a copy of the complaint (D.I. 2) and this order upon Defendant as directed by Plaintiff. At the time the complaint was filed, pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff provided to the Court a U.S. Marshal-285 form and copy of the complaint as required for service. All costs of service shall be advanced by the United States.

No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

UNITED STATES DISTRICT JUDGE

16

Ex Q 

**U.S. Department of Justice**
**United States Marshals Service**

## PROCESS RECEIPT AND RETURN
*See Instructions for "Service of Process by the U.S. Marshal"*
*on the reverse of this form.*

| PLAINTIFF Roland A. Anderson | COURT CASE NUMBER 05-877 |
|---|---|
| DEFENDANT General Motor 901 Boxwood Rd, Wil. Del. 180 | TYPE OF PROCESS Q |

**SERVE** ▶ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDI

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

General motors
901 Boxwood Rd,
Wil, Del. 19804

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses,
*Telephone Numbers, and Estimated Times Available For Service):*
Fold

**FILED**

**MAR 30 2006**

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| Signature of Attorney or other Originator requesting service on behalf of: Roland C. Anderson | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 302-994-0914 | DATE Dec 15-05 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date 3.3. |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) Terry Tyndall   Peoples Systems Admin. | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service 3/29/06  Time 1437 pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

PRIOR EDITIONS
MAY BE USED

**1. CLERK OF THE COURT**

FORM USM-285 (Rev. 12/15/80)

(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Roland C. Anderson

_____
(Name of Plaintiff or Plaintiffs)

v.

CIVIL ACTION NO. _____

General Motors

_____
(Name of Defendant or Defendants)

## COMPLAINT

1.    This action is brought pursuant to _Title VII of Civil Rights Act of 1964_
(Federal statute on which action is based)

for discrimination related to _____Race  (Black)_____ jurisdiction exists by virtue of
(In what area did discrimination occur? e.g. race, sex, religion)

_____
(Federal statute on which jurisdiction is based)

2.    Plaintiff resides at  Roland C. Anderson    113 Lloyd Str.
(Street Address)

 Wil.   N/C  Del.                  19804
(City)    (County)       (State)      (Zip Code)

(302) 994-0914
(Area Code) (Phone Number)

3.    Defendant resides at, or its business is located at  General motors 901 Bowood R
(Street Address)

 Del.        N/C        Del.     19804
(City)     (County)     (State)    (Zip Code)

4.    The alleged discriminatory acts occurred on   15 , April , 2005
(Day)       (Month)       (Year)

5.    The alleged discriminatory practice  ☒ is   ☐ is not  continuing.

6.    Plaintiff(s) filed charges with the __BOOE___ __pHila . DISTRiCT off__
                                                      (Agency)

__THE Bourse   218, FiFTH STr. ,Suite400 - pHila PA. 19106 -__
    (Street Address)      (City)      (County)    (State) (Zip)

regarding defendant(s) alleged discriminatory conduct on: ___April 10 · 05___
                                                                   (Date)

7.    Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.    Was an appeal taken from the agency's decision?    Yes ☒    No ☐

      If yes, to whom was the appeal taken? __Mrs. MArie M. Tomasso DSJ, DiXed__

9.    The discriminatory acts alleged in this suit concern:  (Describe facts on additional sheets if

necessary)

___I Tried to Apply for A Job in MArcH 2005,___

__I was Not given A n Application and Told that the,__

__was not Hiring, On or About April 15, 2005 I LeArn__

__From Individuals, that Respondent was Hiring.__

__Also becaus of my Age 52. to belin the defndent__

__listed me as TERminated - (Actially I was saidoff)__

__it Also Has Had Retoliatory effect of my being denied__
__benefits to which I'Am Entiled, (Also see EXA-more Informa__

10.                  Defendant's conduct is discriminatory with respect to the following:

              A.     ☒     Plaintiff's race

              B.     ☐     Plaintiff's color

              C.     ☐     Plaintiff's sex

              D.     ☐     Plaintiff's religion

              E.     ☐     Plaintiff's national origin

11.    Plaintiff prays for the following relief:    (Indicate the exact relief requested)

_50k, and for pain / Suffering_

_and lost me, AS Laid-off sister instead of_

_Terminated_

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _Dece. 15, 05_

_Roland C. Hulberer_
_____
(Signature of Plaintiff)

20

E→B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    )
                                       )
             Plaintiff,                )
                                       )    Civil Action No. 05-877-JJF
      v.                               )
                                       )
GENERAL MOTORS CORPORATION,            )
                                       )
             Defendant.                )
                                       )
                                       )

## AFFIDAVIT

Terry Tyndall, being first duly sworn and of lawful age, hereby states as follows:

1.    My name is Terry Tyndall. I am of lawful age and I am competent to testify to the matters set forth in this Affidavit.

