In The United States District Court for the District of Delaware

Roland C. Anderson ) C.A. No. 05-877JJF
vs )
General Motors Corp. )

Objection to there motion for extension (for the following Reason)

your Honor I Just Receive there motion on Oct 25, 07 for extension and Summary Judgment. (objection and in support of the objection, plaintiff states the Following – (Order) set for Discovery closed on Oct 12, 2007 and despositive motion are currently due on or before Nov. 9, 2007.

Defendant Attorney states for extension for Nov. 8-07 To complete discovery and December 8, 2007 to file its dispositive motion. But claims; (ly defendant counsel being unable to successfully schedule plaintffs desposition. But there was a Date set for the desposition on Sept, 21, 07. I Have to sign in At the front DESK on that Date and I met Mr. Michael Buskallard; His secetary. The Desposition was set on Sept 21, 07 and Time was At 10:00 Am. — But Mr. (Michael) (William) never show up At the Desposition.

Counsel for the defense – Also states (specifically plaintiff deposition was initially set by Agreement of the parties for Sept, 8, 2007. (Your) (Honor) this is untrue – on Sept 7, 07 The mail Around 2 or Three (days) (later) Letter Reads As soon As practical we need to get some dates for your deposition during the month of Sept. to be Taken at OUR local counsel in willington. BXB Letter Date of Letter Sept 7-07

CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED
2007 OCT 24 PM 3:35

if we do not receive dates from you on or before Sept. 14, 2007, we will have to proceed with noting up the deposition. on Sept. 10, 2007 Letter

From Defense counsel states the Following —

EXC. Attach. DEAR MR. Anderson (See Letter Date Sept. 10-07 (PART of Letter)

1. District court's order set dates By which discovery must be completed And motion must be filed, As such we have Requested that you provide dates that you are Available for your desposition on or before Sept. 14, 200

— Your Honor How can counsel says we HAD make Agree ment Set for Sept 8, 07 when this Letter was Date Sept. 10, 2007 (Counsel for defense is misleading the court).

Also, is mislead, when this Letter, said (You HAVE ALSO make some allegation with Regard to contacting disci linary counsel As you believe your due process right are being compromised. (untrue) — I contact ODC for there False states make About my Job States. and Violat of my civil Rights. (ODC Staff Investigating).

THE Agreement, was set for Sept. 21, 07 — And I was ther But MR. Williams was not there.

Counsel Also States - I file A motion to Stay, After Agreeing To His deposition (untrue AS Stated Above)

Then go on to said - (plaintiff file a motion to stay the Deposition because he did not Receive The written deposition notice seven (7) days prior to the deposit (This is Also untrue) SEE what was File On     Sept. 19, 07 - was NO motion to Stay

Reads - motion to Dismiss his order for despos

N. R.30.1 —/ Also 26-P37

R.30 - States for Reasonable notes for taking deposition, COPY Attach. EXD NOT motion to St

Clearly on if FACE -

Counsel go on to say - Due to the motion to st And Attempt to Avoid unnecessary costs the depos N. was cancelled and Rescheduled. (All misleads (Your) please Conpar.) Member   it was never set (Honor) for deposition for Sept. 8, 07 / Sept 10, 07 Letter FROM Counsel Releflex that (PLEASE COMPAR). — (Clearly misleading the court).

On page 2 of (Defense counsel motion)

Page 2

(Foot Note) - Defense states - counsel has had several discussion.
And sent letter Requesting - plaintiff's deposition.
(Untere) - Your Honor as you can see by the Evidences
There was two Conversations on Sept 7, 07 and Sept 10, 07
See Exc, correspondence confirms and Follow up our
Conversation From this morning. (please compan). Exc,

- counsel goes on to say - plaintiff Refused to Agree
To any deposition date until after the motion to
Stay were decided. - (your Honor Again misled
This court) - the motion I filed was Denied way
Back before any deposition was Requested.
see Judge order Aug. 16 - 07. (Discovery Deadline) Ex
                                        By oct 12, 07           E

