# IN THE UNITED STATES DISTRICT COURT
## OF DELAWARE

Roland C. Anderson            :

        vs.                   :          **Civil Action No. 05-877-JJF**

General Motors Corp.          :



FILED
2007 NOV -7   AM 10: 59
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## FACTS DISCOVERY  ℓ 26

From <u>Division of Industrial Affairs</u>, here *is my* discovery and to the order for Fact Discovery deadline for *Nov 8, 07* Discovery – Ex. A.

Count 1:    Please        dvised that the information you have provided comes under the provision of the Privacy Act of 1974, Public <u>Law</u> 93-579 (and others).

Count 2:    Ex. B – Charge of discrimination – This firm is affected by the Privacy Act of 1974, charge number FEPA-06020096W (and EEOC if applicable).    Date discrimination took place (June 1, 1982).  (Charging protected class:  Retaliation), latest December 19, 2005.  Adverse employment action:  Term and condition; ~~benefits brief state of allegation – see attached Ex. B.~~

Count 3:    Ex. B – See evidence I was an hourly worker and laid off and acquired my 90 days under previous agreement.

Count 4:    Ex. C – Letter from Julie Klein Cutler, administrator, discrimination program. Julie Klein Cutler's letter states the following:

    1.  Verified charge of discrimination – filed against the above named respondent under Tile VII, <u>DE Discrimination Employment Act</u>.  See letter attached Ex. C (Rule of Discovery).

Count 5:    Letter from Dianna L. Schley – Federal Investigator.  GM gave false information about my job status.  GM states I was terminated, also a temporary.  .

A. But EEOC response to a complaint clearly shows I was an hourly worker, acquired my 90 days and under a previous agreement, see proof Ex. B from affidavit of David L. Bull Ex. B.

These witnesses are willing to be a witness for trial/ pre-trial if need be.

**Witness List**

Brenda Sams – DOL – investigator for this charge NO. 06020096W

Dave I. Bull – His affidavit to show I was an hourly worker and not a temporary or terminated, but was laid off.

Julie Klein Cutler, administrator (DOL)

Dianna I. Schley – EEOC – Federal Investigator

Willie Demouchette – EEO Consultant (Exhibits from GM job history)

David Johnstone – consultant from General Motors (letter – position statement)

Members from ACLU

Terry Tydnall – party to GM

Nancy Smith, member from union

Dr. Olor

chair person for union Local 435 – And policies And procedures, Hiring practices – Mr. Dennis Homond – Appilcable collective BAKing Agreement and contract Agreement – between G.M – union Employee.

Thank you

Roland P. Anderson

DAte
10-11-07



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

September 8, 2005

Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

Re: Anderson v. General Motors
    EEOC Charge Number 170-2005-01768

Dear Mr. Anderson:

The information and evidence submitted by all parties regarding the above referenced charge has been reviewed. In order for the Commission to issue a determination that there is reasonable cause to believe that you were discriminated against, the record of evidence would have to support a conclusion that the Respondent took this into account in its actions. The information submitted by all parties does not indicate that there is a likelihood that continued investigation would result in obtaining evidence which would lead to a finding of a violation.

You allege that you were denied an application in March 2005, but learned approximately one month later, through various individuals, that Respondent filled some vacancies. You believe you were not given an application in retaliation for previous charge filing (170-1991-01375, 170-2000-01320, 17C-2004-00615 and 170-2003-00027), and because of your race, black and age, 52. In addition to these allegations, you believe you were denied benefits that you were entitled to because Respondent listed you as "terminated" and not "laid off" after working for Respondent previously.

Respondent agrees that you were an employee during the following periods: August 31, 1981, to September 21, 1981, and again from June 25, 1982 to October 1, 1982. According to the Collective Bargaining Agreement you did not reach a status of an employee, but remained listed as a temporary employee because:

"...employees shall be regarded as temporary employees until their names have been placed on the seniority list." Further, "Employees may acquire seniority by working 90 days during a period of six continuous months in which event the employee's seniority will date back 90 days from the date seniority is acquired."

Since you did not work within a period of six continuous months, you did not qualify as an employee with seniority but listed as a temporary employee. Therefore you do not have access to any accumulated benefits.



Regarding your hiring issue, Respondent states that no workers have been hired at that site since October 1999, indicating that there were no job opportunities at the time of your inquiry in March 2005.

This is to inform you that it will be recommended that the EEOC dismiss the charge. If the charge is dismissed, the Commission will issue a decision stating that it is unable to conclude that the information obtained establishes a violation of the statute. The decision would not certify that the Respondent is in compliance with the statute. The Dismissal and Notice of Rights which will be sent to you will allow you to file a private suit, if you want to pursue this matter further.

Sincerely,

Dianna I. Schley
Federal Investigator

*EX A*



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

## *PRIVACY ACT STATEMENT*

Dear Charging Party:

1. Please be advised that the information you have provided comes under the provisions of the Privacy Act of 1974, Public Law 93-579.

2. The authority for requesting the personal information contained herein are provided in 42 U.S.C. 2000e(9), 29 U.S.C. 201, 29 U.S.C. 621; and 19 Del. C. § 712(c).

3. The principal purpose of obtaining this information is to complete the Charge of Discrimination which will be verified by the Charging Party and served upon the Respondent. In some instances, witnesses' sworn statements may become relevant to determining the Charge of Discrimination.

4. These forms are used to initiate and investigate the Charge of Discrimination under the laws and to impeach or substantiate a witness's testimony.

5. Completion of the Verified Charge of Discrimination form is mandatory to initiate and process a Charge of Discrimination. Providing additional information on the verification form is optional. Failure to provide additional information has no effect on Department of Labor's ability to file and process the Charge of Discrimination.



DEPOSITION
EXHIBIT
Anderson 5
10/24/07

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**Delaware Department of Labor**

| ENTER CHARGE NUMBER |
|---|
| ☐ **FEPA** 060200960w |
| ☐ **EEOC** 17CA000275 |

and **EEOC** (if applicable)

| **NAME** (Indicate Mr., Mrs., Ms) Roland Anderson | **HOME TELEPHONE NO.** (Include Area Code) (302) 994-0914 | |
|---|---|---|
| **STREET ADDRESS**   **CITY, STATE AND ZIP CODE** 113 Lloyd Street   Wilmington DE 19804   NCC | | **COUNTY** |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one, list below.*)

| **NAME** General Motors Corporation | **NO. OF EMPLOYEES OR MEMBERS** 100+ | **TELEPHONE NUMBER** (Incl. Area Code) (713) 780-8056 |
|---|---|---|
| **STREET ADDRESS**   **CITY, STATE AND ZIP CODE** 1616 S. Voss, 10th Floor, Houston, TX 77057 ATT: Elmer C. Jackson, III, General Director, GM Employment Relations Center of Expertise | | |
| **NAME** | **TELEPHONE NUMBER** (Include Area Code) | |
| **STREET ADDRESS**   **CITY, STATE AND ZIP CODE** | | |

| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE  ☒ RETALIATION ☐ DISABILITY ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE **EARLIEST** 6/1/1982 **LATEST** 12/19/2005 ☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party was employed with Respondent as a Body Shop/Production Technician since 1982 in Wilmington, DE, ending 10/82.

Charging Party's protected class: Retaliation

Adverse employment action: Terms and Conditions; Benefits

Brief statement of allegations: Charging Party alleges that R retaliated against him because of negative statements made regarding his job status during an EEOC investigation. Consequently, Charging Party claims that Respondent falsely stated that he was a temporary employee instead of a permanent employee which has affected his union benefits. Charging Party claims that he was laid off as an hourly employee and Respondent hired white workers without contacting him first. Thereafter, Charging Party filed a racial discrimination charge which resulted in false information given to EEOC about his job status as a temporary worker. Ultimately, Charging Party claims that this is further evidence that Respondent's information is a form of retalialtion because it affect his current benefit status.

Respondent's explanation: Charging Party claims that Respondent has not given a reasonable explanation for placing him as a temporary worker after an investigation, while he previous worked as a hourly worker under a previous agreement.

Applicable law(s): Title VII of the Civil Rights Act of 1964, as amended; DE Discrimination in Employment Act

Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party claims that Respondent's information during an EEOC investigation has revealed further adverse action in the form of retaliation because the information has negatively affected his union benefit status. Charging Party claims that during a legal preceeding, Dave Boyle, Respondent's EEOC Representative gave an affadavit that Charging Party was an hourly worker and under agreement acquired certain seniority rights under the previous collective bargaining agreement.

Additional information and verification of these facts are provided by the attached Verification.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT Roland C. Anderson  2-14-06 |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

DDOL FORM B-05      PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED
REV 01-05





STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

## CERTIFIED MAIL - RETURN RECEIPT REQUESTED

February 22, 2006

Personnel Manager
**General Motors Corporation**
1616 S. Voss Road, 10th Floor
Houston, TX 77057

RE:    **Anderson v. General Motors Corporation, Case No: 06020096W/17CA600275**

Dear Respondent:

Enclosed please find a NOTICE OF CHARGE OF DISCRIMINATION, along with the following documents:

1.    Verified Charge of Discrimination filed against the above-named Respondent;
2.    Mediation questionnaire;
3.    Copy of 19 Del. Code § 712 (c), describing the administrative process.

Pursuant to 19 Del. Code § 712 (c), the named Respondent has an opportunity at this time to "file an answer **within twenty (20) days of the receipt of the Charge of Discrimination**, certifying that a copy of the answer was mailed to the Charging Party at the address provided." **If you are interested in mediation, you do not need to file an answer at this time. If you elect this option you must check the appropriate provision of the enclosed Invitation to Engage in Mediation form and return it to us in lieu of your answer.**

This Charge of Discrimination has been filed under the following law(s), and as indicated by the case numbers referenced above.

☒ Title VII          ☒ DE Discrimination in Employment Act
☐ ADA                ☐ DE Handicapped Persons Employment Protection Act
☐ ADEA

We anticipate your full cooperation. If you intend to retain legal representation at any time throughout this process, please have your attorney enter his or her appearance so that future contact will be made through him or her.

