# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

ORIGINAL

Roland C. Anderson :
vs. : C.A. 05-877 JJF
General Motors Corp. :

Scanned
FILED
NOV 29 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Dispositive Motions**

**Violation R. 836/R.83.7/R.3.4 R. 8.1/Rule 1.3 R. 3.3**

(1) R. 83.6 clearly states the following:

E. Time to obtain local counsel: A party not appearing pro-se, shall stain representation by a member of the bar of this Court or have its attorney associate with a member of the bar of this Court in accordance with D. Del. 83.5(d) within thirty (30) days after Ex. A LAC and R. 83.5 (d) of local District Court Civil Rules attached Ex. A.

(2) According to Docket sheet the complain was filed on December 5, 2005, Ex. B. First attorney Mr. Slander withdrew on November 8, 2006, Ex. B and on October 30, 2007, attorney by the name of Mr. Michael William entered his appearance for G.M. Ex. C Docket Sheet.

(3) In violation with Rule 83.5 thirty (30) day rule. See Rule 83.6 Ex. A

(4) Also see § Rule 83.7 Ex. D.

**Rule 83.7 – Substitution and Withdrawal of Attorney**

No appearance shall be withdrew except by order of a motion duly notice to each party and served on the party client at least ten (10) days before the motion is presented by registered or certified mail addressed to the client's last known address.

Mr. Slander withdraw on (11-08-06) copy attach and I was not notfine within Ten days. G.M Attorney violated Rule 83.7, - see penalty for withdrawal - (in a civil forfeiture action. Copy Rule 83.7 Attach 83.7. (Ex D - page



Language
Free Clas
New Castle Co
Appoquinimink
302-378-5037

(e) *Time to obtain local counsel.* A party not appearing *pro se* shall ob[tain] representation by a member of the Bar of this Court or have its atto[rney] associate with a member of the Bar of this Court in accordance with D. Del. [LR] 83.5(d) within thirty days after:

(1) The filing of the first paper filed on its behalf; or

(2) The filing of a case transferred or removed to this Court.

Failure to timely obtain such representation, shall subject the defaulting p[arty] to appropriate sanctions under D. Del. LR 1.3(a).

**Source.** — Former Delaware Local Rule 8.1 with revisions.

**Association with local counsel.** — In a civil forfeiture action, claimant's answer was struck because of his attorneys' failure to associate with local counsel and withdrawal from the case in violation of D. Del. Civ. LR ... United States v. Fifty Thousand Six Hu[ndred] Seventy-Two Dollars & No Cents in U[nited] States Currency, 35 F. Supp. 2d 37... (... 1999).

## Rule 83.6. Attorney discipline.

(a) *Attorneys convicted of crimes.* (1) Upon the filing with this Court [of a] certified copy of a judgment of conviction demonstrating that any att[orney] admitted to practice before the Court has been convicted in any Court [of the] United States, or the District of Columbia, or of any state, territory, com[mon]wealth or possession of the United States of a serious crime as herein defined, the Court shall enter an order immediately suspending that att[orney] whether the conviction resulted from a plea of guilty or nolo contendere o[r] a verdict after trial or otherwise, and regardless of the pendency of any a[ppeal], until final disposition of a disciplinary proceeding to be commenced upo[n] conviction. A copy of such order shall immediately be served upon the att[orney]. Upon good cause shown, the Court may set aside such order when it a[ppears] in the interests of justice so to do.

(2) The term "serious crime" shall include any felony and any lesser c[rime a] necessary element of which, as determined by the statutory or comm[on law] definition of such crime in the jurisdiction where the judgment was e[ntered] involves false swearing, misrepresentation, fraud, willful failure to file tax returns, deceit, bribery, extortion, misappropriation, theft, or an att[empt] a conspiracy or solicitation of another to commit a "serious crime."

(3) A certified copy of a judgment of conviction of an attorney for a[ny crime] shall be conclusive evidence of the commission of that crime in any dis[ciplinary] proceeding instituted against that attorney based upon the conviction.

(4) Upon the filing of a certified copy of a judgment of convi[ction of an] attorney for a serious crime, the Court shall in addition to suspe[nding that] attorney in accordance with the provisions of this Rule, also refer th[e matter to] counsel for the institution of a disciplinary proceeding before th[e Court in] which the sole issue to be determined shall be the extent of the fina[l discipline] to be imposed as a result of the conduct resulting in the convictio[n, provided] that a disciplinary proceeding so instituted will not be brought to fi[nal hearing] until all appeals from the conviction are concluded.

(5) Upon the filing of a certified copy of a judgment of convi[ction of an] attorney for a crime not constituting a "serious crime", the Court ma[y refer the] matter to counsel for whatever action counsel may deem warranted[, including] the institution of a disciplinary proceeding before the Court; provi[ded, how]ever, that the Court may in its discretion make no reference with [respect to] convictions for minor offenses.

