IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

APR 7  3 31 PM '93

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

ROLAND C. ANDERSON, )
  )
  Plaintiff, )
  )
v. ) Civil Action No. 92-335-RRM
  )
GENERAL MOTORS, BOXWOOD )
ROAD, WILMINGTON, )
DELAWARE 19804, )
  )
  Defendant. )

## MEMORANDUM OPINION

Roland C. Anderson, pro se plaintiff.

Max S. Bell, Jr., Esquire, Richards, Layton & Finger, Wilmington, Delaware, for defendant.

Dated: April 7, 1993

**EX. 2**

McKELVIE, District Judge

The plaintiff is a former employee of the defendant General Motors Corporation of Boxwood Road, Wilmington, Delaware. On June 8, 1992, the plaintiff filed a complaint against the defendant alleging that it had violated the plaintiff's rights under Title VII. Also on June 8, the plaintiff filed a Motion for the Appointment of Counsel.

On September 18, 1992, the defendant moved to dismiss the plaintiff's complaint. As the defendant submitted matters outside the pleadings in support of its motion, the Court will treat the motion as a motion for summary judgment.

On October 16, 1992, the plaintiff filed an answering brief in opposition to the defendant's motion in which the plaintiff asserted a new claim against the defendant based upon recall rights allegedly acquired by the plaintiff pursuant to paragraph 64(e) of the General Motors-United Auto Workers National Agreement ("National Agreement").

On December 3, 1992, the defendant filed its reply brief in which it responded to the new claim raised by the plaintiff in his answering brief.

This is the Court's decision on the pending motions.

I. FACTUAL BACKGROUND

The plaintiff worked for the defendant as a manufacturing assembly worker from August 31, 1981, to September 21, 1981, when he was laid off. He was rehired on June 25, 1982, and was again laid off on October 1, 1982.

EX. 2

On December 27, 1991, the plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a Charge against the defendant of discrimination on the basis of race.

On March 10, 1992, the EEOC sent the plaintiff a Determination letter stating that the EEOC had completed its investigation of the plaintiff's allegation and had concluded that the defendant had not violated Title VII with respect to the issues raised in the plaintiff's Charge.

On June 8, 1992, the plaintiff filed this action. The plaintiff's complaint reads as follows:

> I work for General Motors back in 1982, and about 3 months, was lay off and never call back. About 4 months ago a union member informed me General Motors had hired 100 new employees. I contact EEOC Philadelphia in which investigated allege charge and informed me of the right to sue within 90 days. I'm filing complaint violation of Title VII U.S.C. 42 §2002, and under rule discovery. Enclose discovery Ex. A.

On September 18, 1992, the defendant moved for summary judgment arguing that the plaintiff had not stated a claim for relief under Title VII. In his answering brief in opposition to the defendant's motion for summary judgment, the plaintiff recast his claim as follows:

> I never needed to re[ap]ply because of my recall rights . . . . I worked until October '82 and earn seniority rights and one was to be recall back according to U.A.W. and the General Motors Corp. Agreement . . . . I was entitled to 60 months to be recall . . .

EX. 2

II. DISCUSSION

A. Appointment of Counsel

In Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296 (1989), the Supreme Court held that under 28 U.S.C. § 1915(d) a federal district court is not authorized to require mandatory appointments of counsel for indigent persons. While a Court is free to request that an attorney represent an indigent person under §1915(d) in light of 42 U.S.C. § 1988, counsel should be requested by this Court only in exceptional cases. See Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). Counsel should be appointed only where the plaintiff demonstrates a likelihood of substantial prejudice to him resulting from, for example, his inability without the assistance of counsel to present the facts and legal issues to the court in a complex but arguably meritorious case. Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Having reviewed the plaintiff's complaint and other papers filed by the plaintiff and the defendant in this case, the Court finds that no complex legal or factual issues exist to warrant the appointment of counsel.

B. Title VII claim

Although the plaintiff's complaint alleges a violation of Title VII, nowhere in the complaint, or in any papers subsequently filed, does the plaintiff allege any facts or circumstances suggesting that the defendant discriminated against the plaintiff because of the plaintiff's membership in a protected class. In fact, the only mention of discriminatory treatment appears in the EEOC's Determination letter which recounts

3

EX. 2

that the plaintiff filed a Charge against the defendant alleging racial discrimination and concludes that the plaintiff had no evidence to support his accusation. See exhibit 1 to Plaintiff's Complaint. As the plaintiff has not alleged with particularity that he received discriminatory treatment on account of his race, he has failed to state a claim under Title VII. See, e.g., Kirkland v. Bianco, 39 Fair Empl. Prac. Cas. (BNA) 1306, 1308 (S.D.N.Y. 1984).

