EX. 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 92-335-SLR |
| ) | |
| GENERAL MOTORS, BOXWOOD ) | |
| ROAD, WILMINGTON, DELAWARE ) | |
| 19804, ) | |
| ) | |
| Defendant. ) | |

AFFIDAVIT OF DAVID I. BULL

STATE OF DELAWARE   )
                    ) SS:
COUNTY OF NEW CASTLE )

On this 16th day of September 1992 personally appeared before me the undersigned Notary Public, David I. Bull, who did depose and say:

1. I am an employee of General Motors Corporation at its Boxwood Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal Employment Opportunity and, as such, I have investigated the subject matter of the Complaint filed by Roland C. Anderson in the above-captioned civil action and the same matter when it was before the Equal Employment Opportunity Commission. I am authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2. The records of General Motors show that Plaintiff was employed as an hourly worker from August 31 to September 21, 1981, when he was laid off. During this period of time, he acquired no seniority rights, because he was not

A-1

employed for 90 days, as required under the terms of the applicable Collective Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off in October 1982. Under the Agreement he acquired certain seniority rights, including a right to be recalled to employment, but these rights expired on a "time for time" basis. Having been employed for only four months, Plaintiff's right to be recalled, as well as any other seniority rights, expired four months after he was laid off, that is, by February 1983.

3. G.M. has not hired any permanent employees for manufacturing assembly work since 1987. During this period of time, all persons recalled to work were laid off employees who had seniority rights and a right to be recalled before persons without such rights were considered for employment. Telephone inquiries concerning employment opportunities have received the response, "We are not issuing applications nor do we expect any opportunities in the near future."

4. Separate and apart from the matter of recalling former employees with seniority rights, there was a brief period when applications for temporary summer employment were processed. On May 13, 1992, 31 temporary employees were hired, but, as it turned out, they only worked for two weeks before being laid off. This took place long after Plaintiff had filed his complaint with the E.E.O.C. on or about December 27, 1991. Former employees who still have seniority rights do not have a right to recall to temporary summer employment.

5. G.M. has no record of receipt of a job application by Plaintiff during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

EX. 4

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6.  I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C. Attached is a copy of that response.

7.  G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

*David I. Bull*
David I. Bull

Sworn to and subscribed before me the day and year first above written.

*Constance L. McDorman-Newton*
Notary Public
My Commission Expires: *Nov., 1993*

-3-

**EX. 4**