Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 725208 (D.Del.), 174 L.R.R.M. (BNA) 3372
(Cite as: Not Reported in F.Supp.2d)

Page 2

**C**Anderson v. General Motors Corp.
D.Del.,2004.

United States District Court,D. Delaware.
Roland ANDERSON Plaintiff,
v.
GENERAL MOTORS CORP. and Local 435(UAW) Defendants.
No. Civ.A. 03-275 JJF.

March 29, 2004.

Roland Anderson, Wilmington, Delaware. Plaintiff, pro se.
Jennifer C. Bebko Jauffret, of Richards, Layton & Finger, Wilmington, Delaware, James M.L. Ferber, and Cheryl R. Hankerson, of Littler Mendelson, P.C., Columbus, Ohio, for Defendant General Motors Corporation, of counsel.
Stephen B. Potter, of Potter, Carmine, Leonard & Aaronson, P.A., Wilmington, Delaware, William T. Josem, and Cassie R. Ehrenberg, of Cleary & Josem LLP, Wilmington, Delaware, for Defendant Local 435(UAW), of counsel.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Presently before the Court is the Motion To Dismiss Or Alternatively For Summary Judgment of General Motors Corporation (D.I. 9-1; 9-2), the Motion To Dismiss The Complaint of Local 435(UAW) (D.I.12-1), and the Motion Not To Dismiss And 15A Amendment of Roland Anderson (D.I.21). For the reasons discussed, the Court will grant both motions to dismiss and deny the motion to amend.

BACKGROUND

On October 1, 1982, Roland Anderson was laid off from his manufacturing position at the Wilmington facility of General Motors Corporation ("GM"). On December 27, 1991, Mr. Anderson filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging that GM had discriminated against him and violated 42 U.S.C. § 2000e, et.seq. ("Title VII"). On March 10, 1992, the EEOC dismissed the charge, concluding that GM had not violated Title VII.

On June 8, 1992, Mr. Anderson brought a lawsuit in the United States District Court for the District of Delaware alleging GM violated Title VII. On September 18, 1992, GM moved to dismiss the complaint which the court treated as a motion for summary judgment. In Mr. Anderson's reply brief, he alleged a new claim that GM violated his recall rights granted under Paragraph 64(e) of the General Motors-United Auto Workers National Agreement ("the Agreement").

In granting GM's motion, the court held that Mr. Anderson alleged no facts or circumstances establishing GM's actions were racially discriminatory. The court also dismissed Mr. Anderson's new claim, finding he was not entitled to be recalled.

On September 6, 2002, Mr. Anderson filed a second discrimination charge with the EEOC and the Delaware Department of Labor ("DDOL") and alleged that GM violated Title VII by laying him off out of line with his seniority because of his race. The EEOC dismissed Mr. Anderson's charges as untimely.

On March 11, 2003, Mr. Anderson filed this lawsuit, alleging that GM violated Title VII when it laid him off out of line with his seniority and that his former union, Local 435 of the United Automobile Workers of America ("Local 435"), failed to inform him of GM's alleged discriminatory conduct.

GM and Local 435 have each filed a motion to dismiss. Mr. Anderson filed a Motion Not To Dismiss And 15A Amendment. The 15A Amendment alleges GM and Local 435 violated Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, the American with Disabilities Act ("ADA"), and Section 1983.

DISCUSSION

I. Parties Contentions

Plaintiff asserts several claims:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. 7

Case 1:05-cv-00877-JJF   Document 79-9   Filed 12/07/2007   Page 2 of 5

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 725208 (D.Del.), 174 L.R.R.M. (BNA) 3372
(Cite as: Not Reported in F.Supp.2d)

Page 3

1) that, he was laid off and not recalled by GM because of his race,

2) that, his union failed to make him aware of this violation of his rights,

3) that, under the LMRA, Local 435 did not fairly represent him, GM violated its arbitration agreement and committed other undefined violations,

4) that, GM and Local 435 violated the ADA, and

5) that, GM and Local 435 violated Section 1983.

*2 GM and Local 435 (collectively "Defendants") contend that Mr. Anderson's claims must be dismissed. Defendants contend that Mr. Anderson's claims are barred by the statute of limitations for each cause of action. Alternatively, Defendants contend that Mr. Anderson's claims are barred by the doctrine of claim preclusion due to the judgment entered against him in his 1992 lawsuit, which Defendants contend involved the same issues and facts presented in the instant action. Finally, Defendants contend that Mr. Anderson has not alleged any circumstances that would entitle him to relief under the ADA or Section 1983.

