IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON,<br>   Plaintiff<br>v.<br>GENERAL MOTORS CORPORATION,<br>   Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 06-669 JJF<br>)<br>)<br>)<br>) |

**GENERAL MOTORS CORPORATION'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**


Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Telecopier: (302) 425-0432


Michael A. Williams  MO BAR #47538
Lathrop & Gage L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Attorneys for Defendant

U0010747.DOC

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ....................................................................................3

III. ARGUMENT..........................................................................................................9

    A. Summary Judgment Standard ...................................................................9

    B. Plaintiff's Claims Related to his Employment are Untimely and Prohibited by *Res Judicata.* ....................................................................10

    C. Plaintiff Cannot Establish a Prima Facie Case of Discrimination .............12

    D. Even If Plaintiff Could Establish A Prima Facie Case, He Produced No Evidence That GM's Legitimate Reasons For Not Hiring Him were Pretextual. ......................................................................14

IV. CONCLUSION.....................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. General Motors Corp.*, 2004 WL 725208 (D. Del 2004) .............................. 11
*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986) ....................................................... 10
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................... 10
*EEOC v. Metal Serv. Co.*, 892 F.2d 341 (3d Cir. 1990) ..................................................... 13
*Equal Employment Opportunity Commission v. U.S. Steel Corp.*, 921 F.2d
   489 (3d Cir.1990) ............................................................................................................ 11
*Fuentes v. Perskie*, 32 F.3d 759 (3d Cir.1994) ................................................................... 15
*Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 37 S.Ct. 506, 61
   L.Ed. 1148 (1917) ........................................................................................................... 11
*Hoechstetter v. City of Pittsburgh*, 248 F. Supp. 2d 407 (W.D. Pa. 2003) ........................ 13
*Iadimarco v. Runyon*, 190 F.3d 151 (3d Cir. 1999) ........................................................... 13
*McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d
   668 (1973) ........................................................................................................................ 14
*Nannay v. Rowan College*, 101 F. Supp. 2d 272 (D. N.J. 2000) ................................... 9, 10
*Paoli v. University of Delaware*, 695 F. Supp. 171 (D. Del. 1988) ................................... 10
*Texas Dep't Comm. Affairs v. Burdine*, 450 U.S. 248 (1981) ........................................... 13
*United States v. Athlone Industries, Inc.*, 746 F.2d 977 (3d Cir.1984) ............................. 11

**Rules**

Fed. R. Civ. P. 56(c) ............................................................................................................. 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, ) | |
|     Plaintiff ) | |
| v. ) | |
| GENERAL MOTORS CORPORATION, ) | |
|     Defendant. ) | Civil Action No. 06-669 JJF |
| ) | |

**GENERAL MOTORS CORPORATION'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant General Motors Corporation ("GM") respectfully offers the following memorandum in support of its Motion for Summary Judgment:

**I.   INTRODUCTION**

Plaintiff Roland Anderson, who has not worked for GM in more than twenty-five (25) years, continues to pursue claims against GM because he was not recalled by GM several decades ago. However, as detailed fully below and in this Court's prior Orders, plaintiff's claims regarding his recall and employment status are untimely, improper and barred by the dismissal of his prior lawsuits. Now, in an attempt to create new claims, plaintiff alleges an unnamed secretary at GM answered the telephone in March 2005 and indicated GM was not accepting applications at that time. Plaintiff alleges this is false solely because in April 2005 (a month later) an unidentified person at a liquor store told him that GM was hiring. Plaintiff never contacted GM after that conversation, never requested nor completed an application, and made no effort to confirm the person's statements. In fact, plaintiff (who has been on Social Security disability since 1984) was not seeking to apply for full-time employment when he called GM in March 2005, he

simply wanted to know GM's hiring status because he was considering looking for part-time work.

GM did not discriminate against plaintiff. First, GM hired no new employees at this facility in 2004, 2005 or 2006.[1] Second, GM truthfully answered plaintiff's telephone inquiry and confirmed that it was not accepting applications at that time. Third, plaintiff was not qualified for employment at GM as he is not released to return to the open labor market. Thus, plaintiff's claims should be dismissed as no prima facie case exists and GM had a legitimate, nondiscriminatory reason for its actions.

