## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,           )
                              )
          Plaintiff           )
                              )          CONSOLIDATED
v.                            )          Civil Action No. 05-877 JJF
                              )
GENERAL MOTORS CORPORATION,   )
                              )
          Defendant.          )
                              )

## GENERAL MOTORS CORPORATION'S CONSOLIDATED RESPONSE TO
## PLAINTIFF'S MOTIONS

COMES NOW defendant General Motors Corporation ("GM") and in its consolidated response to plaintiff's Motion for Judgment as a Matter of Law (D.I. 44), Motion to Dismiss His Order for Deposition (D.I. 56), Motion for Extension of Time to Complete Discovery (D.I. 64), and Motion for Extension of Time to Take Deposition (D.I. 67) states as follows.

## I.    PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW (D.I. 44) IS WITHOUT MERIT

Plaintiff's sole basis for his Motion for Judgment as a Matter of Law is the fact the opposition brief to his Motion to Reconsider was timely filed in Case Number 06CV0669. While plaintiff is technically correct that the reply brief was filed in the wrong case, plaintiff neglects to mention that the mistake was immediately corrected after receiving notice from the clerk. Additionally, plaintiff's Motion for Reconsideration sought to stay this matter while the Third Circuit considered his appellate petitions. This issue was resolved by the Court under the broad discretion granted by the Court of Appeals and it was in the Court's broad discretion to consider or disregard GM's

arguments presented in the reply brief. In fact, in relevant part, GM's reply brief stated "While GM does not object to the requested stay, GM strongly objects to any vague request that the Court reconsider it prior Order regarding the Motion for Default Judgment." Thus, even if the Court determined that the reply was untimely, this inadvertent mistake would not entitle plaintiff to a default judgment because no rule requires GM respond to plaintiff's motion. Further, plaintiff has no legal basis supporting judgment being entered in his favor.[1] Finally, plaintiff was not prejudiced by the reply brief being timely filed under the wrong case number or being refiled in the proper case. Based upon all of these facts, plaintiff's Motion for Judgment as a Matter of Law should be denied.

## II. MOTION TO DISMISS HIS ORDER FOR DEPOSITION (D.I. 56) IS MOOT AND HAS NO BASIS IN LAW

As this court is aware from the prior pleadings, plaintiff's deposition was initially set by agreement of the parties on or about September 8, 2007. However, after agreeing to the date for his deposition, plaintiff filed a Motion to Dismiss his Order for Deposition because he did not receive the written deposition notice seven (7) days prior to the deposition. Plaintiff also objected to his attendance based upon the pending Motion to Stay. Therefore, in an attempt to avoid unnecessary costs related to the deposition, the deposition was cancelled[2] and rescheduled. Therefore, because the deposition did not proceed, plaintiff's motion was moot, required no response and should be dismissed. To

---

[1] As this Court is aware, the Third Circuit does not favor the entry of defaults or default judgments, preferring instead that cases be decided on their merits. Therefore, "doubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment." *United States v. $55,518.05*, 728 F.2d at 195. *See also Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3rd Cir.1983).

[2] Plaintiff spoke with undersigned counsel and stated that he would not appear at the deposition. Considering the costs related to travel and attorney time, counsel determined that it would be more efficient to reschedule the deposition.

the extent the Court requires further explanation, the parties agreed to and confirmed the deposition dates well in advance to the notice required by the Federal Rules. However, due to plaintiff's objections the deposition was cancelled and noticed for three weeks later. Plaintiff agreed to the new date and the proper notice was filed with the Court. As such, this Motion should be denied.

### III. MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (D.I. 64) AND MOTION FOR EXTENSION OF TIME TO TAKE DEPOSITION (D.I. 67) HAVE NO BEARING ON THE PENDING SUMMARY JUDGMENT MOTION

Plaintiff filed two separate motions seeking an extension of time for the sole purpose of deposing Terry Tyndall[3]. However, Mr. Tyndall's sole involvement in this matter relates to his signing for receipt of the initial complaint. This issue has been resolved by the Court Order denying default judgment and Mr. Tyndall's deposition has no bearing on the pending summary judgment motion. Further, plaintiff's complete failure to present any reason or argument establishing why Mr. Tyndall's deposition should forestall the entry of an Order regarding summary judgment is fatal to this request.

Plaintiff's sworn testimony and the Orders dismissing plaintiff's prior lawsuits form the basis for summary judgment. Mr. Tyndall's deposition could not controvert any material fact in the pending summary judgment motion as nothing indicates plaintiff has had any communications with Mr. Tyndall. Accordingly, plaintiff is not entitled to any additional discovery before the Court determines the issues of law governing dismissal of all of plaintiff's claims.

---

[3] Mr. Tyndall has been released from work for several months due to medical treatments and recovery from such treatments. Mr. Tyndall did not return to work in December 2007 as expected and GM does not have a specific date when he will return to work at this time.

## IV.    CONCLUSION

For the foregoing reasons, General Motors Corporation respectfully submits that plaintiff's motions are devoid of merit and/or are moot.  As such, GM requests all of the pending motions be denied and GM granted such further relief as the Court deems necessary in the premises.

December 26, 2007

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(392) 425-0430

Michael A. Williams  MO BAR #47538
Lathrop & Gage L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Michael G. Busenkell,  hereby certify that a copy of the attached General

Motors Corporation's Consolidated Response To Plaintiff's Motions was served, by U.S.

Mail, postage prepaid, on the following this 26th day of December, 2007:


Roland C. Anderson
113 Lloyd St.
Wilmington, DE  19804
Fax No. 302-633-1213

Michael G. Busenkell (No. 3933)