

# IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF DELAWARE

Roland C. Anderson,  :
        Plaintiff  :

              :

vs.  :       **C.A. NO. 05-877-JFF**

              :

General Motors Corporation, :
        Defendant  :

## Plaintiff Response to Defendant Motion/15A
### and
### Plaintiff Motion for Judgment as a Matter of Law

Count I:      G.M. admitted to filing under 06-0669 and in violation of your order, but still missed the deadline set for June 25, 2007. No response until December 7, 2007, nor was it ever done until December 7, 2007. Their correction is not supported by the Docket for G.M. to say it was corrected. G.M. states there is no rule for them to respond (untrue/ misleading). See statue pleading motion and Rule 7.1.2 briefs when required on schedule. Also Rule .3 clearly states failure to comply with rules relating to motions may result in the termination of the motion against the offering party. See Rule 1.3 attached. Clearly states the briefing and affidavit schedule for presentation of all motions be (2) the answer brief and accompanying affidavit(s) shall be served and filed NO later than ten (10) days after service and filing of the open brief or motion. Defendant had NO later than ten (10) days to respond that was giving notices from the Court (email) according to Docket and proof of service by the Plaintiff as well. See R.7.1.2 under pleading motions attached. G.M. clearly missed their deadline to respond making their response a moot point under Rules of this Court. See Rule 55 order enters default for failure to plead or otherwise defend in accordance with Fed. R. Civ. p. 55. (This is not a doubtful case finding also by Dept. of Labor). G.M. failed to respond within ten (10) days for any reason. As required to rule 7.1.2, please refer to pleading and motions of say [..] page attached of the rule.

(G.M. failed to plead under this Rule. Copy of Rule 55 Attached. Also violated Honorable Judge Farnan's order for Case No. 06-066.C.A. Number.

Plaintiff further has legal bases in supporting judgment being entered in his favor. Rule 55 in a matter of law.

Also see Rule 56 attached. Clearly I such be entitled to summary judgment. As stated (G.M.) missed their deadline.

Finally, G.M. states I was not prejudiced by the reply brief being timely filed under the wrong case number or being refilled in the proper case (G.M. failed to state the date when that refile it was clearly G.M. is misleading this Court. Reason even the judge states in his order G.M. (whereas Defendant has not yet responded to Plaintiff's motions. Order attached.

Also, no where on Docket Sheet G.M. also in violation of Rule 3.4 trying to alter. See Rule 3.4 attached and please compare.

Count II:      Motion for extension of time to complete discovery (D.1.64) have bearing on the
pending summary judgment motion and for my summary judgment motion Rule 15A.

G.M. admits Mr. Tyndall's sole involvement in this matter relates to his signing for
receipt of the initial complaint. This is also proof Mr. Tyndall received complaint. See his
affidavit attached. He states he never received the company's order by you, but an EEOC
complaint.

This is one of the reasons I would like his deposition for discovery under R. 3.4 and in
which I am entitled to under Rule 30.3, plus it was agreed by all parties. Also see Rule 26.1.

- (b)      Form of Response, the party answering, responding or objection to interrogators
or requests served pursuant to Fed R. Civ. p. 33, 34 or 36 may state any general
objection.    G.M. failed to object to Mr. Terry Tyndall's being called to a
deposition as required in Rule 30.3. In fact, G.M. and I both agreed, but due to his
health, he couldn't attend to October 24, 2007. See letter dated October 17, 2007
attached. Also a (moot point) for G.M. not to have him do his deposition reason.
See Rule 7.1.2 – ten (10) days to respond, but failed to do so as required. Also R.
55/56 should apply counter pleading and motions attached. (G.M. failed to
respond for any reason as required), for all counts by law and rules as stated, Your
Honor.

Clearly states on its face, finally while you have not noticed up any deposition, I wanted to make you aware that Mr. Tyndall is on medical leave and is unavailable for any deposition for any deposition on October 24, 2007. Thank you, Your Honor. It was agreed by both parties. See § Rule 26.1 and Rule 30.3. Letter October 17, 2007, attached to confirm agreement, also Rule 15A. Your Honor, this is also a moot point to them reason the ten (10) days to respond to my motion back in June 28, 2007, has passed. See Rule 7.1.2 pleading and motion G.M. had ten (10) days to respond in which Your Honor ordered clearly states the Defendant has not answer to Plaintiff's motion. Your Honor, there are rules and procedures that govern the Court and G.M. missed the deadline and order and such not stand in the interest of justice. Mr. Tyndall has already returned to work from my understanding or recovered from such treatment. Your Honor, G.M. admits Mr. Tyndall did indeed receive the complaint, but his affidavit (Mr. Tyndall states he only received EEOC. See his affidavit attached, page 3. This is one of the reasons for deposition under Count II. Motion to dismiss his order for deposition (D.1.56) is not a moot point and has bases in law.

The law clearly states under Rule 30.1 reasonable notice for taking depositions, G.M. failed to state. It says unless otherwise ordered by the Court, reasonable notice for the taking of deposition under Fed. R. civ. pg. 30(b)(1) shall be not less than five (5) days, but G. M. never responded under Rule 7.1.2 pleading and motion within ten (10) days. Summary Rule 56, also Rule 55 such applies.

Your Honor, there are rules to follow that G.M. is in violation of, but there was a date to do the deposit by both parties, and that was October 2, 2007.

At 10:00, but Mr. Michael Williams never showed them there was a notice of deposition for October 24, 207, in which I did attach along with counsel G.M. Also a copy of lod attached of October 2, 2007, of agreement. G.M. never mentioned violation R. 3.4 as well. Also, moot point G.M. never responded within ten (10) days. Rule 7.1.2 pleading and motion rule attached.

# IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF DELAWARE

Roland C. Anderson,   :
          Plaintiff   :
                            :
                            :
      vs.   :        **C.A. NO. 05-877-JFF**
                            :
General Motors Corporation,   :
          Defendant   :
                            :

## · Motion to Court for a Rule 55-R. 56 and Third Circuit Court-R. 27 Motions R. 1.3

Reason the Defendants was served with a Motion for Judgment as a matter of law on/or way back on June 28, 2007, Rule 55. Clearly states (a) omitted (Ex. A) (b) Judgment. When a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these rules. Judgment by default may be entered as follows. The party entitled to a judgment by default shall be entered. See Rule 55 attached. ∕⁀

Also See R. 56, expiration of 20 days from commencement of the action which was filed on June 28, 2007, and there has not been a respond yet to my motions.

The Third Circuit Court also state under (File A P. 27 motion). Whereas FRAP 27(3), motion to response. A time to file. Any party may file a response to a motion under Rule 27(a)(2), governs it contents. There motion must be filed no later than eight (8) days after Service of Motion unless the Court shortens or extends the time, but a motion authorized by R. 8, 9, 18, or 41 may be granted before the eight (8) day period runs only if the Court gives reasonable notice to the parties that it intends to act sooner. FRAP 27 Motion.

Also see FRAP 27-B, request for relief was done on June 28, 2007, but Defendant fail to file a response within eight (8) days. Rule of the Third Circuit Court, copy attached, FRAP 27 Motions (b) Ex. B.

Also see FRAP 15, review or enforcement of an agency order, how obtained intervention attached. This was also my application, back in June 28, 2007, FRAP 15(b) (2) states the following – (2) within 20 days after application for enforcement is filed the respondent must serve on the applicant our answer to the application and file it with clerk.

If respondent fails to answer in time, the Court will enter judgment for relief requested.

Defendant who did not plead affirmative defense and answer cannot raise it on appeal. See § case law Jeffrey v. Seven Seventeen Corp, 461 A2d 1009 Del. 1983.

Rule 16.5 request for extension of deadlines must be made by a Motion or stipulation prior to the (case) before the 20 day expiration of the date deadline.   So therefore, G.M. Defendant missed their deadline and never filed a Rule 16.5 according to Docket sheet.

Whereas in respect to this court and the rules of this Court and Court of Appeal, R. FRAP 15(b)(2) and Rule 55 of rule 77.2 Order and Judgment by the Clerk Rule 77.2 (4) order entering default for failure to plead or otherwise defend in accordance with Fed. R. Civ. P. 55.  Your Honor, the motion was filed on June 28, 2007.  The deadline has already passed, making their response a moot point.  See Jeffrey v. Seven Seventeen Corp. 461 a2d 1009 De. 1983 as well as R. 55, otherwise failure to defend on time and without motion for extension with the Rules of this Court and law, plus Court cost should apply under 10 Del. C § 5106 and subsection (d) of this rule IN RE Trust u/a McKinley, A.2d (Del. Ch. December 31, 2002).  Also R. 1.3 or what this Court deem fit for the Motion of Judgment filed back on June 28, 2007, and no response nor extension for answer to judgment in violation of say rules of govern this Court previously stated.

III.     Pleading and Motions

## Rule 7.1.2 Briefs when Required on Schedule

A party filing a Motion shall not file a Notice of said Motion unless otherwise ordered by the Court. The briefing and affidavit schedule for presentation of all Motions shall be: (1) The open brief and accompanying affidavit(s) shall be served and filed on the date of the filing of the Motion. (2) The answer brief and accompanying affidavit(s) shall be served and filed no later than ten (10) days. After service and filing of the open brief or motion, Defendant had no later then ten (10) days to respond that was giving notices from the Court (e-mail) according to Docket and proof of service by the Plaintiff as well. This would also come under R. 55.

Also see R. 1.1 scope of the rules – (the former rules shall govern); R. 1.1(e) Rules of Construction United States Code, Title 1, Section 1 to 5 shall as for applicable, govern the construction of these rules. See § Rule 1.1/1.2 Rules. G.M. clearly missed deadline to respond to judgment filed on June 28, 2007, and had ten (10) days according to R. 7.1. Also Rule 55 twenty (20) day to respond, but failed to reply to Rules and R. 1.1/R.1.2 see attached.

(b)    Substantive Sanctions.  In addition to financial penalties, failure of counsel to comply with the Rules relating to trial preparation may be considered an abandonment or a failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or the entire case. Likewise, failure of counsel to comply with the Rules relating to motions may result in the determination of the motion against the offending party.

