# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | CONSOLIDATED |
| v. ) | Civil Action No. 05-877 JJF |
| ) | |
| GENERAL MOTORS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### GENERAL MOTORS CORPORATION'S OPPOSITION TO PLAINTIFF'S UNTIMELY MOTION FOR SUMMARY JUDGMENT

COMES NOW defendant General Motors Corporation ("GM") and respectfully submits the following in opposition to plaintiff's untimely Motion for Summary Judgment.

**I.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS UNTIMELY, FACTUALLY INCORRECT AND WITHOUT MERIT**

Plaintiff's Motion for Summary Judgment appears to simply be his legally unsupportable objection to GM's Summary Judgment Motion. However, as this Motion neither controverts any material fact nor disputes any legal argument raised in the brief, it confirms that GM is entitled summary judgment on all of plaintiff's claims. To the extent this motion raises any arguments, they can be quickly addressed as factually inaccurate.

First, pursuant to the Court's Scheduling Order, all dispositive motions were due on or before December 7, 2007. Plaintiff filed the present motion on December 12, 2007, five days after the deadline expired. Plaintiff sought no extension of time to file the brief and did not request leave to file the brief out of time. As such, plaintiff's brief should be denied on that basis alone.

Second, plaintiff's Motion of Summary Judgment appears to be an objection to GM's Summary Judgment. To the extent the Court determines it to be plaintiff's summary judgment opposition brief, plaintiff's allegations are insufficient to defeat summary judgment. Plaintiff's Motion primarily alleges GM's Memorandum in Support of Summary Judgment was improperly filed in the wrong case. This is incorrect. Specifically, pursuant to the Court's Scheduling Order, GM timely filed its Motion for Summary Judgment and the supporting documents in Case No. 05-0877 on December 7, 2007. These documents appear on the docket as #79 and the Memorandum questioned by plaintiff is Exhibit 9 attached to the Motion. *See* Docket, attached hereto as Exhibit 1. Therefore, plaintiff's allegations related to the improper filing of the Memorandum are factually inaccurate and without merit.

Plaintiff's also alleges GM unlawfully obstructed his access to evidence. Specifically, plaintiff issued a subpoena on October 26, 2007 demanding GM produce a "list of all employee hire from 1982 until Oct. 7/ and there race" on October 31, 2007, four days later. First, no new employees were hired during the relevant time period. As such, there was no list to produce and, in any case, plaintiff had been informed of this fact by the information produced from the EEOC file. Second, even if such information existed for the relevant time period, the subpoena was facially deficient since it did not comply with the statutory requirements. The subpoena was issued to a party, provided only four days to comply, and was issued twelve days before discovery closed on November 8, 2007. As this Court is aware, the proper method to obtain written discovery from GM is governed by Federal Rule of Civil Procedure ("Rule") 34, not Rule 45. Rule 34 provides 30 days to respond to plaintiff's written discovery, which was served well past the close of discovery and about the time GM filed its Motion for Summary Judgment. Also, this Court's Scheduling Order requires that all discovery be served in time to be completed

before discovery closed. There is no way plaintiff's document request complied with the letter or spirit of the civil procedure rules. Further, since GM had previously provided the relevant responsive documents and the new request was not properly served within time to allow it to be completed before the close of discovery, GM was not required to provide additional documents. Finally, attached to the Dianne Graham's Affidavit is information confirming no new employees were hired by GM during the relevant time period. Therefore, plaintiff received further information confirming that no responsive documents existed because no new employees were hired during the relevant time. Based upon all of these facts, plaintiff's argument is without merit and his motion should be denied.

## II.    CONCLUSION

For the foregoing reasons, General Motors Corporation respectfully submits that plaintiff's Motion for Summary Judgment is devoid of merit and should be denied. Further, to the extent plaintiff's Motion is deemed a response to GM's Motion for Summary Judgment it fails to controvert any material fact or legal argument presented by GM. As such, GM requests plaintiff's Motion for Summary Judgment be denied and GM granted summary judgment and such further relief as the Court deems necessary in the premises.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Margaret F. England*
Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(302) 425-0430

Michael A. Williams   MO BAR #47538
Lathrop & Gage L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

Attorneys for Defendant

January 10, 2008

**CERTIFICATE OF SERVICE**

    I, Margaret F. England, hereby certify that a copy of the above and foregoing was served, by U.S. Mail, postage prepaid, on the following this 9th day of January, 2008:

Roland C. Anderson
113 Lloyd St.
Wilmington, DE  19804
Fax No. 302-633-1213

                                      */s/ Margaret F. England*
                                      Margaret F. England (No. 4248)