# IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF DELAWARE

Roland C. Anderson,
Plaintiff :
:
vs. : **C.A. NO. 05-877-JFF**
:
General Motors Corporation, :
Defendant :

Motion to respond to G.M. opposition untruly motion filed on January 10, 2008. My motion under R. 7.1.2 to 7.1.2 pleading motion brief when require on schedule. Also when to respond.

Count 1: G.M. is untimely under R. 7.1.2 to respond R. 7.1.2 clearly states any motions – (2). The answer brief accompanying affidavit's shall be served and file no later than ten (10) days. G.M. clearly miss there respond. See rule attached, making there response A moot point date G.M. claim my motion for summary judgment was file on December 12, 2007, but G.M. just now file. Their untimely response on January 1, 2008, making their response out of time. In violation of rules and procedural 7.1.2 rule attached, pleading and motion.

Count 2: G.M. is incorrect of when a person can file a summary judgment is see Rule 56 clearly states Rule 56 – summary judgment states the following:

R. 56 (A) for claimant a party seeking to recover upon a claim, counter claim, cross-claim or declaratory judgment may at any time after the expiration of twenty (20) days from the commencement of the action or after service of a motion for summary judgment by adverse party move with or without supporting affidavits for a summary judgment in the parties favor upon all or any part thereof.

I am entitled to file my motion after service of a motion for summary judgment by the adverse party move with or without supporting affidavits for a summary judgment in the party's favor upon or any part thereof. G.M. filed their summary judgment on December 7, 2007; according to R. 56A I filed my motion on

December 11, 2007, just five (5) days after, but within my rights to file after twenty (20) days see R. 56 plus R. 56 (A)-(B).

(B) Clearly states for defending party, a party against whom a claim, counter-claim, cross-claim or declaratory judgment is (asserted may, at anytime move with or without supporting affidavits for summary judgment in the party's favor as to all or any part thereof (after twenty (20) days), and or a motion and proceeding thereon served at least ten (10) days before the time fixed the hearing. See Rule attached R. 56 (A) and (B).

G.M. never responded not until January 10, 2008, their motion is untimely under motion and pleading see R. 7.1.2 attached. G.M. was to respond by ten (10) days after my motion for summary judgment filed on December 11, 2007, making their respond a moot point.

I am entitled to summary judgment were there, see Timeliness of Motions (next page). Motion for Summary Judgment after twenty (20) day period of Del. Ch. Ctr. 56 (A) was permitted by the Court for Plaintiff shareholder. To enforce settlement agreement of disputes underlying an 8 Del. C. § 220 action/case Loppert v. Windsortech, Inc. 865 A 2d. 1282 (Del. Ch. 2004) affidavit 867 A 2d.903 Del. 2005). G.M. missed the [illegible] (10) days allowed to respond.

Whereas G.M. is untimely filing their respond or motion and I am entitled to summary judgment or what this Court deem fair according to D.O.L. founding as well

Secondly, G.M. error to say I never complied to the Court's scheduling is misleading also violated R. 3.4. In fact, G.M. never applied to Court order for dispositive motion was to be due no later than December 7, 2007. G.M. failed to respond. I am entitled to a summary judgment nor G.M. never filed for an extension to file brief and did not request a leave to file out time R. 16.5.

Your Honor, it's clear I followed the rules of this Court. I indeed filed by dispositive motion on November 29, 2007, as required. G.M. is the one who never replied to say order, also never filed their summary judgment. In fact, it was ordered by Judge Farnan no later than November 8, 2007. See Docket Sheet attached. Also failed to obey to order deadline discovery due by November 8, 2007, also never filed for an extension, R. 16.5

1. See Ex. B my dispositive motions C.A. 05-877 evidence shown.
2. Docket Sheet will show G.M. never answered to Honorable Judge Farnan's orders for all discoveries due dated for and no later than November 8, 2007, and for dispositive

companies, they did not show excusable neglect for not defending the lawsuit; the Chancery Court granted the Delaware businesses' motion for a default judgment. Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods., N.V., — A.2d — (Del. Ch. Oct. 23, 2002).

