IN THE DISTRICT OF STATE OF DELAWARE

Roland C. Anderson
  Vs.                          } C.A. NO. 05-8775FF

General Motors Corp.                    COPY

FILED

JAN 29 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN Respond to Defendant opposition to All
of plaintiff's pending-motions /15A Amenment

THis case is BASE on protected Class (Retaliation

Count 1, plaintiff motion Dose STAte A Claim, according
To THe Finding of Department of Labor - EX I And also
see Docket covery sheet clearly STAtes THe Couse of
Action under W2: 2000 for this CASE, EX1.

Count 2. Judicial Resources, is my Right (Due process/Legal
Right). As well, for Rules and orders procedures - that Govern
THis Court. see R.1.1. Scope of The Rules. Attach EX2.

Count 3 THere was A motion File way Back, in 6-28-07
entry #44 - Docket sheet Attach EX3. for motion for Judgment
THe defendant (G.M) never Respond too. clearly G.m violated
R.7.1.2. G.m Had within 10 days to Respond, But Fail
to do so. R.7.1.2 attach. with Docket, entity NO# 44. motion
for Judgment.

Count 4.
    THere is AN order By Honorable Judge FArrm -
EX4, IN which states the Folling. whereas defendant

(1)

HAS NOT yet Respond to plaintiff motions.
Grm never Respond to the motions, violates R, 7.1.2.
As Require. (10days to so), But Grm fail to Respond,
motion for Summary Judgment As well,

(IN)

CF LIVE - U.S. District Court:ded - Docket Report           Page 1 of 8

APPEAL, LEAD, PaperDocuments

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00877-JJF
## Internal Use Only

Anderson v. General Motors
Assigned to: Honorable Joseph J. Farnan, Jr.
Related Cases: 1:03-cv-00275-JJF
              1:98-cv-00040-JJF
              1:98-cv-00045-JJF
              1:06-cv-00669-JJF
Case in other court: US Court of Appeals for the 3rd
              Circuit, 06-03316
              3rd Circuit, 07-01908
              3rd Circuit, 07-02771
              Third Circuit Court of Appeals, 07-
              03719
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 12/19/2005
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Roland C. Anderson**          represented by **Roland C. Anderson**
                                            Roland C. Anderson, Pro Se
                                            113 Lloyd St.
                                            Wilmington, DE 19804
                                            PRO SE

V.

**Defendant**

**General Motors**          represented by **Michael Busenkell**
                                            Eckert Seamans Cherin & Mellott, LLC

                                            300 Delaware Avenue
                                            Suite 1360
                                            Wilmington, DE 19801
                                            (302) 425-0430
                                            Email:
                                            mbusenkell@eckertseamans.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Teresa A. Cheek**
                                            Young, Conaway, Stargatt & Taylor
                                            The Brandywine Building
                                            1000 West Street, 17th Floor

*G ... niir Deadline for Discovery – was set for Nov, 8, 07*
*As well; notion for Judgment no well.*

Ex I

# IN THE UNITED STATES DISTRICT COURT
## OF DELAWARE

Roland C. Anderson          :
                            :
         vs.                :          **Civil Action No. 05-877-JJF**
                            :
General Motors Corp.        :
                            :
_____ :

## FACTS DISCOVERY

From <u>Division of Industrial Affairs</u>, here are *my* discovery and to the order for Fact Discovery deadline for October 12, 2007, Discovery – Ex. A.

Count 1:    Please *be* advised that the information you have provided comes under the provision of the Privacy Act of 1974, Public <u>Law</u> 93-579 (and others).

Count 2:    Ex. B – Charge of discrimination – This firm is affected by the Privacy Act of 1974, charge number FEPA-06020096W (and EEOC if applicable).    Date discrimination took place (June 1, 1982). (Charging protected class: Retaliation), latest December 19, 2005. Adverse employment action:  Term and condition; benefits brief state of allegation – see attached Ex. B.

Count 3:    Ex. B – See evidence I was an hourly worker and laid off and acquired my 90 days under previous agreement.

Count 4:    Ex. C – Letter from Julie Klein Cutler, administrator, discrimination program. Julie Klein Cutler's letter states the following:

1. Verified charge of discrimination – filed against the above named respondent under Tile VII, <u>DE Discrimination Employment Act</u>. See letter attached Ex. C (Rule of Discovery).

Count 5:    Letter from Dianna L. Schley – Federal Investigator. GM gave false information about my job status. GM states I was terminated, also a temporary.  .

A.    But EEOC response to a complaint clearly shows I was an hourly worker, acquired my 90 days and under a previous agreement, see proof Ex. B from affidavit of David L. Bull Ex. B.

These witnesses are willing to be a witness for trial/ pre-trial if need be.

**Witness List**

Brenda Sams – DOL – investigator for this charge NO. 06020096W

Dave I. Bull – His affidavit to show I was an hourly worker and not a temporary or terminated, but was laid off.

Julie Klein Cutler, administrator (DOL)

Dianna L Schley – EEOC – Federal Investigator

Willie Demouchette – EEO Consultant (Exhibits from GM job history)

David Johnstone – consultant from General Motors (letter – position statement)

Members from ACLU

Terry Tydnall – party to GM

Nancy Smith, member from union

Dr. Olor

THaukyou
Roland P. Anderson

DATE
10 -11-07

2

*FAX 302-654-4406*

*EX A*



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

## *PRIVACY ACT STATEMENT*

Dear Charging Party:

1.   Please be advised that the information you have provided comes under the provisions of the Privacy Act of 1974, Public Law 93-579.

2.   The authority for requesting the personal information contained herein are provided in 42 U.S.C. 2000e(9), 29 U.S.C. 201, 29 U.S.C. 621; and 19 Del. C. § 712(c).

3.   The principal purpose of obtaining this information is to complete the Charge of Discrimination which will be verified by the Charging Party and served upon the Respondent. In some instances, witnesses' sworn statements may become relevant to determining the Charge of Discrimination.

4.   These forms are used to initiate and investigate the Charge of Discrimination under the laws and to impeach or substantiate a witness's testimony.

5.   Completion of the Verified Charge of Discrimination form is mandatory to initiate and process a Charge of Discrimination. Providing additional information on the verification form is optional. Failure to provide additional information has no effect on Department of Labor's ability to file and process the Charge of Discrimination.