2.    I am currently a People Soft Administrator for General Motors    R.4.1 Corporation's facility located in Wilmington, Delaware. I have personal knowledge of the facts stated herein and if called to testify as a witness in this action, I would testify truthfully and competently to each of the following facts set forth in this Affidavit.

3.    In my capacity as a People Soft professional, I received some documents from a uniformed officer at the security gate. These documents appeared to relate to what I believed was a pending EEOC Complaint filed by Roland Anderson. These documents did not direct any action on GM's part and, therefore, I did not forward them to GM's Legal Department.

4.    Because I believed the documents were file copies of documents related to a prior EEOC Complaint, I left them for my supervisor so they could be placed in the appropriate file.

5.      I did not intentionally disregard the documents.  I did not see any documents or summons requesting any action on GM's part.

6.      Any failure to forward the documents to the Legal Department for processing was accidental on my part and not aimed at hindering the processing of this matter.

7.      Further affiant sayeth not.

_____
Terry Tyndall

STATE OF DELAWARE      )
                       ) SS.
COUNTY OF _____     )

On this _____ day of September, 2006, before me appeared Terry Tyndall, to me personally known, who being by me duly sworn, did state that the statements made in this Affidavit are true to the best of his knowledge and belief.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year last above written.

_____
Notary Public

My Commission Expires:

9/7/06

_____

JAMES B. CARLEY
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Nov. 7, 2007

CC 1734189v1

22

*Complaint copy for*
*ODC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Roland C. Anderson       :
                         :
        vs.              :       **Civil Action No. 05-877-JJF**
                         :
General Motors Corp.     :
                         :
_____    :

*Motion Reorguement*
*And*
**Motion for Request**

        Plaintiff contends that the court should enter default because Defendant has not filed an answer or other response to the complaint (within 20 days).

        Defendant contends that entry of default is not warranted because service of process was procedurally deficient – states Terry Tyndall was not a person authorized to receive service on behalf of G.M. and did not learn of the proceeding until August 24, 2006, (court error to deny the motion). Reason the law states service of process upon insurance, the clerk shall provide the summons to the party or parties' attorney. Who shall be responsible for prompt service of the summons and a copy of the pleading. Also failure to provide a form of summons shall not be bases to reject the pleading for filing, Rule 4.1.

        Terry Tyndall people systems administration is a party of G.M., Rule 4.1, and is responsible for prompt service.

        Defendant filed an answer to Plaintiff's motion (D.I. 17.3) copy attached. Clearly shows G.M., Terry Tyndall's people systems administration received a copy of the complaint, Ex. B.

        September 15, 2006, letter from Young, Conway, Stargatt E. Taylor, LLP states:

        Dear Judge Farnan:

                On behalf of the Defendant G.M., we file herewith as Ex. A the affidavit of Terry Tyndall; the individual to whom the U.S. Marshall delivered a copy of the complaint in this matter.

23



# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTE T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6676
DIRECT FAX: (302) 576-3286
tcheek@ycst.com

September 15, 2006

**VIA E-FILE**

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 N. King Street, Rm 4209
Lock Box 27
Wilmington, DE 19801

      Re:    Anderson v. General Motors,
               C.A. No. 05-877-JJF

Dear Judge Farnan:

      On behalf of Defendant General Motors, we file herewith as Exhibit A the Affidavit of Terry Tyndall, the individual to whom the U.S. Marshall delivered a copy of the Complaint in this matter. We are providing this document as additional support for our Response to Plaintiff's Motion for Default Judgment (D.I. 17), which we filed in response to Plaintiff's Motion for Default Judgment (D.I. 15).

      In addition, we wish to notify the Court that we have been advised by the Clerk's office that no summons was ever issued in this case. Plaintiff has not complied with the requirements of Fed. R. Civ. P. 4(a) and (b) that a summons must be issued for each defendant to be served and must be served together with a copy of the complaint. The purpose of the summons is, of course, to put a defendant on notice that a response is required and to describe the consequences if no response if provided. No such notice was provided in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Joseph J. Farnan, Jr.
September 15, 2006
Page 2

Plaintiff's failure to obtain and serve a summons with the complaint precludes the entry of default judgment. We respectfully request that Plaintiff's motion be denied.