- Also your Honor there was Notice to this court
on 10-3-07 - for my deposition for oct 24, 07. via
notice case no. 06-669JJF But was change to 05-877JJF
Also letter DATE oct 17, 2007 - About oct 24, 07 At
9:00. I Also Request in our conversation for Mr,
Tyndall to be there Also, But was never going
A DATE when He would be Available. (Not yet).
  EXE Attach - letter From Counsel, Mr, William,
Also letter DATed oct. 19, 2007. (No-DAtes or time
for Tyndall - Deposition - this one of the Reason
I Also Request for Extension But NO Answer
Form the court. (yet). Exg. -

<u>PAGE 2</u>
Counsel states( plaintiffs deposition curently set for
This Wednesday Oct 12-07. (In which I was there and
Did my deposition). This Time MR, William was there to

— counsel state the Following — ( it was properly notice
prior to the close of discovery. →) (my Answer — But
G,M knew there was A Deadline set for Discovery
for Oct 12-07 (in which I file my) G,m fail to
file for Anstension under the Rules of this court
R.16.4. Request for Extension for the deadline of disc
of Honorable Judge Farnan order 1set for Oct. 12.0
There motion (was/not) file until Oct 23.07. for 1st tension
set Docket Sheet Attach Ex H.

Counsel state (In Fact, At plaintiffs Request counsel
Agreed to set if MR. Tyndall's deposition could be taker
on that date Also;
          your Honor it was Agree for his deposition;
But there Att said he would not be Aviable, set,
Ex E. Tyndall is on medical until Least Dec.
And is unvailble for deposition until that time, u
(Both had Agree) counsel And me) — Ex E.

Also, Counsel state on Friday Oct. 19, 2007 plaintiff Again
file objection to his deposition, / The Reason was not
A objection, But Rule Vidation R. 30.1/ Also R. 26 — R.37-
Reasonable notice for Taking depositions. Ex D.

Counsel Contens I was trying to delay my deposition which is <u>entire</u>, I'Am not a lawyer and trying to work with out one, Because I was placed one, Back on May 16-07, And try to do Best I Can. (I'Am not a Lawyer). But I Do Have Due process. (for motions and Appeals). So I'Am ~~Not~~ Try to delay this Deposition -In Fact it is the Counsel delay the deposition, for not giving me and This court Tydnall Date and Time for His Deposition, And Trying to mislead this court As well; Evidence, 8 Hour its. if court gave me A Lawyer to Help me, it would be HELPFull. . enter Tile 42USC 2815, (I'Am Trying ) — I would respectfully Request A Brief conference with the court And All parties to discuss this Issue And Reach A prompt Resolution. (NOT TO DISRespect the court)

Counsel States — This Extension is sought in good faith And not for the purpose of delay. (But will not give me and the court A Date and Time for Deposition Tydnall deposition. ∟

Counsel States — plaintiff -PRO-SE - objects to this Requested Extension.

Your Honor I NEEDED see these motion for extension UNTil today May 10-25-07- I never Had the oppretunity to Respond before Judges Order Granting there motion for Extension.

I Have the Right to Respond with Evidences.

6

Where fore, for the foregoing Reasons
plaintiff Has, the Right to Respond before
the order was enter. (Due proses) - There was
Agree ment Set for Sept, 21, 07 and Mr. William
Never Show up. Evidence Attach, But I Also Came
There for my desposition on Oct 24, 09 At 9:00.
your Honor counsel    there Deadline for Discovery
and never file for Extension until After I Have no
problem with there Extension But I wanted to Set
The Records Right, and the opertinity to do so.

plaintiff Also would Agree for A Request A
Brief conference call between the Court
And the parties to this issue may be Resolved
And for such futher Relief As the court deems
necessary In The premises. Your Honor Evidence
are Attach. Also see Letter From court Report of
Oct, 24, 07 - Agreeable By Both porter not Sept. 8-07.

                              THank you
                              Roland C. Anderson
                              11340 4W Str.
                              W. De. 19804

Cerf. of Service:
Honorable Joshy Farren —
Ecfert Seamons cherin & Mellott
300 Del. Avenue, suite 1360
W R. De. 19801


                              DAte Oct, 25, 07

7



MICHAEL A. WILLIAMS
(816) 460-5562
EMAIL: MWILLIAMS@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

BUILDING 82,    ITE 1000
10851 MASTIN B    LEVARD
OVERLAND PARK, KANSAS (    10-1669
(913) 451-5100, FAX (913    51-0875

September 7, 2007

**VIA FEDEX**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE  19804

   Re: Anderson v. GM

Dear Mr. Anderson:

   As soon as practical, we need to get some dates for your deposition during the month of September to be taken at the offices of our local counsel in Wilmington.