*Julie Cutler*

Julie Klein Cutler, Administrator,
Discrimination Program

cc:  Charging Party (w/o enclosures)

DOL Form B-10W : 01/06





*The U.S. Equal Employment Opportunity Commission*

# Retaliation

An employer may not fire, demote, harass or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding.

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC, the Americans with Disabilities Act (ADA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA.

There are three main terms that are used to describe retaliation. Retaliation occurs when an employer, employment agency, or labor organization takes an **adverse action** against a **covered individual** because he or she engaged in a **protected activity**. These three terms are described below.

**Adverse Action**

An adverse action is an action taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding. Examples of adverse actions include:

- employment actions such as termination, refusal to hire, and denial of promotion,

- other actions affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance, and

- any other action such as an assault or unfounded civil or criminal charges that are likely to deter reasonable people from pursuing their rights.

Adverse actions do not include petty slights and annoyances, such as stray negative comments in an otherwise positive or neutral evaluation, "snubbing" a colleague, or negative comments that are justified by an employee's poor work performance or history.

Even if the prior protected activity alleged wrongdoing by a different employer, retaliatory adverse actions are unlawful. For example, it is unlawful for a worker's current employer to retaliate against him for pursuing an EEO charge against a former employer.

Of course, employees are not excused from continuing to perform their jobs or follow their

## Need more information?

The law:

- Title VII of the Civil Rights Act

The regulations:

- 29 C.F.R Part 1604.11

Enforcement guidances and policy documents:

- EEOC Compliance Manual, Section 8, Retaliation (May 20, 1998)
- EEOC Compliance Manual, Section 2, Threshold Issues (May 12, 2000)

## You may also be interested in:

- How to File a Charge of Employment Discrimination
- Mediation at EEOC
- Training and Outreach
- Information for Small Employers

your Honor — more proof — I was Here As Hourly Employee

From G. M. Benefits & Services center + Attach., and

Not.    A temporary,    NOR was I Terminated.

Like Gm stated — (G. m is Trying to mislead the court).

...ober 5, 2007

ROLAND C ANDERSON
113 LLOYD STREET
WILMINGTON, DE 198042821

**GM Benefits & Services Center**
gmbenefits.com
1-800-489-4646
**International Access**
Dial AT&T Direct® Access Code, then
877-833-9900
**TTY Service for Hearing or Speech Impaired**
1-877-347-5225

RE:   Hourly-Rate Employees Pension Plan "the Plan"

ROLAND C ANDERSON:

**GM Benefits & Services Center**
P.O. Box 770003
Cincinnati, OH 45277-0070

DEPOSITION
EXHIBIT
Anders- 9
op 10/24/0?
PENGAD 800-631-6989

3.GM-B-231O.100                                   W029360-05OCT07

**The Trustee of the UAW-GM Legal Services Plan, who accumulates assets through which Legal Services Plan benefits are provided, is:**

Comerica N.A.
Fort & Washington Boulevard
Detroit, Michigan 48226

**The Trustee of the Health Care Program, who accumulates assets through which Health Care Program benefits are provided, is:**

State Street Bank and Trust Company
Master Trust Division
One Enterprise Drive
North Quincy, MA 02171

*Once you become A member (90 dAys,) As Require)*

## Collective Bargaining Agreement

The Hourly-Rate Employees Pension Plan, Life and Disability Benefits Program, Health Care Program, Supplemental Unemployment Benefit Plan, Guaranteed Income Stream Benefit Program, Profit Sharing Plan, Personal Savings Plan, and the UAW-GM Legal Services Plan, each as described in this booklet, are maintained pursuant to a collective bargaining agreement with the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America. A copy of the agreement may be obtained upon your written request to the Plan Administrator.

*See DAve Bull — Affidavit from The Record of General motor*



*EX B 11*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                )
                                   )
            Plaintiff,             )
                                   )
    v.                             )   C.A. No. 92-335-SLR
                                   )
GENERAL MOTORS, BOXWOOD            )
ROAD, WILMINGTON, DELAWARE         )
19804,                             )
                                   )
            Defendant.             )

### AFFIDAVIT OF DAVID L. BULL

STATE OF DELAWARE     )
                      ) SS:
COUNTY OF NEW CASTLE  )

DEPOSITION
EXHIBIT
Anderson 10
QP 10/24/02

On this _16th_ day of September 1992 personally appeared before

me the undersigned Notary Public, David I. Bull, who did depose and say:

1.    I am an employee of General Motors Corporation at its Boxwood

Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal

Employment Opportunity and, as such, I have investigated the subject matter of the

Complaint filed by Roland C. Anderson in the above-captioned civil action and the

same matter when it was before the Equal Employment Opportunity Commission. I am

authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2.    The records of General Motors show that Plaintiff was employed

as an hourly worker from August 31 to September 21, 1981, when he was laid off.

During this period of time, he acquired no seniority rights, because he was not

employed for 90 days, as required under the terms of the applicable Collective
Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off
in October 1982. Under the Agreement he acquired certain seniority rights, including a
right to be recalled to employment) but these rights expired on a "time for time" basis.
Having been employed for only four months, Plaintiff's right to be recalled, as well as
any other seniority rights, expired four months after he was laid off, that is, by
February 1983.

        3.      G.M. has not hired any permanent employees for manufacturing
assembly work since 1987. During this period of time, all persons recalled to work
were laid off employees who had seniority rights and a right to be recalled before
persons without such rights were considered for employment. Telephone inquiries
concerning employment opportunities have received the response, "We are not issuing
applications nor do we expect any opportunities in the near future."

        4.     Separate and apart from the matter of recalling former employees
with seniority rights, there was a brief period when applications for temporary summer
employment were processed. On May 13, 1992, 31 temporary employees were hired,
but, as it turned out, they only worked for two weeks before being laid off. This took
place long after Plaintiff had filed his complaint with the E.E.O.C. on or about
December 27, 1991. Former employees who still have seniority rights do not have a
right to recall to temporary summer employment.

        5.      G.M. has no record of receipt of a job application by Plaintiff
during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

      6.    I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C. Attached is a copy of that response.

      7.    G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

_David I. Bull_
David I. Bull

Sworn to and subscribed before me the day and year first above written.

_Constance L. McDorman-Martone_
Notary Public
My Commission Expires: Nov, 1993

your Honor Rember Deposition Exhibit 10 - Clearly
States I was Rehire June 25, 1982 - to Oct. 1982.
Acquire certain seniority Rights. But General motors
never put my Name on seniority list. (NEXT PAGE) LIST of
seniority LIST. / In Fact NAmes of the ones Hire After me
and Are still working - (The ones with less seniority was
never Lay-off. - And Then these others, ones call BAc.
when I was to be go back FIRST. - (But wasn'T),
Deposition Exhibit 11.

*Complaint Copy for CDC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Roland C. Anderson          :
                            :
        vs.                 :        **Civil Action No. 05-877-JJF**
                            :
General Motors Corp.        :        *Discovery*
_____:

Plaintiff contends that the court should enter default because Defendant has not filed an answer or other response to the complaint (within 20 days).

Defendant contends that entry of default is not warranted because service of process was procedurally deficient – states Terry Tyndall was not a person authorized to receive service on behalf of G.M. and did not learn of the proceeding until August 24, 2006, (court error to deny the motion).  Reason the law states service of process upon insurance, the clerk shall <u>provide</u> the summons to the <u>party</u> or parties' attorney.  Who shall be responsible for prompt service of the summons and a copy of the pleading.   Also failure to provide a form of summons shall not be bases to reject the pleading for filing, Rule 4.1.

Terry Tyndall people systems administration is a party of G.M., Rule 4.1, and is responsible for prompt service.

Defendant filed an answer to Plaintiff's motion (D.I. 17.3) copy attached.  Clearly shows G.M., Terry Tyndall's people systems administration received a copy of the complaint, Ex. B.

September 15, 2006, letter from Young, Conway, Stargatt E. Taylor, LLP states:

Dear Judge Farnan:

On behalf of the Defendant G.M., we file herewith as Ex. A the affidavit of Terry Tyndall; the individual to whom the <u>U.S. Marshall delivered a copy of the complaint</u> in this matter.



# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
THERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORNEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6676
DIRECT FAX: (302) 576-3286
tcheek@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 15, 2006

**VIA E-FILE**

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 N. King Street, Rm 4209
Lock Box 27
Wilmington, DE 19801

      Re:    Anderson v. General Motors,
               C.A. No. 05-877-JJF

Dear Judge Farnan:

On behalf of Defendant General Motors, we file herewith as Exhibit A the Affidavit of Terry Tyndall, the individual to whom the U.S. Marshall delivered a copy of the Complaint in this matter. We are providing this document as additional support for our Response to Plaintiff's Motion for Default Judgment (D.I. 17), which we filed in response to Plaintiff's Motion for Default Judgment (D.I. 15).

In addition, we wish to notify the Court that we have been advised by the Clerk's office that no summons was ever issued in this case. Plaintiff has not complied with the requirements of Fed. R. Civ. P. 4(a) and (b) that a summons must be issued for each defendant to be served and must be served together with a copy of the complaint. The purpose of the summons is, of course, to put a defendant on notice that a response is required and to describe the consequences if no response if provided. No such notice was provided in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
September 15, 2006
Page 2

Plaintiff's failure to obtain and serve a summons with the complaint precludes the entry of default judgment. We respectfully request that Plaintiff's motion be denied.

Respectfully yours,

/s/ *Teresa A. Cheek*
Teresa A. Cheek
Del. Bar No. 2657

Attachment (Affidavit of Terry Tyndall)

cc:    Clerk of Court (via EM/ECF)
       Roland C. Anderson (via U.S. Mail, postage prepaid)
       Michael Williams, Esquire (via e-mail)

$\mathcal{E} + \mathcal{B}$

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROLAND C. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-877-JJF |
| v. | ) | |
| | ) | |
| GENERAL MOTORS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## <u>AFFIDAVIT</u>

Terry Tyndall, being first duly sworn and of lawful age, hereby states as follows:

1.      My name is Terry Tyndall.  I am of lawful age and I am competent to testify to the matters set forth in this Affidavit.