An attorne
[...]ated immec
[...]ying convic
[...]will not ter
[...]ey, the disp
[...]available ev
[...]osed.
*Discipline i*
[...]efore this C
Court of the
[...]tate, territ
[...]tly inform t
Upon the fi
[...]strating th
disciplined b
[...]d to the at
a copy of the
an order to
30 days af
[...]of any claim
that the in
[...]ranted and
In the even
there, any
such stay ex
Upon expira
[...]ovisions of
the respon
[...]es of the re
[...]ated it clear
that the proc
[...]stitute a dep
that there wa
[...] rise to the c
accept as fina
that the imp
injustice; or
that the mis
[...]ntially diffe
this Court
[...]ther order a
In all other
[...]ey has been
[...]nduct for pur
This Court m
[...]ceedings.
*Disbarment o*
[...]tted to practic
[...] from the bar
[...]nia, or from t



| | | |
|---|---|---|
| 11/08/2006 | 23 | NOTICE OF SUBSTITUTION OF COUNSEL re General Motors: Entry of appearance of attorney Michael Busenkell. Attorney Sheldon N. Sandler terminated. (Attachments: # 1 Affidavit of Service)(Busenkell, Michael) (Entered: 11/08/2006) |
| 02/22/2007 | 24 | ORDER that CA 06-669 is CONSOLIDATED into CA 05-877. All pleadings and documents shall be filed ONLY in CA 05-877 (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 2/22/2007. (lec) (Entered: 02/23/2007) |
| 02/27/2007 | 25 | Letter to The Honorable Joseph J. Farnan from Margaret F. England regarding Motion for Default Judgment. (England, Margaret) (Entered: 02/27/2007) |
| 03/01/2007 | 26 | SCHEDULING ORDER: Discovery due by 6/30/2007. Dispositive Motions due by 7/20/2007. Pretrial Conference set for 10/4/2007 at 03:00 PM in Courtroom 4B before Honorable Joseph J. Farnan, Jr. Trial to be scheduled at Pretrial Conference. Signed by Judge Joseph J. Farnan, Jr. on 3/1/2007. (lec) (Entered: 03/01/2007) |
| 03/06/2007 | 27 | Letter to Judge Joseph J. Farnan, Jr. from Roland C. Anderson regarding Dft's Ltr D.I. 25. (lec) (Entered: 03/08/2007) |
| 03/22/2007 | 29 | NOTICE OF APPEAL of D.I. 26 Scheduling Order. Appeal filed by Roland C. Anderson. (lec) (Entered: 03/27/2007) |
| 03/22/2007 | 30 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (lec) (Entered: 03/27/2007) |
| 03/23/2007 | 28 | Letter to the Court from Roland C. Anderson requesting status of Motion For Default D.I.15 and requesting an attorney. (lec) (Entered: 03/26/2007) |
| 03/29/2007 | 31 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 29 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-1908. USCA Case Manager: Shannon L. Craven (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (sc, ) (Entered: 03/29/2007) |
| 05/29/2007 | 32 | MEMORANDUM OPINION. Signed by Judge Joseph J. Farnan, Jr. on 5/29/2007. (lec) (Entered: 05/29/2007) |
| 05/29/2007 | 33 | ORDER DENYING D.I. 15 Motion for Default Judgment (per D.I. 32 Memorandum Opinion). Signed by Judge Joseph J. Farnan, Jr. on 5/29/2007. (lec) (Entered: 05/29/2007) |
| 05/29/2007 | 41 | ANSWER to Complaint filed (as attached to D.I. 17) by General Motors. (dlk) (Entered: 06/18/2007) |
| 06/01/2007 | 34 | MEMORANDUM ORDER DENYING D.I. 28 Letter request for Appointment of Counsel (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 6/1/2007. (lec) (Entered: 06/01/2007) |
| 06/07/2007 | 35 | MOTION for Reconsideration re 32 Memorandum Opinion - filed by |

APPEAL, LEAD, PaperDocuments

**U.S. District Court**
**District of Delaware (Wilmington)**
**CIVIL DOCKET FOR CASE #: 1:05-cv-00877-JJF**
**Internal Use Only**

Anderson v. General Motors
Assigned to: Honorable Joseph J. Farnan, Jr.
Related Cases: 1:03-cv-00275-JJF
1:98-cv-00040-JJF
1:98-cv-00045-JJF
1:06-cv-00669-JJF
Case in other court: US Court of Appeals for the 3rd Circuit, 06-03316
3rd Circuit, 07-01908
3rd Circuit, 07-02771
Third Circuit Court of Appeals, 07-03719
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 12/19/2005
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Roland C. Anderson**

represented by **Roland C. Anderson**
Roland C. Anderson, Pro Se
113 Lloyd St.
Wilmington, DE 19804
PRO SE

V.