It is apparent from the plaintiff's answering brief in opposition to the defendant's motion for summary judgment, however, that the gravamen of the plaintiff's claim is not that the defendant violated his rights under Title VII, but rather that the defendant breached the National Agreement by violating the plaintiff's recall rights. The Court will now turn to an analysis of that claim.

B. Breach of the National Agreement

In his answering brief in opposition to the defendant's motion for summary judgment, the plaintiff alleges that the defendant breached the National Agreement by violating the plaintiff's recall rights. Specifically, the plaintiff asserts that pursuant to the National Agreement he retained recall rights for a period of 60 months after his employment with the defendant had terminated.

In its reply brief in support of its motion for summary judgment, the defendant asserts that the plaintiff never acquired the seniority that would have entitled him to a 60-month recall period. In support of that argument, the defendant has submitted a copy of the 1982 National Agreement. Paragraph 56 of the Agreement provides that:

4

EX. 2

> Employees shall be regarded as temporary employees until their names have been placed on the seniority list. There shall be no responsibility for the reemployment of temporary employees if they are laid off or discharged during this period. . . . .

Paragraph 57 provides that:

> Employees may acquire seniority by working 90 days during a period of six continuous months . . . .

The defendant asserts that the plaintiff was never entitled to be placed on the seniority list because he did not work 90 calendar days during a six-month period. The plaintiff was hired June 25, 1982, and was laid off October 1, 1982. As the defendant's plant was shut down from August 16, 1982, to September 7, 1982, the plaintiff worked at most a total of 78 days. His work in 1981 could not be counted toward seniority as it was not within six months of his work in 1982.

The defendant further contends that because the plaintiff was not entitled to be placed on the seniority list, he was never entitled to the recall rights specified in paragraph 64(e) of the Agreement. Formally, the plaintiff was still a "temporary employee" on October 1, 1982, and the defendant had no responsibility for re-employment of the plaintiff after that date. As a practical matter, the defendant has afforded employees in the plaintiff's situation an opportunity for recall on a time for time basis. Under this practice, the plaintiff ceased to have a right to recall on January 4, 1983, the date on which he had been separated from the defendant's employment for the same length of time as he had been employed.

Thus, it appears from the undisputed facts that the plaintiff was not entitled to a 60-month recall period. Even if the plaintiff were entitled to such a recall period,

EX. 2

however, the defendant would be entitled to summary judgment for the following reasons.

First, it is well established that an individual employee must first exhaust the grievance remedies provided in his collective bargaining agreement before seeking relief in federal court. See, e.g., DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983); Bolden v. Southeastern Pennsylvania Transportation Authority, 953 F.2d 807, 828 (3d Cir. 1991), cert. denied, 112 S.Ct. 2281 (1992). The 1982 National Agreement provides specific grievance procedures for employee claims against the defendant. See Bull Affidavit Ex. B ¶53, at 41-42. As the plaintiff has not alleged that he brought a grievance pursuant to the National Agreement and as the defendant has no record of a grievance being filed by the plaintiff, the plaintiff lacks standing to pursue his claim in this Court.

Second, it appears that the plaintiff's claim is untimely. Claims against an employer for breach of a collective bargaining agreement are governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. As this statute does not contain its own statute of limitations, federal courts look to state law and borrow the limitations period for the most analogous state cause of action. See Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 704-05 (1966). For breach of a collective bargaining agreement claims, it has been held that the most analogous state cause of action is for breach of contract. See, e.g., O'Hare v. General Marine Transport Corp., 740 F.2d 160, 167 (2nd Cir. 1984); Papianni v. International Association of Bridge, Structural and Ornamental Iron Workers, Local 11, 622 F. Supp. 1559, 1572-75 (D. N.J. 1985). In

EX. 2

Delaware, a breach of employment contract action is subject to the three year statute of limitations provided in 10 Del. C. § 8106. See McIntosh v. Arabian American Oil Co., 633 F. Supp. 942, 946 (D. Del. 1986). Because it appears that the plaintiff's recall rights expired January 4, 1983, any claim regarding those rights was time-barred three years later, or January 4, 1986. Assuming arguendo that the plaintiff was entitled to a 60 month recall period, his claim would be time-barred three years after the expiration of the recall period, or October 1, 1990. As the plaintiff did not file this action until June 8, 1992, his claim is untimely.

For the foregoing reasons, the Court will grant the defendant's motion for summary judgment.

EX. 2