As to Defendants' statute of limitations defense, Mr. Anderson contends that the statute of limitations applicable to his causes of action under Title VII and the LMRA should be tolled. Mr. Anderson argues his claims fall under the continuing violation exception to Title VII's statute of limitations because GM continued to discriminate against him while he was laid off by failing to recall him in line with seniority. Mr. Anderson also alleges that he suffers from Schizophrenia Paranoia, Major Depression, and Type 2 Diabetes. Mr. Anderson contends these disabilities excuse his failure to comply with the statute of limitations because they make him forgetful, confused, and unable to take care of his business in a timely manner. Finally, Mr. Anderson contends that Defendants wrongfully concealed information relating to his lawsuit, causing his delay and preventing the assertion of a statute of limitations defense.

Defendants respond that the statute of limitations should not be tolled. Defendants contend that Mr. Anderson has failed to allege any facts which demonstrate an ongoing pattern of discrimination which is necessary to maintain a continued violation defense. Defendants contend that Mr. Anderson has not sufficiently pled that he was mentally incompetent at the time of the alleged discriminatory action and has not pled an incompetence that justifies his extended delay in filing. Defendants contend that Mr. Anderson cannot rely on the doctrine of equitable estoppel because he has not alleged any facts demonstrating that GM wrongfully concealed any information relevant to his Title VII claim.

II. Standard of Review

A. Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept as true the factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom."*Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir.2000). A court will grant a defendant's motion to dismiss only if it appears that the plaintiff could prove no set of facts that would entitle him or her to relief. Failure to comply with the statute of limitations will justify granting a motion to dismiss "where the claim is facially non-compliant with the limitations period and the affirmative defense [of failure to comply with the statute of limitations] clearly appears on the face of the pleading."*SeeOshiver v. Levin, Fishbein, Sedran, & Berman*, 38 F.3d 1380, 1385 n. 1 (3d Cir.1994) (citing *Trevino v. Union Pacific R.R. Co.*, 916 F.2d 1230 (7th Cir.1990)). A court is to construe a handwritten pro se complaint liberally, holding it to a less stringent standard than pleadings drafted by attorneys.*Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

B. Motion to Amend the Complaint

*3 Federal Rule of Civil Procedure 15 permits a court to freely grant a party leave to amend his or her pleadings "when justice so requires." Fed.R.Civ.P. 15. The decision of whether to grant a motion to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). However, a court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997). An amendment to a pleading is deemed

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. 7

Case 1:05-cv-00877-JJF    Document 79-9    Filed 12/07/2007    Page 3 of 5

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 725208 (D.Del.), 174 L.R.R.M. (BNA) 3372
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

futile if the amendment could not withstand a motion to dismiss. Satellite Fin. Planning Corp. v. First Nat'l Bank, 646 F.Supp. 118, 120 (D.Del.1986).

### III. Decision and Rationale

#### A. Title VII Claims

Under Title VII, an individual must file a charge of employment discrimination within 180 days of the unlawful employment practice or 300 days of the practice if the individual has "initiated proceedings with a state or local agency who has the authority to grant relief." See 42 U.S.C. § 2000(e)-5(e)(1); See also West v. Philadelphia, 45 F.3d 744, 754 (3d Cir.1995). Under Delaware law, claimants who have filed with either the EEOC or the DDOL may assert the 300 day statute of limitations. See Arasteh v. MBNA Am. Bank, N.A., 146 F.Supp.2d 476, 490 (D.Del.2001). Filing a charge under Section 2000 is a prerequisite to a Title VII action. West, 45 F.3d at 754.

In this case, the relevant labor agreement between GM and Local 435 requires GM to recall employees with seniority rights within 60 months (5 years) of being laid off. Thus, any obligation GM had to recall Mr. Anderson ended on October 1, 1987. Therefore, any cause of action Mr. Anderson had against GM and/or Local 435 in relation to Mr. Anderson's employment with GM expired 300 days after October 1, 1987.