Plaintiff also alleges (in the lawsuit that was consolidated with the present case) that GM's statement to the Equal Employment Opportunity Commission ("EEOC") that he was a temporary worker back in 1982 is somehow retaliatory. Specifically, plaintiff alleges this statement somehow adversely affected his GM benefits. This allegation is unfounded as plaintiff has received no GM benefits since 1984 and, in any case, it is insufficient to establish a retaliation claim. Further, plaintiff's claims regarding his termination and/or employment status were decided by this Court's prior Orders.

GM did not discriminate against plaintiff, and no evidence establishes GM's explanation for not hiring plaintiff was pretextual. Also, plaintiff's complaints about his prior employment were dismissed by this Court and every administrative body to review this case over the past twenty (20) years. Therefore, GM is entitled to summary judgment and/or dismissal of all of plaintiff's claims. GM also seeks its costs and fees associated with defending this matter. Further, plaintiff should be prohibited from filing

---

[1] In late 2006, seven (7) employees were transferred to the Wilmington facility from plants of which GM was divesting. *See* Affidavit of Diane Graham attached hereto as Exhibit 3.

any further actions against GM related to his prior employment until such fees are paid to GM or without prior approval from the Court.

## II. STATEMENT OF FACTS

1. Plaintiff Roland Anderson was born on June 12, 1952. *See* Deposition of Roland C. Anderson ("Anderson Depo."), p. 2, lns. 12-14 attached hereto as Exhibit 1.

2. Plaintiff graduated from McKean High School in Hockessin, Delaware, in 1971. Anderson Depo. p. 6, lns. 17-24.

3. Plaintiff attended Del Castle Technical School at night and received a certificate for technical electricity. Plaintiff worked as an apprentice electrician during the day while attending school at night. Anderson Depo. pp. 7-8, lns. 13-24; 1-5; p. 10, lns. 2-6.

4. Plaintiff alleges at the same time he was attending school and working as an apprentice electrician, he was also working at Del Castle as the nighttime custodian. Anderson Depo. p. 12, lns. 18-24.

5. Plaintiff worked as custodian at Del Castle for ten years but was discharged for assaulting another janitor. Plaintiff alleges the discharge was discriminatory.[2] Anderson Depo. p. 12, lns. 21-22; p. 13, lns. 7-21.

6. Plaintiff was a member of the AFSCME federal union while he was employed at Del Castle. Anderson Depo. p. 17, lns. 10-15.

### Plaintiff's Employment at GM

7. Plaintiff worked as an assembly worker for GM from August 31, 1981 to September 21, 1981, when he was laid off. Plaintiff was rehired on June 25, 1982 and

---

[2] This Court dismissed plaintiff's complaint as "frivolous in that it has no basis in law." *See* Docket Statement attached hereto as Exhibit 6.

was again laid off on October 1, 1982. Anderson Depo. p. 18, lns. 15-22; *see also* Judge McKelvie's April 7, 1993 Order, attached hereto as Exhibit 2.

8.  Plaintiff has not returned to work at GM since he was laid off on October 1, 1982. Anderson Depo. p. 26, lns. 3-5.

9.  After plaintiff's employment with GM ended, he went to work at East Coast Electrical for approximately 1 year. Plaintiff was let go by East Coast Electric because they were "short-handed and work got slow." Anderson Depo. p. 23, lns. 8-17.

10. In 1984 or 1985, plaintiff went on Social Security disability for emotional disturbance and depression. Anderson Depo. p. 23, lns. 18-24; p. 24, lns. 8-13.

11. Plaintiff has not been gainfully employed since 1984 because the doctor has not released him to return to work. Anderson Depo. p. 26, lns. 6-11.

12. Plaintiff alleges that "I tried to see if General Motors was hiring sometime in 2005, in which I got information that they were hiring, and I was trying to get a part-time job with them, or at least look into it, and it [sic] was told to me that they weren't hiring." Anderson Depo. p. 26, lns. 12-16.

13. Plaintiff alleges he filed a complaint with the Department of Labor and an investigation found that GM had not hired anyone since October, 1999 and that the earlier list showed that that people were hired in 1981, 1982, and 1987. Anderson Depo. pp. 26-27, lns. 19-24, 1-4.

### Specifics of Alleged Contact with GM in 2005

14. Plaintiff alleges he called GM on March 15, 2005 to see if they were "doing any type of hiring. And the lady said no, you all washed up. Smart lady. And they said that they weren't accepting any applications and then hung up my ear vividly." Anderson Depo. p. 30, lns. 9-13.