## II.  COMMENCEMENT OF ACTION; PROCESS; SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

**RULE 3.1.  Civil Cover Sheet.**

(a)    In General.  Except for civil actions initiated by prisoners who are not represented by counsel, every party initiating a civil action in the Court shall complete and file with the Clerk a civil cover sheet, a form available from the Clerk.  To the extent that counsel for a plaintiff has not completed the entire civil cover sheet accurately, counsel for a defendant shall bring such missing or inaccurate information to the attention of the Clerk, all parties, and the Court.

(b)    Indication of Related Actions.  Counsel for a plaintiff in a civil action shall indicate on the civil cover sheet if said action is related to any other civil action previously decided or pending in this or any other federal district court.  Civil actions are related if they:

(1)    Arise from the same or substantially identical transactions, happenings, or events as the case at bar;

(2)    Involve the same or substantially the same parties or property;

(3)    Involve the same patent or the same trademark; or

(4)    For other reasons would entail substantial duplication of labor if heard by different judges.

**RULE 3.2.  Patent Cases.**

In all patent cases, copies of the patents at issue shall be attached and filed with the complaint.

**RULE 4.1.  Service of Process.**

(a)    Summons.  Except as to those cases proceeding pursuant to 28 U.S.C. § 1915(d), upon or after the filing of a complaint, plaintiff or plaintiff's counsel must present to the Clerk, for the Clerk's signature and seal, a completed form of summons for

(b) Effective Date. The Rules become effective on June 30, 2007. The Rules supersede any local rules effective prior thereto and shall govern all civil proceedings pending on the effective date, unless otherwise ordered.

(c) Application. The Rules shall be construed consistent with 1 U.S.C. §§ 1-5 and shall be followed insofar as they are not inconsistent with the Federal Rules of Civil Procedure (hereinafter "Fed. R. Civ. P."). The Rules, as well as all procedures promulgated by either the Clerk of Court ("the Clerk") or any Judge's chambers, shall be on the Court's website at www.ded.uscourts.gov.

(d) Modification. The application of the Rules in any case or proceeding may be modified by the Court in the interests of justice.

RULE 1.2. Availability of the Local Rules.

(a) Copies. Copies of the Rules, as amended and with any appendices attached hereto, can be viewed on and downloaded from the Court's website, www.ded.uscourts.gov. Paper copies are available from the Clerk for a reasonable charge to be determined by the Court.

(b) Amendments. Consistent with Fed. R. Civ. P. 83 and 28 U.S.C. § 2071, notice shall be provided of:

(1) Any amendments to the Rules;

(2) The ability of the public to comment thereon; and

(3) Final adoption of the amendments.

RULE 1.3. Sanctions.

(a) In General. Sanctions may be imposed, at the discretion of the Court, for violations of the Rules, as well as for violations of the Fed. R. Civ. P. and any order of the Court. Such sanctions may include, but are not limited to, costs, fines and attorneys' fees imposed on the offending party and that party's attorney.

1

Rule 55                COURT OF CHANCERY RULES                124

**However, the losing litigant ordinarily must pay his own counsel and bear the burden of costs.** Gottlieb v. Heyden Chem. Corp., 34 Del. Ch. 436, 105 A.2d 461 (1954).

**And expert's fees taxed as part of costs notwithstanding reliance.** — It is unwise to hamper the administration of justice by requiring reliance by the trial judge upon each expert witness called before the fees of that witness may be taxed as part of the costs against the losing party; such a rule would unduly restrict counsel preparing for trial who must always be prepared to meet, so far as he is able, the vagaries of the judicial mind and the counter tactics of opposing counsel. Consolidated Fisheries Co. v. Consolidated Solubles Co., 35 Del. Ch. 125, 112 A.2d 30, modified on other grounds, 113 A.2d 576 (Del. 1955); Weinberger v. UOP, Inc., 517 A.2d 653 (Del. Ch. 1986).

**Costs awarded against prevailing party.** — While generally costs are assessed against the losing litigant, the Court of Chancery has discretion to award costs against the prevailing party when justice so requires. This is especially so when the Chancellor finds the prevailing party to have engaged in some impropriety.

Science Accessories Corp. v. Summagraphics Corp., 425 A.2d 957 (Del. 1980).

**While the Court's copy of the transcript and depositions are not taxed as costs, this rule does not apply** to copies ordered by parties, for the rule is to let the burden with respect to Court copies fall on the parties who saw fit to order copies. In the absence of some compelling special equity, the same approach should apply to copies of the transcript and depositions ordered by parties for their use. Hutchinson v. Fish Eng'g Corp., 42 Del. Ch. 116, 204 A.2d 752 (1964), aff'd, 213 A.2d 447 (Del. 1965).

**Untimely filing of appeal not attributable to court personnel.** — Untimely filing of an appeal was not attributable to Court of Chancery personnel because the appellant had a continuing duty of inquiry to ascertain if the final judgment had been docketed after he expressly asked the Court of Chancery to commence the time to appeal by entering a final judgment pursuant to paragraph (b) of this rule and knew that the executed order had been forwarded to the Vice-Chancellor. Giordano v. Marta, 723 A.2d 833 (Del. 1998).

## Rule 55. Default judgments.

(a) Omitted.

(b) *Judgment.* When a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules, and that fact is made to appear, judgment by default may be entered as follows: The party entitled to a judgment by default shall apply to the Court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, trustee or other representative. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If such party has not appeared written notice shall be served if the Court so directs. If, in order to enable the Court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the Court may conduct such hearings or order such references as it deems necessary and proper.

(c) *Setting aside default judgment.* The Court may set aside a judgment by default in accordance with Rule 60(b).

(d) *Plaintiffs, counterclaimants and cross-claimants.* The provisions of this Rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

**Cross references.** — As to failure of defendant to appear, see § 367 of Title 10.

As to entry of default judgment for failure to serve answers to interrogatories, see Rule 37(d) of the Court of Chancery.

**Excusable neglect not shown.** — Where Belgian corporation's officers were properly served with process, although they were incarcerated in Belgium after they were sued by Delaware limited partnership and associated

Globe Life And Accident Insurance Company
Globe Life Center
Oklahoma City, Oklahoma 73184
GLOBE LIFE

tion for entry of default judgment against heirs who had an interest in a parcel of land, but had not responded to prospective purchasers' declaratory judgment action seeking to enforce a contract for sale thereof, was denied because entry of a default judgment was discretionary and the court found no valid reason to extinguish the heirs' legitimate interest in the land

unnecessary to hold an evidentiary hearing, under Del. Ch. Ct. R. 55(b), to determine damages as the investors suing the corporation sought a sum certain and discovery would not provide any information relevant to the issue of damages. Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods., — A.2d — (Del. Ch. July 8, 2003).

### Rule 56. Summary judgment.

(a) *For claimant.* A party seeking to recover upon a claim, counter claim, cross-claim or declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) *For defending party.* A party against whom a claim, counterclaim, cross-claim or declaratory judgment is asserted may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) *Motion and proceedings thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages, or some other matter.

(d) *Case not fully adjudicated on motion.* If on motion under this rule, judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the Court at the hearing of the motion, by examining the pleadings and evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) *Form of affidavits; further testimony.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, admissions on file, or

84 B



LATHROP
& GAGE L.C.

MICHAEL A. WILLIAMS
(816) 460-5562
EMAIL: MWILLIAMS@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

BUILDING 82,  ITE 1000
10851 MASTIN B  LEVARD
OVERLAND PARK, KANSAS (  10-1669
(913) 451-5100, FAX (913  51-0875

September 7, 2007

**VIA FEDEX**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE 19804

Re:    Anderson v. GM

Dear Mr. Anderson:

As soon as practical, we need to get some dates for your deposition during the month of September to be taken at the offices of our local counsel in Wilmington.

Thank you for your time and prompt attention to this matter. If we do not receive dates from you on or before September 14, 2007, we will have to proceed with noticing up the deposition.

Very truly yours,

LATHROP & GAGE L.C.

By:  _Michael Williams_

Michael A. Williams

:raf

CC 1935178v1

**Change Your Expectations.**

Roland C. Anderson
September 10, 2007
Page 2

Very truly yours,

LATHROP & GAGE L.C.

By:

Michael A. Williams

:raf

EY A

MICHAEL A. WILLIAMS
(816) 460-5562
EMAIL: MWILLIAMS@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

2345 GRAND BOULEVARD
SUITE 2800
KANSAS CITY, MISSOURI 64108-2684
(816) 292-2000. FAX (816) 292-2001

October 17, 2007

**VIA FEDEX**

Roland C. Anderson
113 Lloyd St.
Wilmington, DE 19804

Re:    Anderson v. GM

Dear Mr. Anderson:

As you are aware, your deposition is set for October 24, 2007 at our local counsel's office in Wilmington. I properly noticed up this deposition several weeks ago and it will begin at 9:00 a.m. As GM will be incurring the travel and deposition costs for me to attend this deposition, I want to make sure that you understand the importance of your attendance. If you fail to appear for this deposition, we will seek appropriate cost and relief from the Court, including requesting that your case be dismissed with prejudice.

Finally, while you have not noticed up any depositions, I wanted to make you aware that Mr. Tyndall is on medical leave and is unavailable for any deposition on October 24, 2007. Thank you.

Very truly yours,

LATHROP & GAGE L.C.

By:

Michael A. Williams

:raf

CC 1946867v1

Change Your Expectations.

KANSAS CITY • OVERLAND PARK • ST. LOUIS • JEFFERSON CITY • SPRINGFIELD • BOULDER • WASHINGTON D.C. • NEW YORK • DENVER • CLAYTON

and

David C. Vogel        Mo. Bar No. 45937
Michael A. Williams  Mo. Bar No. 47538
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier:  (816) 292-2001

Attorneys for Defendant

-2-

In The United States District Court for District of Columbia

Roland C. Anderson

v.

General Motors Corp.

C. A. No. 05-877JJF

ISA Amount / BUILding LoG.