**Default judgment discretionary.** — Motion for entry of default judgment against heirs who had an interest in a parcel of land, but had not responded to prospective purchasers' declaratory judgment action seeking to enforce a contract for sale thereof, was denied because entry of a default judgment was discretionary and the court found no valid reason to extinguish the heirs' legitimate interest in the land merely because they failed to appear in the action. In re 53.1 Acres of Land in Mispillion Hundred, — A.2d — (Del. Ch. Nov. 27, 2002).

**Hearing on damages unnecessary.** — Once default judgments were entered against a foreign corporation and its executives, it was unnecessary to hold an evidentiary hearing, under Del. Ch. Ct. R. 55(b), to determine damages as the investors suing the corporation sought a sum certain and discovery would not provide any information relevant to the issue of damages. Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods., — A.2d — (Del. Ch. July 8, 2003).

**Rule 56. Summary judgment.**

(a) *For claimant.* A party seeking to recover upon a claim, counter claim, cross-claim or declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) *For defending party.* A party against whom a claim, counterclaim, cross-claim or declaratory judgment is asserted may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) *Motion and proceedings thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages, or some other matter.

(d) *Case not fully adjudicated on motion.* If on motion under this rule, judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the Court at the hearing of the motion, by examining the pleadings and evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) *Form of affidavits; further testimony.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, admissions on file, or

| | | |
|---|---|---|
| 10/30/2007 | 68 | Letter from Roland Anderson dated 10/25/07 enclosing "Building Log" claiming that defense counsel did not show for deposition. (rwc) (Entered: 10/31/2007) |
| 11/06/2007 | 71 | Letter to Roland C. Anderson from Teresa Koenig, DE Dept. of Labor, rec'd 11/6/07 regarding subpoena for records received. (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | 69 | Document titled " Facts Discovery" - filed by Roland C. Anderson.(rwc) (Entered: 11/07/2007) |
| 11/07/2007 | 70 | SEALED EXHIBIT -(Deposition Exhibit - "Seniority List") - re 69 Facts Discovery - filed by Roland C. Anderson. (Placed under seal by Clerk's Office). (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | | Remark : Notice Regarding filing of documents containing Personal Information was mailed to plaintiff by the Clerk's Office - re: 70 Sealed Exhibit. (rwc) (Entered: 11/07/2007) |
| 11/14/2007 | 72 | NOTICE OF APPEAL of 63 Order granting 62 MOTION for Extension of Time to Complete Discovery and file Motion for Summary Judgment. Appeal filed by Roland C. Anderson. (rwc) (Entered: 11/14/2007) |
| 11/14/2007 | 73 | MOTION for Leave to Appeal in forma pauperis - filed by Roland C. Anderson. (Attachments: - Attachment to IFP)(rwc) (Entered: 11/14/2007) |
| 11/16/2007 | 74 | ORDER GRANTING re 52 MOTION for Leave to Appeal in forma pauperis filed by Roland C. Anderson. Signed by Judge Joseph J. Farnan, Jr. on 11/16/07. (dab) (Entered: 11/16/2007) |
| 11/19/2007 | 75 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 72 Notice of Appeal filed by Roland C. Anderson. USCA Case Number 07-4347. USCA Case Manager: Carmen M. Hernandez (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (ch1, ) (Entered: 11/19/2007) |
| 11/26/2007 | 76 | TRANSCRIPT REQUEST by Roland C. Anderson - ( None on file) (rwc) (Entered: 11/27/2007) |
| 11/29/2007 | 77 | Remark; Document captioned "Dispositive Motions" filed by plaintiff which references "violation" of various rules; see document for details (bkb) (Entered: 11/29/2007) |
| 12/04/2007 | 78 | ORDER setting briefing schedule Answering Brief due 12/27/2007 re 56 MOTION To Dismiss His Order for A Deposition filed by Roland C. Anderson, 67 MOTION for Extension of Time to filed by Roland C. Anderson, 44 MOTION for Judgment as a Matter of Law filed by Roland C. Anderson, 64 MOTION for Extension of Time to Complete Discovery filed by Roland C. Anderson. If Dft does not file Answering Brief, Court will decide Motions on the papers submitted. Signed by Judge Joseph J. Farnan, Jr. on 12/4/07. (dab) (Entered: 12/04/2007) |
| 12/07/2007 | 79 | MOTION for Summary Judgment - filed by General Motors. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit Exhibit 1 Deposition of Roland Anderson# 2 Exhibit Exhibit 1B Deposition of Roland Anderson# 3 Exhibit Exhibit 2 Judge McKelvie's April 7, 1993 Order# 4 Exhibit Exhibit 3 Affidavit of Diane Graham# 5 Exhibit Exhibit 4 Affidavit of David Bull# 6 Exhibit Exhibit 5 Case No. 98-0045-JJF Docket Sheet# 7 Exhibit Exhibit 6 Case No. 98-0040-JJF Docket Sheet# 8 Exhibit Exhibit 7 Judge Farnan's March 9, 2004 Order# 9 General Motors Corporation's Memorandum In Support of Its Motion for Summary Judgment# 10 Text of Proposed Order Proposed Order# 11 Certificate of Service)(England, Margaret) (Entered: 12/07/2007) |
| 12/11/2007 | 80 | MOTION for Summary Judgment - filed by Roland C. Anderson. (dab) (Entered: 12/12/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/19/2007 14:44:23 | | | |
| PACER Login: | lg1522 | Client Code: | 999999 |
| Description: | Docket Report | Search Criteria: | 1:05-cv-00877-JJF Start date: 1/1/1970 End date: 12/19/2007 |
| Billable Pages: | 5 | Cost: | 0.40 |