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974 | ENTER CHARGE NUMBER<br><br>☐ FEPA  06020096W<br>☐ EEOC  17CA000275 |
|---|---|
| **Delaware Department of Labor** | and EEOC (if applicable) |

| NAME (Indicate Mr., Mrs., Ms)<br>Roland Anderson | HOME TELEPHONE NO. (Include Area Code)<br>(302) 994-0914 | |
|---|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE<br>113 Lloyd Street   Wilmington DE 19804   NCC | | COUNTY |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)**

| NAME<br>General Motors Corporation | NO. OF EMPLOYEES OR<br>MEMBERS 100+ | TELEPHONE NUMBER (incl. Area Code)<br>(713) 780-8056 |
|---|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE<br>1616 S. Voss, 10th Floor, Houston, TX 77057 ATT:  Elmer C. Jackson, III,<br>General Director, GM Employment Relations Center of Expertise | | |
| NAME | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS          CITY, STATE AND ZIP CODE | | |

| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE<br><br>☒ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE<br>**EARLIEST**   6/1/1982<br>**LATEST**      12/19/2005<br>☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party was employed with Respondent as a Body Shop/Production Technician since 1982 in Wilmington, DE, ending 10/82.

Charging Party's protected class: Retaliation

Adverse employment action: Terms and Conditions; Benefits

Brief statement of allegations: Charging Party alleges that R retaliated against him because of negative statements made regarding his job status during an EEOC investigation. Consequently, Charging Party claims that Respondent falsely stated that he was a temporary employee instead of a permanent employee which has affected his union benefits. Charging Party claims that he was laid off as an hourly employee and Respondent hired white workers without contacting him first. Thereafter, Charging Party filed a racial discrimination charge which resulted in false information given to EEOC about his job status as a temporary worker. Ultimately, Charging Party claims that this is further evidence that Respondent's information is a form of retaliation becaus it affect his current benefit status.

Respondent's explanation: Charging Party claims that Respondent has not given a reasonable explanation for placing him as a temporary worker after an investigation, while he previous worked as a hourly worker under a previous agreement.

Applicable law(s): Title VII of the Civil Rights Act of 1964, as amended; DE Discrimination in Employment Act

Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party claims that Respondent's information during an EEOC investigation has revealed further adverse action in the form of retaliation because the information has negatively affected his union benefit status. Charging Party claims that during a legal preceeding, Dave Boyle, Respondent's EEOC Representative gave an affadavit that Charging Party was an hourly worker and under agreement acquired certain seniority rights under the previous collective bargaining agreement..

Additional information and verification of these facts are provided by the attached Verification.

| ☒ | I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT<br><br>*Roland C. Anderson*   2-14-06<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|---|

IL FORM 8-05         PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED
REV 01-05



Ex B

EX B

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )    C.A. No. 92-335-SLR
                                       )
GENERAL MOTORS, BOXWOOD                )
ROAD, WILMINGTON, DELAWARE             )
19804,                                 )
                                       )
            Defendant.                 )

## AFFIDAVIT OF DAVID I. BULL

STATE OF DELAWARE    )
                     ) SS:
COUNTY OF NEW CASTLE )

On this ___16th___ day of September 1992 personally appeared before me the undersigned Notary Public, David I. Bull, who did depose and say:

1.    I am an employee of General Motors Corporation at its Boxwood Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal Employment Opportunity and, as such, I have investigated the subject matter of the Complaint filed by Roland C. Anderson in the above-captioned civil action and the same matter when it was before the Equal Employment Opportunity Commission. I am authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2.    The records of General Motors show that Plaintiff was employed as an hourly worker from August 31 to September 21, 1981, when he was laid off. During this period of time, he acquired no seniority rights, because he was not

/12                                                        P2

employed for 90 days, as required under the terms of the applicable Collective
Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off
in October 1982. Under the Agreement he acquired certain seniority rights, including a
right to be recalled to employment) but these rights expired on a "time for time" basis.
Having been employed for only four months, Plaintiff's right to be recalled, as well as
any other seniority rights, expired four months after he was laid off, that is, by
February 1983.

       3.      G.M. has not hired any permanent employees for manufacturing
assembly work since 1987. During this period of time, all persons recalled to work
were laid off employees who had seniority rights and a right to be recalled before
persons without such rights were considered for employment. Telephone inquiries
concerning employment opportunities have received the response, "We are not issuing
applications nor do we expect any opportunities in the near future."

       4.     Separate and apart from the matter of recalling former employees
with seniority rights, there was a brief period when applications for temporary summer
employment were processed. On May 13, 1992, 31 temporary employees were hired,
but, as it turned out, they only worked for two weeks before being laid off. This took
place long after Plaintiff had filed his complaint with the E.E.O.C. on or about
December 27, 1991. Former employees who still have seniority rights do not have a
right to recall to temporary summer employment.

       5.     G.M. has no record of receipt of a job application by Plaintiff
during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

. before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6.    I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C.    Attached is a copy of that response.

7.    G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

David I. Bull

Sworn to and subscribed before me the day and year first above written.

Notary Public
My Commission Expires: Nov, 1993

$EX 2$

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Roland C. Anderson,                 :
           Plaintiff    :
                         :     C.A. NO # 05-877-JJF
                         :
        vs.              :
                         :
General Motors Corporation, :
           Defendant    :
_____:

### Motion for Summary Judgment

1.  Their introduction for C.A. 06-669-JJF is a moot point.  There is still an order from
    Honorable Judge Farnan clearly states for 06-669-JJF on its face.  Hereafter, Court
    pleading and documents shall be filed only in Civil Action No. 05-877-JJF.

     The Court will not accept pleading filed in Civil Action No. 06-669-JJF.  G.M>
clearly on its face violated his Order. Your Honor, I would like the Court's permission if
necessary for summary judgment, 1.3 as well.  See Docket sheet attached, No. 63, due
date November 8, 2007, for Motion for Summary Judgment.(ALSO)

     Your Honor, I would like to respond to their motion for case No. 06-669-JJF, but
can't because of said Order; on February 22, 2007, (will not accept pleading C.A. 06-
669-JJF).