Respectfully yours,

/s/ *Teresa A. Cheek*
Teresa A. Cheek
Del. Bar No. 2657

Attachment (Affidavit of Terry Tyndall)

cc:    Clerk of Court (via EM/ECF)
       Roland C. Anderson (via U.S. Mail, postage prepaid)
       Michael Williams, Esquire (via e-mail)

900002.0005

Your Honor – 4.1 also states failure to provide a <u>form</u> of <u>summons</u> shall not be a <u>basis</u> to reject the pleading for <u>filing</u>. Also see Federal Court. Policy for holding a Ohio law does that judgment entered by default are to be treated as if they had been fully a dedicated on the <u>merits</u> is simple; the need to have finality in judicial proceedings and simple fairness dictate that a person who chooses not to defend an action should not later be given a second chance to litigate the merits of that cause of action, see case law attached.

# JUDGMENT ⟷569

**Bkrtcy.N.D.Ohio 2000.** Under Ohio law, judgments entered by default are to be treated as if they had been fully adjudicated on the merits, for res judicata purposes.

In re Stoddard, 248 B.R. 111.

**Policy basis for holding, as Ohio law does, that judgments entered by default are to be treated as if they had been fully adjudicated on the merits, is simple: the need to have finality in judicial proceedings and simple fairness dictate that a person who chooses not to defend an action should not later be given a second chance to litigate the merits of that cause of action.**

In re Stoddard, 248 B.R. 111.

**Bkrtcy.S.D.Ohio 1995.** Under Ohio law, judgment by default rendered in foreclosure action is just as conclusive on persons properly made parties thereto as any other form of judgment.

In re Hoff, 187 B.R. 190.

Ohio law recognizes that default judgment can invoke the rules of res judicata as they apply to claim preclusion.

In re Hoff, 187 B.R. 190.

**Bkrtcy.E.D.Pa. 2000.** Under Pennsylvania law, judgment by default has res judicata effect and is as conclusive as one which is rendered on a verdict after litigation, insofar as defaulting party is concerned.

In re Gilson, 249 B.R. 645.

Under Pennsylvania law, default judgment is a final judgment, that bars further litigation of issues decided therein among parties.

In re Gilson, 249 B.R. 645.

**Bkrtcy.E.D.Va. 2000.** Where creditor had obtained a default judgment in its district court against a Chapter 7 debtor, there was an adjudication "on the merits" that would permit invocation of the doctrine of res judicata if not prohibited in creditor's subsequent dischargeability proceeding.

In re Gilson, 250 B.R. 226.

Default judgments may be the basis to preclude further litigation under the doctrine of res judicata.

In re Gilson, 250 B.R. 226.

Judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion, even if obtained upon a default.

In re Gilson, 250 B.R. 226.

Claims pled in creditor's adversary proceeding against Chapter 7 debtor were included in district court complaint and judgment on the debt arising from the postpetition judgment entered against debtor was dischargeable on the basis of res judicata;

district court complaint against debtor alleged embezzlement and larceny, each of whose elements were coextensive with the elements set forth in the discharge exception, and allegations proven in district court stated cause of action for Racketeer Influenced and Corrupt Organizations Act (RICO) fraud for which treble damages were awarded. Bankr.Code, 11 U.S.C.A. § 523(a)(4); 18 U.S.C.A. § 1961 et seq.

In re Gilson, 250 B.R. 226.

**Bkrtcy.E.D.Va. 1994.** Unlike collateral estoppel, res judicata ordinarily attaches to default judgments.

In re Kugler, 170 B.R. 291.

⟷569. Judgment on motion or summary proceeding in general.

**Library references**

C.J.S. Judgments §§ 716, 722, 748.

**C.A.9 (Cal.) 1999.** United States Supreme Court's summary denials of review of state court decisions are on the merits and have preclusive effect, despite the lack of oral argument or a written opinion.

Communications Telesystems Intern. v. California Public Utility Com'n, 196 F.3d 1011.

**C.A.5 (La.) 1999.** Order in which district court entered summary judgment in favor of certain defendants was interlocutory, rather than final, appealable judgment, and thus could not be used to invoke doctrine of res judicata. Fed.Rules Civ.Proc. Rule 54(b), 28 U.S.C.A.

Burge v. Parish of St. Tammany, 187 F.3d 452, rehearing denied, on remand 2000 WL 815879.

Although, in civil cases, a ruling on a motion for partial summary judgment is the law of the case on the issues decided, that ruling is not immutable and has no res judicata effect.

Burge v. Parish of St. Tammany, 187 F.3d 452, rehearing denied, on remand 2000 WL 815879.