   Thank you for your time and prompt attention to this matter. If we do not receive dates from you on or before September 14, 2007, we will have to proceed with noticing up the deposition.

       Very truly yours,

       LATHROP & GAGE L.C.

       By:

       Michael A. Williams

:raf

CC 1935178v1

**Change Your Expectations.**

Roland C. Anderson
September 10, 2007
Page 2

Very truly yours,

LATHROP & GAGE L.C.

By:

Michael A. Williams

:raf

(7)     The officer before whom the deposition is taken shall then identify himself or herself and swear the deponent on the record.

(b)     Conclusion. At the conclusion of the deposition, the operator shall state on the record that the deposition is concluded. When the length of the deposition requires the use of more than one electronic file or recorded media, the end of each file or recorded media and the beginning of each succeeding file or recorded media shall be announced on the record by the operator.

(c)     Timing by Digital Clock. The deposition shall be timed by a digital clock on the record which shall record and show continually each hour, minute and second of the deposition.

(d)     Custody. Counsel for the party taking the deposition shall take custody of and be responsible for the safeguarding of the recorded media. The custodian shall permit the viewing of the electronic file or recorded media , and shall provide a copy of such upon the request and at the cost of a party.

RULE 30.5. **Original Deposition Transcripts.**

It shall be the duty of the party on whose behalf the deposition was taken to make certain that the officer before whom it was taken has delivered the original transcript to such party.

RULE 30.6. **Depositions Upon Oral Examination.**

From the commencement until the conclusion of deposition questioning by an opposing party, including any recesses or continuances, counsel for the deponent shall not consult or confer with the deponent regarding the substance of the testimony already given or anticipated to be given, except for the purpose of conferring on whether to assert a privilege against testifying or on how to comply with a court order.

RULE 37.1. **Discovery Motions to Include the Discovery at Issue.**

Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 shall include, in the motion itself or in a memorandum, a verbatim recitation of each interrogatory, request, answer, response, or objection which is the subject of the motion or shall have attached a copy of the actual discovery document which is the subject of the motion.

## VI. TRIALS

RULE 38.1. **Notation of "Jury Demand" on the Pleading.**



MICHAEL A. WILLIAMS
(816) 460-5562
EMAIL: MWILLIAMS@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

2345 GRAND BOULEVARD
SUITE 2800
KANSAS CITY, MISSOURI 64108-2684
(816) 292-2000, FAX (816) 292-2001

September 10, 2007

**VIA FEDEX**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE  19804

      Re:    Anderson v. GM

Dear Mr. Anderson:

      This correspondence confirms and follows up our conversation from this morning. Specifically, we discussed your receipt of my letter dated September 7, 2007 and your recent appeal filed with the Third Circuit. As we also discussed, I have not and will not provide legal advice with regard to this case. However, the District Court's order sets dates by which discovery must be completed and motions must be filed. As such, we have requested that you provide dates that you are available for your deposition to me on or before September 14, 2007. It is my understanding from our conversation that you have requested the Third Circuit provide some correspondence indicating that this case is stayed until they rule on your motion for rehearing en banc or until you proceed to the Supreme Court. You have also made some allegation with regard to contacting disciplinary counsel as you believe your due process rights are being compromised.

      As I made clear to you in our conversation, unless and until I receive further direction from the Court, we need to proceed with the scheduling of your deposition. If you have not provided proposed dates to me by close of business on September 14, 2007, we will proceed with scheduling your deposition without your input. However, as we do not wish to have our client incur the cost of my traveling from Missouri to Ohio for a deposition if you are refusing to attend, we need some clarification from you on this point. Please understand that to the extent you fail and refuse to provide dates for your deposition and/or attend fail to your deposition, we will file the appropriate motions with the Court seeking the dismissal of this action and reimbursement of costs and fees.

      Thank you very much for your time and prompt attention to these matters.

CC 1935509v1

*10*

Change Your Expectations.