2.      I am currently a People Soft Administrator for General Motors Corporation's facility located in Wilmington, Delaware.  I have personal knowledge of the facts stated herein and if called to testify as a witness in this action, I would testify truthfully and competently to each of the following facts set forth in this Affidavit.

3.      In my capacity as a People Soft professional, I received some documents from a uniformed officer at the security gate.  These documents appeared to relate to what I believed was a pending EEOC Complaint filed by Roland Anderson.  These documents did not direct any action on GM's part and, therefore, I did not forward them to GM's Legal Department.

4.      Because I believed the documents were file copies of documents related to a prior EEOC Complaint, I left them for my supervisor so they could be placed in the appropriate file.

5.    I did not intentionally disregard the documents.    I did not see any documents or summons requesting any action on GM's part.

6.    Any failure to forward the documents to the Legal Department for processing was accidental on my part and not aimed at hindering the processing of this matter.

7.    Further affiant sayeth not.

Terry Tyndall

STATE OF DELAWARE    )
                     )  SS.
COUNTY OF _____  )

On this _____ day of September, 2006, before me appeared Terry Tyndall, to me personally known, who being by me duly sworn, did state that the statements made in this Affidavit are true to the best of his knowledge and belief.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year last above written.

Notary Public

My Commission Expires:

_____

9/7/06

JAMES B. CARLEY
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Nov. 7, 2007

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF Roland C. Anderson | COURT CASE NUMBER 05-877 |
|---|---|

| DEFENDANT General motor 901 Boxwood Rd, Wz. Del 180 | TYPE OF PROCESS Q |
|---|---|

**SERVE**  ➡  **AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDE

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

General motors
901 Boxwood Rd,
Wz. Del. 19804

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, A
Telephone Numbers, and Estimated Times Available For Service):
Fold

FILED
MAR 30 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| Signature of Attorney or other Originator requesting service on behalf of: Roland C. Anderson | ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 302-884-0814 | DATE Dec 15-05 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date 3-3 |
|---|---|---|---|---|---|

I hereby certify and return that I ☑ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described
on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)
Terry Tyndall  People's Systems Admin.

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

| Date of Service 3/29/06 | Time 1437 | ☐ am ☑ pm |
|---|---|---|

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS:

**1. CLERK OF THE COURT**
FORM USM-285 (Rev. 12/15/80)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civ. No. 05-877-JJF
                                   )
GENERAL MOTORS,                    )
                                   )
          Defendant.               )

**ORDER**

At Wilmington, this $21$ day of February, 2006;

IT IS ORDERED:

The United States Marshal shall serve a copy of the complaint (D.I. 2) and this order upon Defendant as directed by Plaintiff.  At the time the complaint was filed, pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff provided to the Court a U.S. Marshal-285 form and copy of the complaint as required for service.  All costs of service shall be advanced by the United States.

No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

_____
UNITED STATES DISTRICT JUDGE

Gim Also STATes — I was Retire As A Temporary Employ
is also Misleading to this court. ✓

Court 1 — see Dave Bull Affidavit
clearly SAys on.                    PAge 2
              Former Employees who still Have
Seniority Rights dO NOT Have A Right
to Recall to Temporary Summer Employm
see PAge 2 Attach.

EX B —

EX B
11

1980's — Contract

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )    C.A. No. 92-335-SLR
                                       )
GENERAL MOTORS, BOXWOOD                )
ROAD, WILMINGTON, DELAWARE             )
19804,                                 )
                                       )
            Defendant.                 )

AFFIDAVIT OF DAVID I. BULL

STATE OF DELAWARE       )
                        ) SS:
COUNTY OF NEW CASTLE    )

On this __16th__ day of September 1992 personally appeared before

me the undersigned Notary Public, David I. Bull, who did depose and say:

1.    I am an employee of General Motors Corporation at its Boxwood

Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal

Employment Opportunity and, as such, I have investigated the subject matter of the

Complaint filed by Roland C. Anderson in the above-captioned civil action and the

same matter when it was before the Equal Employment Opportunity Commission. I am

authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2.    The records of General Motors show that Plaintiff was employed

as an hourly worker from August 31 to September 21, 1981, when he was laid off.

During this period of time, he acquired no seniority rights, because he was not

employed for 90 days, as required under the terms of the applicable Collective Bargaining Agreement.  Plaintiff was rehired on June 25, 1982 and was again laid off in October 1982.  Under the Agreement he acquired certain seniority rights, including a right to be recalled to employment) but these rights expired on a "time for time" basis. Having been employed for only four months, Plaintiff's right to be recalled, as well as any other seniority rights, expired four months after he was laid off, that is, by February 1983.

3.     G.M. has not hired any permanent employees for manufacturing assembly work since 1987.  During this period of time, all persons recalled to work were laid off employees who had seniority rights and a right to be recalled before persons without such rights were considered for employment.  Telephone inquiries concerning employment opportunities have received the response, "We are not issuing applications nor do we expect any opportunities in the near future."

4.     Separate and apart from the matter of recalling former employees with seniority rights, there was a brief period when applications for temporary summer employment were processed.  On May 13, 1992, 31 temporary employees were hired, but, as it turned out, they only worked for two weeks before being laid off.  This took place long after Plaintiff had filed his complaint with the E.E.O.C. on or about December 27, 1991.  Former employees who still have seniority rights do not have a right to recall to temporary summer employment.

5.     G.M. has no record of receipt of a job application by Plaintiff during 1991, or at any time after his seniority rights expired in 1983.  Plaintiff alleged,

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6.    I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C.    Attached is a copy of that response.

7.    G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

David I. Bull

Sworn to and subscribed before me the day and year first above written.

Notary Public
My Commission Expires: Nov, 1993

*E&B*

*06-669*

*Three 44* —

(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

*Roland C. Anderson*

_____
(Name of Plaintiff or Plaintiffs)

v.

*General motors*

_____
(Name of Defendant or Defendants)

CIVIL ACTION NO. _____

## COMPLAINT

1. This action is brought pursuant to *Title VII of Civic Rights Act of 1964*
(Federal statute on which action is based)

for discrimination related to *Race (black)* jurisdiction exists by virtue of
(In what area did discrimination occur? e.g. race, sex, religion)

_____
(Federal statute on which jurisdiction is based)

2. Plaintiff resides at *Roland C. Anderson*     *113 Lloyd Str.*
(Street Address)

*Wil.*     *N/c Del.*     *19804*
(City)     (County)     (State)     (Zip Code)

*(302) 994-0914*
(Area Code) (Phone Number)

3. Defendant resides at, or its business is located at *General motors  901 Bowood Rd*
(Street Address)

*Wil.*     *N/c*     *Del.*     *19804*
(City)     (County)     (State)     (Zip Code)

4. The alleged discriminatory acts occurred on *15*   *April*   *2005*
(Day)     (Month)     (Year)

5. The alleged discriminatory practice   ☒ is   ☐ is not continuing.

ExB

6.    Plaintiff(s) filed charges with the _____ BEOE _____ pHila. DISTRICT offie
                                                        (Agency)

THe Bourse  218, Fifth STr, suite400 - pHila  PA. 19106 -25
        (Street Address)      (City)      (County)    (State)   (Zip)

regarding defendant(s) alleged discriminatory conduct on: _____ April 10-05 _____
                                                                    (Date)

7.    Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.    Was an appeal taken from the agency's decision?      Yes ☒      No ☐

      If yes, to whom was the appeal taken? _____ Mrs. MArie M. Tomasso DST. Director _____

9.    The discriminatory acts alleged in this suit concern:  (Describe facts on additional sheets if necessary)

      I Tried to Apply for A Job in MAreH 2005,
I was Not given An Application and Told that the p
was not Hiring, on or About April 15, 2005 I Learne
From Individuals, that Respondent was Hiring.
Also because of my Age 52. to belive the defendent
listed me As TERMinated - (Actually I was saidoff)
it Also Hay Had Retaleatory effect of my being denied
benefits to which I'Am Entiled, (Also see EXA - more informate

10.                          Defendant's conduct is discriminatory with respect to the following:

      A.    ☒      Plaintiff's race

      B.    ☐      Plaintiff's color

      C.    ☐      Plaintiff's sex

      D.    ☐      Plaintiff's religion

      E.    ☐      Plaintiff's national origin

EXB

11.    Plaintiff prays for the following relief:    (Indicate the exact relief requested)

_Sdr, and for pain/Suffering_

_and lost me, AS Laid-off sister instead of_

_Terminated_

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _Dec. 15, 05_

_Roland C Anderson_

(Signature of Plaintiff)

Anderson v. General Motors Corporation
Roland C. Anderson

34

1   names or anything. They just told me that they heard --
2   I asked them were they hiring they said from their
3   recollection they were hiring. So that was it. That was
4   the end of the conversation.
5       Q. Did any of those people work in personnel?
6       A. No, I don't think -- they worked on the line.
7   They had uniforms and everything on. A bunch of them
8   come off from lunch break.
9       Q. So on lunch break you see these people are going
10  to the liquor store and buying beer and alcohol?
11      A. They do it or go to get a sandwich, you know,
12  stuff like that.
13      Q. You don't remember the names of any of these
14  individuals?
15      A. Well, no, because they was like people that --
16  they were just communicating, conversating. That's all
17  that was.
18      Q. Okay. Then you say you were not given an
19  application and was told the plant was not hiring. On or
20  about April 15th, 2005 I learned from individuals that
21  Respondent was hiring.
22      A. Mm-hmm.
23      Q. Who is it that told you in April 2005 that
24  General Motors was hiring?