**Defendant**

**General Motors**

represented by **Michael Busenkell**
Eckert Seamans Cherin & Mellott, LLC

300 Delaware Avenue
Suite 1360
Wilmington, DE 19801
(302) 425-0430
Email: mbusenkell@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa A. Cheek**
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor

P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
Email: tcheek@ycst.com
*TERMINATED: 11/08/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Margaret Fleming England**
Eckert Seamans Cherin & Mellott, LLC

300 Delaware Avenue
Suite 1360
Wilmington, DE 19801
(302) 425-0430
Fax: (302) 425-0432
Email: mengland@eckertseamans.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/07/2007 | | Remark : Notice Regarding filing of documents containing Personal Information was mailed to plaintiff by the Clerk's Office - re: 70 Sealed Exhibit. (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | 70 | SEALED EXHIBIT -(Deposition Exhibit - "Seniority List") - re 69 Facts Discovery - filed by Roland C. Anderson. (Placed under seal by Clerk's Office). (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | 69 | Document titled " Facts Discovery" - filed by Roland C. Anderson.(rwc) (Entered: 11/07/2007) |
| 11/06/2007 | 71 | Letter to Roland C. Anderson from Teresa Koenig, DE Dept. of Labor, rec'd 11/6/07 regarding subpoena for records received. (rwc) (Entered: 11/07/2007) |
| 10/30/2007 | 68 | Letter from Roland Anderson dated 10/25/07 enclosing "Building Log" claiming that defense counsel did not show for deposition. (rwc) (Entered: 10/31/2007) |
| 10/30/2007 | 67 | MOTION for Extension of Time to take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/31/2007) |
| 10/30/2007 | | SO ORDERED, re 65 MOTION for Pro Hac Vice Appearance of Attorney of Michael A. Williams of Lathrop & Gage L.C. filed by General Motors. Signed by Judge Joseph J. Farnan, Jr. on 10/30/07. (dab) (Entered: 10/30/2007) |
| 10/26/2007 | | Remark: Per telephone conversation with Roland Anderson, it has been noted that a jury demand was listed on the Civil Cover Sheet (DI 2). The docket has been corrected to reflect the plaintiffs jury demand. (ead) (Entered: 10/26/2007) |



**Rule 83.7. Substitution and withdrawal of attorney.**

An attorney may withdraw an appearance for a party without the Court's permission when such withdrawal will leave a member of the Bar of this Court appearing as attorney of record for the party. Otherwise, no appearance shall be withdrawn except by order on a motion duly noticed to each party and served on the party client, at least ten days before the motion is presented, by registered or certified mail addressed to the client's last known address.

**Source.** — Former Delaware Local Rule 8.3 with revision.

**Penalty for withdrawal.** — In a civil forfeiture action, claimant's answer was struck because of his attorneys' failure to associate with local counsel in violation of D. Del. LR 83.5 and withdrawal from the case in violation of this rule. United States v. Fifty Thousand Six Hundred Seventy-Two Dollars & No Cents in United States Currency, 35 F. Supp. 2d 373 (D. Del. 1999).

5

Rule 3.4 STAtes THE Following EX E(1)
FAIRNESS to opposing PARty And Counsel (PAge 1 EX G)

R. 3.4 Attach
A Lawyer SHall not;
A. Unlawfully obstruct Another pARTy's Acess to Evidence or unlawfully Alter destroy or Conceal A document or other MAterial Having potential LAW; Rule Attach EX E. Also EX F will show I Requested production From G.M And Attorney on (10-31-07) copy Attach A (Suepena). But was never produce By G.M. And There, was An order Date By Honoble Judge FARRAN - A Discovery Due NO Later By NOV. 8-07. THe counsel for G.M never Reply to THAT order (for Discovery - DEADLine for NOV. 8, 07. SEE Honorable Judge FARRAN order Attach EX G (2). Also see Docket Sheet Attach his order, EX G (3). Also see Rule 1.3 (other Santion) for Voilations.

Also SEE Rule 8.1 BAR Admission and Disciplinary Matter (A) - B EX H(1) R. 8.1 Attach As well.

ExE (1)

connection with a request for permission to withdraw that is premised on a client's misconduct, a lawyer may reveal information relating to the representation only to the extent reasonably necessary to comply with this Rule or as otherwise permitted by Rule 1.6.

---

**Subsection (a) describes separate violations.** — The act of offering evidence prohibited by subsection (a)(4) is a separate and distinct act in a judicial proceeding from the act of filing a pleading or making a statement prohibited by subsection (a)(1). In re McCann, 669 A.2d 49 (Del. 1995).

**Duty of defense counsel to both defendant and court.** — Defense counsel has a responsibility not only to the defendant-client, but to the trial court, as well. State v. Grossberg, 705 A.2d 608 (Del. Super. Ct. 1997).

The Sixth Amendment right to counsel was never intended to override the court's broader responsibility for keeping the administration of justice and the standards of professional conduct unsullied. State v. Grossberg, 705 A.2d 608 (Del. Super. Ct. 1997).

**Knowledge of client's perjury.** — An attorney should have knowledge beyond a reasonable doubt before determining under this Rule that his client has committed or is going to commit perjury. Shockley v. State, 565 A.2d 1373 (Del. 1989).

Counsel adequately performed his duty as officer of court by disclosing to the court what he believed beyond a reasonable doubt to be his client's proposed perjury; counsel's resort to narrative testimony when client insisted on testifying was reasonable under the circumstances and did not prejudice client's case. Shockley v. State, 565 A.2d 1373 (Del. 1989).