There is no dispute that Mr. Anderson did not file his Complaint with the EEOC within 300 days of the allegedly discriminatory incident or the expiration of any recall rights he possessed. Therefore, the Court concludes Mr. Anderson's action is barred unless Mr. Anderson is entitled to a tolling of the statute of limitations.

#### B. LMRA Claims

Under Section 301(A) of the LMRA, 29 U.S.C. § 185(a),
[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The LMRA does not explicitly set forth a statute of limitations for Section 301(A), and a court must import the most analogous statute of limitations from state or federal law. See United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 60 (1981).

*4 Mr. Anderson has moved to amend his Complaint to assert a claim under Section 301(A) of the LMRA. Mr. Anderson alleges that GM violated the collective bargaining agreement and Local 435 breached its duty of fair representation. Applying the limitations period set out in DelCostello v. International Brotherhood of Teamsters et. al., such lawsuits are "hybrid" lawsuits and are governed by a six-month statute of limitations borrowed from Section 10(b) of the National Labor Relations Act ("NLRA").462 U.S. 151 (1983). This statute of limitations begins to run "when it becomes clear that further internal appeals would be futile." Scott v. Local 863, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, 725 F.2d 226, 229 (3d Cir.1984) (citing Clayton v. Auto. Workers, 451 U.S. 679, 689-93 (1981)).

The alleged discrimination in this case occurred well outside the six-month period. Mr. Anderson had knowledge of GM's alleged acts of discrimination twenty years ago. There is no evidence that Mr. Anderson ever attempted to utilize the union to address GM's alleged discrimination, and therefore, there is no definitive date after which it can be said that Mr. Anderson should have known "further" union appeals would be futile. However, this date cannot be later than the last appeal attempted or deserted, which, in the circumstances of this case, certainly occurred more than six months ago.

Unless Mr. Anderson is entitled to a tolling of the statute of limitations, Mr. Anderson's proposed LMRA claim is barred by the statute of limitations and amending his Complaint to allow the claim would be futile.

#### C. Section 1983 and ADA Claims

Mr. Anderson has made abstract, conclusory assertions that Section 1983 and the ADA were violated, but has failed to state a claim under either law. Therefore, amending Mr. Anderson's complaint to add the proposed claims would be futile and his

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. 7

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 725208 (D.Del.), 174 L.R.R.M. (BNA) 3372
(Cite as: Not Reported in F.Supp.2d)

motion to amend must be denied as to Section 1983 and the ADA.

### D. Whether the Statute of Limitations for Title VII and the LMRA should be stayed

Mr. Anderson contends he is entitled to the continuing violation exception to the statute of limitations. Under this exception, a plaintiff may pursue a Title VII claim beyond the statute of limitations period if he can demonstrate the alleged discrimination is part of an overall pattern or practice of discrimination. *SeeWest v. Philadelphia Elec. Co., 45 F.3d 744, 754.* (citing *Bronze Shields v. New Jersey Dep't Of Civ. Serv., 667 F.2d 1074, 1081 (3d Cir.1981)*). The plaintiff must show that at least one act of discrimination occurred within the filing period and that the discrimination is part of an ongoing practice and not an isolated or sporadic occurrence. *Id. at 754-55.* If a plaintiff can meet this burden, the filing period is considered irrelevant and the plaintiff is allowed to bring in the prior acts of discrimination and recover for the entire violation. *Id. at 755.*

*5 The Court concludes that Mr. Anderson does not qualify for the continuing violation exception. He has not alleged any facts demonstrating that GM discriminated against him during the filing period. Mr. Anderson has also not alleged facts demonstrating an overall campaign of discrimination. He has alleged no facts to show he was discriminated against while employed at GM.

Mr. Anderson also argues that the statute of limitations for both Title VII and the LMRA should be suspended because his various infirmities prevented him from handling his personal business in a timely manner. As support for his defense, Mr. Anderson cites a Delaware statute, 10 Del. C. § 8116, which does not apply to discrimination actions and is inapplicable to his claims under Title VII and the LMRA.