15. Plaintiff had never spoken to the woman before and she did not identify herself to plaintiff, but plaintiff believes the woman answering the telephone was a secretary in the labor office. Anderson Depo. p. 30, lns. 14-19; p. 31, lns. 2-20.

16. Plaintiff believes that the statement about him being "all washed up" was related to his age. Anderson Depo. p. 31, lns. 21-24.

17. No human resources employee recalls answering a call from or speaking with plaintiff in March or April 2005. No human resources employee told any person that they were "all washed up." *See* Exhibit 3.

18. On or about April 15, 2007 plaintiff met a GM production employee at a liquor store and the person told plaintiff that his friends had gotten hired at GM. Plaintiff does not know the employee's name but the employee did not work in human resources. Anderson Depo. p. 33-34, lns. 12-24, 1-6.

19. Plaintiff alleges age discrimination and retaliation because, "now when I belonged to the union at that particular time, in '82, now certain benefits that a person is entitled to, such as a right to recall, a right to receive C-sub and E-sub benefits if you are laid off prior to October 1, 1990, which I have the Delaware Insurance Commissioner is looking into that the Fidelity, because I was supposed to have got those benefits. But when they listed me as terminated or temporary employee, retaliated against me, all those benefits I was supposed to have got, pushed off the table, wiped off." Plaintiff also alleges GM retaliated against him by not recalling him and that destroyed his rights to benefits. Anderson Depo. p. 36, lns. 1-20.

20. Plaintiff's retaliation claims relate back to his lay-off in 1982. Anderson Depo. p. 37, lns. 5-9.

21. Plaintiff's claims rely primarily on an affidavit from 1992 that was part of his prior lawsuit. Anderson Depo. p. 46, lns. 9-19; *see* Affidavit of David Bull attached hereto as Exhibit 4.

22. Plaintiff can identify no employee under 40 that was treated more favorably and no employee of GM that intentionally discriminated or retaliated against him. Anderson Depo. pp. 122-124.

23. Plaintiff can identify no individual hired by GM in March or April 2005. Anderson Depo. p. 53-54, lns. 11-24; 1-5.

24. Plaintiff spoke with the individual at the liquor store in April, 2005. Anderson Depo. pp. 34-35, lns. 18-24, 1-15.

25. GM hired no hourly production employees at the Wilmington facility in 2004 or 2005. *See* Exhibit 3.

26. In 2005, GM was not advertising for any available positions, was not accepting applications or hired no new employees. *See* Exhibit 3.

27. Plaintiff has filed five prior unsuccessful lawsuits against GM. Anderson Depo. p. 60, lns. 11-23.

28. No record or document establishes plaintiff made any calls to GM in March 2005. Anderson Depo. p. 62, lns. 21-24.

29. Plaintiff alleges that a seniority list from 1993 establishes that people were hired in 1981 and 1982 and those claims form the basis for the allegations in his complaint. Anderson Depo. pp. 73-74, lns. 21-24, 1-4.

30. Plaintiff's seniority expired on a time basis 4 months after he had been laid off and so did his right to recall. Anderson Depo. pp. 74-75, lns. 22-24, 1-7.

### Plaintiff's 2006 Complaint

31.  Plaintiff alleges GM retaliated against him by listing him as a temporary employee in the information provided to the EEOC. Anderson Depo. pp. 35-37.

32.  Plaintiff has not worked at GM since 1982 and David Bull's affidavit which he relies on was from the 1992 lawsuit. Anderson Depo. p. 77-78, lns. 24, 1-5.

33.  Plaintiff alleges that the information provided to the EEOC affected his job status and his ability to get benefits. Plaintiff alleges that GM listed him as terminated sometime after he filed his complaint in April, 2005. Anderson Depo. p. 80, lns. 7-13.

34.  Plaintiff has never received any payments or benefits from GM since he was discharged in 1982. Anderson Depo. p. 81-82, lns. 23-24, 1-4.

35.  Plaintiff has not received any benefits from GM from 1982 through 2007. Anderson Depo. p. 82, lns. 18-24.

### Plaintiff's Prior Lawsuits

36.  On December 27, 1991, plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of discrimination against GM on the basis of race. *See* Exhibit 2, p. 2.

37.  On March 10, 1992, the EEOC sent plaintiff a Determination letter stating the EEOC had completed its investigation of plaintiff's allegation and had concluded that the defendant had not violated Tile VII with respect to the issues raised in plaintiff's Charge. *See* Exhibit 2, p. 2.