On oct 25-07 I file a Notion / But would LIKE to correct The Date of the First Agreement for my Deposition with MR. Michael William. THE DATE was Oct 2, 07, at 10:00am BUILDing LoG sheet - will show - DATE and Time - and if Noted. (Witness). THE Attened would be call in at the Front DESK. EXA                 Date for second Deposition for oct. 24, 07

Date and Time LOG. IN. EXB

Oct 2, 07 MR. Michael William never show for the Deposition

THANK you
Roland C. Anderson
113 Lloyd STR.
Wil. Del. 18804

Cerbf. of service
Honorable J. Farnan
5 Chest 5EA mons Chein & mollott
300 Del. Avenue, suite 1360
Wil. Del. 19801

Date Oct 25-07

EXA

# BUILDING LOG

- All visitors must sign in.
- Legibly fill out all fields including signature. Stop by again to sign out. Thank you.

| Year 2007 Month/Date October 2 | SIGNATURE | Day Tuesday From COMPANY | VISITING SUITE or COMPANY | SIGN IN | SIGN OUT | GUARD |
|---|---|---|---|---|---|---|
| NAME (PRINT) | | | | | | |
| Joseph | | Brooks | Hth Flr | 6:40 | 7:00 | DL |
| Bob Graybeal | | Fedex | 15th | 7:10 | 7:15 | DL |
| Rick Tyndall | | Aex | 9th FL | 7:30 | 7:35 | DL |
| L Metros | | TJC | ELZ | 8:07 | 8:12 | DL |
| J Santiago | | TSC | 17 | 8:16 | 8:20 | DL |
| R Boyce | Che Bong | Brooks | PNC 4th | 8:00 | 8:30 | DL |
| Kelley | | USPS | 820 | 8:20 | 8:32 | DL |
| Michael | | BCS | 4th Flr | 8:35 | | DL |
| C Bach | Style | | 1380 | 9:00 | | DL |
| Roxanne Rouleau | Rouleau | US Bank | 9th Floor | 9:07 | 6:22 | DL |
| Mark Campos | Mark Campos | KM6 | 6th Floor | 9:10 | 10:00 | DL |
| Nicole Harchincin | | PNC | | 9:15 | 12:11 | DL |
| Terry | Terry | UPS | All | 9:30 | T.11 | DL |
| Roland C Parker | | | | 9:35 | | DL |
| Scott Sechler | | Bolle Evans | | 5:25 | | DL |
| Michael Roa | | Bell & Evans | | 5:35 | | DL |
| Mr. Russell | | Fedex | All | 9:56 | 10:11 | DL |
| A. Golden | | Dm | PNC 4th | 9:57 | | DL |
| Conway | Conway | R Mess | 8 | 10:12 | 10:16 | DL |
| G. Ventigue | G. Ventigue | TSC | Swartz | 10:15 | 10:18 | DL |
| Mike Charles | Mike | BSC | PNC | 10:20 | 10:25 | DL |
| N. Mapp | | | | 10:20 | 10:X | DL |
| Loraine Santos | | Self | PNC | 10:30 | 11:40 | DL |
| | | Self | PNC | | 11:40 | DL |
| Clark Scott | | Sheehan | Warren | 10:31 | 10:40 | DL |
| B Gwathy | | DoG | DoG | 10:50 | 11:15 | DL |
| J Hyde | Hyde | Selesh | Zute | 10:X | 12:V | DL |
| | | N53 Ar | 9 | | 11:09 | DL |
| | | BCS | 4th | 10:45 | 10:46 | DL |

BAA

# BUILDING LOG

- All visitors must sign in.
- Legibly fill out all fields including signature. Stop by again to sign out. Thank you.

| Year 2007 | Month/Date October  24 | Day WEDNESDAY | VISITING SUITE or COMPANY | TIME | |
|---|---|---|---|---|---|
| NAME (PRINT) | SIGNATURE | From COMPANY | | SIGN IN | SIGN OUT |
| Joseph | JH | Brooks | 4th Flr | 6:54 | 7:13 |
| Rick J | | Aex | 9th FL | 7:35 | 7:50 |
| J Santiago | | TSC | 17 | 8:01 | 8:03 |
| Kenya Holland | | OFFICE PARK | 13 | 8:29 | 8:32 |
| R Boyce | R Boyce | Brooks | Prc 4th | 6:50 | 8:00 |
| Mu | ~n~ | ~n~ | ~n~ | 8:30 | 8:40 |
| L Matos | OM | TSC | 8-4 | 8:41 | 8:45 |
| F Schwartz | RJ Schw | E.S. | | 6:45 | |
| C Kuhn | u | u | | 7 | |
| Mike Wilson | AM | 9:5 | 8:00 | | |
| M McDANNELS | Kevin McDannels | PNC | 4th Floor | 8:55 | 3:30 |
| Roland Calloway | | | | | |
| A Ciabattari | EC | Parcels | 12, 13 | 9:06 | 9:10 |
| M Dardar | | " | 9 | 9:10 | 9:12 |
| John Raftery | John Raftery | Mitchell | BFT | 9:15 | |
| B Walters | WillSon | " | 10 D | 9:30 | |
| Mike Charles | Mike | BC | PNC | 9:46 | 9:50 |
| Hall | Hall | VPS | AV | 9:41 | 9:58 |
| Sean | hm | Reliable E | Elz | 9:38 | 9:39 |
| Cui Russa | | Aedes | A/r | 10:10 | 10:20 |
| E Santiago | 9 Santiago | TSC | 11 | 10:10 | 10:12 |
| Mike Nyff | Mike Nyff | Fruit Flowers | 1630 | 10:11 | 10:15 |
| Rob Pre | | Woers & Sullivan | 13th Flr | 10:12 | 10:20 |
| R Thomas | Rush | PNC | PNC | 10:30 | 10:00 |
| | | " | James King | 10:30 | 10:14 |
| CL | CFt | Nova | 1130 | 10:50 | |
| M.U | M. Lureal | DFL | 4 | 10:55 | 11:00 |
| J. GIBSON | j. gib | V. Gun | 7 | 10:57 | 11:02 |

P. 1

WILMINGTON     LIBRARY     302 654 9132

Oct 18 07 02:41p

Lathrop & Gage L.C. | Contact Us

*Attn. Roland Anderson*

Page 1 of 1

**OFFICES**
Boulder, CO
Clayton, MO
Columbia, MO
Denver, CO
HROI LLC, Human Resources
Return on Investment
Jefferson City, MO
Kansas City, MO
Lathrop & Gage DC, PLLC
(Washington, D.C.)
New York, NY
Overland Park, KS
Springfield, MO
St. Louis, MO

(6)

Rule 23.1          LOCAL DISTRICT COURT CIVIL RULES

# IV. PARTIES.

## Rule 23.1. Designation of "Class Action" in the caption.

In any case sought to be maintained as a class action, the complaint or pleading asserting a class action, shall include next to its caption, the "Class Action."

**Source.** — Model Local Rule 23.1.

# V. DEPOSITIONS AND DISCOVERY.

## Rule 26.1. Form of certain discovery papers and permissible number of requests.

(a) *Sequential numbering.* The parties shall number each interrogatory, request, answer, response, or objection sequentially, regardless of the number of sets of interrogatories or requests.

(b) *Permissible number of interrogatories, document requests, requests for admission and depositions.* Unless otherwise ordered by the Court, there shall be no limitation upon the permissible number of document requests, requests for admission, or depositions, but no party shall propound more than 50 interrogatories to any other party. Each subpart shall be counted as a separate interrogatory.

(c) *Form of responses.* The party answering, responding, or objecting to written interrogatories, requests for production of documents or things, or requests for admission served pursuant to Rules 33, 34 or 36 of the Federal Rules of Civil Procedure may state any general objections and then shall quote each such interrogatory or request in full immediately preceding the statement of any answer, response, or objection thereto.

**Source.** — Model Local Rule 26.1; former
Delaware Local Rule 26.1 with revisions.

## Rule 26.2. Confidentiality.

If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted *pro hac vice.* Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case.

**Source.** — Former Local Rule 26.2.

## Rule 30.1. Reasonable notice for taking depositions.

Unless otherwise ordered by the Court, "reasonable notice" for the taking of depositions under Fed. R. Civ. P. 30 (b) (1) shall be not less than five days.

**Source.** — Former Delaware Local Rule
4.3A (first sentence).

13.

Pending resolution of any motion under Fed. R. Civ. P. 26(c) or 30(d), or such other form of application for relief as the Court may prescribe, neither the objecting party, witness, nor any attorney is required to appear at a deposition to which a motion is directed until the motion is resolved.

## RULE 30.3. **Who May Attend Deposition.**

Unless otherwise ordered by the Court, or agreed to by all parties, a deposition may be attended only by:

    (a)    The deponent;

    (b)    Counsel for any party and members and employees of their firms;

    (c)    A party who is a natural person;

    (d)    An individual who has been designated by counsel to represent a party that is not a natural person;

    (e)    Counsel for the deponent; and

    (f)    Any consultant or expert designated by counsel for any party.

If a protective order has been entered, any person who is not authorized under the order to have access to documents or information designated confidential may be excluded while a deponent is being examined about such confidential document or information.

## RULE 30.4. **Procedures for Recording Depositions.**

    (a)    Beginning. An oral deposition to be electronically or magnetically recorded shall begin by the operator stating on the record:

        (1)    The operator's name and address;

        (2)    The name and address of the operator's employer;

        (3)    The date, time and place of the deposition;

        (4)    The caption of the case;

        (5)    The name of the deponent; and

        (6)    The party on whose behalf the deposition is being taken.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    :
                                       :
            Plaintiff,                 :
                                       :
     v.                                : Civil Action No. 05-877-JJF
                                       :
GENERAL MOTORS,                        :
                                       :
            Defendants.                :

## ORDER

WHEREAS, Plaintiff filed a Motion for Judgment as a Matter of Law (D.I. 44) on 6/28/07, a Motion To Dismiss His Order for A Deposition (D.I. 56) on 9/25/07, a Motion for Extension of Time to Complete Discovery (D.I. 64) on 10/24/07, and a Motion for Extension of Time to take Deposition (D.I. 67) on 10/30/07;

WHEREAS, Defendant has not yet responded to Plaintiff's Motions;

NOW THEREFORE IT IS HEREBY ORDERED that Defendant shall file an Answering Brief to Plaintiff's Motions (D.I. 44, 56, 64, & 67) **no later than Thursday, December 27, 2007.** If Defendant does not file an Answering Brief by the date indicated, the Court will decide the Motions on the papers submitted.