motions no later than December 7, 2007. Clearly G.M. never responded (R. 13) was violated. As such, G.M. brief should be denied on the basis is . Alone.

Secondly, G.M. summary judgment was filed on December 7, 2007, but order was to be no later than November 7, 2007. In fact, it was an order for extension granted by Judge Farnan, no later than November 8, 2007, see Docket Sheet attached . G.M. also missed deadline as required by his order which govern this Court.

Your Honor, G.M. filed for summary judgment in Case 06-669JJF, clearly disobeyed your order in which clearly you stated you will not accept cases filed under 06-669JJF, but in cases filed under C.A. 05-877JJF. See copy of say order and G.M. never objected to and was . Judge Farnan' order. Also see Rule 7.1.2 to respond a moot point for G.M. to respond after ten (10) days have expired.

G.M. states file the motion for summary judgment after due date order for November 8, 2007, and filed it on December 7, 2007, out of time, should be denied as well. G.M. states it was filed under 05-877 is misleading. See copy of Violation of Order, C.A. 06-669JJF copy attached, Violation R. 3.4, copy of 06-669JJF was filed. Also R. 7.1.2 was not filed until January 10, 2008, outline of ten (10) days of my motion pleading filed on December 11, 2007.

Your Honor their response should be denied, moot point.

Your Honor, G.M. memorandum questioned by Plaintiff is Exhibit 9. See Docket hereto as Exhibit 1 clearly doesn't say that by G.M.

Clearly November 30, 2006, No. 9 only states return of service executed by Roland C. Anderson. G.M. served on March 29, 2006, answer due April 18, 2006, (AF6) entered March 30, 2006), only, but G.M. late responding to R. 7.1.2 within ten (10) days as required, moot point, as of January 10, 2008, as well. See R. 7.1.2 attached page 1 of motion within ten (10) days to respond by both parties. Also see Docket Sheet attached page.

## Conclusion

For the foregoing reason, Plaintiff respectfully submits that G.M.'s motion is untimely and for summary judgment under R. 56, also had ten (10) tens according to R. 7.1.2 ten (10) days to respond, but failed to respond to my motion December 11, 2007. They failed to respond was not until January 10, 2008, copy attached, page 9, making it a moot point. See rule attached govern by this Court, page 8 where as to the other filing date January 2, 2008, G.M. never responded as well. In violation R. 7.1.2 requesting summary judgment as well or what this Court deems fit. G.M. was untimely in their response to the motion dated December 11, 2007. According to R. 7.1.2 attached ten (10) days to respond to any motion under pleading and motions.

## III. Pleading and Motions

### Rule 7.1.2 Briefs when Required on Schedule

A party filing a Motion shall not file a Notice of said Motion unless otherwise ordered by the Court. The briefing and affidavit schedule for presentation of all Motions shall be: (1) The open brief and accompanying affidavit(s) shall be served and filed on the date of the filing of the Motion. (2) The answer brief and accompanying affidavit(s) shall be served and filed no later than ten (10) days. After service and filing of the open brief or motion, Defendant had no later then ten (10) days to respond that was giving notices from the Court (e-mail) according to Docket and proof of service by the Plaintiff as well. This would also come under R. 55.