     G.M. violat6ion (Rules and Order, your deadlines) Del. Founding and false
information G.M. has done I am entitled for Summary Judgment.  Also Rule 55, 1.3 or
what this Court deems fit for costs and Court cost.  How can that ask for summary
judgment when your order clearly states you will not accept pleading file in civil. Action
No. 06-669, but Defendant did not obey your (orders and deadlines) which is govern by
your order/ruling law.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,     )
        Plaintiff     )
                )
v.                )
GENERAL MOTORS CORPORATION,  )
        Defendant.    )     Civil Action No. 06-669 JJF
                )
                )
                )
                )

## GENERAL MOTORS CORPORATION'S MEMORANDUM
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Telecopier: (302) 425-0432

Michael A. Williams    MO BAR #47538
Lathrop & Gage L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Attorneys for Defendant

Also in Fact G.m Violated Rule 3.4 ( Fairness To opposing party)
A Lawyer shall not: ( And counsel

(A) Unlawfully obstruct Another party's ACCESS to
Evidence or unlawfully Alter, destroy or conceal A
document or other Material Having potential evidentiary
Value. As you are Aware G.m never gave me;
And this court By Away of Subpoena In This (civil)
CASE. for Oct. 31, 07. (Motion for Summary Judgement).
See Attach Copy sign By Depuity Clerk, for my Discovery
I N which was to been — Due No Later then NOV. 8.07
Deadline.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

Roland R. Anderson

V.

General Motors Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.A. 08-0877

TO: Michad William E michad Buskell
300 Delaware Avenue, Suite 1210
wil. Del. 19801

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

List of All Employee Hire from 1982 until Oct. 04. Had them there
(To) United State District court /At 844 N. King str.
wil. Del. 19801 / Time 4:00 pm 3:00 — Date Oct 31, 07

| PLACE | DATE AND TIME |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Deputy Clerk | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**PETER T. DALLEO**   (302) 573-6170

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

M/ECF LIVE - U.S. District Court:ded - Docket Report    $EXB$    Page 7 of 7

| 10/03/2007 | 58 | NOTICE to Take Deposition of Roland C. Anderson on October 24, 2007 at 9:00 a.m. by General Motors.(Busenkell, Michael) (Entered: 10/03/2007) |
| 10/11/2007 | 59 | USCA Order Terminating Appeal as to 51 Notice of Appeal filed by Roland C. Anderson. USCA Decision: Appeal Dismissed for lack of appellate jurisdiction. (pr, ) (Entered: 10/11/2007) |
| 10/12/2007 | 60 | RESPONSE to Discovery Request filed by Roland C. Anderson.(rwc) (Entered: 10/12/2007) |
| 10/19/2007 | 61 | Document titled "Motion to this Court/Violation of Judge's Order", construed as OBJECTIONS to 58 Notice to Take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/19/2007) |
| 10/22/2007 | 62 | MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* - filed by General Motors. (England, Margaret) (Entered: 10/22/2007) |
| 10/23/2007 | 63 | ORDER granting 62 MOTION for Extension of Time to Complete Discovery *and file Motion for Summary Judgment* filed by General Motors. Setting Scheduling Order Deadlines Discovery due by 11/8/2007.,Dispositive Motions due by 12/7/2007. Signed by Judge Joseph J. Farnan, Jr. on 10/23/07. (dab) (Entered: 10/23/2007) |
| 10/24/2007 | 64 | MOTION for Extension of Time to Complete Discovery until at least December 7,2007 - filed by Roland C. Anderson. (bkb) (Entered: 10/24/2007) |

13


P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
Email: tcheek@ycst.com
*TERMINATED: 11/08/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Margaret Fleming England**
Eckert Seamans Cherin & Mellott, LLC

300 Delaware Avenue
Suite 1360
Wilmington, DE 19801
(302) 425-0430
Fax: (302) 425-0432
Email: mengland@eckertseamans.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/07/2007 | ◉ | Remark : Notice Regarding filing of documents containing Personal Information was mailed to plaintiff by the Clerk's Office - re: 70 Sealed Exhibit. (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | ◉70 | SEALED EXHIBIT -(Deposition Exhibit - "Seniority List") - re 69 Facts Discovery - filed by Roland C. Anderson. (Placed under seal by Clerk's Office). (rwc) (Entered: 11/07/2007) |
| 11/07/2007 | ◉69 | Document titled " Facts Discovery" - filed by Roland C. Anderson.(rwc) (Entered: 11/07/2007) |
| 11/06/2007 | ◉71 | Letter to Roland C. Anderson from Teresa Koenig, DE Dept. of Labor, rec'd 11/6/07 regarding subpoena for records received. (rwc) (Entered: 11/07/2007) |
| 10/30/2007 | ◉68 | Letter from Roland Anderson dated 10/25/07 enclosing "Building Log" claiming that defense counsel did not show for deposition. (rwc) (Entered: 10/31/2007) |
| 10/30/2007 | ◉67 | MOTION for Extension of Time to take Deposition - filed by Roland C. Anderson. (rwc) (Entered: 10/31/2007) |
| 10/30/2007 | ◉ | SO ORDERED, re 65 MOTION for Pro Hac Vice Appearance of Attorney of Michael A. Williams of Lathrop & Gage L.C. filed by General Motors. Signed by Judge Joseph J. Farnan, Jr. on 10/30/07. (dab) (Entered: 10/30/2007) |
| 10/26/2007 | ◉ | Remark: Per telephone conversation with Roland Anderson, it has been noted that a jury demand was listed on the Civil Cover Sheet (DI 2). The docket has been corrected to reflect the plaintiffs jury demand. (ead) (Entered: 10/26/2007) |

14

Ex H

in the Consolidated Action.

     5.    Hereafter, Court pleadings and documents shall be filed only in Civil Action No. 05-877-JJF.  The Court will not accept pleadings filed in Civil Action No. 06-669-JJF.