**C.A.1 (Mass.) 1988.** Priest's negligence action against missionary society was barred by res judicata due to summary judgment entered against priest in earlier action against society on ground that claim involved religious controversy which was not proper subject of civil court inquiry, even though earlier action was phrased in contract terms, as both actions pertained to priest's treatment by society during period in which he was performing missionary work in Japan, and, thus, both actions arose out of same facts and circumstances.

Dowd v. Society of St. Columbans, 861 F.2d 761, rehearing denied.

**C.A.2 (N.Y.) 1991.** District court's prior refusal to hear fabric manufacturer's summary

For cited U.S.C.A. sections and legislative history, see United States Code Annotated

WIDENER U. LAW LIBRARY DELAWARE

G. m Also STATEs - I was Rehire AS A Temporary Employ

is also Misleading to this court. ✓

Court 1 - see Dave Bull Affidavit

Clearly Says on it Page - on PAGE 2

Former Employees who Still Have

Seniority Rights do NOT Have A Right

to Recall to Temporary Summer Employme

See PAGE 2 Attach.

28



EX 15 —

$\mathcal{3}_{11}$        1980's — Contract

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    )
                                       )
           Plaintiff,                  )
                                       )
     v.                                )   C.A. No. 92-335-SLR
                                       )
GENERAL MOTORS, BOXWOOD                )
ROAD, WILMINGTON, DELAWARE             )
19804,                                 )
                                       )
           Defendant.                  )
           **AFFIDAVIT OF DAVID I. BULL**

STATE OF DELAWARE      )
                       ) SS:
COUNTY OF NEW CASTLE   )

On this _16th_ day of September 1992 personally appeared before
me the undersigned Notary Public, David I. Bull, who did depose and say:

1.    I am an employee of General Motors Corporation at its Boxwood
Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal
Employment Opportunity and, as such, I have investigated the subject matter of the
Complaint filed by Roland C. Anderson in the above-captioned civil action and the
same matter when it was before the Equal Employment Opportunity Commission. I am
authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2.    The records of General Motors show that Plaintiff was employed
as an hourly worker from August 31 to September 21, 1981, when he was laid off.
During this period of time, he acquired no seniority rights, because he was not

/12

P2

employed for 90 days, as required under the terms of the applicable Collective Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off in October 1982. Under the Agreement he acquired certain seniority rights, including a right to be recalled to employment, but these rights expired on a "time for time" basis. Having been employed for only four months, Plaintiff's right to be recalled, as well as any other seniority rights, expired four months after he was laid off, that is, by February 1983.

3.     G.M. has not hired any permanent employees for manufacturing assembly work since 1987. During this period of time, all persons recalled to work were laid off employees who had seniority rights and a right to be recalled before persons without such rights were considered for employment. Telephone inquiries concerning employment opportunities have received the response, "We are not issuing applications nor do we expect any opportunities in the near future."

4.     Separate and apart from the matter of recalling former employees with seniority rights, there was a brief period when applications for temporary summer employment were processed. On May 13, 1992, 31 temporary employees were hired, but, as it turned out, they only worked for two weeks before being laid off. This took place long after Plaintiff had filed his complaint with the E.E.O.C. on or about December 27, 1991. Former employees who still have seniority rights do not have a right to recall to temporary summer employment.

5.     G.M. has no record of receipt of a job application by Plaintiff during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged.

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6.    I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C.  Attached is a copy of that response.

7.    G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992.  Plaintiff's complaint in this case was served on Defendant by ordinary mail.  It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail.  All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

_David I. Bull_
David I. Bull

Sworn to and subscribed before me the day and year first above written.

_Constance L. McGowan-Mantone_
Notary Public
My Commission Expires: Nov. 1993

*ExF*

Thank you,

*[signature]*

Roland C. Anderson
113 Lloyd Street
Wilmington, DE  19804
(302) 994-0914
June 26, 2007

Certificate of Services
To Honorable Judge Joseph Farnan
Of District Court of the State of Delaware

Michael Busenkell
Eckert Seaman's Cherin & Mellott, LLC
300 Delaware Ave., Ste. 1360
Wilmington, DE  19801

Also Contract STATES,

union security and check off of union membership Dues.

4. An -Employee who is a member of the union at the time THis Agreement becomes effective sHall continue membership in the union for the deuration of fee and the membership dues uineformly require AS A condition of Acquiring or Retaining membership in the Union.