KANSAS CITY • OVERLAND PARK • ST. LOUIS • JEFFERSON CITY • SPRINGFIELD • BOULDER • WASHINGTON D.C. • NEW YORK • DENVER • CLAYTON

Roland C. Anderson
September 10, 2007
Page 2

Very truly yours,

LATHROP & GAGE L.C.

By:

Michael A. Williams

:raf

In The United States District Court Of Delaware

Roland C. Anderson     ≥ 05 CV 0877

VS,

General Motors

EXO

motion to Dismiss His order for
A deposition R.30.1 / Also R.26 - P.37

Rule 30.1 States - for Reasonable notice for taking dep sitions

unless otherwise ordered by the Court, "Reasonable
Notice" for the Taking of depositions under Fed.
R. Civ. P 30(b)(1) shall be not LESS than five days.
EXA R-30.1 attach.

Judge Farnan "order was on Aug 16, 07. I recive
A VIA - FedEx From Att: MICHAEL A. WILLIAMS
which. states on Sept, 7, 2007.
      AS soon AS Practical we need to get
some dates for your deposition during the month
of Sept, to be Taken at the offices of our Local 2 counsel
in Wil. — see letter attach EXB. Att: Mic had A,
Williams mis the Deadline. Also he never notfin the cout
R.26

                              Thank you
                              Roland C. Anderson /
Cenf. of service         118 Lloyd Str.
District cart of Del.    Wil, Del, 19804
Michael A Williams Esq:

                                        DATE Sept, 19,07

Rule 23.1          LOCAL DISTRICT COURT CIVIL RULES

## IV. PARTIES.

### Rule 23.1. Designation of "Class Action" in the caption.
In any case sought to be maintained as a class action, the complaint pleading asserting a class action, shall include next to its caption, the "Class Action."

Source. — Model Local Rule 23.1.

## V. DEPOSITIONS AND DISCOVERY.

### Rule 26.1. Form of certain discovery papers and permissible number of requests.
(a) *Sequential numbering.* The parties shall number each interrogatory, request, answer, response, or objection sequentially, regardless of the number of sets of interrogatories or requests.

(b) *Permissible number of interrogatories, document requests, requests for admission and depositions.* Unless otherwise ordered by the Court, there shall be no limitation upon the permissible number of document requests, requests for admission, or depositions, but no party shall propound more than 50 interrogatories to any other party. Each subpart shall be counted as a separate interrogatory.

(c) *Form of responses.* The party answering, responding, or objecting to written interrogatories, requests for production of documents or things, or requests for admission served pursuant to Rules 33, 34 or 36 of the Federal Rules of Civil Procedure may state any general objections and then shall quote each such interrogatory or request in full immediately preceding the statement of any answer, response, or objection thereto.

Source. — Model Local Rule 26.1; former Delaware Local Rule 26.1 with revisions.

### Rule 26.2. Confidentiality.
If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted *pro hac vice*. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case.

Source. — Former Local Rule 26.2.

### Rule 30.1. Reasonable notice for taking depositions.
Unless otherwise ordered by the Court, "reasonable notice" for the taking of depositions under Fed. R. Civ. P. 30 (b) (1) shall be not less than five days.

Source. — Former Delaware Local Rule 4.3A (first sentence).

EXE

WHEREAS, upon review of the factors, the Court concludes that a stay pending appeal is not warranted;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1)   Plaintiff's Motions To Stay (D.I. 39, 43) are **DENIED**;

2)   The deadline for fact discovery is extended until **October 12, 2007**;

3)   The deadline for filing case dispositive motions is extended until **November 9, 2007**.

August 16, 2007                     _____
                                    UNITED STATES DISTRICT JUDGE

14

ℰ&ℱ

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,    )
               )
    Plaintiff       )
               )
v.            )  Civil Action No. 05-877 JJF
               )
GENERAL MOTORS CORPORATION, )
               )
    Defendant.     )

## NOTICE OF DEPOSITION

TO: Roland C. Anderson
   113 Lloyd St.
   Wilmington, DE  19804
   Pro se plaintiff

Please take notice that defendant will take the deposition of *pro se* plaintiff Roland C. Anderson, on October 24, 2007, beginning at 9:00 a.m., at the offices of Eckert Seamans Cherin & Mellott, LLC, 300 Delaware Ave., Suite 1210, Wilmington, DE 19801.  The deposition will be continued from day to day beginning at 9:00 a.m. until completed and the witness is excused.  The deposition will be taken before a duly certified court reporter and can be used for all purposes permitted under Federal Rules of Civil Procedure, including trial.  All parties are invited to attend and participate.