35

1       A. I told you, just people that you commonly meet.
2   You don't have to know their names. They was saying they
3   were hiring. I asked them were they hiring, just out of
4   curiosity. I want to know if they were hiring.
5       I seen them coming in there, a bunch of them
6   coming. I seen all these people. I said, "General
7   Motors is hiring again?" And they said, "Yes. Friends
8   got hired."
9       I don't know. I just took it from that
10  point, there it is, where it is, what it is. I asked
11  them some questions, like everyday people. Ask people
12  questions, especially if you see like five of them coming
13  into the stores and going different places. And I asked
14  them were they hiring they said, yeah, they were hiring
15  at that time, around that time.
16      Q. Okay. And again, none of those people worked in
17  human resources, correct?
18      A. No, they didn't work in human resources.
19      Q. Your next sentence says, "Also because of my age
20  52, to believe the defendant listed me as terminated
21  (actually I was laid off). It also has, had retaliatory
22  effect on my being denied benefits to which I'm
23  entitled."
24      What does that mean?

36

1       A. Okay. Now, when I belonged to the union at that
2   particular time, in '82, now, certain benefits that a
3   person is entitled to, such as a right to recall, a right
4   to receive C sub and E sub benefits, if you are laid off
5   prior to October the 1st, 1990, which I have the Delaware
6   insurance commissioner is looking into that with
7   Fidelity, because I was supposed to have got those
8   benefits. But when they listed me as terminated or
9   temporary employee, retaliated against me, all those
10  benefits I was supposed to have got, pushed off the
11  table, wiped off.
12      I was entitled under the collective
13  bargaining agreement, because I worked at my 90 days,
14  requested for that period of time, that when they
15  retaliated, I lost all that. I couldn't get all of that.
16      Q. Okay.
17      A. And plus -- plus the right to be recalled.
18      See? I have rights. Like union benefits
19  rights, when they did that, retaliated that, that
20  destroyed all them rights, benefits.
21      Right now I'm fighting now with the
22  federal -- I mean federal -- Fidelity situation now
23  because the C sub and E sub that I was entitled to
24  benefits. When you belong to a union, you get benefits.

37

1   And if you was a temporary or you got fired or
2   terminated, you don't get none of that.
3       Q. Okay. Sir, are you done?
4       A. Yes.
5       Q. So all of this last part that I read, "Also
6   because of my age, to believe the defendant listed me as
7   terminated," and this retaliatory stuff deals with your
8   layoff back in 1982?
9       A. That's correct.
10      Q. And all those documents that you allege should
11  have said one thing, should have said "layoff" but said
12  "terminated" were created back in 1982?
13      A. Well, let me get this straight. I know where you
14  are coming from with that.
15      I'm going to say this to you. I have good
16  documents, document here. This is a retaliation
17  situation. I didn't know anything about it until the
18  April the 15th investigation from the EEOC, this pops up.
19      Q. Sir --
20      A. Otherwise, I would have done something about that
21  a long time ago.
22      Q. April 15th of what year?
23      A. April 15th of 2005.
24      Q. Now, sir, you realize you are under oath,

10 (Pages 34 to 37)

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____    Delaware

Roland C. Anderson

V.                                    **SUMMONS IN A CIVIL CASE**

General motors

CASE NUMBER:

TO: (Name and address of Defendant)

General motors
901 Boxwood Rd.
Wil. Del. 19804

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Roland C. Anderson
113 Lloyd St R.
Wil. Del. 19804

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                             DATE

_____
(By) DEPUTY CLERK

( 17 )



EXC

(7)    The officer before whom the deposition is taken shall then identify himself or herself and swear the deponent on the record.

(b)    Conclusion.  At the conclusion of the deposition, the operator shall state on the record that the deposition is concluded.  When the length of the deposition requires the use of more than one electronic file or recorded media, the end of each file or recorded media and the beginning of each succeeding file or recorded media shall be announced on the record by the operator.

(c)    Timing by Digital Clock.  The deposition shall be timed by a digital clock on the record which shall record and show continually each hour, minute and second of the deposition.

(d)    Custody.  Counsel for the party taking the deposition shall take custody of and be responsible for the safeguarding of the recorded media.  The custodian shall permit the viewing of the electronic file or recorded media , and shall provide a copy of such upon the request and at the cost of a party.

RULE 30.5.  **Original Deposition Transcripts.**

It shall be the duty of the party on whose behalf the deposition was taken to make certain that the officer before whom it was taken has delivered the original transcript to such party.

RULE 30.6.  **Depositions Upon Oral Examination.**

From the commencement until the conclusion of deposition questioning by an opposing party, including any recesses or continuances, counsel for the deponent shall not consult or confer with the deponent regarding the substance of the testimony already given or anticipated to be given, except for the purpose of conferring on whether to assert a privilege against testifying or on how to comply with a court order.

RULE 37.1.  **Discovery Motions to Include the Discovery at Issue.**

Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 shall include, in the motion itself or in a memorandum, a verbatim recitation of each interrogatory, request, answer, response, or objection which is the subject of the motion or shall have attached a copy of the actual discovery document which is the subject of the motion.

## VI.  TRIALS

RULE 38.1.  **Notation of "Jury Demand" on the Pleading.**

Wilmington, DE 19899-0391
(302) 571-6600
Email: tcheek@ycst.com
*TERMINATED: 11/08/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Margaret Fleming England**
Eckert Seamans Cherin & Mellott, LLC

300 Delaware Avenue
Suite 1360
Wilmington, DE 19801
(302) 425-0430
Fax: (302) 425-0432
Email: mengland@eckertseamans.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/19/2005 | 1 | MOTION for Leave to Proceed in forma pauperis - filed by Roland C. Anderson. (els, ) (Entered: 12/20/2005) |
| 12/19/2005 | 2 | COMPLAINT filed against General Motors - Magistrate Consent Notice to Pltf. - filed by Roland C. Anderson. (Attachments: # 1 Exhibits # 2 Civil Cover Sheet)(els, ) (Entered: 12/20/2005) |
| 12/20/2005 | 3 | NOTICE of Personal Information re 2 Complaint, 1 MOTION for Leave to Proceed in forma pauperis (bad, ) (Entered: 12/20/2005) |
| 12/28/2005 | | Case assigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb, ) (Entered: 12/28/2005) |
| 01/04/2006 | 4 | ORDER granting request to proceed informa pauperis. Signed by Judge Joseph J. Farnan, Jr. on 01/03/2006. (dlk ) (Entered: 01/04/2006) |
| 01/11/2006 | 5 | MOTION to Stay - filed by Roland C. Anderson. (afb, ) (Entered: 01/12/2006) |
| 02/27/2006 | 6 | ORDER that the USM shall serve a copy of the complaint (D.I. 2) and this order upon Deft. as directed by Pltf. ; Signed by Judge Joseph J. Farnan, Jr. on 02/27/06. (afb, ) (Entered: 02/28/2006) |
| 03/01/2006 | | Remark: Clerk sent to the USM for service copies of the Complaint (D.I. 1) and Order (D.I. 6) w/ USM 285 form for General Motors per D.I. 6. (afb, ) (Entered: 03/01/2006) |
| 03/17/2006 | 7 | ORDER that the 5 Motion to Stay is DENIED WITHOUT PREJUDICE with leave to refile following service, entry of appearance and responsive pleading by Deft.; Signed by Judge Joseph J. Farnan, Jr. on 03/17/06. (afb, ) (Entered: 03/20/2006) |

CM/ECF LIVE - U.S. District Court:ded - Docket Report                    Page 3 of 7

| | | |
|---|---|---|
| 03/27/2006 | 8 | MOTION For Requirement Of Order Date 17 Of March 2006 Court - filed by Roland C. Anderson. (afb, ) (Entered: 03/29/2006) |
| 03/30/2006 | 9 | Return of Service Executed by Roland C. Anderson. General Motors served on 3/29/2006, answer due 4/18/2006. (afb, ) (Entered: 03/30/2006) |
| 06/08/2006 | 10 | ORDER that Pltf.'s 8 Motion for Reconsideration is DENIED. Signed by Judge Joseph J. Farnan, Jr. on 06/08/06. (afb, ) (Entered: 06/08/2006) |
| 07/05/2006 | 11 | NOTICE OF APPEAL to the USCA for the Third Circuit re 7 Order on Motion to Stay. Appeal filed by Roland C. Anderson. Filing fee $ 455. (afb, ) (Entered: 07/06/2006) |
| 07/05/2006 | 12 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (afb, ) (Entered: 07/06/2006) |
| 07/11/2006 | 13 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 11 Notice of Appeal filed by Roland C. Anderson,. USCA Case Number 06-3316. USCA Case Manager: Carmen M. Hernandez (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (ch1, ) (Entered: 07/11/2006) |
| 08/07/2006 | 14 | USCA Order Terminating Appeal pursuant to Rule 42(b), Federal Rules of Appellate Procedure as to 11 Notice of Appeal filed by Roland C. Anderson,. USCA Decision: Appeal Dismissed. (ch1, ) (Entered: 08/07/2006) |
| 08/22/2006 | 15 | MOTION for Default Judgment as to General Motors - filed by Roland C. Anderson. (dab, ) Additional attachment(s) added on 8/25/2006 (dab, ). (Entered: 08/23/2006) |
| 08/23/2006 | 16 | DEFICIENCY NOTICE by the Court issued to Roland C. Anderson re 15 MOTION for Default Judgment as to General Motors. (no original signature) (dab, ) (Entered: 08/23/2006) |
| 08/25/2006 | | CORRECTING ENTRY: Deficency DI #16 corrected. (dab, ) (Entered: 08/25/2006) |
| 08/28/2006 | 17 | RESPONSE to Motion re 15 MOTION for Default Judgment as to General Motors filed by General Motors. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service)(Cheek, Teresa) (Entered: 08/28/2006) |
| 08/30/2006 | 18 | REPLY BRIEF re 15 MOTION for Default Judgment as to General Motors filed by Roland C. Anderson. (dab, ) (Entered: 08/30/2006) |
| 09/07/2006 | 19 | REPLY to Response to Motion re 15 MOTION for Default Judgment as to General Motors filed by Roland C. Anderson. (dab, ) (Entered: 09/08/2006) |
| 09/14/2006 | 20 | REPLY to Response to Motion re 15 MOTION for Default Judgment as to General Motors filed by Roland C. Anderson. (dab, ) (Entered: 09/15/2006) |
| 09/15/2006 | 21 | Letter to The Honorable Joseph J. Farnan, Jr. from Teresa A. Cheek, |