**Misleading conduct prohibited.** — An attorney, acting as an officer of the court, has a duty to respond with complete candor to court inquiries; counsel may not, knowingly or otherwise, engage in conduct which may reasonably be perceived as misleading either to the court or to opposing counsel. State v. Guthman, 619 A.2d 1175 (Del. 1993).

Attorney violated subsection (a)(1) of this Rule and Prof. Cond. Rules 3.4(b) and 8.4(c) when he identified himself as client's "nephew" and submitted falsified evidence to the tribunal in the form of a petition which identified him as such. In re McCann, 669 A.2d 49 (Del. 1995).

Attorney's misrepresentation to a Family Court that a client was not in arrears with regard to alimony and had paid the debt in full was determined to have been an act of dishonesty, fraud, deceit, or misrepresentation in violation of Law. Prof. Conduct R. 8.4(c) and (d), a failure to provide competent representation to the client, in violation of Law. Prof. Conduct R. 1.1, and a failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions, in violation of Law. Prof. Conduct R. 1.4(b); the misrepresentation was found to have been knowingly made, but the recommended suspension of 2 years was reduced to 6 months, because mitigating circumstances were found in the nature of the attorney providing the Family Court with correspondence, which would have permitted the Family Court and the adverse party an opportunity to verify the debt. In re A Mbr. of the Bar of the Supreme Court of the Delaware (Chasanov), — A.2d — (Del. Feb. 22, 2005).

Attorney's acceptance of a retainer of $250 from a client through a prepaid legal plan, while never contacting the client and refusing to refund the retainer until after the first disciplinary hearing, was held to have violated Law. Prof. Conduct R. 1.3, with regard to acting with reasonable diligence and promptness, Law. Prof. Conduct R. 1.4(a) and (b), with regard to failing to keep the client reasonably informed to the extent reasonably necessary to permit the client to make informed decisions, and, Law. Prof. Conduct R. 1.15(b) and (d), with regard to failing to safeguard the client's funds and deliver them upon request; the prepaid legal firm had refused to refund the retainer and, in fact, showed no record of the amount, which had been paid directly to the attorney. In re A Mbr. of the Bar of the Supreme Court of the Delaware (Chasanov), — A.2d — (Del. Feb. 22, 2005).

**Misleading statements prohibited.** — Evidence held sufficient to establish a violation of subsections (a)(1) and (4) of this Rule where attorney inconsistently informed the trial court that she did as to whether she did or did not represent a client. In re Shearin, 721 A.2d 157 (Del. 1998), cert. denied, 526 U.S. 1122, 119 S. Ct. 1776, 143 L. Ed. 2d 805 (1999).

**Development that renders material representation inaccurate.** — An attorney's duty to respond with complete candor to the court includes a responsibility to promptly inform the court and opposing counsel of any development that renders a material representation to the court inaccurate. State v. Grossberg, 705 A.2d 608 (Del. Super. Ct. 1997).

## Rule 3.4. Fairness to opposing party and counsel.

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential

English As A Second
Language (ESL)
Free Classes

Castle County
…uininink Adult Basic Ed.

EX E-1

evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law.

(c) knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent efforts to comply with a legally proper discovery request by an opposing party;

(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(1) the person is a relative or an employee or other agent of a client; and

(2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

COMMENT

[1] The procedure of the adversary system contemplates that the evidence in a case is to be marshalled competitively by the contending parties. Fair competition in the adversary system is secured by the prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.

[2] Documents and other items of evidence are often essential to establish a claim or defense. Subject to evidentiary privileges, the right of an opposing party, including the government, to obtain evidence through discovery or subpoena is an important procedural right. The exercise of that right can be frustrated if relevant material is altered, concealed or destroyed. Applicable law in many jurisdictions makes it an offense to destroy material for purpose of impairing its availability in a pending proceeding or one whose commencement can be foreseen. Falsifying evidence is also generally a criminal offense. Paragraph (a) applies to evidentiary material generally, including computerized information. Applicable law may permit a lawyer to take temporary possession of physical evidence of client crimes for the purpose of conducting a limited examination that will not alter or destroy material characteristics of the evidence. In such a case, applicable law may require the lawyer to turn the evidence over to the police or other prosecuting authority, depending on the circumstances.

[3] With regard to paragraph (b), it is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.

[4] Paragraph (f) permits a lawyer to advise employees of a client to refrain from giving information to another party, for the employees may identify their interests with those of the client. See also Rule 4.2.

---

**Violation shown.** — Attorney violated subsection (c) when, in connection with the receivership of his law practice, he failed to cooperate with the receiver's efforts to gain control over the books and records of the practice. In re Maguire, 725 A.2d 417 (Del. 1999).