"[S]tate law tolling or savings provisions do not apply to the limitations periods expressly set forth in Title VII."*Wade v. Knoxville Util. Bd., 259 F.3d 452, 461 (6th Cir.2001).* However, the statute of limitationys for Title VII can be equitably tolled. *Smith-Haynie v. District of Columbia, 155 F.3d 575, 579 (Fed.Cir.1998).* In the Third Circuit, there are three principal circumstances under which a statute of limitations can be equitably tolled: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."*Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994)* (citing *Sch. Dist. of Allentown v. Marshall, 657 F.2d 16, 19-20 (3d Cir.1981).*

There is no exception under Section 301(A) of the LMRA or Section 10(b) of the NLRA that allows the statute of limitations to be tolled based on incapacity or infirmity. However, for hybrid actions under Section 301(A) of the LMRA, the statute of limitations can be equitably tolled. *SeeChapple v. Nat'l Starch and Chem. Co. and Oil, 178 F.3d 501, 505 (7th Cir.1999); Cook v. Columbian Chem. Co., 997 F.2d 1239 (8th Cir.1993).* Therefore, whether Mr. Anderson is entitled to relief from the statute of limitations under Section 301(A) of the LMRA, is also an equitable determination. *SeeChapple, 178 F.3d 501, 505 (7th Cir.1999).*

Mr. Anderson asserts he suffers from Schizophrenia Paranoia, Type 2 Diabetes, and Major Depression and that these illnesses prevented him from filing his EEOC charges in a timely manner. As evidence of his problems, Mr. Anderson has offered a 1997 letter to his insurance company from his psychologist, Dr. Leland Orglov, which states he is unable to appreciate the consequences of filing in a timely manner to receive his insurance benefits, a 1991 letter from Dr. Orglov stating that a highly stressful work environment can cause an individual to be unable to function, a 1983 letter stating that Mr. Anderson had begun psychological examination, and a 1997 doctor's note stating Mr. Anderson has diabetes and that the disease can cause forgetfulness.

*6 After reviewing Mr. Anderson's submissions, the Court concludes that Mr. Anderson is not entitled to equitable relief based on his infirmities. Mr. Anderson has failed to plead or demonstrate an incapacity or illness which justifies his extraordinary delay in filing his charges. Further, despite his afflictions, Mr. Anderson was able to file his 1992 lawsuit, and should have been able to file the instant action earlier.

Finally, Mr. Anderson asserts GM and Local 435 should be equitably estopped from asserting the statute of limitations defense because they purposely

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. 7

Case 1:05-cv-00877-JJF    Document 79-9    Filed 12/07/2007    Page 5 of 5

Not Reported in F.Supp.2d                                                                                      Page 6
Not Reported in F.Supp.2d, 2004 WL 725208 (D.Del.), 174 L.R.R.M. (BNA) 3372
**(Cite as: Not Reported in F.Supp.2d)**

concealed information, causing him to delay filing his lawsuit. Where a defendant has "attempted to mislead the plaintiff from suing on time," a plaintiff can equitably toll the statute of limitations. *Oshiver, 38 F.3d at 1389* (construing and following *Cada v. Baxter Healthcare Corp., 920 F.2d 446 (7th Cir.1990)*. Mr. Anderson alleges the GM withheld information which showed that he was not recalled in line with his seniority rights and alleges Local 435 knew of GM's actions and did not inform him. Further, Mr. Anderson has produced the recall lists to show his name was left off. Mr. Anderson has not demonstrated how the failure to be given this list prevented him from filing his claim within the statute of limitations. Mr. Anderson has long known that he was not recalled and has long believed that he was discriminated against. In these circumstances, the Court concludes that an allegation that the union withheld a document listing recalled workers is insufficient to toll the statute of limitations.

CONCLUSION

For the reasons discussed, the Court will grant the Defendants' motions to dismiss.

An appropriate Order will be entered.

ORDER

At Wilmington, this 29th day of March, 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:
1) The Motion to Dismiss of General Motors Corporation (D.I.9-1) is *GRANTED;*
2) The Motion to Dismiss of Local 435(UAW) (D.I.12-1) is *GRANTED;*
3) The Motion for Summary Judgment of General Motors Corporation (D.I.9-2) is *DENIED* as moot;
4) The Motion to Amend of Roland Anderson (D.I.21) is *DENIED.*

FINAL JUDGMENT IN A CIVIL CASE

At Wilmington, this 29th day of March 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that judgment is entered in favor of General Motors Corporation and Local 435(UAW) and against Roland Anderson.

D.Del.,2004.
Anderson v. General Motors Corp.
Not Reported in F.Supp.2d, 2004 WL 725208 (D.Del.), 174 L.R.R.M. (BNA) 3372

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. 7