38.  On or about June 8, 1992, plaintiff filed a complaint alleging GM discriminated against him based on his race in violation of Tile VII. *See* Exhibit 2, p. 2.

39. On October 16, 1992, plaintiff asserted a new claim against GM based upon recall rights allegedly acquired by plaintiff pursuant to paragraph 64(e) of the General Motors-United Auto Workers National Agreement ("National Agreement"). *See* Exhibit 2, p. 1.

40. Plaintiff also alleged: "I never needed to re[ap]ply because of my recall rights . . . I worked until October '82 and earn seniority rights and one was to be recall back according to U.A.W. and the General Motors Corp. Agreement . . . I was entitled to 60 months to be recall . . ." *See* Exhibit 2, p. 2.

41. On or about April 7, 1993, Judge McKelvie granted GM summary judgment on all counts and found: (1) plaintiff failed to state a claim of race discrimination under Title VII; (2) plaintiff was a temporary employee under the terms of the collective bargaining agreement and was not entitled to a 60-month recall period;[3] and, (3) even if plaintiff were entitled to recall, his claims were untimely. *See* Exhibit 2, pp. 4-7.

42. On or about January 16, 1998, plaintiff filed a new complaint against GM. However, this Court dismissed the lawsuit as "frivolous in that it has no basis in law." *See* Docket Sheet attached hereto as Exhibit 5.

43. On September 6, 2002, plaintiff filed another discrimination charge with the EEOC and the Delaware Department of Labor ("DDOL") and alleged that GM violated Title VII by laying him off out of line with his seniority because of his race. The

---

[3] Paragraph 56 of the 1982 National Agreement provides that: "Employees shall be regarded as temporary employees until their names have been placed on the seniority list. There shall be no responsibility for the reemployment of temporary employees if they are laid off or discharged during this period . . ." Paragraph 57 provides that: "Employees may acquire seniority by working 90 days during a period of six continuous months . . ." *See* Exhibit 2, pp. 4-5.

U0010747.DOC                                 8

EEOC dismissed plaintiff's charges as untimely. *See* Judge Farnan's March 9, 2004 Order attached hereto as Exhibit 7.

44. On March 11, 2003, plaintiff filed a lawsuit, alleging that GM violated Title VII when it laid him off out of line with his seniority and that his former union, Local 435 of the United Automobile Workers of America ("Local 435"), failed to inform him of GM's alleged discriminatory conduct. *See* Exhibit 7, p. 1.

45. Plaintiff's 2003 lawsuit alleged: (1) he was laid off and not recalled by GM because of his race; (2) the union failed to make him aware of this violation of his rights; (3) the union did not fairly represent him, GM violated its arbitration agreement and committed other undefined violations; (4) GM and the union violated the ADA; and (5) GM and the union violated Section 1983. *See* Exhibit 7, p. 2.

46. In granting GM and the union summary judgment on all of plaintiff's claims, this Court found: "any obligation GM had to recall plaintiff ended on October 1, 1987. Therefore, any cause of action plaintiff had against GM and/or the union in relation to plaintiff's employment with GM expired 300 days after October 1, 1987." This Court also held tolling inapplicable to plaintiff's claims and plaintiff's claims related to his employment at GM were time barred. *See* Exhibit 7.

### III. ARGUMENT

#### A. Summary Judgment Standard

Summary judgment is appropriate if, viewing the record in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if, given the evidence, the jury could return a verdict in favor of the non-moving party. *See Nannay v. Rowan College*, 101 F. Supp. 2d 272, 281 (D. N.J.

2000) (citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986)). A fact is "material" if, under the governing law, it might affect the outcome of the case. *See Nannay,* 101 F. Supp. 2d at 281. The burden placed upon the movant for summary judgment is to show that the non-moving party has failed to establish an essential element of its case upon which the non-moving party would bear the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other similar materials "negating" the opponent's claim. *Id.* at 323. Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his case, summary judgment should be granted. *See Paoli v. University of Delaware*, 695 F. Supp. 171, 171-72 (D. Del. 1988).