December 4, 2007

UNITED STATES DISTRICT JUDGE

3.4 STATES The Following EX E(1)
FAIRNESS to opposing pARTY And counsel (PAGE EX G)

R. 3.4 Attach
A Lawyer S Hall not:
    A. Unlawfully obstruct Another pARTY's Access to
Evidence or unlawfully alter destroy or conceal
A document or other Material Having potential
Law; Rule Attach EX E. Also EX F will show I Requested
production From G.M And Attorney on (10-31-07) copy
Attach A (Supena). But was never produce By G.M And
There, was A n order Date By Honoble Judge FARRAN -
A Discovery Due NO Later By NOV. 8-07. The counsel
for G.m never Reply to THat order (for Discovery -
DEADLine for NOV. 8, 07. SEE Honorable Judge FARRAN
order Attach EX G (2). Also see Docket Sheet Attach
his order, EX G (3). Also see Rule 1.3 (oather
Sanction) for
    Voilation).
    Also SEE Rule 8.1 BAR Admission and Discipline
matter (A) - BEX H(1) R. 8.1 Attach As well.

$\mathcal{E}\!\rightarrow\!\mathcal{B}$

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    )
                                       )
        Plaintiff,                     )
                                       )        Civil Action No. 05-877-JJF
    v.                                 )
                                       )
GENERAL MOTORS CORPORATION,            )
                                       )
        Defendant.                     )
                                       )
                                       )

### AFFIDAVIT

Terry Tyndall, being first duly sworn and of lawful age, hereby states as follows:

1.      My name is Terry Tyndall. I am of lawful age and I am competent to testify to the matters set forth in this Affidavit.

2.      I am currently a People Soft Administrator for General Motors ✓ *R.4.1* Corporation's facility located in Wilmington, Delaware. I have personal knowledge of the facts stated herein and if called to testify as a witness in this action, I would testify truthfully and competently to each of the following facts set forth in this Affidavit.

3.      In my capacity as a People Soft professional, I received some documents from a uniformed officer at the security gate. These documents appeared to relate to what I believed was a pending EEOC Complaint filed by Roland Anderson. These documents did not direct any action on GM's part and, therefore, I did not forward them to GM's Legal Department.

4.      Because I believed the documents were file copies of documents related to a prior EEOC Complaint, I left them for my supervisor so they could be placed in the appropriate file.

CC 1734189v1

5.      I did not intentionally disregard the documents.  I did not see any documents or summons requesting any action on GM's part.

6.      Any failure to forward the documents to the Legal Department for processing was accidental on my part and not aimed at hindering the processing of this matter.

7.      Further affiant sayeth not.

_____
Terry Tyndall

STATE OF DELAWARE    )
                     ) SS.
COUNTY OF _____   )

On this _____ day of September, 2006, before me appeared Terry Tyndall, to me personally known, who being by me duly sworn, did state that the statements made in this Affidavit are true to the best of his knowledge and belief.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year last above written.

My Commission Expires:

_____

Notary Public

_____

JAMES B. CARLEY
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Nov. 7, 2007

| | | |
|---|---|---|
| 10/03/2007 | 58 | NOTICE to Take Deposition of Roland C. Anderson on October 24, 2007 at 9:00 a.m. by General Motors.(Busenkell, Michael) (Entered: 10/03/2007) |
| 10/11/2007 | 59 | USCA Order Terminating Appeal as to 51 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Appeal Dismissed for lack of appellate jurisdiction. (pr, ) (Entered: 10/11/2007) |
| 10/12/2007 | 60 | RESPONSE to Discovery Request filed by Roland C. Anderson.(rwc) (Entered: 10/12/2007) |
| 10/19/2007 | 61 | Document titled "Motion to this Court/Violation of Judge's Order", construed as OBJECTIONS to 58 Notice to Take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/19/2007) |
| 10/22/2007 | 62 | MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* - filed by General Motors. (England, Margaret) (Entered: 10/22/2007) |
| 10/23/2007 | 63 | ORDER granting 62 MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* filed by General Motors. Setting Scheduling Order Deadlines Discovery due by 11/8/2007.; Dispositive Motions due by 12/7/2007. Signed by Judge Joseph J. Farnan, Jr. on 10/23/07. (dab) (Entered: 10/23/2007) |
| 10/24/2007 | 64 | MOTION for Extension of Time to Complete Discovery until at least December 7, 2007 - filed by Roland C. Anderson. (bkb) (Entered: 10/24/2007) |

*Also order was be no Later than 11-8-07*
*G.M. miss Deadline no - Also my motion summery Judgment*
*As well - or what court term prosed / G.M. violation 7.1.2 - As*
*well onl other Rule Attach.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                 )
                                    )
            Plaintiff               )
                                    )
v.                                  )        Civil Action No. 06-669 JJF
                                    )
GENERAL MOTORS CORPORATION,         )
                                    )
            Defendant.              )

### NOTICE OF DEPOSITION

TO:    Roland C. Anderson
       113 Lloyd St.
       Wilmington, DE 19804
       Pro se plaintiff

Please take notice that defendant will take the deposition of *pro se* plaintiff

Roland C. Anderson, on October 24, 2007, beginning at 9:00 a.m., at the offices of Eckert

Seamans Cherin & Mellott, LLC, 300 Delaware Ave., Suite 1210, Wilmington, DE

19801. The deposition will be continued from day to day beginning at 9:00 a.m. until

completed and the witness is excused. The deposition will be taken before a duly

certified court reporter and can be used for all purposes permitted under Federal Rules of

Civil Procedure, including trial. All parties are invited to attend and participate.

Respectfully submitted,

Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(302) 425-0430

/3

*In Violation*

## Discovery Documents

1:06-cv-00669-JJF Anderson v. General Motors

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Busenkell, Michael on 10/2/2007 at 5:00 PM EDT and filed on 10/2/2007

**Case Name:**         Anderson v. General Motors
**Case Number:**      1:06-cv-669
**Filer:**                  General Motors
**Document Number:** 13

**Docket Text:**
NOTICE to Take Deposition of Roland C. Anderson on October 24, 2007 by General Motors.(Busenkell, Michael)

### 1:06-cv-669 Notice has been electronically mailed to:

Michael Busenkell    mbusenkell@eckertseamans.com

### 1:06-cv-669 Notice has been delivered by other means to:

Roland C. Anderson
113 Lloyd St.
Wilmington, DE 19804

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/2/2007] [FileNumber=453200-0]
[91373c75d861966b0b054fe3d8c32a88d4e6431a0be0650ee87863fa2a629929a92a
5ab428c438c41b7d2aaa633273feb2141c6747719b2a53241940bd8f970a]]

*17*

Your Honor Also my motion for Summary Judgement
(Count 1) - I file A Subpoena in this Civil Action Case.
But was never Reply or Answer on or for Records from
G.M - A List of All Employee Hire From 1982 - until OCT07,
And Their Rase in which is Relvont to my Case. for Rule
of Discovery. R.26.1 Time 3:00 - 04:00 Dated for Oct. 31,07
According to R.26.1 and the order for Discovery for Due no Later
Nov. 8, 07. See Copy. G.m never Reply. I'm also intile for
A Summary Judgment. G.M I'm Violation R.3.4 which
STATes 8: Fairness to opposing party And Counsel.

A Lawyer Shall Not:
(A) unlawfully obstruct Another party's Access to evidence
or unlawfully alter destroy or Conceal A document
or other material Having potential evidentiary
VALUE. (States - Fair competition in The Adversary
System is secured by the prohibition Against
destruction or Concealment of Evidence, Improperly
Influencing wittness obstructive TACTICS in The
discovery procedure And The Like. (2) Documents
And other items of evidence are often essential
To establish A Claim or defense. Subject to
Evidentiary privileges. The Right of the party
And Including the government. Important
procedural Right. it Frustrated if Relevant
material is concealed or destroy. Your Honor
Also See — Violation Shown. Rule. Attach.

## Violation Shown

G.m Violation Shown R.3.4 of professional Conduct Rules. A Attorney Violated Subsection (C) when In connection with The receivership of his Law practice, he Failed to cooperate with the Receiver efforts to gain control over the books And Records of the practice. (G.m Attorney failed to cooperate) See Case Law — In Re MAguire, 725 A2d 417 (Del. 1999), where Attorney Violated Rule 1.2(A) Rule 1.3 Rule 1.4(A) And (b), Rule 1.15(A) And (d) Rule 1.16(b) And(d) And Rule 3.4(C) Attor. Agree to pay all the costs of the Disciplinary proceeding. The costs of the Investigatory Audits proform By Lawyer Trust fund for client protection The Restitution noted In The Partyes Stipulation and Consented to The Imposition of A public Reprimand with A public four-year Probation with conditions. In Re-Solomon 745 A.2d 874 (Del. 1999) A Lawyer Found to committed professional misconduct by Failing to Obey the Order and Rules of This Court, G.m clearly Violated Rule 3.4. I'Am entitle to Summary Judgment, As well.