Also see R. 1.1 scope of the rules – (the former rules shall govern); R. 1.1(e) Rules of Construction United States Code, Title 1, Section 1 to 5 shall as for applicable, govern the construction of these rules. See § Rule 1.1/1.2 Rules. G.M. clearly missed deadline to respond to judgment filed on June 28, 2007, and had ten (10) days according to R. 7.1. Also Rule 55 twenty (20) day to respond, but failed to reply to Rules and R. 1.1/R.1.2 see attached. G/M Had 10 days to Response to pleading and motions- This is a moot point to do so - Now. (for any reasons)

Thank you,

Roland C. Anderson

Roland C. Anderson
113 Lloyd Street
Wilmington, DE 19809

Certificate of Services
To Honorable Judge Farnan, Jr.
Michael William
Michael Basenkell
300 Delaware Ave., Ste. 210
Wilmington, DE 19801

III. Pleading and Motions

**Rule 7.1.2 Briefs when Required on Schedule**

A party filing a Motion shall not file a Notice of said Motion unless otherwise ordered by the Court. The briefing and affidavit schedule for presentation of all Motions shall be: (1) The open brief and accompanying affidavit(s) shall be served and filed on the date of the filing of the Motion. (2) The answer brief and accompanying affidavit(s) shall be served and filed no later than ten (10) days. After service and filing of the open brief or motion, Defendant had no later then ten (10) days to respond that was giving notices from the Court (e-mail) according to Docket and proof of service by the Plaintiff as well. This would also come under R. 55.

Also see R. 1.1 scope of the rules – (the former rules shall govern); R. 1.1(e) Rules of Construction United States Code, Title 1, Section 1 to 5 shall as for applicable, govern the construction of these rules. See § Rule 1.1/1.2 Rules. G.M. clearly missed deadline to respond to judgment filed on June 28, 2007, and had ten (10) days according to R. 7.1. Also Rule 55 twenty (20) day to respond, but failed to reply to Rules and R. 1.1/R.1.2 see attached.

Thank you,

Roland C. Anderson
113 Lloyd Street
Wilmington, DE 19809

Certificate of Services
To Honorable Judge Farnan, Jr.
Michael William
Michael Basenkell
300 Delaware Ave., Ste. 210
Wilmington, DE 19801

[Also motion file on 1-02-8 But no Respons within the 10 days R. 7.1.2. – motion for Summary Judgment R56 As well or what the court Deem s. copy allso attach.

**IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF DELAWARE**

FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE 2008 JAN -2 AM 8:59

Roland C. Anderson, Plaintiff :

vs. : **C.A. NO. 05-877-JFF**

General Motors Corporation, Defendant :

**Motion to Court for a Rule 55-R. 56 and Third Circuit Court-R. 27 Motions R. 1.3**

Reason the Defendants was served with a Motion for Judgment as a matter of law on/or way back on June 28, 2007, Rule 55. Clearly states (a) omitted (Ex. A) (b) Judgment. When a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these rules. Judgment by default may be entered as follows. The party entitled to a judgment by default shall be entered. See Rule 55 attached.

Also See R. 56, expiration of 20 days from commencement of the action which was filed on June 28, 2007, and there has not been a respond yet to my motions.

The Third Circuit Court also state under (File A P. 27 motion). Whereas FRAP 27(3), motion to response. A time to file. Any party may file a response to a motion under Rule 27(a)(2), governs it contents. There motion must be filed no later than eight (8) days after Service of Motion unless the Court shortens or extends the time, but a motion authorized by R. 8, 9, 18, or 41 may be granted before the eight (8) day period runs only if the Court gives reasonable notice to the parties that it intends to act sooner. FRAP 27 Motion.

Also see FRAP 27-B, request for relief was done on June 28, 2007, but Defendant fail to file a response within eight (8) days. Rule of the Third Circuit Court, copy attached, FRAP 27 Motions (b) Ex. B.

Also see FRAP 15, review or enforcement of an agency order, how obtained intervention attached. This was also my application, back in June 28, 2007, FRAP 15(b) (2) states the following – (2) within 20 days after application for enforcement is filed the respondent must serve on the applicant our answer to the application and file it with clerk.