UNITED STATES DISTRICT JUDGE

EXA

ORder also

✓ (588-3)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    :
                                       :
              Plaintiff,               :
                                       :
      v.                               :    Civil Action No. 05-877-JJF
                                       :
GENERAL MOTORS,                        :
                                       :
              Defendant.               :

---

ROLAND C. ANDERSON,                    :
                                       :
              Plaintiff,               :
                                       :
      v.                               :    Civil Action No. 06-669-JJF
                                       :
GENERAL MOTORS,                        :
                                       :
              Defendant.               :

---

### O R D E R

Plaintiff Roland C. Anderson filed two lawsuits pursuant to 42 U.S.C. § 2000 et seq. as captioned above. In both cases Plaintiff proceeds pro se and was granted permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Complaints in Civil Action Nos. 05-877-JJF and 06-669-JJF, involve similar allegations of employment discrimination and retaliation against the same Defendant, General Motors. Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact. . .to avoid

4

unnecessary costs or delay." Fed. R. Civ. P. 42(a). "District

courts have the inherent authority to order consolidation sua

sponte." Plimpton v. Cooper, 141 F. Supp. 2d 573, 575 (W.D. N.C.

2001)(citing Pickle v. Char Lee Seafood, Inc., 174 F.3d 444 (4th

Cir. 1999)). Both Complaints concern common questions of law and

fact and are brought against the same Defendant.

At Wilmington this 22 day of February, 2007, IT IS THEREFORE

ORDERED that:

1.    Civil Action Nos. 05-877-JJF and 06-669-JJF are

CONSOLIDATED for all purposes.

2.    The caption of the Consolidated Action is as follows:

| | | |
|---|---|---|
| ROLAND C. ANDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CONSOLIDATED** |
| v. | : | Civil Action No. 05-877-JJF |
| | : | |
| GENERAL MOTORS, | : | |
| | : | |
| Defendant. | : | |

3.    The Complaint (D.I. 2) filed in Civil Action No. 05-

877-JJF, and the Complaint (D.I. 2) filed in Civil Action No. 06-

669-JJF, together will stand as the Complaint in this

Consolidated Action.

4.    All documents previously filed to date in the cases

consolidated herein are deemed filed and are part of the record

-2-

5

in the Consolidated Action.

　　　5.　　Hereafter, Court pleadings and documents shall be filed only in Civil Action No. 05-877-JJF.　The Court will not accept pleadings filed in Civil Action No. 06-669-JJF.

　　　　　　　　　　　　　　　　　_Joseph J. Farnan Jr._
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

-3-

objected too your Order. As well saff R1.1.

G.m Disobey your order for 06-669 And there note
should be dismiss. Unter R1.1. Rules That Govern the
Court,

δ𝕩𝟇

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,  )
        Plaintiff  )
          )
v.  )
          )
GENERAL MOTORS CORPORATION,  )
        Defendant.  )      Civil Action No. 06-669 JJF
          )
          )
          )
          )

## GENERAL MOTORS CORPORATION'S MEMORANDUM
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Telecopier: (302) 425-0432

Michael A. Williams    MO BAR #47538
Lathrop & Gage L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF DELAWARE

Roland C. Anderson,                    :
               Plaintiff            :
                               :
       vs.                                    :         C.A. NO. 05-877-JFF
                               :
General Motors Corporation, :
            Defendant                :

---

### Motion to Court for a Rule 55-R. 56 and Third Circuit Court-R. 27 Motions R. 1.3

    Reason the Defendants was served with a Motion for Judgment as a matter of law on/or way back on June 28, 2007, Rule 55. Clearly states (a) omitted (Ex. A) (b) Judgment. When a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these rules. Judgment by default may be entered as follows. The party entitled to a judgment by default shall be entered. See Rule 55 attached.

    Also See R. 56, expiration of 20 days from commencement of the action which was filed on June 28, 2007, and there has not been a respond yet to my motions.

    The Third Circuit Court also state under (File A P. 27 motion). Whereas FRAP 27(3), motion to response. A time to file. Any party may file a response to a motion under Rule 27(a)(2), governs it contents. There motion must be filed no later than eight (8) days after Service of Motion unless the Court shortens or extends the time, but a motion authorized by R. 8, 9, 18, or 41 may be granted before the eight (8) day period runs only if the Court gives reasonable notice to the parties that it intends to act sooner. FRAP 27 Motion.

    Also see FRAP 27-B, request for relief was done on June 28, 2007, but Defendant fail to file a response within eight (8) days. Rule of the Third Circuit Court, copy attached, FRAP 27 Motions (b) Ex. B.

    Also see FRAP 15, review or enforcement of an agency order, how obtained intervention attached. This was also my application, back in June 28, 2007, FRAP 15(b) (2) states the following – (2) within 20 days after application for enforcement is filed the respondent must serve on the applicant our answer to the application and file it with clerk.

If respondent fails to answer in time, the Court will enter judgment for relief requested.

Defendant who did not plead affirmative defense and answer cannot raise it on appeal.
See § case law Jeffrey v. Seven Seventeen Corp, 461 A2d 1009 Del. 1983.

Rule 16.5 request for extension of deadlines must be made by a Motion or stipulation prior to the (case) before the 20 day expiration of the date deadline. So therefore, G.M. Defendant missed their deadline and never filed a Rule 16.5 according to Docket sheet.

Whereas in respect to this court and the rules of this Court and Court of Appeal, R. FRAP 15(b)(2) and Rule 55 of rule 77.2 Order and Judgment by the Clerk Rule 77.2 (4) order entering default for failure to plead or otherwise defend in accordance with Fed. R. Civ. P. 55. Your Honor, the motion was filed on June 28, 2007. The deadline has already passed, making their response a moot point. See Jeffrey v. Seven Seventeen Corp. 461 a2d 1009 De. 1983 as well as R. 55, otherwise failure to defend on time and without motion for extension with the Rules of this Court and law, plus Court cost should apply under 10 Del. C § 5106 and subsection (d) of this rule IN RE Trust u/a McKinley, A.2d (Del. Ch. December 31, 2002). Also R. 1.3 or what this Court deem fit for the Motion of Judgment filed back on June 28, 2007, and no response nor extension for answer to judgment in violation of say rules of govern this Court previously stated.

iII.    Pleading and Motions

## Rule 7.1.2 Briefs when Required on Schedule

A party filing a Motion shall not file a Notice of said Motion unless otherwise ordered by the Court. The briefing and affidavit schedule for presentation of all Motions shall be: (1) The open brief and accompanying affidavit(s) shall be served and filed on the date of the filing of the Motion. (2) The answer brief and accompanying affidavit(s) shall be served and filed no later than ten (10) days. After service and filing of the open brief or motion, Defendant had no later then ten (10) days to respond that was giving notices from the Court (e-mail) according to Docket and proof of service by the Plaintiff as well. This would also come under R. 55.