Also see. 4A - 4B - 4C - 4d/4E (4F), 4G - 4I - 4J) Copy attach.

covered hereby, except employees of sales, accounting, personnel and industrial relations departments, superintendents and assistant superintendents, general supervisors, supervisors and assistant supervisors, and all other persons working in a supervisory capacity including those having the right to hire or discharge and those whose duties include recommendations as to hiring or discharging (but not leaders), and those employees whose work is of a confidential nature, time study persons, plant protection employees (but not to include employees assigned to maintenance patrol or fire patrol duties), all clerical employees, chief engineers and shift operating engineers in power plants, designing (drawing board), production, estimating and planning engineers, draftspersons and detailers, physicists, chemists, metallurgists, artists, designer-artists and clay plaster modelers, timekeepers, technical school students, and those technical or professional employees who are receiving training, kitchen and cafeteria help.

## Union Security and Check-Off of Union Membership Dues

(4) An employee who is a member of the Union at the time this Agreement becomes effective shall continue membership in the Union for the duration of this Agreement to the extent of paying an initiation fee and the membership dues uniformly required as a condition of acquiring or retaining membership in the Union.

(4a) An employee who is not a member of the Union at the time this Agreement becomes effective shall become a member of the Union within ten (10) days after the thirtieth (30th) day following the effective date of this Agreement or within ten (10) days after the thirtieth (30th) day following employment, whichever is later, and shall remain a member of the Union, to the extent of paying an initiation fee and the membership dues uniformly required as a condi

tion of acquiring or re Union, whenever emplo tion of, this Agreement.

[Se

(4b) Anything herei standing, an employee become a member of, or Union, as a condition of any state which prohibi ful, membership in a la tion of employment.

[S

(4c) The Union sh each employee covered ders to the Union the pe uniformly required as a taining membership in

[S

(4d) The Local Unic ment, not later than fift mentation of the autom any plant, the names direct to the Local U Union will advise Ma changes to this list.

[See Par. (4

(4e) Any dispute a membership in the Uni resentative of local Ma son of the local Shop C Secretary, and if not re Impartial Umpire.

(4f) "Member of t graphs (4) and (4a) ab holds membership in t not be more than thir payment of membershi

2



tion of acquiring or retaining membership in the Union, whenever employed under, and for the duration of, this Agreement.

[See App. D]

**(4b)** Anything herein to the contrary notwithstanding, an employee shall not be required to become a member of, or continue membership in, the Union, as a condition of employment, if employed in any state which prohibits, or otherwise makes unlawful, membership in a labor organization as a condition of employment.

[See App. D]

**(4c)** The Union shall accept into membership each employee covered by this Agreement who tenders to the Union the periodic dues and initiation fee uniformly required as a condition of acquiring or retaining membership in the Union.

[See App. D]

**(4d)** The Local Union will furnish Local Management, not later than fifteen (15) days prior to implementation of the automatic dues deduction system at any plant, the names of all members paying dues direct to the Local Union. Thereafter, the Local Union will advise Management, promptly, of any changes to this list.

[See Par. (4II),(4J),(4I),(4o),(4r)]

**(4e)** Any dispute arising as to the employee's membership in the Union shall be reviewed by a representative of local Management and the Chairperson of the local Shop Committee and/or the Financial Secretary, and if not resolved, may be decided by the Impartial Umpire.

**(4f)** "Member of the Union" as used in paragraphs (4) and (4a) above means any employee who holds membership in the Union. Such members shall not be more than thirty (30) days in arrears in the payment of membership dues.

3

(4g) Initiation fees for membership in the Union shall not exceed the maximum prescribed by the Constitution of the International Union at the time the employee becomes a member.

(4g1) In any state wherein Paragraphs (4) and (4a) of this Agreement cannot be made effective because of state law, an employee who is not a member of the Union at the time this Agreement becomes effective shall pay to the Union as a condition of continued employment, within ten (10) days after the thirtieth (30th) day following the effective date of this Agreement or within ten (10) days after the thirtieth (30th) day following employment, whichever is later, a sum equal to the Union's or local's initiation fee charged members and also a sum monthly which is equal to the monthly dues required of the Union's or local's members at each location, provided that such condition of continued employment is not prohibited by state law and, provided further, that such condition of continued employment continues to be lawful under the National Labor Relations Act, as amended.

(4g2) Any dispute which may arise as to whether or not an employee has paid the sum of money which is required to be paid as a condition of continued employment under Paragraph (4g1), shall be reviewed with the employee by a representative of the Local Union and a representative of Local Management. Should this review not dispose of the matter, the dispute may be referred to the Umpire whose decision shall be final and binding on the employee, the Union and the Corporation.

4

"AUTHORIZATION FOR CHECK-OFF OF DUES"

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW)

DETROIT, MICHIGAN 48214

SOCIAL SECURITY NO.

FIRST        MIDDLE