          Respectfully submitted,

          Michael G. Busenkell (Del. Bar #3933)
          Margaret F. England (Del. Bar #4248)
          Eckert Seamans Cherin & Mellott, LLC
          300 Delaware Avenue, Suite 1210
          Wilmington, DE 19801
          (392) 425-0430

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                     )
                                        )
       Plaintiff                )
                                        )
v.                                      )        Civil Action No. 06-669 JJF
                                        )
GENERAL MOTORS CORPORATION,             )
                                        )
       Defendant.               )

### NOTICE OF DEPOSITION

TO:   Roland C. Anderson
       113 Lloyd St.
       Wilmington, DE  19804
       Pro se plaintiff

Please take notice that defendant will take the deposition of *pro se* plaintiff

Roland C. Anderson, on October 24, 2007, beginning at 9:00 a.m., at the offices of Eckert

Seamans Cherin & Mellott, LLC, 300 Delaware Ave., Suite 1210, Wilmington, DE

19801. The deposition will be continued from day to day beginning at 9:00 a.m. until

completed and the witness is excused. The deposition will be taken before a duly

certified court reporter and can be used for all purposes permitted under Federal Rules of

Civil Procedure, including trial. All parties are invited to attend and participate.

Respectfully submitted,

Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(302) 425-0430

**Discovery Documents**

1:06-cv-00669-JJF Anderson v. General Motors

PaperDocuments

## U.S. District Court

## District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Busenkell, Michael on 10/2/2007 at 5:00 PM EDT and filed on 10/2/2007

**Case Name:**        Anderson v. General Motors

**Case Number:**      1:06-cv-669

**Filer:**            General Motors

**Document Number:** 13

**Docket Text:**

NOTICE to Take Deposition of Roland C. Anderson on October 24, 2007 by General Motors.(Busenkell, Michael)

**1:06-cv-669 Notice has been electronically mailed to:**

Michael Busenkell    mbusenkell@eckertseamans.com

**1:06-cv-669 Notice has been delivered by other means to:**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE 19804

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/2/2007] [FileNumber=453200-0]
[91373c75d861966b0b054fe3d8c32a88d4e6431a0be0650ee87863fa2a629929a92a
5ab428c438o41b7d2aaa633273feb2141c6747719b2a53241940bd8f970a]]

17

| 10/03/2007 | 58 | NOTICE to Take Deposition of Roland C. Anderson on October 24, 2007 at 9:00 a.m. by General Motors.(Busenkell, Michael) (Entered: 10/03/2007) |
| 10/11/2007 | 59 | USCA Order Terminating Appeal as to 51 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Appeal Dismissed for lack of appellate jurisdiction. (pr, ) (Entered: 10/11/2007) |
| 10/12/2007 | 60 | RESPONSE to Discovery Request filed by Roland C. Anderson.(rwc) (Entered: 10/12/2007) |
| 10/19/2007 | 61 | Document titled "Motion to this Court/Violation of Judge's Order", construed as OBJECTIONS to 58 Notice to Take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/19/2007) |
| 10/22/2007 | 62 | MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* - filed by General Motors. (England, Margaret) (Entered: 10/22/2007) |
| 10/23/2007 | 63 | ORDER granting 62 MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* filed by General Motors. Setting Scheduling Order Deadlines Discovery due by 11/8/2007.,Dispositive Motions due by 12/7/2007. Signed by Judge Joseph J. Farnan, Jr. on 10/23/07. (dab) (Entered: 10/23/2007) |
| 10/24/2007 | 64 | MOTION for Extension of Time to Complete Discovery until at least December 7,2007 - filed by Roland C. Anderson. (bkb) (Entered: 10/24/2007) |

## Discovery Documents
### 1:05-cv-00877-JJF Anderson v. General Motors
APPEAL, LEAD, PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Busenkell, Michael on 10/3/2007 at 9:44 AM EDT and filed on 10/3/2007