CM/ECF LIVE - U.S. District Court:ded - Docket Report                     Page 4 of 7

|  |  |  |
|---|---|---|
|  |  | Esquire regarding additional support for Response to Plaintiff's Motion for Default Judgment - re 17 Response to Motion. (Attachments: # 1 Exhibit Affidavit)(Cheek, Teresa) (Entered: 09/15/2006) |
| 09/26/2006 | 22 | Letter to Judge Joseph J. Farnan, Jr. from Roland C. Anderson regarding Additional Support to Response to Pltf's Motion for Default Judgment - re 20 Reply to Response to Motion, 19 Reply to Response to Motion. (dab, ) (Entered: 09/27/2006) |
| 11/08/2006 | 23 | NOTICE OF SUBSTITUTION OF COUNSEL re General Motors: Entry of appearance of attorney Michael Busenkell. Attorney Sheldon N. Sandler terminated. (Attachments: # 1 Affidavit of Service)(Busenkell, Michael) (Entered: 11/08/2006) |
| 02/22/2007 | 24 | ORDER that CA 06-669 is CONSOLIDATED into CA 05-877. All pleadings and documents shall be filed ONLY in CA 05-877 (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 2/22/2007. (lee) (Entered: 02/23/2007) |
| 02/27/2007 | 25 | Letter to The Honorable Joseph J. Farnan from Margaret F. England regarding Motion for Default Judgment. (England, Margaret) (Entered: 02/27/2007) |
| 03/01/2007 | 26 | SCHEDULING ORDER: Discovery due by 6/30/2007.,Dispositive Motions due by 7/20/2007.,Pretrial Conference set for 10/4/2007 at 03:00 PM in Courtroom 4B before Honorable Joseph J. Farnan, Jr. Trial to be scheduled at Pretrial Conference. Signed by Judge Joseph J. Farnan, Jr. on 3/1/2007. (lec) (Entered: 03/01/2007) |
| 03/06/2007 | 27 | Letter to Judge Joseph J. Farnan, Jr. from Roland C. Anderson regarding Dft's Ltr D.I. 25. (lec) (Entered: 03/08/2007) |
| 03/22/2007 | 29 | NOTICE OF APPEAL of D.I. 26 Scheduling Order. Appeal filed by Roland C. Anderson. (lec) (Entered: 03/27/2007) |
| 03/22/2007 | 30 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (lec) (Entered: 03/27/2007) |
| 03/23/2007 | 28 | Letter to the Court from Roland C. Anderson requesting status of Motion For Default D.I.15 and requesting an attorney. (lec) (Entered: 03/26/2007) |
| 03/29/2007 | 31 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 29 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-1908. USCA Case Manager: Shannon L. Craven (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (sc, ) (Entered: 03/29/2007) |
| 05/29/2007 | 32 | MEMORANDUM OPINION. Signed by Judge Joseph J. Farnan, Jr. on 5/29/2007. (lec) (Entered: 05/29/2007) |
| 05/29/2007 | 33 | ORDER DENYING D.I. 15 Motion for Default Judgment (per D.I. 32 Memorandum Opinion). Signed by Judge Joseph J. Farnan, Jr. on 5/29/2007. (lec) (Entered: 05/29/2007) |

| 05/29/2007 | 41 | ANSWER to Complaint filed (as attached to D.I. 17) by General Motors. (dlk) (Entered: 06/18/2007) |
| 06/01/2007 | 34 | MEMORANDUM ORDER DENYING D.I. 28 Letter request for Appointment of Counsel (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 6/1/2007. (lec) (Entered: 06/01/2007) |
| 06/07/2007 | 35 | MOTION for Reconsideration re 32 Memorandum Opinion - filed by Roland C. Anderson. (lec) (Entered: 06/11/2007) |
| 06/07/2007 | | Set Briefing Schedule: re35 MOTION for Reconsideration re 32 Memorandum Opinion. Answering Brief due 6/25/2007. (lec) (Entered: 06/11/2007) |
| 06/08/2007 | 36 | MOTION for Reconsideration re 34 Order - filed by Roland C. Anderson. (lec) (Entered: 06/11/2007) |
| 06/11/2007 | 37 | NOTICE OF APPEAL of 33 Order on Motion for Default Judgment. Appeal filed by Roland C. Anderson. Filing fee not received. (lec) (Entered: 06/13/2007) |
| 06/14/2007 | 38 | MOTION for Leave to Proceed in forma pauperis - filed by Roland C. Anderson. (lec) (Entered: 06/17/2007) |
| 06/14/2007 | 39 | MOTION to Stay newer court processing - filed by Roland C. Anderson. (lec) (Entered: 06/17/2007) |
| 06/18/2007 | 40 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 37 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-2771. USCA Case Manager: Shannon L. Craven (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (sc, ) (Entered: 06/18/2007) |
| 06/26/2007 | 43 | MOTION to Stay re 26 Scheduling Order, - filed by Roland C. Anderson. (lec) (Entered: 06/27/2007) |
| 06/26/2007 | | Set Briefing Schedule: re43 MOTION to Stay re 26 Scheduling Order,. Answering Brief due 7/16/2007. (lec) (Entered: 06/29/2007) |
| 06/27/2007 | 42 | OBJECTIONS by General Motors to 36 MOTION for Reconsideration re 34 Order, 39 MOTION to Stay. (Busenkell, Michael) (Entered: 06/27/2007) |
| 06/27/2007 | | Set Briefing Schedule: re36 MOTION for Reconsideration re 34 Order. Reply Brief due 7/9/2007. (lec) (Entered: 06/29/2007) |
| 06/28/2007 | 44 | MOTION for Judgment - filed by Roland C. Anderson. (lec) (Entered: 07/02/2007) |
| 07/02/2007 | 45 | REPLY to Response to Motion re 36 MOTION for Reconsideration re 34 and 39 MOTION to Stay filed by Roland C. Anderson. (lec) (Entered: 07/06/2007) |
| 08/16/2007 | 46 | ORDER DENYING D.I. 35 Motion for Reconsideration ; DENYING D.I. 36 MOTION for Reconsideration (See order for Details). Signed by |

| | | Judge Joseph J. Farnan, Jr. on 8/16/2007. (lec) (Entered: 08/17/2007) |
|---|---|---|
| 08/16/2007 | 47 | ORDER DENYING D.I. 39 MOTION to Stay ; DENYING D.I. 43 MOTION to Stay. Extending Scheduling Order Deadlines : Discovery due by 10/12/2007.,Dispositive Motions due by 11/9/2007 (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 8/16/2007. (lec) (Entered: 08/17/2007) |
| 08/22/2007 | 48 | USCA Order Terminating Appeal as to 29 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Dismissing. (sc, ) (Entered: 08/22/2007) |
| 08/28/2007 | 49 | MOTION to Stay lower court proceeding - filed by Roland C. Anderson. (lec) (Entered: 09/07/2007) |
| 09/10/2007 | 53 | MOTION to Stay - filed by Roland C. Anderson. (lec) (Entered: 09/15/2007) |
| 09/11/2007 | 51 | NOTICE OF APPEAL of 46 Order on Motion for Reconsideration, 47 Order, Set Scheduling Order Deadlines. Filing fee not received. Appeal filed by Roland C. Anderson. (lec) (Entered: 09/13/2007) |
| 09/11/2007 | 52 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (lec) (Entered: 09/13/2007) |
| 09/13/2007 | 50 | USCA Order Terminating Appeal as to 37 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Appeal Dismissed. (sc, ) (Entered: 09/13/2007) |
| 09/17/2007 | 54 | ORDER DENYING D.I. 49 MOTION to Stay and D.I. 53 MOTION to Stay. Setting Hearings: The Pretrial Conference previously scheduled for 10/4/2007 has been RESCHEDULED for 3/6/2008 at 11:30 AM in Courtroom 4B before Honorable Joseph J. Farnan, Jr. Signed by Judge Joseph J. Farnan, Jr. on 9/17/2007. (lec) (Entered: 09/18/2007) |
| 09/18/2007 | 55 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 51 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-3719. USCA Case Manager: Phyllis Ruffin (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (pr, ) (Entered: 09/18/2007) |
| 09/19/2007 | | CORRECTING ENTRY: Corrected the docket text of D.I. 54 to correctly read that the Pretrial Conference is rescheduled for 3/6/2008. (lec) (Entered: 09/19/2007) |
| 09/20/2007 | | Remark: Per phone request from Mr. Anderson, Clerk's Office mailed him a Transcript Purchase Order form for filing with the Third Circuit Court of Appeals. (rbe) (Entered: 09/20/2007) |
| 09/25/2007 | 56 | Plaintiff's " MOTION To Dismiss His Order for A Deposition" - filed by Roland C. Anderson. (lec) (Entered: 10/02/2007) |
| 09/26/2007 | 57 | Letter to Roland C. Anderson from Clerk of Court regarding Request for Copy of Docket. (lec) (Entered: 10/02/2007) |

| 10/03/2007 | 58 | NOTICE to Take Deposition of Roland C. Anderson on October 24, 2007 at 9:00 a.m. by General Motors.(Busenkell, Michael) (Entered: 10/03/2007) |
| 10/11/2007 | 59 | USCA Order Terminating Appeal as to 51 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Appeal Dismissed for lack of appellate jurisdiction. (pr, ) (Entered: 10/11/2007) |
| 10/12/2007 | 60 | RESPONSE to Discovery Request filed by Roland C. Anderson.(rwc) (Entered: 10/12/2007) |
| 10/19/2007 | 61 | Document titled "Motion to this Court/Violation of Judge's Order", construed as OBJECTIONS to 58 Notice to Take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/19/2007) |
| 10/22/2007 | 62 | MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* - filed by General Motors. (England, Margaret) (Entered: 10/22/2007) |
| 10/23/2007 | 63 | ORDER granting 62 MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* filed by General Motors. Setting Scheduling Order Deadlines Discovery due by 11/8/2007.,Dispositive Motions due by 12/7/2007. Signed by Judge Joseph J. Farnan, Jr. on 10/23/07. (dab) (Entered: 10/23/2007) |
| 10/24/2007 | 64 | MOTION for Extension of Time to Complete Discovery until at least December 7,2007 - filed by Roland C. Anderson. (bkb) (Entered: 10/24/2007) |

Part of Discovery set for Nov. 8, 07.

other Discovery Found on oct 24, 2007.