Where attorney violated Rule 1.2(a), Rule 1.3, Rule 1.4(a) and (b), Rule 1.15(a) and (d), Rule 1.16(b) and (d), and Rule 3.4 (c), attorney agreed to pay all the costs of the disciplinary proceedings, the costs of the investigatory audits performed by the Lawyers' Fund for Client Protection, the restitution noted in the parties stipulation, and consented to the imposition of a public reprimand with a public four-year probation with conditions. In re Solomon, 745 A.2d 874 (Del. 1999).

Where attorney who had practiced for over 20 years and was found to be a good lawyer committed professional misconduct by failing to

appear at a scheduled family cou… by failing to reschedule two ot… ances in family court, which co… tions of Del. Law. R. Prof. Con… 8.4(d), the public probation per… ney was already serving for pr… was extended for an addition… Solomon, — A.2d — (Del. Apr. …

Law. R. Prof. Conduct 1.15(a)… 1.16(d), 3.4(c), 8.1(b), 8.4(d) wer… for several years the attorney … improperly accounted for the a… funds and the attorney's escr… inaccurately completed certifi… ance; the attorney was suspen… could apply for reinstatement… the attorney fulfilled condition… return to solo practice. In re Fo… 1167 (Del. 2005).

When an attorney handling… alia, failed to probate the es… manner, the attorney violate… Conduct 3.4(c). In re Wilson, … Nov. 9, 2005).

**Failure to comply wit… Court in relation to pleadi…** of this Rule. In re Tos, 576 A.2…

**Failure to timely proba…** failing to probate the esta… knowingly disobeyed the tr… violated Law. R. Prof. Con… Wilson, — A.2d — (Del. May…

**Misleading conduct pro…** ney violated subsection (b)… Prof. Cond. Rules 3.3(a)(1) … identified himself as client's… mitted falsified evidence to… form of a petition that identi… re McCann, 669 A.2d 49 (D…

**No duty to reveal wea…** While an attorney has duti… opposing party and may no… involving dishonesty, fraud, … sentation, an attorney ne…

## Rule 3.5. Impartial…

A lawyer shall not:

(a) seek to influen… means prohibited by…

(b) communicate … person or members… authorized to do so …

(c) communicate … unless the communi…

(d) engage in con… fied or discourteous…

[1] Many forms of imp… tribunal are proscribed b… are specified in the ABA… Conduct, with which a…

EXG-(1)

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Roland C. Anderson
V.
General Motors Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.A. 05-0877

TO: Michael William E Michael Berkstaller
300 Delaware Avenue, Suite 1210
Wil. Del. 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
List of All Employee Hire From 1982 until Oct. 04 (And there Race) (TO) united State District court / At 844 N. King STR. Wil. Del. 19801 / Time 4:00 or 3:00 — Date Oct 31, 07

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Deputy Clerk | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

PETER T. DALLEO (302) 573-6170

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael William Mr. Buckley
300 Del. Avenue Suite #210
Wil, Del. 19801

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Jeanne E. Bolen ☒ Agent ☐ Addressee

B. Received by (Printed Name) JEANNE E. BOLEN

C. Date of Delivery 10/26/07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

WILMINGTON DE RODNEY SQ STA 19801 OCT 26 2007 USPS

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7007 1490 0002 7860 7565

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

80 G(2)

CM/ECF LIVE - U.S. District Court:ded - Docket Report Page 7 of 7

| | | |
|---|---|---|
| 10/03/2007 | 58 | NOTICE to Take Deposition of Roland C. Anderson on October 24, 2007 at 9:00 a.m. by General Motors.(Busenkell, Michael) (Entered: 10/03/2007) |
| 10/11/2007 | 59 | USCA Order Terminating Appeal as to 51 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Appeal Dismissed for lack of appellate jurisdiction. (pr, ) (Entered: 10/11/2007) |
| 10/12/2007 | 60 | RESPONSE to Discovery Request filed by Roland C. Anderson.(rwc) (Entered: 10/12/2007) |
| 10/19/2007 | 61 | Document titled "Motion to this Court/Violation of Judge's Order", construed as OBJECTIONS to 58 Notice to Take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/19/2007) |
| 10/22/2007 | 62 | MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* - filed by General Motors. (England, Margaret) (Entered: 10/22/2007) |
| 10/23/2007 | 63 | ORDER granting 62 MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* filed by General Motors. Setting Scheduling Order Deadlines Discovery due by 11/8/2007., Dispositive Motions due by 12/7/2007. Signed by Judge Joseph J. Farnan, Jr. on 10/23/07. (dab) (Entered: 10/23/2007) |
| 10/24/2007 | 64 | MOTION for Extension of Time to Complete Discovery until at least December 7,2007 - filed by Roland C. Anderson. (bkb) (Entered: 10/24/2007) |

13

https://ecf.ded.uscourts.gov/cgi-bin/DktRpt.pl?282877374412806l-L_353_0-1

P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
Email: tcheek@ycst.com
*TERMINATED: 11/08/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Margaret Fleming England**
Eckert Seamans Cherin & Mellott, LLC