### B. Plaintiff's Claims Related to his Employment are Untimely and Prohibited by *Res Judicata*.

As a preliminary matter, all of plaintiff's claims related to his employment at GM (which ended in 1982) are not only untimely but have been addressed on prior occasions by this Court. Specifically, plaintiff has filed four (4) prior lawsuits objecting to his employment status, the manner he was listed in GM records, his alleged recall rights and for numerous alleged deficiencies in how he was treated by GM and Local 435. This Court's March 29, 2004 Order dismissed plaintiff's claims as untimely and found that tolling was not applicable to any of his claims. *See* Exhibit 7. This Court's Order also found that plaintiff's allegations state no cognizable claims of discrimination or retaliation. *Id.*

Now, for the fifth time since his employment ended, Plaintiff seeks to hold GM liable for laying him off, not recalling him and for indicating he was a temporary employee on its position statement to the EEOC. All acts that form the basis of these claims occurred back in 1982 and plaintiff cannot pursue these claims now for all the reasons listed in the prior Orders. *See Anderson v. General Motors Corp.*, 2004 WL 725208, *1 (D. Del 2004) (In granting GM summary judgment in 1993, the Court found Anderson "was not entitled to be recalled"); *Id.* at *3 ("any cause of action Mr. Anderson had against GM and/or Local 435 in relation to Mr. Anderson's employment with GM expired 300 days after October 1, 1987). Thus, for all the reasons detailed in the Court's March 2004 Order and Judge McKelvie's April 1993 Order, plaintiff's claims are untimely, not subject to tolling and prohibited by *res judicata*.

The Third Circuit has stated, "[t]he doctrine of *res judicata* 'is not a mere matter of technical practice or procedure' but 'a rule of fundamental and substantial justice.'" *Equal Employment Opportunity Commission v. U.S. Steel Corp.*, 921 F.2d 489, 492 (3d Cir.1990) (quoting *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148 (1917)). "*Res judicata* avoids the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.*

Claim preclusion, the subset of *res judicata* at issue in the instant case, "requires a showing that there has been: (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *Id.* at 493(citing *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir.1984)). As detailed above, the prior Orders found all of plaintiff's claims related to his employment at GM were

time barred. *See* Exhibits 2 and 7. In fact, the Order specifically addressed and dismissed plaintiff's claims regarding his layoff, recall rights and any action related to his employment. *See* Exhibits 2 and 7. Therefore, all plaintiff's claims related to his prior employment should be dismissed.[4]

### C.  Plaintiff Cannot Establish a Prima Facie Case of Discrimination

Plaintiff's sole remaining allegation asserts that he called GM on March 15, 2005 to see if they were hiring. Plaintiff could not work full-time, was on Social Security disability and was not released to work at the time. Plaintiff was simply checking to see if GM was hiring and thinking about pursuing part-time employment. Plaintiff alleges an unidentified GM secretary (whom he had never spoken to prior to this conversation) indicated GM was not accepting applications and told him he was "all washed up." Plaintiff did not come to the facility, request an application or ask who he was speaking with. Facts ¶ 14. GM has no record of the call and no employee in human resources recalls speaking with plaintiff. Facts ¶ 17. Additionally, and most importantly, GM was not advertising any available positions, was not accepting applications and hired no new employees during the relevant period. Facts ¶ 26. However, because plaintiff met an unidentified GM production employee at the liquor store several weeks later who told him GM was hiring, plaintiff filed the current suit alleging GM refused to hire him because of his race and age. Facts ¶ 18. Plaintiff did not contact GM to see if GM was hiring at that time and did not request or submit an application. These allegations are clearly insufficient to state a claim of discriminatory failure to hire.

---

[4] As explained in Exhibit 2 and in the Statement of Facts (*see* Footnote 2), all employees who are not on the union's seniority list are temporary employees. Thus, pursuant to the terms of the collective bargaining agreement, GM correctly stated plaintiff's employment status to the EEOC. Plaintiff's dispute regarding the failure to list him on the seniority list was adjudicated and dismissed in the prior summary judgment order. *See* Exhibit 2.

Put directly, plaintiff cannot establish a prima facie case of discrimination based on race, age or any other protected characteristic. To state a claim, plaintiff is required to show: (1) he is a member of a protected class; (2) he applied for and was qualified for a position for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after he was rejected, the position remained open and GM continued to seek applicants with plaintiff's qualifications. *Texas Dep't Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Hoechstetter v. City of Pittsburgh*, 248 F. Supp. 2d 407, 409-10 (W.D. Pa. 2003); *Iadimarco v. Runyon*, 190 F.3d 151, 160-61 (3d Cir. 1999).

Plaintiff cannot establish the second, third or fourth of these elements. Plaintiff did not apply for and was not qualified for any open position at GM; he was not rejected for any position for which GM was seeking applicants and no "position" remained open after plaintiff was rejected.