Plus your Honor G. M Laeper is Trying to mislead this court
to mix Judgment As matter of Law, were he States
Additionally plaintiff motion for Reconsiederation
sought to stay this matter while the Third
Circuit considered his Appellate petitions. (misleading).
And to say This issue was resolved by the court under
The broad discretion granted by the court of Appeals
And it was in the courts      Broad discretion
To consider or disregard G. M's Agument presented
In The Reply brief,
   Your Honor G. M never Reply to this motion—
which STATES (Judgment in matter of Law), 6-28-0
So How could that say, this was on Appeal is
misleading; In which you never Rule on it yet,
plus G. M never Respondeal (yet) not until Doc. 7, 07
In violation of Rule 8.4. and R. 1.3—And R, 7.1.2. Also
This is A moot point for Their Response. See Rule Attach
The Case that was Talk About is the one for default
Judgement and Reconseration on 6-08-2007 — NO#36
See Docket Sheet Attach. G. M In Violation Also R3, 4. (7.1.2
and 1.3 motions, PLease COmpar. (I Am entile to R.55
And Rule 56. As well.

| 05/29/2007 | 33 | ORDER DENYING D.I. 15 Motion for Default Judgment (per D.I. 32 Memorandum Opinion). Signed by Judge Joseph J. Farnan, Jr. on 5/29/2007. (lec) (Entered: 05/29/2007) |
| 05/29/2007 | 41 | ANSWER to Complaint filed (as attached to D.I. 17) by General Motors. (dlk) (Entered: 06/18/2007) |
| 06/01/2007 | 34 | MEMORANDUM ORDER DENYING D.I. 28 Letter request for Appointment of Counsel (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 6/1/2007. (lec) (Entered: 06/01/2007) |
| 06/07/2007 | 35 | MOTION for Reconsideration re 32 Memorandum Opinion - filed by Roland C. Anderson. (lec) (Entered: 06/11/2007) |
| 06/07/2007 |  | Set Briefing Schedule: re35 MOTION for Reconsideration re 32 Memorandum Opinion. Answering Brief due 6/25/2007. (lec) (Entered: 06/11/2007) |
| 06/08/2007 | 36 | MOTION for Reconsideration re 34 Order - filed by Roland C. Anderson. (lec) (Entered: 06/11/2007) |
| 06/11/2007 | 37 | NOTICE OF APPEAL of 33 Order on Motion for Default Judgment. Appeal filed by Roland C. Anderson. Filing fee not received. (lec) (Entered: 06/13/2007) |
| 06/14/2007 | 38 | MOTION for Leave to Proceed in forma pauperis - filed by Roland C. Anderson. (lec) (Entered: 06/17/2007) |
| 06/14/2007 | 39 | MOTION to Stay newer court processing - filed by Roland C. Anderson. (lec) (Entered: 06/17/2007) |
| 06/18/2007 | 40 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 37 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-2771. USCA Case Manager: Shannon L. Craven (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (sc, ) (Entered: 06/18/2007) |
| 06/26/2007 | 43 | MOTION to Stay re 26 Scheduling Order, - filed by Roland C. Anderson. (lec) (Entered: 06/27/2007) |
| 06/26/2007 |  | Set Briefing Schedule: re43 MOTION to Stay re 26 Scheduling Order,. Answering Brief due 7/16/2007. (lec) (Entered: 06/29/2007) |
| 06/27/2007 | 42 | OBJECTIONS by General Motors to 36 MOTION for Reconsideration re 34 Order, 39 MOTION to Stay. (Busenkell, Michael) (Entered: 06/27/2007) |
| 06/27/2007 |  | Set Briefing Schedule: re36 MOTION for Reconsideration re 34 Order. Reply Brief due 7/9/2007. (lec) (Entered: 06/29/2007) |
| 06/28/2007 | 44 | MOTION for Judgment - filed by Roland C. Anderson. (lec) (Entered: 07/02/2007) |
| 07/02/2007 | 45 | REPLY to Response to Motion re 36 MOTION for Reconsideration re 34 and 39 MOTION to Stay filed by Roland C. Anderson. (lec) (Entered: |

| | | |
|---|---|---|
| | | 07/06/2007) |
| 08/16/2007 | 46 | ORDER DENYING D.I. 35 Motion for Reconsideration ; DENYING D.I. 36 MOTION for Reconsideration (See order for Details). Signed by Judge Joseph J. Farnan, Jr. on 8/16/2007. (lec) (Entered: 08/17/2007) |
| 08/16/2007 | 47 | ORDER DENYING D.I. 39 MOTION to Stay ; DENYING D.I. 43 MOTION to Stay. Extending Scheduling Order Deadlines : Discovery due by 10/12/2007.,Dispositive Motions due by 11/9/2007 (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 8/16/2007. (lec) (Entered: 08/17/2007) |
| 08/22/2007 | 48 | USCA Order Terminating Appeal as to 29 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Dismissing. (sc, ) (Entered: 08/22/2007) |
| 08/28/2007 | 49 | MOTION to Stay lower court proceeding - filed by Roland C. Anderson. (lec) (Entered: 09/07/2007) |
| 09/10/2007 | 53 | MOTION to Stay - filed by Roland C. Anderson. (lec) (Entered: 09/15/2007) |
| 09/11/2007 | 51 | NOTICE OF APPEAL of 46 Order on Motion for Reconsideration, 47 Order, Set Scheduling Order Deadlines. Filing fee not received. Appeal filed by Roland C. Anderson. (lec) (Entered: 09/13/2007) |
| 09/11/2007 | 52 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (lec) (Entered: 09/13/2007) |
| 09/13/2007 | 50 | USCA Order Terminating Appeal as to 37 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Appeal Dismissed. (sc, ) (Entered: 09/13/2007) |
| 09/17/2007 | 54 | ORDER DENYING D.I. 49 MOTION to Stay and D.I. 53 MOTION to Stay. Setting Hearings: The Pretrial Conference previously scheduled for 10/4/2007 has been RESCHEDULED for 3/6/2008 at 11:30 AM in Courtroom 4B before Honorable Joseph J. Farnan, Jr. Signed by Judge Joseph J. Farnan, Jr. on 9/17/2007. (lec) (Entered: 09/18/2007) |
| 09/18/2007 | 55 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 51 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-3719. USCA Case Manager: Phyllis Ruffin (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (pr, ) (Entered: 09/18/2007) |
| 09/19/2007 | | CORRECTING ENTRY: Corrected the docket text of D.I. 54 to correctly read that the Pretrial Conference is rescheduled for 3/6/2008. (lec) (Entered: 09/19/2007) |
| 09/20/2007 | | Remark: Per phone request from Mr. Anderson, Clerk's Office mailed him a Transcript Purchase Order form for filing with the Third Circuit Court of Appeals. (rbe) (Entered: 09/20/2007) |
| 09/25/2007 | 56 | Plaintiff's " MOTION To Dismiss His Order for A Deposition" - filed by |

|  |  | Roland C. Anderson. (lec) (Entered: 10/02/2007) |
|---|---|---|
| 09/26/2007 | ᦙ57 | Letter to Roland C. Anderson from Clerk of Court regarding Request for Copy of Docket. (lec) (Entered: 10/02/2007) |
| 10/03/2007 | ᦙ58 | NOTICE to Take Deposition of Roland C. Anderson on October 24, 2007 at 9:00 a.m. by General Motors.(Busenkell, Michael) (Entered: 10/03/2007) |
| 10/11/2007 | ᦙ59 | USCA Order Terminating Appeal as to 51 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Appeal Dismissed for lack of appellate jurisdiction. (pr, ) (Entered: 10/11/2007) |
| 10/12/2007 | ᦙ60 | RESPONSE to Discovery Request filed by Roland C. Anderson.(rwc) (Entered: 10/12/2007) |
| 10/19/2007 | ᦙ61 | Document titled "Motion to this Court/Violation of Judge's Order", construed as OBJECTIONS to 58 Notice to Take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/19/2007) |
| 10/22/2007 | ᦙ62 | MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* - filed by General Motors. (England, Margaret) (Entered: 10/22/2007) |
| 10/23/2007 | ᦙ63 | ORDER granting 62 MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* filed by General Motors. Setting Scheduling Order Deadlines Discovery due by 11/8/2007.,Dispositive Motions due by 12/7/2007. Signed by Judge Joseph J. Farnan, Jr. on 10/23/07. (dab) (Entered: 10/23/2007) |
| 10/24/2007 | ᦙ64 | MOTION for Extension of Time to Complete Discovery until at least December 7,2007 - filed by Roland C. Anderson. (bkb) (Entered: 10/24/2007) |
| 10/26/2007 | ᦙ65 | MOTION for Pro Hac Vice Appearance of Attorney of Michael A. Williams of Lathrop & Gage L.C. - filed by General Motors. (Busenkell, Michael) (Entered: 10/26/2007) |
| 10/26/2007 | ᦙ66 | OBJECTION/RESPONSE to Motion - re 62 MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* - filed by Roland C. Anderson. (rwc) (Entered: 10/26/2007) |
| 10/26/2007 | ᦙ | Remark: Per telephone conversation with Roland Anderson, it has been noted that a jury demand was listed on the Civil Cover Sheet (DI 2). The docket has been corrected to reflect the plaintiffs jury demand. (ead) (Entered: 10/26/2007) |
| 10/30/2007 | ᦙ | SO ORDERED, re 65 MOTION for Pro Hac Vice Appearance of Attorney of Michael A. Williams of Lathrop & Gage L.C. filed by General Motors. Signed by Judge Joseph J. Farnan, Jr. on 10/30/07. (dab) (Entered: 10/30/2007) |
| 10/30/2007 | ᦙ67 | MOTION for Extension of Time to take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/31/2007) |