Rosemary Chestang 1/02/08

**Interrogatories should be allowed** unless the Court is satisfied that the administration of justice will be impeded by such an allowance. Fish Eng'g Corp. v. Hutchinson, 39 Del. Ch. 215, 162 A.2d 722 (1960).

**Nevertheless, the Court of Chancery has broad discretion** in determining whether or not to allow interrogatories under this rule. Fish Eng'g Corp. v. Hutchinson, 39 Del. Ch. 215, 162 A.2d 722 (1960).

**However, where a party objects, documents need not be produced** when the request for production is merely part of an interrogatory. Hutchinson v. Fish Eng'g Corp., 38 Del. Ch. 414, 153 A.2d 594 (1959), appeal dismissed, 162 A.2d 722 (Del. 1960).

**Likewise, where there is nothing in the record to show any substantial basis that causes of action may exist,** such inquiries are not fairly within the discovery provisions. Garbarino v. Albercan Oil Corp., 109 A.2d 824 (Del. Ch. 1954).

**And same rules apply to corporation.** — When a corporation for whose benefit a derivative action is brought objects to requests for interrogatories, the Court of Chancery must apply the same rules of discovery as govern other parties. Garbarino v. Albercan Oil Corp., 109 A.2d 824 (Del. Ch. 1954).

**In a stockholder's derivative action, interrogators could ask the corporation to describe the nature, terms and subject matter of certain documents** called for by the interrogatory, although objection is made to the interrogatory on the ground that it will require the corporation to summarize and to state the effect of the documents referred to where the stockholder asserts that he is only asking for such information as will enable him to identify a paper for the purpose of ordering its production. Elster v. American Airlines, 34 Del. Ch. 505, 106 A.2d 516 (1954).

**And identity of persons who have knowledge of relevant matters.** — In a stockholder's derivative action to enjoin the corporation's activity on a stock option, where the questions propounded under an interrogatory relate to the identity of persons who may have knowledge of relevant facts and to matters relevant to the issue, the interrogatory is proper and should be answered. Elster v. American Airlines, 34 Del. Ch. 505, 106 A.2d 516 (1954).

**As well as the total number of shares held.** — In a stockholder's derivative action to enjoin the corporation's activity, a stockholder in interrogatories could ask for the total number of shares held of record and not of record by each optionee which have been acquired otherwise than by the exercise of the options. Elster v. American Airlines, 34 Del. Ch. 505, 106 A.2d 516 (1954).

**But answer as to consideration does not require furnishing legal conclusions.** — In a stockholder's derivative action to enjoin a corporation's activity on a stock option, where the stockholder asks whether consideration was received from the optionees for the granting of the options, and, if so, the nature of the consideration and whether or not there was an agreement in writing, the answer did not require the furnishing of legal conclusions. Elster v. American Airlines, 34 Del. Ch. 505, 106 A.2d 516 (1954).

**Though facts upon which consideration theories are based may be elicited.** — The fact that the defendant has set forth its theories as to consideration in its briefs and arguments does not deprive the plaintiff of the right to elicit by interrogatories the facts upon which such theories may be based. Elster v. American Airlines, 34 Del. Ch. 505, 106 A.2d 516 (1954).

**Application for more time may be made.** — An affidavit of the appropriate party should be filed prior to the production date showing just what the facts are with respect to the matter; and if it shows the need for more time, an appropriate application can be made. Carmer v. J. Leo Johnson, Inc., 39 Del. Ch. 171, 161 A.2d 236 (1960).

**And a party who cannot answer should incorporate an explanation in his answer.** — A party who cannot answer a particular interrogatory for a reason which would not support a written objection under this rule should incorporate his explanation in the answer to the interrogatories generally. In this way his opponent will have a sworn explanation which he may accept or bring before the Court as he sees fit. Carmer v. J. Leo Johnson, Inc., 39 Del. Ch. 171, 161 A.2d 236 (1960).

**Motion to compel answers.** — In a derivative litigation case, defendant's motion to compel the answers to certain interrogatories was granted because defendant was entitled to understand, before defendant's deposition, the factual basis for the claim against defendant; plaintiff shareholders had already completed substantial discovery and should have had a sufficient basis to answer the interrogatories expeditiously. In re Walt Disney Co. Derivative Litig, — A.2d — (Del. Ch. Oct. 30, 2003).