Also see R. 1.1 scope of the rules -- (the former rules shall govern); R. 1.1(e) Rules of Construction United States Code, Title 1, Section 1 to 5 shall as for applicable, govern the construction of these rules. See § Rule 1.1/1.2 Rules. G.M. clearly missed deadline to respond to judgment filed on June 28, 2007, and had ten (10) days according to R. 7.1. Also Rule 55 twenty (20) day to respond, but failed to reply to Rules and R. 1.1/R.1.2 see attached.

EX 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,                    :
                                       :
            Plaintiff,                 :
                                       :
      v.                               : Civil Action No. 05-877-JJF
                                       :
GENERAL MOTORS,                        :
                                       :
            Defendants.                :

### ORDER

WHEREAS, Plaintiff filed a Motion for Judgment as a Matter
of Law (D.I. 44) on 6/28/07, a Motion To Dismiss His Order for A
Deposition (D.I. 56) on 9/25/07, a Motion for Extension of Time
to Complete Discovery (D.I. 64) on 10/24/07, and a Motion for
Extension of Time to take Deposition (D.I. 67) on 10/30/07;

WHEREAS, Defendant has not yet responded to Plaintiff's
Motions;

NOW THEREFORE IT IS HEREBY ORDERED that Defendant shall file
an Answering Brief to Plaintiff's Motions (D.I. 44, 56, 64, & 67)
**no later than Thursday, December 27, 2007**.  If Defendant does not
file an Answering Brief by the date indicated, the Court will
decide the Motions on the papers submitted.

December  4 , 2007                    _____
                                      UNITED STATES DISTRICT JUDGE

B205

Your Honor I file A motion way Back in June 28, 07, and G.m Fail to Respond to my motion-unter pleas And motion R.7.1.2 / G.M Had within 10 days to Respond, And the motion should Had be Granted Reason. G.m fail To defend As provided by these Rules, R.55 clearly states Judgment by default SHAll be entered, Also R.56 and For 7.1.2 R1.1 SHould be Granted. for Violation Reles and order and R.3.4). SEE R.7.1.2, Fail to defend, (within 10 days) G.m. FIRE summary Judgment unter 06-669, copy Attach. For Violation R.1.1. Rule / order.

IT is my Right to Respond within Ten days unter R.7.1.2 to defend or plead. G.M SHould be STRicken AS it Violated U.S. DisT. Ct. D. Del. R. 7.1.2 (A) 7.1.3 (C). Also see R.3.4 In which G.m fail to do so. (entry No #44 Attach)

Also As Require see R1.1 Scope of the Rules · see 8 FEd R. Civ. P. 6 (A) And DisT. ct D. D LAWARE R.7.1.2. G.m can't be Allow to Break the order And Rules and 3.4 - or R1.3 (NOT TO Dis Repect the court) But G.m clearly Dis obey your order 06-699 DEC.7,07 As well, And Discovery of production R.26(e) and R.3.4. As Follow. see R. 3.4 Attach

SEE unter Violation SHown Rule R.3.4

I Requested production But never Receive them or G.m never file for extension unter R.16.1. / Also Violated R. 3.4. As Require.

Rule 7.1.1                    LOCAL DISTRICT COURT CIVIL RULES

## III. PLEADINGS AND MOTIONS.

## Rule 7.1.1. Statement required to be filed with non-disposi motions.

Unless otherwise ordered, the Court will not entertain any non-disposi motion, except those motions brought by a person appearing *pro se* and th brought pursuant to Fed. R. Civ. P. 26(c) by a person who is not a party, un counsel for the moving party files with the Court, at the time of filing motion, a statement showing that the attorney making the motion has mad reasonable effort to reach agreement with the opposing attorneys on matters set forth in the motion.

Source. — Former Delaware Local Rule 8.1D and 37.1 with revisions.

## Rule 7.1.2. Briefs, when required and schedule.

(a) *Briefing and affidavit schedule:* A party filing a motion shall not file notice of said motion. Unless otherwise ordered by the Court, the briefing a affidavit schedule for presentation of all motions shall be: (1) the opening bri and accompanying affidavit(s) shall be served and filed on the date of the fili of the motion; (2) the answering brief and accompanying affidavit(s) shall b served and filed no later than 10 days after service and filing of the openin brief; (3) the reply brief and accompanying affidavit(s) shall be served and file no later than 5 days after service and filing of the answering brief. An appendi may be filed with any brief. The above schedule may be set aside if, at the tim of the filing of a motion, a party advises the Court that, because of the natur of the motion, all parties believe that no briefing is required. Any party may waive its right to file a brief upon notice to the Court.

(b) *Memoranda of points and authorities.* The Court may order or the parties may agree to serve and file, simultaneously or on an ordered or agree schedule, statements of points and authorities in memorandum form in place of briefs.

(c). *Citation of subsequent authorities.* No additional briefs, affidavits, o other papers in support of or in opposition to the motion shall be filed without prior approval of the Court, except that a party may call to the Court's attention and briefly discuss pertinent cases decided after a party's final brief is filed or after oral argument.

Source. — Former Delaware Local Rules 3.2A and B and 3.1C and E with revisions.
Showing of prejudice. — Where a creditor moved to dismiss plaintiff unsecured creditor's adversary complaint for failure to state a claim, and then argued that the committee's response to the motion be stricken, as it violated U.S. Dist. Ct., D. Del., R. 7.1.2(a), 7.1.8(c), the objections to the committees' response were technical in nature, and there was no showing of prejudice of any kind to the creditor, thus, the response to the motion would not be stricken;

the court, although further noted that the creditor's motion had not complied with U.S. Dist. Ct., D. Del., R. 5.1.1, which required all pleadings, motions, and other papers presented for filing to be double-spaced except for quoted material and footnotes, found no prejudice to the committee was shown, meaning that the creditor's papers need not stricken either. Official Comm. of Unsecured Creditors of the IT Group v. Brandywine Apartments (In re IT Group, Inc.), 318 B.R. 370 (Bankr. D. Del 2004).