**Case Name:**      Anderson v. General Motors
**Case Number:**      1:05-cv-877
**Filer:**      General Motors
**Document Number:** 58

**Docket Text:**
NOTICE to Take Deposition of Roland C. Anderson on October 24, 2007 at 9:00 a.m. by General Motors. (Busenkell, Michael)

### 1:05-cv-877 Notice has been electronically mailed to:

Michael Busenkell      mbusenkell@eckertseamans.com

### 1:05-cv-877 Notice has been delivered by other means to:

Roland C. Anderson
Roland C. Anderson, Pro Se
113 Lloyd St.
Wilmington, DE 19804

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/3/2007] [FileNumber=453347-0]
[7c87cf5bf5d02d9f089a755229e40e35b8775fcf93b77854b16474212c9d163372ea
48d75609acb0d196fe744e8b3bd0a3d2093c87d45808e9a6a6ec38974d8c]]



Michael A. Williams
(816) 460-5562
Email: mwilliams@lathropgage.com
www.lathropgage.com

2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
(816) 292-2000, Fax (816) 292-2001

October 17, 2007

**VIA FEDEX**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE 19804

Re:    Anderson v. GM

Dear Mr. Anderson:

As you are aware, your deposition is set for October 24, 2007 at our local counsel's office in Wilmington. I properly noticed up this deposition several weeks ago and it will begin at 9:00 a.m. As GM will be incurring the travel and deposition costs for me to attend this deposition, I want to make sure that you understand the importance of your attendance. If you fail to appear for this deposition, we will seek appropriate cost and relief from the Court, including requesting that your case be dismissed with prejudice.

Finally, while you have not noticed up any depositions, I wanted to make you aware that Mr. Tyndall is on medical leave and is unavailable for any deposition on October 24, 2007. Thank you.

Very truly yours,

LATHROP & GAGE L.C.

By:

Michael A. Williams

raf

CC i946367v1

19

Change Your Expectations.

Kansas City • Overland Park • St. Louis • Jefferson City • Springfield • Boulder • Washington D.C. • New York • Denver • Clayton



MICHAEL A. WILLIAMS
(816) 460-5562
EMAIL: MWILLIAMS@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

2345 GRAND BOULEVARD
SUITE 2800
KANSAS CITY, MISSOURI 64108-2684
(816) 292-2000, FAX (816) 292-2001

October 19, 2007

**VIA FACSIMILE: 302-633-1213**
**AND VIA FEDEX**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE 19804

Re:    Anderson v. GM

Dear Mr. Anderson:

As you are aware your deposition is set for October 24, 2007 at our local counsel's office in Wilmington. This deposition was properly noticed several weeks ago and it will begin at 9:00 a.m. I want to reiterate that as GM will be incurring the travel and deposition costs for me to attend this deposition, if you fail to appear for this deposition, we will seek appropriate costs and relief from the Court, including requesting that your case be dismissed with prejudice.

Mr. Tyndall is on medical leave until at least December and is unavailable for any deposition until that time. Additionally, as Mr. Tyndall was not involved in any decision related to the allegations in your Complaint we do not believe his deposition should hold up the resolution of this matter. Thank you.

Very truly yours,

LATHROP & GAGE L.C.

Dictated but not reviewed by
Mr. Williams to expedite delivery.

By:

Michael A. Williams

CC 1947448v1                                    26

**Change Your Expectations.**

KANSAS CITY • OVERLAND PARK • ST. LOUIS • JEFFERSON CITY • SPRINGFIELD • BOULDER • WASHINGTON D.C. • NEW YORK • DENVER • CLAYTON

**W&F**

**WILCOX & FETZER LTD.**

Registered Professional Reporters

October 24, 2007

CASE CAPTION:   Anderson v General Motors Corporation

Dear mr. Anderson:

The transcript of your deposition, taken 10-24-07 in the above-referenced matter, has been prepared and is available in our office for you to read and sign.

We will provide you with an Errata Sheet on which you may indicate changes or corrections.  Under the applicable rules, you have thirty (30) days within which to sign your deposition.  Otherwise, it may be filed as transcribed.

Our office is open 8:30 a.m. to 5:00 p.m., Monday through Friday.  Please call for an appointment.

Thank you for your prompt attention to this matter.

Sincerely,


Kristina Flynn
Production Manager