G. M Vidation of Judge Farnan Order
At the Oct. 24, 07 Deposition.

(Court 1.) for the following Reasons:

There was A order in place By Honorable Judge Farnan

In which clearly stated on if Face. See EX A. (And especially page
of Judges order - states the following. (page 5 - Hereafter, court
PLEADINGS And documents shall be filed only in civil
Action NO. 05-877-JJF. The Court will Not
Accept pleadings filed in civil Action NO. 06-669
JJF.

(Court 2.) (See Deposition of Oct 24, 07) Attach -
See on page - 10 (Page 18) (5) was ASK About April 15, 2005,
Attach EX B. Also is attach of the same - EX B - Invilation of
order of Judge Farnan. see complain - of 06-669 File on 12-15-05

(Court 3)
G. M. Violated Rule 37. 1 which states

Rule 37.1 - Discovery motions to Include the Dis covery At Issue.
See Rule 37.1 - Attach, and No were it was done - According to Docket
sheet. EXC.

(Count 4).

Discovery. Deposition — Also pursuant to R. 83.5 Bar Admission

(A). On Sept 7, 2007 Letter was sent to me to set Date for A Deposition

According To Rule 30.3. — Letter From michael william - (State) As soon

As practical we need to get some date for your deposition the month

of September At Local counsel office in wilmington. — So the Date

was set for (oct 2, 07) At 10:00 — I come and spoke to the person

sitting at the Desk and Had me sign in — see Building Log Sheet Ex A

Attach, Proof I come, But Mr. william who set the Appoint

for my Deposition never came, see oct. 10, 07 Letter Also Attach, Ex

___

Then on 10-3-07 there, notice file for A Deposite set for

10-24.07. THis Time mr. william came and did the Deposition

Ex 2. Copy — Case- No. 06-669 JF.

___

B).

<u>Pursuant To R. 83.5 Bar Admission</u>

83.5 - (b) States Admission. Any Attorney Admitted

To practice By the Supreme court of the State of Del.

Aurse may be Admitted to THE Bar of this Court ON A

<u>Motion</u>. /or Application

There is no Record Reflect that Mr. michael william

File Motion or Application — In Fact michael Basewall

Enter His Appearance of Substitution for counsel for c.m.

see Ex 2. Not michael william - THE person who did the

Filing for THis Deposition and Ask question At THE Deposition



MICHAEL A. WILLIAMS
(816) 460-5562
EMAIL: MWILLIAMS@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

BUILDING 82,    ITE 1000
10851 MASTIN B    LEVARD
OVERLAND PARK, KANSAS (   10-1669
(913) 451-5100, FAX (913   51-0875

September 7, 2007

**VIA FEDEX**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE  19804

    Re:   Anderson v. GM

Dear Mr. Anderson:

    As soon as practical, we need to get some dates for your deposition during the month of September to be taken at the offices of our local counsel in Wilmington.

    Thank you for your time and prompt attention to this matter.  If we do not receive dates from you on or before September 14, 2007, we will have to proceed with noticing up the deposition.

               Very truly yours,

               LATHROP & GAGE L.C.

         By:

               Michael A. Williams

:raf

CC 1935178v1

Change Your Expectations.

KANSAS CITY • OVERLAND PARK • ST. LOUIS • JEFFERSON CITY • SPRINGFIELD • BOULDER • WASHINGTON D.C. • NEW YORK • DENVER    CLAYTON

Roland C. Anderson
September 10, 2007
Page 2

Very truly yours,

LATHROP & GAGE L.C.

By:

Michael A. Williams

:raf

8**Λ**2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                )
                                   )
            Plaintiff              )
                                   )
v.                                 )      Civil Action No. 06-669 JJF
                                   )
GENERAL MOTORS CORPORATION,        )
                                   )
            Defendant.             )

    TO:    Roland C. Anderson
           113 Lloyd St.
           Wilmington, DE  19804
           Pro se plaintiff

        Please take notice that defendant will take the deposition of *pro se* plaintiff

Roland C. Anderson, on October 24, 2007, beginning at 9:00 a.m., at the offices of Eckert

Seamans Cherin & Mellott, LLC, 300 Delaware Ave., Suite 1360, Wilmington, DE

19801.  The deposition will be continued from day to day beginning at 9:00 a.m. until

completed and the witness is excused.  The deposition will be taken before a duly

certified court reporter and can be used for all purposes permitted under Federal Rules of

Civil Procedure, including trial.  All parties are invited to attend and participate.

                            Respectfully submitted,


                            /s/ Michael A. Williams
                            Michael G. Busenkell (Del. Bar #3933)
                            Margaret F. England (Del. Bar #4248)
                            Eckert Seamans Cherin & Mellott, LLC
                            300 Delaware Avenue, Suite 1360
                            Wilmington, DE 19801
                            (392) 425-09439

CC 1910472v3

Ex. 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROLAND C. ANDERSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-877-JJF |
| | ) | |
| GENERAL MOTORS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### WITHDRAWAL OF COUNSEL AND
### ENTRY OF APPEARANCE OF SUBSTITUTED COUNSEL

Sheldon N. Sandler and Teresa A. Cheek, of Young Conaway Stargatt & Taylor,

LLP, withdraw as counsel for defendant General Motors Corporation, while Michael G.

Busenkell and Margaret F. England of Eckert Seamans Cherin & Mellott, LLC hereby

enter their appearance on behalf of General Motors Corporation.

Respectfully submitted,

| s/Sheldon N. Sandler | /s/ Michael G. Busenkell |
|---|---|
| Sheldon N. Sandler   Del. Bar No. 0245 | Michael G. Busenkell (Del. Bar No. 3933) |
| Teresa A. Cheek    Del. Bar. No. 2657 | Margaret F. England (Del. Bar No. 4248) |
| Young, Conaway, Stargatt & Taylor | Eckert Seamans Cherin & Mellott, LLC |
| The Brandywine Building | 300 Delaware Avenue, Suite 1360 |
| 1000 West Street, 17th Floor | Wilmington, DE 19801 |
| P.O. Box 391 | (302) 425-0430 |
| Wilmington, DE 19899-0391 | |
| (302) 571-6600 | |

Attorney MicHAel williAm — is From KAwsAs city missouri — Gave

Violated Rule 83,5. BAr Admission

(Rule 83.5 — state the Following)

see Rule Attach Attorney williAm Fail to DO. EXD

Also Reele 83.6

or what the court DEEMS,

EQD

Form for Motion for Admission *Pro Hac Vice*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

)
)            Civil Action No.
)

## MOTION AND ORDER
## FOR ADMISSION *PRO HAC VICE*

Pursuant to Local Rule 83.5 and the attached certification, counsel moves the admission *pro hac vice* of _____ to represent _____ in this matter.

Signed: _____
(Movant's Name and Delaware State
Bar Identification Number)
(Movant's Address)
(Movant's Telephone Number)
Date: _____         Attorney for _____

## ORDER GRANTING MOTION

IT IS HEREBY ORDERED counsel's motion for admission *pro hac vice* is granted.

Date: _____.         _____
United States District Judge

## CERTIFICATION BY COUNSEL TO BE ADMITTED *PRO HAC VICE*

Pursuant to Local Rule 83.5, I certify that I am eligible for admission to this Court, am admitted, practicing and in good standing as a member of the Bar of _____ and pursuant to Local Rule 83.6 submit to the disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the preparation or course of this action. I also certify I am generally familiar with this Court's Local Rules. In accordance with Standing Order for District Court Fund effective 1/1/05, I further certify that the annual fee of $25.00 has been paid ☐? to the Clerk of Court, or, if not paid previously, the fee payment will be submitted ☐? to the Clerk's Office upon the filing of this motion.

Date: _____         Signed: _____
(Applicant's Address)

41

Broadcasting, televising, recording or taking of photographs in connection with any judicial proceedings within the United States Courthouse at Wilmington, Delaware, whether or not such judicial proceedings are actually in session, is prohibited, except that the Court may authorize:

(a)    The use of electronic or photographic means as a presentation of evidence and for the perpetuation of a record; and

(b)    The broadcasting, televising, recording or photographing of investiture, ceremonial or naturalization proceedings, law school moot court proceedings, and activities sponsored by the bar association for continuing legal education.

RULE 83.4.  Security of the Court.

The Court or any Judge may, from time to time, make such orders or impose such requirements as may be reasonably necessary to assure the security of the Court and of all persons in attendance.

# XII. ATTORNEYS

RULE 83.5.  **Bar Admission**.

(a)    The Bar of this Court.  The Bar of this Court shall consist of those persons heretofore admitted to practice in this Court and those who may hereafter be admitted in accordance with these Rules.

(b)    Admission.  Any attorney admitted to practice by the Supreme Court of the State of Delaware may be admitted to the Bar of this Court on motion of a member of the Bar of this Court made in open court and upon taking the following oath and signing the roll:

"I, _____, do solemnly swear (or affirm) that I will conduct myself as an attorney and counselor of this Court, uprightly, and according to law; and that I will support the Constitution of the United States."