300 Delaware Avenue
Suite 1360
Wilmington, DE 19801
(302) 425-0430
Fax: (302) 425-0432
Email: mengland@eckertseamans.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/07/2007 | | Remark : Notice Regarding filing of documents containing Personal Information was mailed to plaintiff by the Clerk's Office - re: 70 Sealed Exhibit. (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | 70 | SEALED EXHIBIT -(Deposition Exhibit - "Seniority List") - re 69 Facts Discovery - filed by Roland C. Anderson. (Placed under seal by Clerk's Office). (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | 69 | Document titled " Facts Discovery" - filed by Roland C. Anderson.(rwc) (Entered: 11/07/2007) |
| 11/06/2007 | 71 | Letter to Roland C. Anderson from Teresa Koenig, DE Dept. of Labor, rec'd 11/6/07 regarding subpoena for records received. (rwc) (Entered: 11/07/2007) |
| 10/30/2007 | 68 | Letter from Roland Anderson dated 10/25/07 enclosing "Building Log" claiming that defense counsel did not show for deposition. (rwc) (Entered: 10/31/2007) |
| 10/30/2007 | 67 | MOTION for Extension of Time to take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/31/2007) |
| 10/30/2007 | | SO ORDERED, re 65 MOTION for Pro Hac Vice Appearance of Attorney of Michael A. Williams of Lathrop & Gage L.C. filed by General Motors. Signed by Judge Joseph J. Farnan, Jr. on 10/30/07. (dab) (Entered: 10/30/2007) |
| 10/26/2007 | | Remark: Per telephone conversation with Roland Anderson, it has been noted that a jury demand was listed on the Civil Cover Sheet (DI 2). The docket has been corrected to reflect the plaintiffs jury demand. (ead) (Entered: 10/26/2007) |



395-6729
N/C 5860.5

application thereof would not be feasible or would work injustice, in which event the former Rules shall govern.

(e) *Rules of construction.* United States Code, Title 1, Sections 1 to 5, shall as far as applicable, govern the construction of these Rules.

**Source.** — Model Local Rule 1.1. (*Cf.* former Delaware Local Rules 1.1, 1.2 and 9.7.)

### Rule 1.2. Availability of the Local Rules.

Copies of these Rules, as amended and with any appendices attached hereto, are available from the Clerk of the Court for a reasonable charge to be determined by the Court.

When amendments to these Rules are proposed and made, notice consistent with Rule 83 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2071 shall be provided of: (1) such proposals; (2) the ability of the public to comment; and (3) final adoption.

**Source.** — Model Local Rule 1.2.

### Rule 1.3. Sanctions.

(a) *In general.* The violations of or failure to conform with any of the Local Rules of the United States District Court for the District of Delaware, the Federal Rules of Civil Procedure or any order of this Court, including orders relating to conferences or other appearances, and orders or rules relating to brief schedules, shall subject the offending party and that party's attorney, at the discretion of the Court, to appropriate discipline including, but not limited to the imposition of costs, fines, and such attorneys' fees to opposing counsel as the Court may deem proper under the circumstances.

(b) *Pretrial procedures and motions.* Failure of counsel for any party to appear before the Court at any pretrial conference or to complete the necessary preparations therefor or to be prepared for trial on the date set may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or the entire case. Failure to comply with the Rules of this Court relating to motions may result in the determination of the motion against the offending party.

**Source.** — Former Delaware Local Rule 9.2 with revisions.

## II. COMMENCEMENT OF ACTION; PROCESS; SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS.

### Rule 3.1. Civil cover sheet.

(a) *Submission of a civil cover sheet.* Every complaint or other document initiating a civil action shall be accompanied by a completed civil cover sheet, on a form available from the Clerk of the Court. This requirement is solely for administrative purposes, and matters appearing only on the civil cover sheet have no legal effect in the action.

If the complaint or other document is submitted for filing without a completed civil cover sheet, the Clerk shall retain the document and stamp on it the date and time submitted and promptly give notice of the omission to the

party filing the document. Wh
Clerk shall docket the compl
date it was originally submit
Persons filing civil cases pr
(b) *Indication of related ac*
indicate on the civil cover s
actions or proceedings previ
any other court: (1) arise fro
happenings, or events; (2) i
or property; (3) involve the s
reasons would entail subs
judges. Counsel for a defen
noted previously, shall brin
the Clerk, who will either
judge to whom the case ha

**Source.** — For 3.1(a), Model
with revisions, and for 3.1(b), fo
Local Rule 2.2B with revisions.

### Rule 3.2. Patent cases.

In all patent cases, co
complaint and filed with

### Rule 4.1. Service of p

(a) *Summons.* To assi
required to serve a sum
summons to the Clerk c
served with the summ
summons. Upon issuan
party's attorney who sh
and a copy of the plead
a basis to reject the pl
(b) *Affidavit of maili*
serves process pursuar
the plaintiff or plaint
mailing and receipt o
defendant's return rec
by the plaintiff or pla
return receipt need n

**Source.** — For 4.1(a), fo
Rule 1.4 with revisions, a
Delaware Local Rule 2.1E

### Rule 5.1.1. Genera

All pleadings, mot
by 11 inch opaque, u
shall be plainly typ
tion process, and c
Each page shall be

EX H. (1)

nancial support for election to or retention in judicial or other government office. Political contributions in initiative and referendum elections are not included. For purposes of this rule, the term "political contribution" does not include uncompensated services.