First, after plaintiff allegedly learned in April 2005 GM was hiring new employees plaintiff made no attempt to seek employment at GM. Plaintiff made no calls to GM inquiring about employment, he did not request or complete an application and no manager or supervisor denied him the opportunity to apply for employment at GM. The Third Circuit has previously held that the failure to formally apply for a job opening will not bar a Title VII plaintiff from establishing a prima facie claim of discriminatory hiring, as long as the plaintiff made every reasonable attempt to convey his interest in the job to the employer. *EEOC v. Metal Serv. Co.*, 892 F.2d 341 (3d Cir. 1990). However, here, plaintiff made no attempt to apply at GM after his chance encounter with a GM employee at the liquor store. In fact, even though he had allegedly contacted GM on prior occasions seeking employment, he failed to check to see if GM was actually hiring in April 2005.

Additionally, plaintiff has been receiving Social Security payments because he is incapable of working since 1984 due to depression and emotional disturbance. Facts ¶ 10. In fact, his doctor has never authorized him to return to work. Facts ¶ 11. Plaintiff, however, believes he is capable of working in some limited capacity or part-time basis. Facts ¶ 12. As such, plaintiff is not qualified to work at GM because he has not been released by any doctor to return to the open labor market.

Finally, GM was neither advertising for nor hiring for hourly positions. Facts ¶¶ 25-26. As detailed in Diane Grahams' Affidavit, GM hired no hourly employees in 2004 or 2005. *Id.* Considering GM was not hiring for any applicable position no available position went unfilled and plaintiff cannot establish this element of his claim.

Because the record is clear plaintiff did not apply for employment with GM in April 2005 and was not rejected by GM, he failed to establish a prima facie case. Likewise, plaintiff is not released to return to work and is, therefore, not qualified for any position at GM. Plaintiff's claim could have been dismissed on any one of these grounds standing alone. However, the record also clearly establishes that no available positions existed and GM hired no employee during the relevant period. Therefore, there is no basis for plaintiff's claim and GM is entitled to summary judgment as a matter of law.

D. **Even If Plaintiff Could Establish A Prima Facie Case, He Produced No Evidence That GM's Legitimate Reasons For Not Hiring Him were Pretextual.**

GM has a legitimate, nondiscriminatory reasons for not hiring plaintiff—GM was not hiring new hourly employees at that facility. Facts ¶¶ 24-25. This fact meets GM's burden under the McDonnell Douglas framework. *See McDonnell Douglas v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under the McDonnell Douglas framework, "to defeat summary judgment when the defendant answers the plaintiff's

prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994). Here, no such evidence exists.

During the relevant time, no new hourly employees were hired. The Affidavit of Diane Graham and union seniority list clearly establishes this fact. Facts ¶¶ 24-25 and Exhibit 3. Plaintiff's only evidence disputing this fact is an alleged statement by an unidentified individual in a liquor store. Not only is this not testimony unsupported by any admissible fact, it does not controvert Ms. Graham's Affidavit. Because no admissible evidence rebuts GM's legitimate, nondiscriminatory reason for not hiring plaintiff GM is entitled to summary judgment.

## IV.   CONCLUSION

GM is entitled to summary judgment on all of plaintiff's claims because the undisputed facts demonstrate plaintiff's claims are untimely, precluded by *res judicata* and lack merit. Neither plaintiff's race nor his age played any role in his failure to secure employment at GM. Thus, as plaintiff's claims lack any merit, GM is entitled to judgment in its favor and the cost and fees associated with defending this actions. Additionally, GM requests an Order requiring plaintiff to receive permission from this Court prior to filing any new lawsuits against GM related to his employment or requiring plaintiff to certify he has paid the deposition costs to GM prior to pursuing any new claims against GM. GM also seeks such other and further relief as this court deems proper.

Respectfully submitted,

Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Telecopier: (302) 425-0432

Michael A. Williams MO BAR #47538
Lathrop & Gage L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of General Motors Corporation's Motion for Summary Judgment and General Motors Corporation's Memorandum in Supports of its Motion for Summary Judgment was served, by U.S. Mail, postage prepaid, on the following this 7th day of December, 2007

Roland C. Anderson
113 Lloyd St.
Wilmington, DE 19804
Fax No. 302-633-1213

_____
Margaret F. England (No. 4248)