| 10/30/2007 | ❍68 | Letter from Roland Anderson dated 10/25/07 enclosing "Building Log" claiming that defense counsel did not show for deposition. (rwc) (Entered: 10/31/2007) |
|---|---|---|
| 11/06/2007 | ❍71 | Letter to Roland C. Anderson from Teresa Koenig, DE Dept. of Labor, rec'd 11/6/07 regarding subpoena for records received. (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | ❍69 | Document titled " Facts Discovery" - filed by Roland C. Anderson.(rwc) (Entered: 11/07/2007) |
| 11/07/2007 | ❍70 | SEALED EXHIBIT -(Deposition Exhibit - "Seniority List") - re 69 Facts Discovery - filed by Roland C. Anderson. (Placed under seal by Clerk's Office). (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | ❍ | Remark : Notice Regarding filing of documents containing Personal Information was mailed to plaintiff by the Clerk's Office - re: 70 Sealed Exhibit. (rwc) (Entered: 11/07/2007) |
| 11/14/2007 | ❍72 | NOTICE OF APPEAL of 63 Order granting 62 MOTION for Extension of Time to Complete Discovery and file Motion for Summary Judgment. Appeal filed by Roland C. Anderson. (rwc) (Entered: 11/14/2007) |
| 11/14/2007 | ❍73 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (Attachments: - Attachment to IFP)(rwc) (Entered: 11/14/2007) |
| 11/16/2007 | ❍74 | ORDER GRANTING re 52 MOTION for Leave to Appeal in forma pauperis filed by Roland C. Anderson. Signed by Judge Joseph J. Farnan, Jr. on 11/16/07. (dab) (Entered: 11/16/2007) |
| 11/19/2007 | ❍75 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 72 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-4347. USCA Case Manager: Carmen M. Hernandez (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (ch1, ) (Entered: 11/19/2007) |
| 11/26/2007 | ❍76 | TRANSCRIPT REQUEST by Roland C. Anderson - ( None on file) (rwc) (Entered: 11/27/2007) |
| 11/29/2007 | ❍77 | Remark; Document captioned "Dispositive Motions" filed by plaintiff which references "violation" of various rules; see document for details (bkb) (Entered: 11/29/2007) |
| 12/04/2007 | ❍78 | ORDER setting briefing schedule Answering Brief due 12/27/2007 re 56 MOTION To Dismiss His Order for A Deposition filed by Roland C. Anderson, 67 MOTION for Extension of Time to filed by Roland C. Anderson, 44 MOTION for Judgment as a Matter of Law filed by Roland C. Anderson, 64 MOTION for Extension of Time to Complete Discovery filed by Roland C. Anderson. If Dft does not file Answering Brief, Court will decide Motions on the papers submitted. Signed by Judge Joseph J. Farnan, Jr. on 12/4/07. (dab) (Entered: 12/04/2007) |
| 12/07/2007 | ❍79 | MOTION for Summary Judgment - filed by General Motors. |

The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
Email: tcheek@ycst.com
*TERMINATED: 11/08/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Margaret Fleming England**
Eckert Seamans Cherin & Mellott, LLC

300 Delaware Avenue
Suite 1360
Wilmington, DE 19801
(302) 425-0430
Fax: (302) 425-0432
Email: mengland@eckertseamans.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/19/2005 | 1 | MOTION for Leave to Proceed in forma pauperis - filed by Roland C. Anderson. (els, ) (Entered: 12/20/2005) |
| 12/19/2005 | 2 | COMPLAINT filed against General Motors - Magistrate Consent Notice to Pltf. - filed by Roland C. Anderson. (Attachments: # 1 Exhibits # 2 Civil Cover Sheet)(els, ) (Entered: 12/20/2005) |
| 12/20/2005 | 3 | NOTICE of Personal Information re 2 Complaint, 1 MOTION for Leave to Proceed in forma pauperis (bad, ) (Entered: 12/20/2005) |
| 12/28/2005 | | Case assigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb, ) (Entered: 12/28/2005) |
| 01/04/2006 | 4 | ORDER granting request to proceed informa pauperis. Signed by Judge Joseph J. Farnan, Jr. on 01/03/2006. (dlk ) (Entered: 01/04/2006) |
| 01/11/2006 | 5 | MOTION to Stay - filed by Roland C. Anderson. (afb, ) (Entered: 01/12/2006) |
| 02/27/2006 | 6 | ORDER that the USM shall serve a copy of the complaint (D.I. 2) and this order upon Deft. as directed by Pltf. ; Signed by Judge Joseph J. Farnan, Jr. on 02/27/06. (afb, ) (Entered: 02/28/2006) |
| 03/01/2006 | | Remark: Clerk sent to the USM for service copies of the Complaint (D.I. 1) and Order (D.l. 6) w/ USM 285 form for General Motors per D.I. 6. (afb, ) (Entered: 03/01/2006) |
| 03/17/2006 | 7 | ORDER that the 5 Motion to Stay is DENIED WITHOUT PREJUDICE |

| | | |
|---|---|---|
| | | with leave to refile following service, entry of appearance and responsive pleading by Deft.; Signed by Judge Joseph J. Farnan, Jr. on 03/17/06. (afb, ) (Entered: 03/20/2006) |
| 03/27/2006 | ⊙8 | MOTION For Requirement Of Order Date 17 Of March 2006 Court - filed by Roland C. Anderson. (afb, ) (Entered: 03/29/2006) |
| 03/30/2006 | ⊙9 | Return of Service Executed by Roland C. Anderson. General Motors served on 3/29/2006, answer due 4/18/2006. (afb, ) (Entered: 03/30/2006) |
| 06/08/2006 | ⊙10 | ORDER that Pltf.'s 8 Motion for Reconsideration is DENIED. Signed by Judge Joseph J. Farnan, Jr. on 06/08/06. (afb, ) (Entered: 06/08/2006) |
| 07/05/2006 | ⊙11 | NOTICE OF APPEAL to the USCA for the Third Circuit re 7 Order on Motion to Stay. Appeal filed by Roland C. Anderson. Filing fee $ 455. (afb, ) (Entered: 07/06/2006) |
| 07/05/2006 | ⊙12 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (afb, ) (Entered: 07/06/2006) |
| 07/11/2006 | ⊙13 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 11 Notice of Appeal filed by Roland C. Anderson,. USCA Case Number 06-3316. USCA Case Manager: Carmen M. Hernandez (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (ch1, ) (Entered: 07/11/2006) |
| 08/07/2006 | ⊙14 | USCA Order Terminating Appeal pursuant to Rule 42(b), Federal Rules of Appellate Procedure as to 11 Notice of Appeal filed by Roland C. Anderson,. USCA Decision: Appeal Dismissed. (ch1, ) (Entered: 08/07/2006) |
| 08/22/2006 | ⊙15 | MOTION for Default Judgment as to General Motors - filed by Roland C. Anderson. (dab, ) Additional attachment(s) added on 8/25/2006 (dab, ). (Entered: 08/23/2006) |
| 08/23/2006 | ⊙16 | DEFICIENCY NOTICE by the Court issued to Roland C. Anderson re 15 MOTION for Default Judgment as to General Motors. (no original signature) (dab, ) (Entered: 08/23/2006) |
| 08/25/2006 | ⊙ | CORRECTING ENTRY: Deficency DI #16 corrected. (dab, ) (Entered: 08/25/2006) |
| 08/28/2006 | ⊙17 | RESPONSE to Motion re 15 MOTION for Default Judgment as to General Motors filed by General Motors. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service)(Cheek, Teresa) (Entered: 08/28/2006) |
| 08/30/2006 | ⊙18 | REPLY BRIEF re 15 MOTION for Default Judgment as to General Motors filed by Roland C. Anderson. (dab, ) (Entered: 08/30/2006) |
| 09/07/2006 | ⊙19 | REPLY to Response to Motion re 15 MOTION for Default Judgment as to General Motors filed by Roland C. Anderson. (dab, ) (Entered: 09/08/2006) |
| 09/14/2006 | ⊙20 | REPLY to Response to Motion re 15 MOTION for Default Judgment as |

| | | to General Motors filed by Roland C. Anderson. (dab, ) (Entered: 09/15/2006) |
|---|---|---|
| 09/15/2006 | ○21 | Letter to The Honorable Joseph J. Farnan, Jr. from Teresa A. Cheek, Esquire regarding additional support for Response to Plaintiff's Motion for Default Judgment - re 17 Response to Motion. (Attachments: # 1 Exhibit Affidavit)(Cheek, Teresa) (Entered: 09/15/2006) |
| 09/26/2006 | ○22 | Letter to Judge Joseph J. Farnan, Jr. from Roland C. Anderson regarding Additional Support to Response to Pltf's Motion for Default Judgment - re 20 Reply to Response to Motion, 19 Reply to Response to Motion. (dab, ) (Entered: 09/27/2006) |
| 11/08/2006 | ○23 | NOTICE OF SUBSTITUTION OF COUNSEL re General Motors: Entry of appearance of attorney Michael Busenkell. Attorney Sheldon N. Sandler terminated. (Attachments: # 1 Affidavit of Service)(Busenkell, Michael) (Entered: 11/08/2006) |
| 02/22/2007 | ○24 | ORDER that CA 06-669 is CONSOLIDATED into CA 05-877. All pleadings and documents shall be filed ONLY in CA 05-877 (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 2/22/2007. (lec) (Entered: 02/23/2007) |
| 02/27/2007 | ○25 | Letter to The Honorable Joseph J. Farnan from Margaret F. England regarding Motion for Default Judgment. (England, Margaret) (Entered: 02/27/2007) |
| 03/01/2007 | ○26 | SCHEDULING ORDER: Discovery due by 6/30/2007.,Dispositive Motions due by 7/20/2007.,Pretrial Conference set for 10/4/2007 at 03:00 PM in Courtroom 4B before Honorable Joseph J. Farnan, Jr. Trial to be scheduled at Pretrial Conference. Signed by Judge Joseph J. Farnan, Jr. on 3/1/2007. (lec) (Entered: 03/01/2007) |
| 03/06/2007 | ○27 | Letter to Judge Joseph J. Farnan, Jr. from Roland C. Anderson regarding Dft's Ltr D.I. 25. (lec) (Entered: 03/08/2007) |
| 03/22/2007 | ○29 | NOTICE OF APPEAL of D.I. 26 Scheduling Order. Appeal filed by Roland C. Anderson. (lec) (Entered: 03/27/2007) |
| 03/22/2007 | ○30 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (lec) (Entered: 03/27/2007) |
| 03/23/2007 | ○28 | Letter to the Court from Roland C. Anderson requesting status of Motion For Default D.I.15 and requesting an attorney. (lec) (Entered: 03/26/2007) |
| 03/29/2007 | ○31 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 29 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-1908. USCA Case Manager: Shannon L. Craven (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (sc, ) (Entered: 03/29/2007) |
| 05/29/2007 | ○32 | MEMORANDUM OPINION. Signed by Judge Joseph J. Farnan, Jr. on 5/29/2007. (lec) (Entered: 05/29/2007) |

application thereof would not be feasible or would work injustice, in whi⬛
event the former Rules shall govern.