## Rule 34. Production of documents and things and entry upon land for inspection and other purposes.

(a) *Scope.* Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the

respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) *Procedure.* The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts.

The party upon whom the request is served shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the summons and complaint upon that defendant. The Court may allow a shorter or longer time. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

(c) *Persons not parties.* A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

Cross references. — As to subpoena for production of documentary evidence, see Rule 45(b) of the Court of Chancery.

As to continuance to procure discovery in opposition to motion for summary judgment, see Rule 56(f) of the Court of Chancery.

**Application of rule is subject to the exercise of the Court of Chancery's sound discretion.** Dann v. Chrysler Corp., 39 Del. Ch. 437, 166 A.2d 431 (1960).

**However, a motion for production of documents must relate to allegations of complaint,** not independent reports, even though they may cover some of the same subject matter. Dann v. Chrysler Corp., 39 Del. Ch. 437, 166 A.2d 431 (1960).

**And party cannot obtain the production of documents by so requesting in a notice of deposition.** Steinberg v. Shields, 38 Del. Ch. 423, 153 A.2d 599 (1959).

**Rather, the movant must demonstrate a need beyond the relevancy or materiality of the documents** and that no other avenue is open to him to obtain discovery. Graham v. Allis-Chalmers Mfg. Co., 41 Del. Ch. 78, 188 A.2d 125 (1963).

**Inspection of attorney-client privileged documents cannot be enforced.** — Statements taken by the corporate defendant's attorney from the nondirector defendants in connection with its investigation of the antitrust violations and in preparation for the defense of the indictments are privileged documents obtained by reason of an attorney-client relationship, and, as such, an inspection of them cannot be enforced. Graham v. Allis-Chalmers Mfg. Co., 41 Del. Ch. 78, 188 A.2d 125 (1963).

**Scope of inspection related to 8 Del. C. § 220.** — Chancery court denied a stockholder's demand for access to corporate books and records pursuant to 8 Del. C. § 220, wherein the stockholder asserted that they were for the purpose of investigating corporate mismanagement and engaging in a proxy contest, as the request for documents was completely overbroad and burdensome, was more akin to a discovery request under Ch. Ct. R. 34 than the expedited request pursuant to 8 Del. C. § 220,

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ROLAND C. ANDERSON, )
Plaintiff )
v. ) CONSOLIDATED
Civil Action No. 05-877 JJF
GENERAL MOTORS CORPORATION, )
Defendant. )

**GENERAL MOTORS CORPORATION'S OPPOSITION TO PLAINTIFF'S UNTIMELY MOTION FOR SUMMARY JUDGMENT**

COMES NOW defendant General Motors Corporation ("GM") and respectfully submits the following in opposition to plaintiff's untimely Motion for Summary Judgment.

**I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS UNTIMELY, FACTUALLY INCORRECT AND WITHOUT MERIT**

Plaintiff's Motion for Summary Judgment appears to simply be his legally unsupportable objection to GM's Summary Judgment Motion. However, as this Motion neither controverts any material fact nor disputes any legal argument raised in the brief, it confirms that GM is entitled summary judgment on all of plaintiff's claims. To the extent this motion raises any arguments, they can be quickly addressed as factually inaccurate.

First, pursuant to the Court's Scheduling Order, all dispositive motions were due on or before December 7, 2007. Plaintiff filed the present motion on December 12, 2007, five days after the deadline expired. Plaintiff sought no extension of time to file the brief and did not request leave to file the brief out of time. As such, plaintiff's brief should be denied on that basis alone.

misleading

9

54

Ex B

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Roland C. Anderson :
:
vs. : C.A. 05-877
:
General Motors Corp. :
:

FILED
NOV 29 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Dispositive Motions**

**Violation R. 836/R.83.7/R.3.4 R. 8.1/Rule 1.3 R. 3.3**

(1) R. 83.6 clearly states the following:

E. Time to obtain local counsel: A party not appearing pro-se, shall stain representation by a member of the bar of this Court or have its attorney associate with a member of the bar of this Court in accordance with D. Del. 83.5(d) within thirty (30) days after Ex. A LAC and R. 83.5 (d) of local District Court Civil Rules attached Ex. A.

(2) According to Docket sheet the complain was filed on December 5, 2005, Ex. B. First attorney Mr. Slander withdrew on November 8, 2006, Ex. B and on October 30, 2007, attorney by the name of Mr. Michael William entered his appearance for G.M. Ex. C Docket Sheet.