3063

tion for entry of default judgment against heirs who had an interest in a parcel of land, but had not responded to prospective purchasers' declaratory judgment action seeking to enforce a contract for sale thereof, was denied because entry of a default judgment was discretionary and the court found no valid reason to extinguish the heirs' legitimate interest in the land

under Del. Ch. Ct. R. 55(b), to determine damages as the investors suing the corporation sought a sum certain and discovery would not provide any information relevant to the issue of damages. Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods., — A.2d — (Del. Ch. July 8, 2003).

### Rule 56. Summary judgment.

(a) *For claimant.* A party seeking to recover upon a claim, counter claim, cross-claim or declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) *For defending party.* A party against whom a claim, counterclaim, cross-claim or declaratory judgment is asserted may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) *Motion and proceedings thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages, or some other matter.

(d) *Case not fully adjudicated on motion.* If on motion under this rule, judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the Court at the hearing of the motion, by examining the pleadings and evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) *Form of affidavits; further testimony.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, admissions on file, or

3 of 3

COURT OF CHANCERY RULES

124

Rule 55

However, the losing litigant ordinarily must pay his own counsel and bear the burden of costs. Gottlieb v. Heyden Chem. Corp., 34 Del. Ch. 436, 105 A.2d 461 (1954).

And expert's fees taxed as part of costs notwithstanding reliance. — It is unwise to hamper the administration of justice by requiring reliance by the trial judge upon each expert witness called before the fees of that witness may be taxed as part of the costs against the losing party; such a rule would unduly restrict counsel preparing for trial who must always be prepared to meet, so far as he is able, the vagaries of the judicial mind and the counter tactics of opposing counsel. Consolidated Fisheries Co. v. Consolidated Solubles Co., 35 Del. Ch. 125, 112 A.2d 30, modified on other grounds, 113 A.2d 576 (Del. 1955); Weinberger v. UOP, Inc., 517 A.2d 653 (Del. Ch. 1986).

Costs awarded against prevailing party. — While generally costs are assessed against the losing litigant, the Court of Chancery has discretion to award costs against the prevailing party when justice so requires. This is especially so when the Chancellor finds the prevailing party to have engaged in some impropriety.

Science Accessories Corp. v. Summagraphics Corp., 425 A.2d 957 (Del. 1980).

While the Court's copy of the transcript and depositions are not taxed as costs, this rule does not apply to copies ordered by parties, for the rule is to let the burden with respect to Court copies fall on the parties who saw fit to order copies. In the absence of some compelling special equity, the same approach should apply to copies of the transcript and depositions ordered by parties for their use. Hutchinson v. Fish Eng'g Corp., 42 Del. Ch. 116, 204 A.2d 752 (1964), aff'd, 213 A.2d 447 (Del. 1965).

Untimely filing of appeal not attributable to court personnel. — Untimely filing of an appeal was not attributable to Court of Chancery personnel because the appellant had a continuing duty of inquiry to ascertain if the final judgment had been docketed after he expressly asked the Court of Chancery to commence the time to appeal by entering a final judgment pursuant to paragraph (b) of this rule and knew that the executed order had been forwarded to the Vice-Chancellor. Giordano v. Marta, 723 A.2d 833 (Del. 1998).

## Rule 55. Default judgments.

(a) Omitted.

(b) *Judgment.* When a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules, and that fact is made to appear, judgment by default may be entered as follows: The party entitled to a judgment by default shall apply to the Court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, trustee or other representative. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If such party has not appeared written notice shall be served if the Court so directs. If, in order to enable the Court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the Court may conduct such hearings or order such references as it deems necessary and proper.

(c) *Setting aside default judgment.* The Court may set aside a judgment by default in accordance with Rule 60(b).

(d) *Plaintiffs, counterclaimants and cross-claimants.* The provisions of this Rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counter-claim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

**Cross references.** — As to failure of defendant to appear, see § 367 of Title 10.
As to entry of default judgment for failure to serve answers to interrogatories, see Rule 37(d) of the Court of Chancery.

**Excusable neglect not shown.** — Where Belgian corporation's officers were properly served with process, although they were incarcerated in Belgium after they were sued by Delaware limited partnership and associ-

Globe Life And Accident Insurance Company
Globe Life Center
Oklahoma City, Oklahoma 73184

125

companies, they di...
for, not defending
Court granted the I...
...a default judg...
inc. v. Lernout & H...
— A.2d — (Del. Ch...

**Default judgme...**
...for entry of def...
who had an interest
...not responded to ...
...atory judgment
contract for sale, th...
...entry of a default ju...
...and the court foun...
...the heirs' legi...

**Rule 56. Summ...**
...For claim...
cross-claim or de...
...days from the c...
summary judgm...
...affidavits for a s...
...thereof...

For defen...
...cross-claim or de...
...ant supportin...
...as to any part...
...tion and ...
...date the ti...
...tion, may...
...ed forthwi...
...missions o...
...the issue...
...judgment as...
...may be...
...the issue as ...
...does not re...
...is not re...
...necessary...
...and evi...
...make, a...
...might...
...cop...

With Local counsel IN Violation of D. Del. LR 83.5
And withdrawal From THE CASE IN Violation
of THis Rule. — 35 F. Supp. 2d 373 (D. Del. 1999).
G. M Failure to Associate with the Rule.
(For feiture Action, claimants Answer was
Struck. Violation of D. Del. LR 83.5. R, 83.7 Attac
See G. m Notice of Substitution of counsel file
on 11-08-2006 — I was never given Notices with
Two days According to R. 83.7 — These are the Rules
of this Court. See R.1.1 Scope of THe Rules of this
Court. Attach. R. 83.7

Ex.7 G. m Also claims that file there summary Judgment
under case No 05-877 — is missleading. Reason, see there
motion file on Dec, 07, 07 clearly shows 06-669 — In each
THe order From Judge FARRAN, clearly stated THe Court
#) will NOT Acept pleading file IN civil Action
No. 06-669-JJF G. m never objected to NOR
file for Extension As Require of the order and Rules.
See order Attach. And there motion for summary
Judgment FR8 under 06-669. G. m Also stated it was
file on EnTRy 79. Ex.7 missleading it say nothing
or to suport there motion was file under 05-877,
see copy What was file By G. m — under 06-669 copy
Attach. and Should been or be dismiss. the order
of Judge - clearly - clearly stated - THe Court will
NOT Accept pending file in civil Action 06-669

Ex H

in the Consolidated Action.