(c)    Admission *Pro Hac Vice*.  Attorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware, may be admitted *pro hac vice* to the Bar of this Court in the discretion of the Court, such admission to be at the pleasure of the Court.  Unless otherwise ordered by the Court, or authorized by the Constitution of the United States or acts of Congress, an applicant is not eligible for permission to practice *pro hac vice* if the applicant:

32



APPEAL, LEAD, PaperDocuments

## U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00877-JJF

Anderson v. General Motors
Assigned to: Honorable Joseph J. Farnan, Jr.
Related Cases: 1:03-cv-00275-JJF
              1:98-cv-00040-JJF
              1:98-cv-00045-JJF
              1:06-cv-00669-JJF
Case in other court: US Court of Appeals for the 3rd
              Circuit, 06-03316
              3rd Circuit, 07-01908
              3rd Circuit, 07-02771
              Third Circuit Court of Appeals, 07-
              03719
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 12/19/2005
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Roland C. Anderson**                    represented by    **Roland C. Anderson**
                                                  Roland C. Anderson, Pro Se
                                                  113 Lloyd St.
                                                  Wilmington, DE 19804
                                                  PRO SE

V.

**Defendant**

**General Motors**                    represented by    **Michael Busenkell**
                                                  Eckert Seamans Cherin & Mellott, LLC

                                                  300 Delaware Avenue
                                                  Suite 1360
                                                  Wilmington, DE 19801
                                                  (302) 425-0430
                                                  Email:
                                                  mbusenkell@eckertseamans.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Teresa A. Cheek**
                                                  Young, Conaway, Stargatt & Taylor
                                                  The Brandywine Building
                                                  1000 West Street, 17th Floor
                                                  P.O. Box 391

*820*

| 11/08/2006 | ●23 | NOTICE OF SUBSTITUTION OF COUNSEL re General Motors: Entry of appearance of attorney Michael Busenkell. Attorney Sheldon N. Sandler terminated. (Attachments: # 1 Affidavit of Service)(Busenkell, Michael) (Entered: 11/08/2006) |
| --- | --- | --- |
| 02/22/2007 | ●24 | ORDER that CA 06-669 is CONSOLIDATED into CA 05-877. All pleadings and documents shall be filed ONLY in CA 05-877 (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 2/22/2007. (lec) (Entered: 02/23/2007) |
| 02/27/2007 | ●25 | Letter to The Honorable Joseph J. Farnan from Margaret F. England regarding Motion for Default Judgment. (England, Margaret) (Entered: 02/27/2007) |
| 03/01/2007 | ●26 | SCHEDULING ORDER: Discovery due by 6/30/2007., Dispositive Motions due by 7/20/2007., Pretrial Conference set for 10/4/2007 at 03:00 PM in Courtroom 4B before Honorable Joseph J. Farnan, Jr. Trial to be scheduled at Pretrial Conference. Signed by Judge Joseph J. Farnan, Jr. on 3/1/2007. (lec) (Entered: 03/01/2007) |
| 03/06/2007 | ●27 | Letter to Judge Joseph J. Farnan, Jr. from Roland C. Anderson regarding Dft's Ltr D.I. 25. (lec) (Entered: 03/08/2007) |
| 03/22/2007 | ●29 | NOTICE OF APPEAL of D.I. 26 Scheduling Order. Appeal filed by Roland C. Anderson. (lec) (Entered: 03/27/2007) |
| 03/22/2007 | ●30 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (lec) (Entered: 03/27/2007) |
| 03/23/2007 | ●28 | Letter to the Court from Roland C. Anderson requesting status of Motion For Default D.I. 15 and requesting an attorney. (lec) (Entered: 03/26/2007) |
| 03/29/2007 | ●31 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 29 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-1908. USCA Case Manager: Shannon L. Craven (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (sc, ) (Entered: 03/29/2007) |
| 05/29/2007 | ●32 | MEMORANDUM OPINION. Signed by Judge Joseph J. Farnan, Jr. on 5/29/2007. (lec) (Entered: 05/29/2007) |
| 05/29/2007 | ●33 | ORDER DENYING D.I. 15 Motion for Default Judgment (per D.I. 32 Memorandum Opinion). Signed by Judge Joseph J. Farnan, Jr. on 5/29/2007. (lec) (Entered: 05/29/2007) |
| 05/29/2007 | ●41 | ANSWER to Complaint filed (as attached to D.I. 17) by General Motors. (dlk) (Entered: 06/18/2007) |
| 06/01/2007 | ●34 | MEMORANDUM ORDER DENYING D.I. 28 Letter request for Appointment of Counsel (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 6/1/2007. (lec) (Entered: 06/01/2007) |
| 06/07/2007 | ●35 | MOTION for Reconsideration re 32 Memorandum Opinion - filed by |

(3)