[3] Subject to the exceptions below, (i) the term "government legal engagement" denotes any engagement to provide legal services that a public official has the direct or indirect power to award; and (ii) the term "appointment by a judge" denotes an appointment to a position such as referee, commissioner, special master, receiver, guardian or other similar position that is made by a judge. Those terms do not, however, include (a) substantially uncompensated services; (b) engagements or appointments made on the basis of experience, expertise, professional qualifications and cost following a request for proposal or other process that is free from influence based upon political contributions; and (c) engagements or appointments made on a rotational basis from a list compiled without regard to political contributions.

[4] The term "lawyer or law firm" includes a political action committee or other entity owned or controlled by a lawyer or law firm.

[5] Political contributions are for the purpose of obtaining or being considered for a government legal engagement or appointment by a judge if, but for the desire to be considered for the legal engagement or appointment, the lawyer or law firm would not have made or solicited the contributions. The purpose may be determined by an examination of the circumstances in which the contributions occur. For example, one or more contributions that in the aggregate are substantial in relation to other contributions by lawyers or law firms, made for the benefit of an official in a position to influence award of a government legal engagement, and followed by an award of the legal engagement to the contributing or soliciting lawyer or the lawyer's firm would support an inference that the purpose of the contributions was to obtain the engagement, absent other factors that weigh against existence of the proscribed purpose. Those factors may include among others that the contribution or solicitation was made to further a political, social, or economic interest or because of an existing personal, family, or professional relationship with a candidate.

[6] If a lawyer makes or solicits a political contribution under circumstances that constitute bribery or another crime, Rule 8.4(b) is implicated.

## Rule 8.1. Bar admission and disciplinary matters.

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

(a) knowingly make a false statement of material fact; or

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admission or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

### COMMENT

[1] The duty imposed by this Rule extends to persons seeking admission to the bar as well as to lawyers. Hence, if a person makes a material false statement in connection with an application for admission, it may be the basis for subsequent disciplinary action if the person is admitted, and in any event may be relevant in a subsequent admission application. The duty imposed by this Rule applies to a lawyer's own admission or discipline as well as that of others. Thus, it is a separate professional offense for a lawyer to knowingly make a misrepresentation or omission in connection with a disciplinary investigation of the lawyer's own conduct. Paragraph (b) of this Rule also requires correction of any prior misstatement in the matter that the applicant or lawyer may have made and affirmative clarification of any misunderstanding on the part of the admissions or disciplinary authority of which the person involved becomes aware.

[2] This Rule is subject to the provisions of the fifth amendment of the United states Constitution and corresponding provisions of state constitutions. A person relying on such a provision in response to a question, however, should do so openly and not use the right of nondisclosure as a justification for failure to comply with this Rule.

[3] A lawyer representing an applicant for admission to the bar, or representing a lawyer who is the subject of a disciplinary inquiry or proceeding, is governed by the rules applicable to the client-lawyer relationship, including Rule 1.6 and, in some cases, Rule 3.3.

**Violation shown.** — Attorney's false sta ment to the Office of Disciplinary Council garding his distribution of settlement funds a client violated this rule. In re Maguire, 7 A.2d 417 (Del. 1999).

Where attorney's prior disciplinary rec included public reprimands and private adr nitions and attorney was found to have viola subsection (b) in five instances, attorney v suspended from the practice of law for se months. In re Guy, 756 A.2d 875 (Del. 2000

Attorney's failure to timely respond to Office of Disciplinary Counsel's (ODC) letter to contact the client as requested by the OI violated subsection (b) of this rule. In re Becl 788 A.2d 527 (Del. 2001).

Law. R. Prof. Conduct 1.15(a), 1.15(d), 1.1 1.16(d), 3.4(c), 8.1(b), 8.4(d) were violated wl for several years the attorney mishandled improperly accounted for the attorney's clie funds and the attorney's escrow account inaccurately completed certificates of com

## Rule 8.2. Judicial and legal off

(a) A lawyer shall not make a st or with reckless disregard as to its t or integrity of a judge, adjudicatory for election or appointment to judi

(b) A lawyer who is a candidat applicable provisions of the Code c

[1] Assessments by lawyers are relied o evaluating the professional or personal fit of persons being considered for election or pointment to judicial office and to public l offices, such as attorney general, prosecu attorney and public defender. Expressing est and candid opinions on such matters tributes to improving the administratio justice. Conversely, false statements by a yer can unfairly undermine public confiden the administration of justice.

## Rule 8.3. Reporting professior

(a) A lawyer who knows that a the rules of Professional Conduct lawyer's honesty, trustworthiness inform the appropriate profession

(b) A lawyer who knows that a j rules of judicial conduct that rai fitness for office shall inform the

(c) This Rule does not require d by rule 1.6.