(e) *Rules of construction.* United States Code, Title 1, Sections 1 to 5, sha⬛
as far as applicable, govern the construction of these Rules.

Source. — Model Local Rule 1.1. (*Cf.* former
Delaware Local Rules 1.1, 1.2 and 9.7.)

### Rule 1.2. Availability of the Local Rules.

Copies of these Rules, as amended and with any appendices attached hereto,
are available from the Clerk of the Court for a reasonable charge to b⬛
determined by the Court.

When amendments to these Rules are proposed and made, notice consisten⬛
with Rule 83 of the Federal Rules of Civil Procedure and 28 U.S.C. § 207⬛
shall be provided of: (1) such proposals; (2) the ability of the public to comment⬛
and (3) final adoption.

Source. — Model Local Rule 1.2.

### Rule 1.3. Sanctions.

(a) *In general.* The violations of or failure to conform with any of the Local
Rules of the United States District Court for the District of Delaware, the
Federal Rules of Civil Procedure or any order of this Court, including order⬛
relating to conferences or appearances, and orders or rules relating t⬛
brief schedules, shall subject the offending party and that party's attorney, a⬛
the discretion of the Court, to appropriate discipline including, but not limited
to the imposition of costs, fines, and such attorneys' fees to opposing counsel a⬛
the Court may deem proper under the circumstances.

(b) *Pretrial procedures and motions.* Failure of counsel for any party t⬛
appear before the Court at any pretrial conference or to complete the necessary
preparations therefor or to be prepared for trial on the date set may b⬛
considered an abandonment or failure to prosecute or defend diligently, and
judgment may be entered against the defaulting party either with respect to a
specific issue or the entire case. Failure to comply with the Rules of this Court
relating to motions may result in the determination of the motion against th⬛
offending party.

Source. — Former Delaware Local Rule 9.2
with revisions.

## II. COMMENCEMENT OF ACTION; PROCESS; SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS.

### Rule 3.1. Civil cover sheet.

(a) *Submission of a civil cover sheet.* Every complaint or other documen⬛
initiating a civil action shall be accompanied by a completed civil cover shee⬛
on a form available from the Clerk of the Court. This requirement is solely fo⬛
administrative purposes, and matters appearing only on the civil cover shee⬛
have no legal effect in the action.

If the complaint or other document is submitted for filing without ⬛
completed civil cover sheet, the Clerk shall retain the document and stamp on
it the date and time submitted and promptly give notice of the omission to th⬛

---

398-5928
N/C 3825,5

party filing the document. W⬛
Clerk shall docket the comp⬛
date it was originally submi⬛

Persons filing civil cases ⬛

(b) *Indication of related a⬛*
indicate on the civil cover⬛
actions or proceedings prev⬛
any other court: (1) arise fr⬛
happenings, or events; (2) ⬛
or property; (3) involve the⬛
reasons would entail sub⬛
judges. Counsel for a defen⬛
noted previously, shall brin⬛
the Clerk, who will either ⬛
judge to whom the case h⬛

Source. — For 3.1(a), Model
with revisions, and for 3.1(b), fo⬛
Local Rule 2.2B with revisions.

### Rule 3.2. Patent cases.

In all patent cases, co⬛
complaint and filed with⬛

### Rule 4.1. Service of p⬛

(a) *Summons.* To ass⬛
required to serve a sum⬛
summons to the Clerk o⬛
served with the summ⬛
summons. Upon issuanc⬛
party's attorney who sh⬛
and a copy of the plead⬛
a basis to reject the pl⬛

(b) *Affidavit of maili⬛*
serves process pursua⬛
the plaintiff or plaint⬛
mailing and receipt o⬛
defendant's return re⬛
by the plaintiff or pla⬛
return receipt need n⬛

Source. — For 4.1(a), fo⬛
Rule 1.4 with revisions, a⬛
Delaware Local Rule 2.1F

### Rule 5.1.1. Genera⬛

All pleadings, mot⬛
by 11 inch opaque, u⬛
shall be plainly typ⬛
tion process, and c⬛
Each page shall be ⬛
and shall set forth

E7-G-(1)

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

Roland E. Anderson

V.

**SUBPOENA IN A CIVIL CASE**

General Motors Corp.

Case Number:[1] C.A.05-0877

TO: Michael William E Michael Berkeller
300 Delaware Avenue, Suite 1210
Wil. Del. 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

List of All Employee Hire From 1982 until Oct. 04 (And their Races)

(To) United State District court / At 844 N. King STR.

Wil. Del. 19801 / Time 4:00 a 3:00 — Date Oct 31, 07

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| DEPUTY Clerk |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**PETER T. DALLEO**    (302) 573-6170

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

N





**322**

.awyer will
existence of
.ply reject the
.se evidence and
silent. Thus the
e the lawyer into
e court.
*of Adjunctive Pro-*
ecial obligation to
riminal or fraudu-
es the integrity of
ich as bribing, in-
lawfully communi-
:r, court official or
ceeding, unlawfully
ocuments or other
lose information to
d by law to do so.
es a lawyer to take
ures, including dis-
mever the lawyer
uding the lawyer's
is engaging or has
udulent conduct re-

tion. — A practical
ion to rectify false
s of law and fact has
iclusion of the
afinite point for the
in. A proceeding has
aning of this Rule
the proceeding has
: the time for revise

s. —] Ordinarily, an
responsibility of pro
tters that a tribunal
ling a decision; the
cted to be presented
vever, in any ex part
plication for a temp
ere is no balance of
advocates. The obje
g is nevertheless
result. The judge
lity to accord the
tion. The lawyer
s the correlative du
iterial facts known
e lawyer reasonab
an informed decisi
Normally, a lawye
of candor imposed
ire that the law
isentation of a c
r have been adver
lisclosure. The law
ed by Rule 1.16
ibunal to withdr
ith this Rule's dut
extreme deteriora
tionship that the a
etently represent
16(b) for the circu
r will be permitte
asion to withdraw.

---

connection with a request for permission to
withdraw that is premised on a client's miscon-
duct, a lawyer may reveal information relating

to the representation only to the extent reason-
ably necessary to comply with this Rule or as
otherwise permitted by Rule 1.6.

**Subsection (a) describes separate viola-
tions.** — The act of offering evidence prohibited
by subsection (a)(4) is a separate and distinct
act in a judicial proceeding from the act of filing
a pleading or making a statement prohibited by
subsection (a)(1). In re McCann, 669 A.2d 49
(Del. 1995).

**Duty of defense counsel to both defen-
dant and court.** — Defense counsel has a
responsibility not only to the defendant-client,
but to the trial court, as well. State v.
Grossberg, 705 A.2d 608 (Del. Super. Ct. 1997).

The Sixth Amendment right to counsel was
never intended to override the court's broader
responsibility for keeping the administration of
justice and the standards of professional con-
duct unsullied. State v. Grossberg, 705 A.2d 608
(Del. Super. Ct. 1997).

**Knowledge of client's perjury.** — An at-
torney should have knowledge beyond a reason-
able doubt before determining under this Rule
that his client has committed or is going to
commit perjury. Shockley v. State, 565 A.2d
1373 (Del. 1989).

Counsel adequately performed his duty as
officer of court by disclosing to the court what
he believed beyond a reasonable doubt to be his
client's proposed perjury; counsel's resort to
narrative testimony when client insisted on
testifying was reasonable under the circum-
stances and did not prejudice client's case.
Shockley v. State, 565 A.2d 1373 (Del. 1989).

**Misleading conduct prohibited.** — An at-
torney, acting as an officer of the court, has a
duty to respond with complete candor to court
inquiries; counsel may not, knowingly or other-
wise, engage in conduct which may reasonably
be perceived as misleading either to the court
or to opposing counsel. State v. Guthman, 619
A.2d 1175 (Del. 1993).

Attorney violated subsection (a)(1) of this
Rule and Prof. Cond. Rules 3.4(b) and 8.4(c)
when he identified himself as client's "nephew"
and submitted falsified evidence to the tribunal
in the form of a petition which identified him as
such. In re McCann, 669 A.2d 49 (Del. 1995).

Attorney's misrepresentation to a Family
Court that a client was not in arrears with
regard to alimony and had paid the debt in full
was determined to have been an act of dishon-
esty, fraud, deceit, or misrepresentation in vio-
lation of Law. Prof. Conduct R. 8.4(c) and (d), a

failure to provide competent representation to
the client, in violation of Law. Prof. Conduct R.
1.1, and a failure to explain a matter to the
extent reasonably necessary to permit the cli-
ent to make informed decisions, in violation of
Law. Prof. Conduct R. 1.4(b); the misrepresen-
tation was found to have been knowingly made,
but the recommended suspension of 2 years
was reduced to 6 months, because mitigating
circumstances were found in the nature of the
attorney providing the Family Court with cor-
respondence, which would have permitted the
Family Court and the adverse party an oppor-
tunity to verify the client. In re A Mbr. of the Bar
of the Supreme Court of the Delaware
(Chasanov), — A.2d — (Del. Feb. 22, 2005).

Attorney's acceptance of a retainer of $250
from a client through a prepaid legal plan,
while never contacting the client and refusing
to refund the retainer until after the first dis-
ciplinary hearing, was held to have violated
Law. Prof. Conduct R. 1.3, with regard to acting
with reasonable diligence and promptness,
Law. Prof. Conduct R. 1.4(a) and (b), with
regard to failing to keep the client reasonably
informed to the extent reasonably necessary to
permit the client to make informed decisions,
and, Law. Prof. Conduct R. 1.15(b) and (d), with
regard to failing to safeguard the client's funds
and deliver them upon request; the prepaid
legal firm had refused to refund the retainer
and, in fact, showed no record of the amount,
which had been paid directly to the attorney. In
re A Mbr. of the Bar of the Supreme Court of the
Delaware (Chasanov), — A.2d — (Del. Feb. 22,
2005).