(3) In violation with Rule 83.5 thirty (30) day rule. See Rule 83.6 Ex. A

(4) Also see § Rule 83.7 Ex. D.

**Rule 83.7 – Substitution and Withdrawal of Attorney**

No appearance shall be withdrew except by order of a motion duly notice to each party and served on the party client at least ten (10) days before the motion is presented by registered or certified mail addressed to the client's last known address.

# IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF DELAWARE

Roland C. Anderson,
Plaintiff

vs. C.A. NO. 05-877-JFF

General Motors Corporation,
Defendant

## Plaintiff Response to Defendant Motion/15A and Plaintiff Motion for Judgment as a Matter of Law

Count I: G.M. admitted to filing under 06-0669 and in violation of your order, but still missed the deadline set for June 25, 2007. No response until December 7, 2007, nor was it ever done until December 7, 2007. Their correction is not supported by the Docket for G.M. to say it was corrected. G.M. states there is no rule for them to respond (untrue/ misleading). See statue pleading motion and Rule 7.1.2 briefs when required on schedule. Also Rule .3 clearly states failure to comply with rules relating to motions may result in the termination of the motion against the offering party. See Rule 1.3 attached. Clearly states the briefing and affidavit schedule for presentation of all motions be (2) the answer brief and accompanying affidavit(s) shall be served and filed NO later than ten (10) days after service and filing of the open brief or motion. Defendant had NO later than ten (10) days to respond that was giving notices from the Court (email) according to Docket and proof of service by the Plaintiff as well. See R.7.1.2 under pleading motions attached. G.M. clearly missed their deadline to respond making their response a moot point under Rules of this Court. See Rule 55 order enters default for failure to plead or otherwise defend in accordance with Fed R. Civ. p. 55. (This is not a doubtful case finding also by Dept. of Labor). G.M. failed to respond within ten (10) days for any reason. As required to rule 7.1.2, please refer to pleading and motions of say [illegible] page attached of the rule.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ROLAND C. ANDERSON,
Plaintiff
v.
GENERAL MOTORS CORPORATION,
Defendant.

Civil Action No. 06-669 JJF

**GENERAL MOTORS CORPORATION'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Telecopier: (302) 425-0432

Michael A. Williams MO BAR #47538
Lathrop & Gage L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Attorneys for Defendant

EXG (1)

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Roland C. Anderson
V.
General Motors Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CA.05-0877

TO: Michael William E Michael Berkeley
300 Delaware Avenue, Suite 1210
Wil. Del. 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
List of All Employee Hire From 1982 until Oct. 04. (And there place)
(To) united State District court/ At 844 N. King STR.
Wil. Del. 19801 / Time 4:00 or 3:00 — Date Oct 31, 07

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Deputy Clerk | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

PETER T. DALLEO (302) 573-6170

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) *Procedure.* The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts.

The party upon whom the request is served shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the summons and complaint upon that defendant. The Court may allow a shorter or longer time. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

(c) *Persons not parties.* A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

**Cross references.** — As to subpoena for production of documentary evidence, see Rule 45(b) of the Court of Chancery.

As to continuance to procure discovery in opposition to motion for summary judgment, see Rule 56(f) of the Court of Chancery.

**Application of rule is subject to the exercise of the Court of Chancery's sound discretion.** Dann v. Chrysler Corp., 39 Del. Ch. 437, 166 A.2d 431 (1960).

**However, a motion for production of documents must relate to allegations of complaint,** not independent reports, even though they may cover some of the same subject matter. Dann v. Chrysler Corp., 39 Del. Ch. 437, 166 A.2d 431 (1960).

**And party cannot obtain the production of documents by so requesting in a notice of deposition.** Steinberg v. Shields, 38 Del. Ch. 423, 153 A.2d 599 (1959).

**Rather, the movant must demonstrate a need beyond the relevancy or materiality of the documents** and that no other avenue is open to him to obtain discovery. Graham v. Allis-Chalmers Mfg. Co., 41 Del. Ch. 78, 188 A.2d 125 (1963).