    5.    Hereafter, Court pleadings and documents shall be filed only in Civil Action No. 05-877-JJF. The Court will not accept pleadings filed in Civil Action No. 06-669-JJF.

UNITED STATES DISTRICT JUDGE

586

Case 1:05-cv-00872-JJF    Document 33    Filed 01/29/2008    Page 37 of 48

interest under ABA Model Rules of Prof. Conduct R. 1.9(a) arising from counsel's brief involvement, on behalf of a counter-defendant's corporate parent, in a prior infringement suit 15 years previously; and (2) although there was some overlap in the prior suit and the licensee's suit, any confidential information that the counsel might have obtained as a result of involvement in the prior suit was irrelevant to the licensee's infringement claims. Talecris Biotherapeutics, Inc. v. Baxter Int'l, Inc., 491 F. Supp. 2d 510 (D. Del. 2007).

While the District Court declined to exercise its disciplinary power under U.S. Dist. Ct., D. Del., R. 83.6 and denied a patent licensee's motion to disqualify lead counsel representing defendants in its patent infringement suit, the Court found that even though no actual conflict of interest existed from counsel's brief involvement, on behalf of a counter-defendant's corporate parent in a prior infringement suit 15 years previously, the more prudent course would have been for counsel to notify the counter-defendant and to request a waiver. Talecris Biotherapeutics, Inc. v. Baxter Int'l, Inc., 491 F. Supp. 2d 510 (D. Del. 2007).

## Rule 83.7. Substitution and withdrawal of attorney.

An attorney may withdraw an appearance for a party without the Court's permission when such withdrawal will leave a member of the Bar of this Court appearing as counsel of record for the party. Otherwise, no appearance shall be withdrawn except by order on a motion duly noticed to each party and served on the party client, at least 10 days before the motion is presented, by registered or certified mail addressed to the client's last known address.

**Penalty for withdrawal.** — In a civil forfeiture action, claimant's answer was struck because of his attorneys' failure to associate with local counsel in violation of D. Del. LR 83.5 and withdrawal from the case in violation of this rule. United States v. Fifty Thousand Six Hundred Seventy-Two Dollars & No Cents in United States Currency, 35 F. Supp. 2d 373 (D. Del. 1999).

Ex 7

T.He HONORAble Judge FARRAN Order, Copy Attach; G.m Also Voilated

R. 3.4 – THe Rule clearly STATes   A LAwyer SHall NOT:

Court (A). unlawfully obstruct another party's

Access to Evidence or unlawfully alter destroy,

or conceal document or other material Having

protential SOO $\approx$ IN lamcCAw, 669 A 2d 49 (Del, 1995)

Attorney Violated Subsection (A)(I) of THis Rule And prof. Cond R.3.

your Honor by THe Evidence sHown clearly sHows

G.m is THe one, to Attempt to delay and did waste Court

And plaintiff time for Not obeying order and motions

File wAy BAck in 6-28-07 – clearly Vidated R.7.1.2.

No Respond within 10 days AS Require. And THere motion

sHould be dismiss for Violation of Rule 3.4 AS well. I Am

entile too summary Judgment.

your Honor THere motion file for Summary Judgment

file on DEC. 7, or was unter 06-699 clearly vidated say

Order, SOO copy of there motion file unter 06-669 Attach.

I would like (to Respond to there motion, (But can't)

Reason if I did, then I would been in Vidation of

your order. your order clearly – stated (THe Court

will NOT Accept pleading file IN civil

Action 06-669. SEE order Attach. Scummory Judg-

ment should Aply in my FAvor AS well. G.m Never

objected too your <u>order</u>, As well sos K1.1.

G.m Disobey your order for 06-669 And there notion should be dismiss. enter R1.1. Rules That Govern the Court,

ﾃﾞﾔ つ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,           )
      Plaintiff           )
                 )
v.           )
GENERAL MOTORS CORPORATION,           )
      Defendant.           )     Civil Action No. 06-669 JJF
                 )
                 )
                 )
                 )

## GENERAL MOTORS CORPORATION'S MEMORANDUM
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Michael G. Busenkell (Del. Bar #3933)
Margaret F. England (Del. Bar #4248)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Telecopier: (302) 425-0432

Michael A. Williams    MO BAR #47538
Lathrop & Gage L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF DELAWARE

Roland C. Anderson,         :
            Plaintiff        :
                        :
     vs.                  :      **C.A. NO. 05-877-JFF**
                        :
General Motors Corporation, :
         Defendant    :

---

## Motion to Court for a Rule 55-R. 56 and Third Circuit Court-R. 27 Motions R. 1.3

Reason the Defendants was served with a Motion for Judgment as a matter of law on/or way back on June 28, 2007, Rule 55. Clearly states (a) omitted (Ex. A) (b) Judgment. When a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these rules. Judgment by default may be entered as follows. The party entitled to a judgment by default shall be entered. See Rule 55 attached.

Also See R. 56, expiration of 20 days from commencement of the action which was filed on June 28, 2007, and there has not been a respond yet to my motions.

The Third Circuit Court also state under (File A P. 27 motion). Whereas FRAP 27(3), motion to response. A time to file. Any party may file a response to a motion under Rule 27(a)(2), governs it contents. There motion must be filed no later than eight (8) days after Service of Motion unless the Court shortens or extends the time, but a motion authorized by R. 8, 9, 18, or 41 may be granted before the eight (8) day period runs only if the Court gives reasonable notice to the parties that it intends to act sooner. FRAP 27 Motion.

Also see FRAP 27-B, request for relief was done on June 28, 2007, but Defendant fail to file a response within eight (8) days. Rule of the Third Circuit Court, copy attached, FRAP 27 Motions (b) Ex. B.