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                2424
RECIPIENT ADDRESS       1490#461236#13026331213#
DESTINATION ID
ST. TIME                10/19 10:21
TIME USE                00'48
PAGES SENT              2
RESULT                  OK
```



# LATHROP & GAGE
## LAW OFFICES

2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
(816) 292-2000, Fax (816) 292-2001

Direct Dial Number:
(816) 460-5562

www.lathropgage.com

10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, KS 66210-1669
(913) 451-5100, Fax (913) 451-0875

230 Park Avenue
Suite 1847
New York, NY 10169
(212) 850-6220, Fax (212) 850-6221

1845 S. National
Springfield, MO 65808-4288
(417) 886-2000, Fax (417) 886-9126

10 SOUTH BROADWAY, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500, Fax (314) 613-2550

370 17th Street
Suite 4650
Denver, CO 80202-5607
(720) 931-3200, Fax (720) 931-3201

4845 Pearl East Circle
Suite 300
Boulder, CO 80301
(720) 931-3000, Fax (720) 931-3001

314 East High Street
Jefferson City, MO 65101
(573) 893-4336, Fax (573) 893-5398

Pierre Laclede Center
7701 Forsyth Boulevard, Suite 400
Clayton, MO 63105
(314) 613-2800, Fax (314) 613-2801

Suite 1050
Franklin Square
1300 Eye Street, N.W.
Washington, D.C. 20005
(202) 962-0032, Fax (202) 962-0357

October 19, 2007

**From: Michael A. Williams**

**Matter No.: 461236**

| To: | Company: | Fax Number: | Phone Number: |
|-----|----------|-------------|---------------|
| Roland Anderson | | 302-633-1213 | 302-994-0914 |

*Number of Pages Transmitted* (including this cover sheet): 2

*Message:*

PART of Discovery - see for NOV, 8-07 (one of the Exhibit (Deposition).

From union Contract Agreement.
     States

          Union Security and check off of union
Membership Dues.

A.)   SEE (4A) -
          where it states - SEE EXIB attach

it states a person become a member of the union at the
Time this Agreement becomes effective shall become a
member of the union within ten (10) days after the
Thirtieth (30TH) day following the effective date of this
Agreement.

B).       Appendix D
          Interpretation of Paragraph (A)
          Then, (4C) and Paragraph (57).

     Rules - for Computing Seniority of Employees who
Acquire Seniority by working 90 Days - With In
Six Continuous months. And Computing the
period Specified Paragraph (4) - Then (4).

Parag, 4 - State Unless Employees are At work
on The 90TH day of Their Accumulated Credit
Period, / cases Hours I Had 4 month in At the Time

And According this Rule I work the Require 90's
Day in AS Require. — Appendix D — Attach
plus I was Hire AS A Hourly worker. NOT
A Temporay nor was I Terminated.

Also
PAge 55 of union Book
PARAgraph — cleary States the Following
(73) — THe employment of the Following person
shall not be governed by seniority Rules.
STudents.
        I was A STudent At Del. Castle TRaining
school for — ELectric TRades.

THis Retaliation Affect. My Benefit STates.
        1. Chance to Be recall
        2. Health benefits
        3. Sub - benefits — C - sub - E - sub.
        4. See others Attach _

# SAVE THESE GM 800 NUMBERS

## GM Savings

- Personal Savings Plan — 1-800-489-4646   www.gm401k.com
- GMAC Demand Notes — 1-888-271-4066   www.demandnotes.com

## GM Vehicles

- GM Ambassadors Campaign — 1-800-291-4525
- GM-Protection Plan New Vehicle(Employees-Retirees) — 1-800-723-4677
- GM Smart Lease Program — 1-800-327-6278
- GM Vehicle Purchase Plan System — 1-800-835-4646
- Motors Insurance Corp. (MIC) General — 1-800-642-6464

## Health Care & Life and Disability

- Extended Disability Benefits — 1-800-734-0346   www.gmnbc.com
  (Hearing or Speech Impaired) — 1-800-882-3563
- Health Care Unit at National Benefit Center — 1-800-537-5865   www.gmnbc.com
  - CareLine (Mental Health & Substance Abuse) — 1-800-235-2302
  - COBRA Continuation Unit — 1-800-537-5865
  - LifeSteps (Wellness & Health Promotion) — 1-800-711-5934   www.lifesteps.com
  - National DME/P&O Network — 1-800-936-9314
  - Prescription Drug (Merck-Medco) — 1-800-464-4679   www.merckmedco.com
  - Traditional Dental (Delta Dental Plan of MI) — 1-800-942-0667
  - Vision (MetLife) — 1-800-638-0166
- Life Insurance or Reporting a Death — 1-800-633-3900   www.gmnbc.com
  (Hearing or Speech Impaired) — 1-800-872-8682
- Sickness and Accident Administration — 1-800-734-0346   www.gmnbc.com
  (Hearing or Speech Impaired) — 1-800-882-3563

## Other

- GM Legal Services — 1-800-482-7700
- GM Wage & Employment Verification Center — 1-800-886-3913
- Retiree Servicing Center — 1-800-828-9236   www.gmnbc.com

## Pensions and Layoff Benefits

- Consolidated Income Security Administration
  (CISA) Center – SUB/GIS — 1-800-852-6000
- Pension Administration Center — 1-800-659-2000   www.pension-administration.com
  (Hearing or Speech Impaired) — 1-800-659-8811

(2) have your payment limited to the maximum amount of $175 per week.

# Duration of Benefits

Subject to the SUB Maximum Financial Liability Cap, if you are laid off with at least one year of seniority as of your last day worked prior to a qualifying layoff, and are otherwise eligible:

- You may be laid off for a cumulative maximum of 42 weeks due to volume-related declines (including individual days of layoff) during the term of the 1999 Agreement.

During this 42-week period, you will be paid SUBenefits as long as you satisfy all eligibility requirements under the SUB Plan. Following your 42nd week of volume-related layoff, you will be returned to the regular active employment roll or placed on Protected status.

- You may be laid off in excess of 42 weeks due to non-volume-related reasons, and will be paid SUBenefits until the expiration of the 1999 Agreement, as long as you satisfy all eligibility requirements under the SUB Plan.

*Duration*

# Continuing SUBenefits (C-SUB) and Extended SUBenefits (E-SUB)

*1-800-489-4696*

"C-SUB" and "E-SUB" are payable in the same amount as Regular SUBenefits. E-SUBenefits are payable to eligible employees laid off from BOC-Leeds, CPC-Fiero, CPC-Framingham and CPC-Lakewood. C-SUBenefits are payable to eligible employees laid off from any other GM location.

temporary employment with GM under the provisions of the Collective Bargaining Agreement).

- You must have one or more years of seniority at the time of layoff and continue to be on qualifying layoff under the SUB Plan. *EAS*

# Eligibility

To be eligible for C-SUB and E-SUBenefits:

- Your indefinite layoff from GM must have commenced prior to <u>October 1, 1990</u> and you must have remained on continuous layoff from GM thereafter, (except for any period of

# Duration

*1-313-230 7492*

The maximum duration for C-SUB and E-SUBenefits will be determined from the *AVAL* following table. The payment of C-SUBenefits is subject to the SUB Maximum Financial Liability Cap. No such limit applies to the payment of E-SUBenefits.

| SUB Plan Years of Seniority On Last Day Worked | Maximum Weeks Duration If Laid Off From: | |
|---|---|---|
| | BOC-Leeds CPC-Fiero CPC-Framingham CPC-Lakewood (E-SUB) | All Other plants (C-SUB) |
| 1-9 | 39 | 26 |
| 10 or more | 65 | 52 |

# Application Requirements

To receive any Regular SUBenefit, including a C-SUB or E-SUBenefit, you must file an application covering each week of layoff within 60 days after the end of the week, or within 60

days of a state UC redetermination or adjustment which provides a basis for eligibility for a SUBenefit. The application is to be filed using the voice response unit (VRU) at the Consolidated Income Security Administration (CISA) Center. You will need your state UC monetary

# APPENDIX D

## INTERPRETATION OF PARAGRAPH (4) THRU (4c) AND PARAGRAPH (57)

**Rules for Computing Seniority of Employees Who Acquire Seniority by Working 90 Days Within Six Continuous Months, and Computing the Period Specified in Paragraph (4) thru (4c)**

1. Credit toward acquiring seniority will begin with the first day worked by the new employee and will include the subsequent days of that pay period.

2. Thereafter during six consecutive months until the employee acquires seniority the employee will receive credit for seven days for each pay period during which the employee works except that credit will not be given for any days the employee is on layoff.

3. No credit will be given for any pay period during which for any reason, the employee does not work except as provided in Paragraph (108) and in the case of the pay period in which the full week of Christmas holidays or the Independence Week Shutdown falls, provided the employee would otherwise have been scheduled to work.

4. Unless employees are at work on the 90th day of their accumulated credited period, they must work another day within their probationary period to acquire seniority. If the 90th day of their accumulated credited period falls on a holiday or an Independence Week Shutdown Day, the employees will be considered as having seniority as of the holiday or the Independence Week Shutdown Day. If the 90th day of their accumulated credited period falls on their vacation pay eligibility date, the employees will be considered as having seniority as of the vacation pay eligibility date.

5. In the event temporary employees are summoned and report for jury duty as prescribed by applicable law during the period of six continuous months preceding the date they acquire seniority pursuant to Paragraph (57), the employees' seniority when acquired will be adjusted to give the employees credit for seven additional days for each week in the period in which they did not work and during which jury duty was performed. The employees must furnish evidence that the jury duty was performed in order to receive seniority credit in accordance with this provision.

[See Par. (64)(a),(64)(e),(107)]
[See Par. (137)(c)(2),(203)]
[See App. A]

other violation

1. On Oct. 31, 07 G.M was to produce, Record of All Employee who was Hire from 1982 – until Oct. 07 And there RACE). But fail to Do so. See order – (Subpoena in CR8 CASE – C.A. 05-0877. Also see proof serviss – Attach (Return To show Attorney for G.M clearly Recive it).

There was Agreement for me and G.M to Have MR. Tyndall to give His Deposition. But it was Told to me, he was unable to give his Deposition Not until least of DEC. But No word when. (Date or Time to do so.) see copy Attach of Those Letter, Date (17-Oct-07) And (19 of Oct 07).

Oct 17-07 – I wanted to Make you Aware that MR. Tyndall is on medical Leave and is unAvailable for Any deposition on Oct 24, 2007 – Thank you.

On Oct 19-07 – state MR. Tyndall is on medical Leave until AT LEAST DEC. and is unAvailable for Any deposition until that time. (see Letter attach) NO Date NOR contract to me or court, when or Time) By Counsel)

Your Honor As you can see, this will pre jure my Case for the party to not de pose of MR. Tyndall for Discovery and produce of Records – for the Discovery Deadline for NOV. 8, 07.

Your Honor there was a'T No motion FILE to This Court By Counsel – for objection to (what) was ord

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Michael Williame MA. Buckley
300 DEA, Avenue Suite 210
Wilmingdel, 19804

2. Article Number
   (Transfer from service label)

7007 1490 0002 7860 7565

PS Form 3811, February 2004      Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Jennie C. Ogle_    ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

_Jennie E. Boyer_  10/26/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

[postmark: HQ STA 19850, OCT 26 2007, WILMINGTON, USPS]

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

102595-02-M-1540

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

Roland E. Anderson

V.

General Motors Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CA. 05-0877

TO: MiCHAd WilliamE Michad Berkell
300 Delaware Avenue, Suite 1210
Wil. Del. 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

List of All Employee Hire From 1982 until Oct. 07. (And those place)
(To) United State District court / At 844 N. King Str.
Wil. Del. 19801 / Time 4:00 @ 3:00 — Date Oct 31, 07

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DEPUTY Clerk | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**PETER T. DALLEO**    (302) 573-6170

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

*Ex 6*



# LATHROP & GAGE L.C.

MICHAEL A. WILLIAMS
(816) 460-5562
EMAIL: MWILLIAMS@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

2345 GRAND BOULEVARD
SUITE 2800
KANSAS CITY, MISSOURI 64108-2684
(816) 292-2000, FAX (816) 292-2001

October 19, 2007

**VIA FACSIMILE: 302-633-1213**
**AND VIA FEDEX**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE  19804

      Re:   Anderson v. GM

Dear Mr. Anderson:

    As you are aware your deposition is set for October 24, 2007 at our local counsel's office in Wilmington.  This deposition was properly noticed several weeks ago and it will begin at 9:00 a.m.  I want to reiterate that as GM will be incurring the travel and deposition costs for me to attend this deposition, if you fail to appear for this deposition, we will seek appropriate costs and relief from the Court, including requesting that your case be dismissed with prejudice.

    Mr. Tyndall is on medical leave until at least December and is unavailable for any deposition until that time.  Additionally, as Mr. Tyndall was not involved in any decision related to the allegations in your Complaint we do not believe his deposition should hold up the resolution of this matter.  Thank you.

                Very truly yours,

                LATHROP & GAGE L.C.

                Dictated but not reviewed by
                Mr. Williams to expedite delivery.

                By:

                Michael A. Williams

CC 1947448v1

20

**Change Your Expectations.**

KANSAS CITY • OVERLAND PARK • ST. LOUIS • JEFFERSON CITY • SPRINGFIELD • BOULDER • WASHINGTON D.C. • NEW YORK • DENVER • CLAYTON

# LATHROP & GAGE L.C.
### LAW OFFICES

*BxF*

MICHAEL A. WILLIAMS
(816) 460-5562
EMAIL: MWILLIAMS@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

2345 GRAND BOULEVARD
SUITE 2800
KANSAS CITY, MISSOURI 64108-2684
(816) 292-2000, FAX (816) 292-2001

October 17, 2007

**VIA FEDEX**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE 19804

Re:    Anderson v. GM

Dear Mr. Anderson:

As you are aware, your deposition is set for October 24, 2007 at our local counsel's office in Wilmington. I properly noticed up this deposition several weeks ago and it will begin at 9:00 a.m. As GM will be incurring the travel and deposition costs for me to attend this deposition, I want to make sure that you understand the importance of your attendance. If you fail to appear for this deposition, we will seek appropriate cost and relief from the Court, including requesting that your case be dismissed with prejudice.

Finally, while you have not noticed up any depositions, I wanted to make you aware that Mr. Tyndall is on medical leave and is unavailable for any deposition on October 24, 2007. Thank you.

Very truly yours,

LATHROP & GAGE L.C.

By:
        Michael A. Williams

raf

CC 1946867v1

*19*

"Change Your Expectations"

(by me) - for production. and Tyndall deposition.

Where for - for those violations of orders set by you And False statement about my Job status, and Rules of this cour

Or what the court Deem - (for Justis). All proof with Evidence attach. / or some, Respectfully Requests A Brief conference with the court and all parties to discuss This issue and reach a prompt resolution. As counsel. suggested,

DATE (NOV-5)-07

Roland C. Anderson

Ex 1

Thank you,

_Roland C. Anderson_

Roland C. Anderson
113 Lloyd Street
Wilmington, DE 19804
(302) 994-0914
June 26, 2007

_Roland C. Anderson_

Certificate of Services
To Honorable Judge Joseph Farnan
Of District Court of the State of Delaware

Michael Busenkell / _michael william_
Eckert Seaman's Cherin & Mellott, LLC
300 Delaware Ave., Ste. 1360
Wilmington, DE 19801