(d) Notwithstanding anything the relationship between meml Committee of the Delaware State the Bar Association, or (ii) the Pro

LR_."

(b) Effective Date. The Rules become effective on June 30, 2007. The Rules supercede any local rules effective prior thereto and shall govern all civil proceedings pending on the effective date, unless otherwise ordered.

(c) Application. The Rules shall be construed consistent with 1 U.S.C. §§ 1-5 and shall be followed insofar as they are not inconsistent with the Federal Rules of Civil Procedure (hereinafter "Fed. R. Civ. P."). The Rules, as well as all procedures promulgated by either the Clerk of Court ("the Clerk") or any Judge's chambers, shall be on the Court's website at **www.ded.uscourts.gov.**

(d) Modification. The application of the Rules in any case or proceeding may be modified by the Court in the interests of justice.

RULE 1.2. **Availability of the Local Rules.**

(a) Copies. Copies of the Rules, as amended and with any appendices attached hereto, can be viewed on and downloaded from the Court's website, **www.ded.uscourts.gov.** Paper copies are available from the Clerk for a reasonable charge to be determined by the Court.

(b) Amendments. Consistent with Fed. R Civ. P. 83 and 28 U.S.C. § 2071, notice shall be provided of:

(1) Any amendments to the Rules;

(2) The ability of the public to comment thereon; and

(3) Final adoption of the amendments.

RULE 1.3. **Sanctions.**

(a) In General. Sanctions may be imposed, at the discretion of the Court, for violations of the Rules, as well as for violations of the Fed. R. Civ. P. and any order of the Court. Such sanctions may include, but are not limited to, costs, fines and attorneys' fees imposed on the offending party and that party's attorney.

(b) Substantive Sanctions. In addition to financial penalties, failure of counsel to comply with the Rules relating to trial preparation may be considered an abandonment or a failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or the entire case. Likewise, failure of counsel to comply with the Rules relating to motions may result in the determination of the motion against the offending party.

## II. COMMENCEMENT OF ACTION; PROCESS; SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

RULE 3.1. **Civil Cover Sheet.**

(a) In General. Except for civil actions initiated by prisoners who are not represented by counsel, every party initiating a civil action in the Court shall complete and file with the Clerk a civil cover sheet, a form available from the Clerk. To the extent that counsel for a plaintiff has not completed the entire civil cover sheet accurately, counsel for a defendant shall bring such missing or inaccurate information to the attention of the Clerk, all parties, and the Court.

(b) Indication of Related Actions. Counsel for a plaintiff in a civil action shall indicate on the civil cover sheet if said action is related to any other civil action previously decided or pending in this or any other federal district court. Civil actions are related if they:

(1) Arise from the same or substantially identical transactions, happenings, or events as the case at bar;

(2) Involve the same or substantially the same parties or property;

(3) Involve the same patent or the same trademark; or

(4) For other reasons would entail substantial duplication of labor if heard by different judges.

RULE 3.2. **Patent Cases.**

In all patent cases, copies of the patents at issue shall be attached and filed with the complaint.

RULE 4.1. **Service of Process.**

(a) Summons. Except as to those cases proceeding pursuant to 28 U.S.C. § 1915(d), upon or after the filing of a complaint, plaintiff or plaintiff's counsel must present to the Clerk, for the Clerk's signature and seal, a completed form of summons for

Rule 3.4 - STATES THE FOLLOWING EX.E (1).
FAIRNESS to opposing PARTY And counsel (PAGE 1, EX E R. 3.4) Attached.

A. LAWYER SHALL NOT:
(A) Unlawfully Alter, destroy or conceal A document or other Material Having potential (Rule Attach EXE) ALSO EXF will SHOW Requested production From G.M And Attorney on October 31, 2007, Copy EXG.

(1) Attach is the (Supena) - But it was never produced by G.M And there was AN order (dated) By THE HonorAble Judge FARRAN for A discovery due NO LATER than NOVEMBER 8, 2007. THE counsel for G.M Never Replied to THAT order (for discovery order deadline for NOV.8-07.) SEE HonorAble Judge FARRAN'S order Attach EX G(2) Also see Docket SHeet G.M. Never Replied TO order EXG (2) Attached.

Also SEE Rule 8.1 BAR Admission And disciplinary MATTER (A)-(b)-EX H (1). Rule 8.1 Attach AS well. MR. SLAnder withdrew on NOV. 8, 2006, copy Attach And I, was Notified within TEN (10) days G.M Attorney Violated Rule 83.7 SEE penalty for withdrawal in A civil forfeiture Action. Copy R. 83.7 Attach. 83.7 (EX D PAGE 1).

WHerefore FOR THEIR Violation of Rules and order MAde By THis Court, Rule 1.3 SHould Apply or what the Court DEEM Justified for Justice.

Certified of SERVICES
Honorable Judge FARRAN
MICHAEL William E./MicHael Burnhall
300 Delaware AVE. STREET 210
Wil. Del. 19801

THANK you
Roland C. Anderson
113 Lloyd STREET
Wil. Del. 19804

Date NOV. 29-07