**Misleading statements prohibited.** — Ev-
idence held sufficient to establish a violation of
subsections (a)(1) and (4) of this Rule where
attorney inconsistently informed the trial court
that she did as to whether she did or did not
represent a client. In re Shearin, 721 A.2d 157
(Del. 1998), cert. denied, 526 U.S. 1122, 119 S.
Ct. 1776, 143 L. Ed. 2d 805 (1999).

**Development that renders material rep-
resentation inaccurate.** — An attorney's
duty to respond with complete candor to the
court includes a responsibility to promptly in-
form the court and opposing counsel of any
development that renders a material represen-
tation to the court inaccurate. State v.
Grossberg, 705 A.2d 608 (Del. Super. Ct. 1997).

## Rule 3.4. Fairness to opposing party and counsel.

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully
alter, destroy or conceal a document or other material having potential



*EX E 1*

Rule 3.4    PROFESSIONAL CONDUCT RULES    324

evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law.

(c) knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent efforts to comply with a legally proper discovery request by an opposing party;

(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(1) the person is a relative or an employee or other agent of a client; and

(2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

COMMENT *As well Meyer conduct violations*

[1] The procedure of the adversary system contemplates that the evidence in a case is to be marshalled competitively by the contending parties. Fair competition in the adversary system is secured by the prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.

[2] Documents and other items of evidence are often essential to establish a claim or defense. Subject to evidentiary privileges, the right of an opposing party, including the government, to obtain evidence through discovery or subpoena is an important procedural right. The exercise of that right can be frustrated if relevant material is altered, concealed or destroyed. Applicable law in many jurisdictions makes it an offense to destroy material for purpose of impairing its availability in a pending proceeding or one whose commencement can be foreseen. Falsifying evidence is also generally a criminal offense. Paragraph (a) applies to evidentiary material generally, including computerized information. Applicable law may permit a lawyer to take temporary possession of physical evidence of client crimes for the purpose of conducting a limited examination that will not alter or destroy material characteristics of the evidence. In such a case, applicable law may require the lawyer to turn the evidence over to the police or other prosecuting authority, depending on the circumstances.

[3] With regard to paragraph (b), it is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.

[4] Paragraph (f) permits a lawyer to advise employees of a client to refrain from giving information to another party, for the employees may identify their interests with those of the client. See also Rule 4.2.

✓

**Violation shown.** — Attorney violated subsection (c) when, in connection with the receivership of his law practice, he failed to cooperate with the receiver's efforts to gain control over the books and records of the practice. In re Maguire, 725 A.2d 417 (Del. 1999).

Where attorney violated Rule 1.2(a), Rule 1.3, Rule 1.4(a) and (b), Rule 1.15(a) and (d), Rule 1.16(b) and (d), and Rule 3.4 (c), attorney

proceedings, the costs of the investigatory audits performed by the Lawyers' Fund for Client Protection, the restitution noted in the parties stipulation, and consented to the imposition of a public reprimand with a public four-year probation with conditions. In re Solomon, 745 A.2d 874 (Del. 1999).

Where attorney who had practiced for over 20 years and was found to be a good lawyer, com-

---

325    PR(

appear at a scheduled family cou by failing to reschedule two oth ences in family court, which con tions of Del. Law. R. Prof. Cond 8.4(d), the public probation per iod was already serving for pr was extended for an addition Solomon. — A.2d — (Del. Apr. 2

Law. R. Prof. Conduct 1.15(a) 1.16(d), 3.4(c), 8.1(b), 8.4(d) wer for several years the attorney improperly accounted for the at funds and the attorney's escr inaccurately completed certific ance; the attorney was suspen could apply for reinstatement the attorney fulfilled condition return to solo practice. In re Fo 1167 (Del. 2005).

When an attorney handling alia, failed to probate the est manner, the attorney violate Conduct 3.4(c). In re Wilson, Nov. 9, 2005).

**Failure to comply with Court in relation to pleadi** of this Rule. In re Tbs, 576 A.2

**Failure to timely proba** failing to probate the esta knowingly disobeyed the tr violated Law. R. Prof. Con Wilson, — A.2d — (Del. May

**Misleading conduct pro** nay violated subsection (b) Prof. Cond. Rules 3.3(a)(1) identified himself as client's mitted falsified evidence to form of a petition that identi re McCann, 669 A.2d 49 (D(

**No duty to reveal wea** While an attorney has duti opposing party and may not involving dishonesty, fraud, sentation, an attorney nee

**Rule 3.5. Impartial**
A lawyer shall not:
(a) seek to influen means prohibited by
(b) communicate c person or members authorized to do so l
(c) communicate w unless the communit
(d) engage in conc fied or discourteous

[1] Many forms of impl tribunal are proscribed b

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    :
                                       :
          Plaintiff,                   :
                                       :
     v.                                : Civil Action No. 05-877-JJF
                                       :
GENERAL MOTORS,                        :
                                       :
          Defendants.                  :

## ORDER

WHEREAS, Plaintiff filed a Motion for Judgment as a Matter
of Law (D.I. 44) on 6/28/07, a Motion To Dismiss His Order for A
Deposition (D.I. 56) on 9/25/07, a Motion for Extension of Time
to Complete Discovery (D.I. 64) on 10/24/07, and a Motion for
Extension of Time to take Deposition (D.I. 67) on 10/30/07;

WHEREAS, Defendant has not yet responded to Plaintiff's
Motions;

NOW THEREFORE IT IS HEREBY ORDERED that Defendant shall file
an Answering Brief to Plaintiff's Motions (D.I. 44, 56, 64, & 67)
**no later than Thursday, December 27, 2007.** If Defendant does not
file an Answering Brief by the date indicated, the Court will
decide the Motions on the papers submitted.

December ___, 2007                    _____
                                      UNITED STATES DISTRICT JUDGE

## III. PLEADINGS AND MOTIONS.

### Rule 7.1.1. Statement required to be filed with non-dispositi motions.

Unless otherwise ordered, the Court will not entertain any non-disposit motion, except those motions brought by a person appearing *pro se* and the brought pursuant to Fed. R. Civ. P. 26(c) by a person who is not a party, unle counsel for the moving party files with the Court, at the time of filing t motion, a statement showing that the attorney making the motion has made reasonable effort to reach agreement with the opposing attorneys on th matters set forth in the motion.

**Source.** — Former Delaware Local Rule
3.1D and 37.1 with revisions.

### Rule 7.1.2. Briefs, when required and schedule.

(a) *Briefing and affidavit schedule.* A party filing a motion shall not file notice of said motion. Unless otherwise ordered by the Court, the briefing and affidavit schedule for presentation of all motions shall be: (1) the opening brie and accompanying affidavit(s) shall be served and filed on the date of the filing of the motion; (2) the answering brief and accompanying affidavit(s) shall be served and filed no later than 10 days after service and filing of the opening brief; (3) the reply brief and accompanying affidavit(s) shall be served and filed no later than 5 days after service and filing of the answering brief. An appendix may be filed with any brief. The above schedule may be set aside if, at the time of the filing of a motion, a party advises the Court that, because of the nature of the motion, all parties believe that no briefing is required. Any party may waive its right to file a brief upon notice to the Court.

(b) *Memoranda of points and authorities.* The Court may order or the parties may agree to serve and file, simultaneously or on an ordered or agreed schedule, statements of points and authorities in memorandum form in place of briefs.

(c) *Citation of subsequent authorities.* No additional briefs, affidavits, or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court, except that a party may call to the Court's attention and briefly discuss pertinent cases decided after a party's final brief is filed or after oral argument.

**Source.** — Former Delaware Local Rules 3.2A and B and 3.1C and E with revisions.

**Showing of prejudice.** — Where a creditor moved to dismiss plaintiff unsecured creditor's adversary complaint for failure to state a claim, and then argued that the committee's response to the motion be stricken, as it violated U.S. Dist. Ct., D. Del., R. 7.1.2(a), 7.1.3(c), the objections to the committees' response were technical in nature, and there was no showing of prejudice of any kind to the creditor, thus, the response to the motion would not be stricken;

the court, although further noted that the creditor's motion had not complied with U.S. Dist. Ct., D. Del., R. 5.1.1, which required all pleadings, motions, and other papers presented for filing to be double-spaced except for quoted material and footnotes, found no prejudice to the committee was shown, meaning that the creditor's papers need not stricken either. Official Comm. of Unsecured Creditors of the IT Group v. Brandywine Apartments (In re IT Group, Inc.), 313 B.R. 370 (Bankr. D. Del. 2004).

III.    Pleading and Motions

## Rule 7.1.2 Briefs when Required on Schedule

A party filing a Motion shall not file a Notice of said Motion unless otherwise ordered by the Court. The briefing and affidavit schedule for presentation of all Motions shall be: (1) The open brief and accompanying affidavit(s) shall be served and filed on the date of the filing of the Motion. (2) The answer brief and accompanying affidavit(s) shall be served and filed no later than ten (10) days. After service and filing of the open brief or motion, Defendant had no later then ten (10) days to respond that was giving notices from the Court (e-mail) according to Docket and proof of service by the Plaintiff as well. This would also come under R. 55.

Also see R. 1.1 scope of the rules – (the former rules shall govern); R. 1.1(e) Rules of Construction United States Code, Title 1, Section 1 to 5 shall as for applicable, govern the construction of these rules. See § Rule 1.1/1.2 Rules. G.M. clearly missed deadline to respond to judgment filed on June 28, 2007, and had ten (10) days according to R. 7.1. Also Rule 55 twenty (20) day to respond, but failed to reply to Rules and R. 1.1/R.1.2 see attached. G. M Had 10 days to response to plending and motions- This is a moot point to do so - Now. (for any reasons)"

Thank you,

*Roland C. Anderson* (signature)

Roland C. Anderson
113 Lloyd Street
Wilmington, DE 19809

Certificate of Services
To Honorable Judge Farnan, Jr.
Michael William
Michael Basenkell
300 Delaware Ave., Ste. 210
Wilmington, DE 19801