**Inspection of attorney-client privileged documents cannot be enforced.** — Statements taken by the corporate defendant's attorney from the nondirector defendants in connection with its investigation of the antitrust violations and in preparation for the defense of the indictments are privileged documents obtained by reason of an attorney-client relationship, and, as such, an inspection of them cannot be enforced. Graham v. Allis-Chalmers Mfg. Co., 41 Del. Ch. 78, 188 A.2d 125 (1963).

**Scope of inspection related to 8 Del. C. § 220.** — Chancery court denied a stockholder's demand for access to corporate books and records pursuant to 8 Del. C. § 220, wherein the stockholder asserted that they were for the purpose of investigating corporate mismanagement and engaging in a proxy contest, as the request for documents was completely overbroad and burdensome, was more akin to a discovery request under Ch. Ct. R. 34 than the expedited request pursuant to 8 Del. C. § 220,

Violation shown

G.M Violation shown R.3.4 of professional Conduct Rules. A Attorney Violated subsection (c) when In connection with the Receivership of his Law practice, he Failed to cooperate with the Receiver efforts to gain control over the books And Records of the practice. (G.M Attorney failed to cooperate) see case Law - In Re Maguire, 725 A2d 417 (Del-1999). where Attorney Violated Rule 1.2(A) Rule 1.3 Rule 1.4(A) And (b), Rule 1.15(A) And (d) Rule 1.16(b) And (d) And Rule 3.4(C) Attorn Agree to pay all the costs of the Disciplinary proceeding The costs of the Investigatory Audits proform By Lawyer Trust fund for client protection The Restitution Noted In The parties Stipulation and Consented To The Imposition of A public Reprimand with A public four-year Probation with conditions. In Re-Solomon 745 A.2d 874 (Del. 1999) A Lawyer Found to committed professional misconduct by Failing to obey the Order and Rules of This Court, G.M clearly Violated Rule 3.4. I Am entitle to Summary Judgment, As well.

If respondent fails to answer in time, the Court will enter judgment for relief requested.

Defendant who did not plead affirmative defense and answer cannot raise it on appeal. See § case law Jeffrey v. Seven Seventeen Corp, 461 A2d 1009 Del. 1983.

Rule 16.5 request for extension of deadlines must be made by a Motion or stipulation prior to the (case) before the 20 day expiration of the date deadline. So therefore, G.M. Defendant missed their deadline and never filed a Rule 16.5 according to Docket sheet.

Whereas in respect to this court and the rules of this Court and Court of Appeal, R. FRAP 15(b)(2) and Rule 55 of rule 77.2 Order and Judgment by the Clerk Rule 77.2 (4) order entering default for failure to plead or otherwise defend in accordance with Fed. R. Civ. P. 55. Your Honor, the motion was filed on 12-11-2007. The deadline has already passed, making their response a moot point. See Jeffrey v. Seven Seventeen Corp. 461 a2d 1009 De. 1983 as well as R. 55, otherwise failure to defend on time and without motion for extension with the Rules of this Court and law, plus Court cost should apply under 10 Del. C § 5106 and subsection (d) of this rule IN RE Trust u/a McKinley, A.2d (Del. Ch. December 31, 2002). Also R. 1.3 or what this Court deem fit for the Motion of Judgment filed back on 12-11-2007, and no response nor extension for answer to judgment in violation of say rules of govern this Court previously stated.

Thank you,

Roland C. Anderson

Roland C. Anderson
113 Lloyd Street
Wilmington, DE 19809

Roland Anderson

Certificate of Services
To Honorable Judge Farnan, Jr.
Michael William
Michael Basenkell
300 Delaware Ave., Ste. 210
Wilmington, DE 19801

Dated: 1-10-08

III. Pleading and Motions

**Rule 7.1.2 Briefs when Required on Schedule**

G.M Had 10 days to Respond - This (moot point) 15A
to file R: 7.1.2 pleading motion And other Rules (56 20day to file) for summary Judgment After Comment of Action See R.56 Attach ... within 20day As Require R.56
I File mine After their motion [illegible]





RolAnd C. Anderson
113 Lloyd STR.
Wil. Del. 19809

U.S.M. X-RAY

U.S. POSTAGE
PAID
WILMINGTON, DE
19801
JAN 14, 08
AMOUNT
$1.99
00049480-02
0000
19801

Unit STAtes Joseph J. FARNAN JR.
844 N. King STReet Rm 4209
Lock Box 27
Wil. Del. 19801