Also see FRAP 15, review or enforcement of an agency order, how obtained intervention attached. This was also my application, back in June 28, 2007, FRAP 15(b) (2) states the following – (2) within 20 days after application for enforcement is filed the respondent must serve on the applicant our answer to the application and file it with clerk.

If respondent fails to answer in time, the Court will enter judgment for relief requested.

Defendant who did not plead affirmative defense and answer cannot raise it on appeal. ✓
See § case law Jeffrey v. Seven Seventeen Corp, 461 A2d 1009 Del. 1983.

Rule 16.5 request for extension of deadlines must be made by a Motion or stipulation prior to the (case) before the 20 day expiration of the date deadline. So therefore, G.M. Defendant missed their deadline and never filed a Rule 16.5 according to Docket sheet.

Whereas in respect to this court and the rules of this Court and Court of Appeal, R. FRAP 15(b)(2) and Rule 55 of rule 77.2 Order and Judgment by the Clerk Rule 77.2 (4) order entering default for failure to plead or otherwise defend in accordance with Fed. R. Civ. P. 55. Your Honor, the motion was filed on June 28, 2007. The deadline has already passed, making their response a moot point. See Jeffrey v. Seven Seventeen Corp. 461 a2d 1009 De. 1983 as well as R. 55, otherwise failure to defend on time and without motion for extension with the Rules of this Court and law, plus Court cost should apply under 10 Del. C § 5106 and subsection (d) of this rule IN RE Trust u/a McKinley, A.2d (Del. Ch. December 31, 2002). Also R. 1.3 or what this Court deem fit for the Motion of Judgment filed back on June 28, 2007, and no response nor extension for answer to judgment in violation of say rules of govern this Court previously stated.

12-22-2007 19:45                                                              PAGE3

III.    Pleading and Motions

### Rule 7.1.2 Briefs when Required on Schedule

A party filing a Motion shall not file a Notice of said Motion unless otherwise ordered by the Court. The briefing and affidavit schedule for presentation of all Motions shall be: (1) The open brief and accompanying affidavit(s) shall be served and filed on the date of the filing of the Motion. (2) The answer brief and accompanying affidavit(s) shall be served and filed no later than ten (10) days. After service and filing of the open brief or motion, Defendant had no later then ten (10) days to respond that was giving notices from the Court (e-mail) according to Docket and proof of service by the Plaintiff as well. This would also come under R. 55.

Also see R. 1.1 scope of the rules – (the former rules shall govern); R. 1.1(e) Rules of Construction United States Code, Title 1, Section 1 to 5 shall as for applicable, govern the construction of these rules. See § Rule 1.1/1.2 Rules. G.M. clearly missed deadline to respond to judgment filed on June 28, 2007, and had ten (10) days according to R. 7.1. Also Rule 55 twenty (20) day to respond, but failed to reply to Rules and R. 1.1/R.1.2 see attached.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,          :
                             :
        Plaintiff,           :
                             :
    v.                       : Civil Action No. 05-877-JJF
                             :
GENERAL MOTORS,              :
                             :
        Defendants.          :

## ORDER

WHEREAS, Plaintiff filed a Motion for Judgment as a Matter
of Law (D.I. 44) on 6/28/07, a Motion To Dismiss His Order for A
Deposition (D.I. 56) on 9/25/07, a Motion for Extension of Time
to Complete Discovery (D.I. 64) on 10/24/07, and a Motion for
Extension of Time to take Deposition (D.I. 67) on 10/30/07;

WHEREAS, Defendant has not yet responded to Plaintiff's
Motions;

NOW THEREFORE IT IS HEREBY ORDERED that Defendant shall file
an Answering Brief to Plaintiff's Motions (D.I. 44, 56, 64, & 67)
no later than Thursday, December 27, 2007. If Defendant does not
file an Answering Brief by the date indicated, the Court will
decide the Motions on the papers submitted.

December 4, 2007

_____
UNITED STATES DISTRICT JUDGE

## VIOLATION SHOWN R.3.4

G.M Violation shown R.3.4 of professional conduct Rules. A Attorney violated subsection (C) when in connection with the receivership of his Law practice, he Failed to cooperate with the receiver efforts to gain control over the books And Because of the practice. (G.M Attorney failed to cooperate) See case law - In Re Maguire, 728 A2d 417 (Del-1999). where Attorney violated Rule 1.2(A) Rule 1.3 Rule 1.4(A) And (b), Rule 1.15(A) And (d) Rule 1.16(b) And (d) And Rule 3.4(C) att Agree to pay all the costs of the Disciplinary proceedi The costs of the Investigatory Audits proform By Lawyer Trust fund for client protection The Restit ution noted in the parties stipulation and consented To The Imposition of a public Reprimand with A public four-year Probation with conditions. In Re- Solomon 745 A.2d 874 (Del. 1999) A Lawyer Found to committed professional misconduct by Failing to obey the order and Rules of this court, G.M clearly violated Rule 3.4. I Am entitle to summary Judgment. As well. R.1.1.1 - these Are the Rules Govern By this court.

## Conclusion

Whereas G.m Never Respond to say motion for Judgment Back in June 28, 07 And clearly was untimly in eny motion to Respond As Require. see R. 7.1.2 must Respons By Tendays. Also see R.1.1.

As such plaintiff Request for Judgment And futher Relief THe court Deem necesuary in the premises of say motions. An THe Rules of Evidence, order By the Judge. G.m Also Violated or Failure to comply to R. 26(C) Discovery Rule, see Dann V. Chrysler corp. 89 Del. CH 487, 166 A 2.d 431 (1960) G.m misDeadline — unter R.7.1.2)

THank you
Roland C. Anderson
113 Lloyd. STR.
Wil. Del. 19804
Roland C. Anderson

Cerf. of SERvices
To Honor Able Judge Farnan —
micHeal G. Bushakell & Margaret F. England
300 Del. Avenue Suite 1210
Wil. Del. 19801

1-24-08





U.S. POSTAGE
WILMINGTON, DE
JAN 25 '08
AMOUNT
$4.34
00096825-03

Richard C. Anderson
113 Lloyd STR.
Wil - Del 19804

Office of the Clerk
United States District Court
844 N. King Street, Lock Box 18
Wil Del 19801 - 3570